```
 1                 UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS (Boston)

 3                         No. 1:23-cv-10511-WGY

 4

 5  UNITED STATES OF AMERICA, et al,
              Plaintiffs
 6

 7  vs.

 8

 9  JETBLUE AIRWAYS CORPORATION, et al,
              Defendants
10

11                      * * * * * * * * *

12

13                 For Zoom Hearing Before:
                   Judge William G. Young
14

15                  Scheduling Conference

16

17                 United States District Court
                   District of Massachusetts (Boston)
18                 One Courthouse Way
                   Boston, Massachusetts 02210
19                 Tuesday, March 21, 2023

20                      * * * * * * * *

21

22          REPORTER: RICHARD H. ROMANOW, RPR
                   Official Court Reporter
23              United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210
24                 bulldog@richromanow.com

25
```

```
 1                  A P P E A R A N C E S

 2

 3    EDWARD WILLIAM DUFFY, ESQ.
      JOHN M. BRIGGS, ESQ.
 4        DOJ-Atr
          450 Fifth Street NW, Suite 8000
 5        Washington, DC 20530
          (202) 812-4723
 6        Email: Edward.duffy@usdoj.gov
          For Plaintiff United States of America
 7

 8    WILLIAM T. MATLACK, ESQ.
      DANIEL H. LEFF, ESQ.
 9        Attorney General's Office
          One Ashburton Place, 18th Floor
10        Boston, MA 02108
          (617) 727-2200
11        Email: William.matlack@mass.gov
          For Plaintiff Commonwealth of Massachusetts
12

13    C. WILLIAM MARGRABE, ESQ.
          Office of the Attorney General, District of Columbia
14        400 6th Street, N.W.
          Washington, DC 20001
15        (202) 727-6294
          Email: Will.margrabe@dc.gov
16        For Plaintiff District of Columbia

17

18    OLGA KOGAN, ESQ.
          NYS, Office of the Attorney General
19        28 Liberty Street
          New York, NY 10005
20        (212) 816-8262
          Email: Olga.kogan@ag.ny.gov
          For Plaintiff State of New York
21

22

23

24

25    (Continued.)
```

```
 1   (Continued.)

 2

 3   RYAN SHORES, ESQ.
     RICHARD F. SCHWED, ESQ.
 4      Shearman & Sterling, LLP
        401 9th Street, NW
 5      Washington, DC 20004
        (202) 508-8000
 6      Email: Richard.schwed@shearman.com
   and
 7   ETHAN GLASS, ESQ.
     ELIZABETH M. WRIGHT, ESQ.
 8      Cooley LLP - Library
        1299 Pennsylvania Ave NW, Suite 700
 9      Washington, DC 20004
        (202) 776-2244
10      Email: Eglass@cooley.com
        For Defendant JetBlue Airways Corporation
11

12   SAMUEL NEWLAND RUDMAN, ESQ.
        Choate, Hall & Stewart
13      Two International Place
        100-150 Oliver Street
14      Boston, MA 02110
        (617) 828-5000
15      Email: Srudman@choate.com
   and
16   ANDREW C. FINCH, ESQ.
     EYITAYO ST. MATTHEW-DANIEL, ESQ.
17   JAY COHEN, ESQ.
     MEREDITH DEARBORN, ESQ.
18   KATE WALD, ESQ.
        Paul, Weiss, Rifkind, Wharton & Garrison
19      1285 Avenue of the Americas
        New York, NY 10019-6064
20      (212) 373-3000
        Email: Afinch@paulweiss.com
21      For Defendant Spirit Airlines, Inc.

22

23

24

25
```

```
1              P R O C E E D I N G S
2         (Begins, 10:00 a.m.)
3         THE CLERK:  Civil Matter 23-10511, the United
4    States of America, et al versus JetBlue Airways Corp.,
5    et al.
6         THE COURT:  Good morning counsel, thank you for
7    attending on this session of the court.  This is an
8    initial case management scheduling conference held
9    pursuant to Rule 16.1 of the local rules of the District
10   of Massachusetts.  At your request we're holding it on
11   this zoom platform.
12        Our host for the conference is Courtroom Deputy
13   Clerk, Jennifer Gaudet, the proceedings are taken down
14   by our Official Court Reporter, Rich Romanow, and I have
15   law clerks on the line.
16        The proceedings, as all such proceedings, are open
17   to the public, various members of the public are
18   present, and you are all welcome.  I do remind you that
19   you must keep your microphone muted and the rules of
20   court remain in full force and effect, and that means
21   there is no taping, streaming, rebroadcast, screen
22   shots, or other transcription of these proceedings.
23        With that said, could I ask counsel to introduce
24   themselves, starting with the United States, and then
25   the other plaintiffs, and then we'll go to JetBlue and
```

1    Spirit.

2          MR. DUFFY:  Thank you, Judge Young.  This is

3    Edward Duffy for the United States, and I'm also joined

4    by John Briggs.

5          THE COURT:  And good morning to you.

6          MR. BRIGGS:  Good morning, your Honor.

7          THE COURT:  And for the other plaintiffs?

8          MR. MATLACK:  Good morning, your Honor, William

9    Matlack for the Commonwealth of Massachusetts, and with

10   me is Daniel Leff.

11         THE COURT:  And, Mr. Matlack, good morning.

12         MR. LEFF:  Good morning, your Honor.

13         MR. MARGRABE:  Good morning, your Honor, this is

14   William Margrabe from the Office of the Attorney General

15   for the District of Columbia.

16         THE COURT:  And good morning to you, sir.

17         MS. KOGAN:  Good morning, your Honor, Olga Kogan

18   on behalf of the State of New York.

19         THE COURT:  And good morning to you, ma'am.  Very

20   well.

21         And for JetBlue?

22         MR. SHORES:  Good morning, your Honor, this is

23   Ryan Shores, from Shearman & Sterling, on behalf of

24   JetBlue Airways Corporation.  Also here for JetBlue is

25   Richard Schwed, Ethan Glass, and Elizabeth Wright.

```
 1            THE COURT:  And good morning to you all.

 2            MS. WRIGHT:  Good morning, your Honor.

 3            MR. RUDMAN:  Good morning, your Honor, this is Sam

 4       Rudman from Choate, Hall & Stewart on behalf of Spirit

 5       Airlines.

 6            THE COURT:  And good morning to you.

 7            MR. RUDMAN:  Your Honor, it's my pleasure to have

 8       with me five members of the Paul Weiss team, who will be

 9       taking the lead for Spirit in this matter.  I'm joined

10       this morning by Jay Cohen.

11            MR. COHEN:  Good morning, your Honor.

12            THE COURT:  Good morning.

13            MR. RUDMAN:  Andrew Finch.

14            MR. FINCH:  Good morning, your Honor.

15            MR. RUDMAN:  Eyitayo St. Matthew-Daniel.

16            MS. ST. MATTHEW-DANIEL:  Good morning, your Honor.

17            MR. RUDMAN:  Meredith Dearborn.

18            MS. DEARBORN:  Good morning.

19            THE COURT:  Good morning.

20            MR. RUDMAN:  And Kate Wald.

21            MS. WALD:  Good morning, your Honor.

22            THE COURT:  And good morning.  Welcome to you all.

23       I look forward to working with you.  I very much

24       appreciate the work you have already put in giving me

25       this joint-proposed agenda and your motion for entry of
```

1    protective order and we'll deal with them.

2         My usual practice in an initial case management

3    scheduling conference -- and I'm going to follow it

4    here, is to notify you that I have no pride of place and

5    that should you wish to proceed -- you'll have to agree,

6    but should you wish to proceed before a magistrate

7    judge, I am perfectly amenable to that.  But you all

8    have to consent to that.  In this case, again by random

9    selection, as I was selected, the magistrate judge who

10   is available is Magistrate Judge Judith Dein.  I can

11   tell you that she is a superb jurist.

12        When I normally do this, I tout the advantages of

13   magistrate judges by saying that, since they don't

14   usually try criminal cases, maybe they would give you a

15   fixed trial date.  I have to say that I'm prepared to

16   give you a fixed trial date.  So in that respect I don't

17   know -- well she's a much better judge, I'm sure, than

18   I, but that is something that I follow routinely and I

19   would be remiss if I did not do it here.

20        Do any of you want to think about that or are we

21   clear that you want to proceed in this session of the

22   court?

23        MR. DUFFY:  Your Honor, I think I can say, for the

24   United States, that we would like to proceed in front of

25   you, Judge.

1        THE COURT:  Very well, then that's how we'll do

2   it.

3        MR. SHORES:  I'm sorry to interrupt, your Honor, I

4   was just going to say, for the defendants, we're in

5   agreement, we would like to proceed before your Honor.

6        THE COURT:  Well we need not have choruses of

7   people wanting to proceed before me, because one is

8   sufficient.  You'd all have to agree to go before Judge

9   Dein.  But I'm perfectly prepared to handle the matter

10  and look forward to it.

11        Now I meant what I said about your joint-proposed

12  agenda, that's very helpful, and let me take up

13  Paragraphs 1 and 2 together.

14        Candidly, when I learned that you were seeking

15  expedited treatment for this matter, I was delighted.

16  Frankly I'm thinking of the month of October.  The

17  government agencies want November really.  If we do it

18  in November -- again none of these things are fixed

19  until I've heard from you, but let me ruminate a bit.

20        If we do it in November, it's going to certainly

21  last over five weeks because of the Thanksgiving

22  holiday.  You want four weeks of trial, that's 20 trial

23  days.  I'm prepared to pick a date and give you

24  day-by-day 20 trial days thereafter, which is the most

25  efficient way to proceed, absent national holidays, and

1  should I have a doctor's appointment, then maybe we

2  couldn't sit, but I would then just tack that on to the

3  end.  So you get 20 days all together, which I should

4  think would be advantageous.

5       If we get it done -- if we do it in October and

6  get it done in October, that gives me -- again I think

7  have an obligation to you, um, reasonably till the end

8  of the year to render a decision, and as I understand

9  it, this proposed merger is to close in 2024.  So that

10  would be a expeditious and reasonable time.

11       If we do it in November, well then it's going to

12  take five weeks at least and, um, I'm into December and

13  there's holidays in December, so at best I doubt that I

14  would be able to render a decision before January.

15       On the other hand, um, certainly a November trial

16  date, a fixed trial date and I'm not continuing it, is

17  expeditious treatment for a matter of this sort, and if

18  the government needs that amount of time, I'm not going

19  to press back strongly against it.  It does, um, signal

20  to me that the government anyway are not going to be

21  moving for summary judgment here.

22       But let me hear the government.  How about doing

23  this in October?

24       MR. DUFFY:  So, your Honor, I appreciate, you

25  know, two things, your willingness, as I understand it,

1    to hold the trial open for a date certain, which I think
2    would be beneficial.
3        The government's position is that, for this
4    particular transaction, as your Honor alluded to, the
5    outside closing date is not until July of 2024, so that
6    is considerably longer than the vast majority of merger
7    cases that are brought, and that removes the source of
8    exigency that often results in merger trials occurring
9    fairly close after the filing of the complaint.
10       In this particular case there are circumstances
11   that, in the opinion of the government and the
12   plaintiffs state, militate in favor of a considerably
13   longer discovery period, and there's two particular
14   factors that I would like to focus your Honor's
15   attention on.
16       The first is, as the Court is presumably aware,
17   the Northeast Alliance Transaction that JetBlue is
18   involved with with American Airlines, that alliance is
19   the subject of litigation that is before Judge Sorokin,
20   and we anticipate that there will be a decision
21   regarding the NEA case sometime in the next few weeks or
22   months.  That decision, and also the business decision
23   that JetBlue takes in response, will be particularly
24   important during the discovery period.  We will need to
25   see how JetBlue's network evolves and how their business

1     strategies may change.

2          THE COURT:  Well wait.  I recognize that you have

3     a valid reason.  You're telling me that it would be very

4     difficult for you to go to trial starting not on the

5     30th of October, but say on the 2nd of October?

6          MR. DUFFY:  Well I think the 2nd, yes, your Honor,

7     would be a -- would pose considerable hardship and

8     prejudice on the government for the reasons I mentioned

9     regarding the NEA and the need to take discovery on

10    that, and also the fact that JetBlue is pursuing

11    divestiture negotiations with a few other airlines and

12    that those divestitures will be an important proposed

13    remedy for the Court to consider.  We need to take

14    discovery on the divestiture buyers and various things

15    and we can't really do that until those negotiations are

16    completed.  So we think that in --

17         THE COURT:  Wait.  Wait.  One of the problems with

18    the zoom hearing is I am more abrupt necessarily than

19    were we together in the courtroom or in my conference

20    room, and I apologize for that.  But as I said, I'm not

21    pressing you, November is not an unreasonable time for a

22    case of this magnitude.

23         But I should hear the government.  If I were

24    willing to start this case, as the government's

25    proposed, on the 30th of October, run for the next 20

1 trial days, with the possible exceptions that I

2 mentioned, that gives you a pretty expedited hearing,

3 doesn't it?

4      MR. DUFFY:  It does, your Honor.

5      THE COURT:  No, no, no, now I want JetBlue.

6 That's exactly what you want.  I've read what you want.

7      MR. SHORES:  Good morning, your Honor, Ryan

8 Shores.

9      Yes, we appreciate your Honor considering a trial

10 in October.  From our perspective we're ready to push

11 this case to trial on an expedited basis.  And I think

12 one thing that we have to keep in mind here is we're not

13 starting from scratch.

14      THE COURT:  Mr. Shores, I'm fully aware of that.

15 None of this is a surprise to you and, um, believe me I

16 am all for expedition.  But with that said, I have to be

17 reasonable.

18      MR. SHORES:  Understood, your Honor.  And the

19 parties have agreed to five months of discovery, and

20 five months of discovery plus, you know, an additional

21 month is plenty of time to do discovery in this case and

22 get it ready for trial, and if you take that schedule

23 into account, we would be in trial in September.

24      Now Mr. Duffy mentioned the outside date and I

25 just want to be clear about that.  That's the final day

1    by which the agreement will be void if there is not

2    clearance or approval of this transaction.  But

3    everybody's got an interest in getting a resolution to

4    this matter much in advance of that.  We believe this is

5    a procompetitive transaction, it's good for consumers,

6    it will shake up the airline industry, and so it should

7    be approved on an expedited basis.

8         But even if -- even if the government's right and

9    it's going to be bought, then we also have an interest

10   in learning that early so we can proceed as a company,

11   and our employees, on a standalone basis.  And I also

12   point out that your Honor does have to have time to

13   write a decision, as you mentioned, and if your Honor

14   rules against us, we would want to have time for an

15   appeal.

16        So the outside date to us is not the relevant date

17   here, the relevant question is how quickly can we get to

18   trial in a fair way?  And since the government has

19   already conducted an extensive pretrial investigation,

20   we've turned over millions of documents, third-parties

21   have -- already the government's done discovery around

22   third-parties, including on the divestiture issues that

23   Mr. Duffy has already mentioned, we don't believe

24   there's any reason we need to wait until after

25   September, and this case will be trial-ready in

1    September.

2          And let me just mention, because Mr. Duffy brought

3    it up, this divestiture issue, so your Honor understands

4    --

5          THE COURT:  Well let me say, um, September is not

6    on the table, there's another player here and it's the

7    United States District Court, my trial calendar is

8    filled in September, cases already set.  Now I recognize

9    the public importance of this case, but I have cases of

10   public importance, one specially assigned out of the

11   Western District of North Carolina, another significant

12   criminal case that's already been up to the Court of

13   Appeals.  So it's not September, the choice is October

14   or November.

15         So the difference is between starting on the 2nd

16   of October or starting on the 30th of October, that's,

17   um, five-weeks difference.  Given what the government

18   says -- and believe me, once I've picked the date, we're

19   going to hold to it, no one's going to get a continuance

20   then, we're going to go to trial on the date.

21         Is it so unreasonable to start on the 30th of

22   October?

23         MR. SHORES:  Well, your Honor, from defendants'

24   perspective we want to start as soon as possible, and

25   these merger trials often are done on a very expedited

```
1    basis, sometimes they go from complaint to trial in a
2    matter of a few months.  And here, your Honor, all we're
3    asking for is to start in approximately 6 -- if it goes
4    into October, it would be 7 months for a trial.
5         I'll give you some examples.  The recent United
6    States vs. United States Sugar in the District of
7    Columbia went to trial in approximately --
8         THE COURT:  I understand that and I certainly
9    respect those judges.  But I've told you, we're not
10   going to trial in September, the trial calendar is
11   filled.  We're going to trial in October.  Now it would
12   seem -- maybe what I ought to do is start in the middle
13   of October.
14        We'll turn to the United states.  If I moved it up
15   a couple of weeks, started on the 16th of October, how
16   is that?
17        MR. DUFFY:  Your Honor, there's one additional
18   issue and I have a proposal that might work.  We do have
19   some witness availability issues, expert witnesses
20   potentially, um, that would not be available until the
21   later part of October.
22        THE COURT:  You know, let me interrupt you and
23   say, I am supremely disinterested in that.
24        MR. DUFFY:  Understood.
25        THE COURT:  You know an expert witness should
```

1    accommodate -- a witness whom you are paying should

2    accommodate him or herself to the Court's schedule and

3    the public's interest, and also we can receive testimony

4    by deposition.

5         What do you say to the 16th of October?

6         MR. DUFFY:  Your Honor, I think our position would

7    be October 23rd would give us enough time to complete

8    the trial prior to Thanksgiving.  It would give us, um,

9    you know an additional week of discovery on these

10   divestiture issues, and the ability to take discovery

11   after the NEA decision is important.

12        So I think our position would be the 23rd would be

13   workable.  If not, a trial later, whether it be December

14   or January, would be workable, and I don't know, you

15   know, what prejudice defendants would suffer with the

16   later trial date.

17        THE COURT:  Well I thought you people wanted

18   expedition?

19        MR. DUFFY:  I think the defendants want

20   expedition, we don't want to, um, delay the trial any

21   more than is necessary, and I think a later October

22   trial date, in our view, is a position we put forward to

23   defendants as a compromise that would prevent

24   significant prejudice to the government's case.

25        THE COURT:  All right, here's what we're going to

1    do.

2        Trial will commence on Monday the 16th of October

3    and run 20 trial days thereafter.  The Court is going to

4    clear its schedule for the next four weeks starting on

5    the 16th of October for the trial.  Tentatively we --

6    and you set forth in your Paragraph 2, we will try it

7    five days a week, 9:00 till 1:00, we'll handle legal

8    issues in the afternoons, um, we'll split the time 50/50

9    between the parties just as you propose.  That's the

10   order of the Court.

11       Now let's work back from there.  If we're going to

12   start on the 23rd of October, then -- you talk about

13   discovery in Paragraph 3 and you're negotiating a joint

14   case management order, so could I have the proposed

15   order in two weeks time from today?  How do the parties

16   feel about that?

17       MR. SHORES:  Your Honor, could I just make a

18   clarification?  Did you say October 16th for the trial

19   date?  That's what I understood.

20       THE COURT:  That's what I said.

21       MR. SHORES:  Okay, thank you, your Honor.

22       Yes, we can work expeditiously with the government

23   and get a CMO next week, your Honor.

24       MR. DUFFY:  Agreed, your Honor.

25       (Pause.)

1          THE COURT:  Two weeks are fine by me, but I will

2     certainly accept it in a week's time, but any time

3     within the next two weeks.

4          Now let me say a word about that.  You need not

5     agree to discovery limitations and the dates and those

6     matters which ought be in such a proposed order, but I

7     want a single order where the plaintiffs set forth their

8     position and the defendants set forth their position,

9     and then I learned this from Judge Keeton, like a

10    baseball arbitrator I will choose the most reasonable.

11    I will not micromanage this case.  So on each discrete

12    dispute, I will choose what seems to the Court the most

13    reasonable.

14         So it's been my experience that when you give

15    competent counsel both the incentive to be reasonable

16    and the option to be reasonable -- and you're all

17    displaying it and believe me I respect it, I really do

18    look forward to working with you, I need do nothing but

19    endorse the order, and that's hopefully what I'll do

20    here.

21         I'll expect -- and your proposal doesn't mention

22    this but I want it in the pretrial -- strike that, in

23    the case management proposal, a time for the filing of

24    dispositive motions, and I would -- given since we're

25    going to go in the middle of October for trial, any

1   dispositive motions must be filed by, at the latest, on

2   August 1st with -- that's Tuesday the 1st of August,

3   with responses as the rules require within 21 days.  I

4   give those motions oral hearings and I treat them very

5   seriously and we will, um, resolve those motions in the

6   month of September.

7          No later than, um, let's see, no later than Friday

8   the 15th of September, you will file your joint pretrial

9   memorandum.  In this court that's a very involved

10  document that sets forth all your exhibits, sets forth

11  all your witnesses and the like, and then the Court will

12  schedule timely a final pretrial memorandum -- a final

13  pretrial conference under Rule 16 in advance of the

14  October 16th trial commencement date.

15         Again following your proposal here, in Paragraph 4

16  you mention the protective order that you have

17  negotiated.  I have today allowed that order as you have

18  jointly submitted it.

19         I remind you, under its provision, you are not to

20  file anything with this court without making a separate

21  motion for sealing on the appropriate authorized ground.

22  Something does not become subject to sealing simply

23  because, um, in order for you to exchange it, you have

24  agreed to treat it as confidential.  I'm all in favor of

25  your cooperation, but court proceedings are public

1    proceedings and there must be a separate motion to file

2    and I will deal with those motions.

3         And those motions are not to cite the protective

4    order as grounds for sealing.  This is a standard that

5    you have adopted, it's entirely different, I adopt it

6    for your exchange of information, but not for filing

7    things in court.  And I will tell you, I'm skiddish

8    about sealing anything from the public record.

9         I commend to you really an excellent recent

10   article by Professor Gustavo Ribeiro in the Denver Law

11   Review, I'm sorry I can't give you a more precise

12   citation.

13        Now that takes care of -- Oh, you mentioned a, um,

14   supposedly or perhaps related case.  I don't have the

15   parties before me, I don't speak to that case in any

16   way, but I thank you for the information.  Should I have

17   to address it, I will.  I do accept, as you've properly

18   pointed out to me, that the dates that you have -- and

19   times you have proposed deal with the case presently

20   assigned to me and not this other purported related

21   case.

22        Now I have really only one other area that I would

23   like to raise on this initial case management scheduling

24   conference and then I am open to any questions that you

25   may have that will assist in our smooth preparation for

1     the trial of this matter, and that has to do with

2     experts.

3          I expect any expert that you proffer under Federal

4     Rule of Evidence 702 to -- the rule requires that that

5     expert prepare a report, and I know you'll comply with

6     that and I know that the report will set out the, um, as

7     the rule requires, the payment relations of that expert

8     as well as the cases in which that expert has been

9     involved for sometime prior to this case.  But here are

10    the specific requirements that I want to apprise you of.

11         I want docket numbers in those other cases so that

12    you can go and look and see what that expert may have

13    said on some other occasion.  Likewise when it comes

14    time for that expert to testify, I want those reports to

15    be at the level of exquisite detail of a patent claim

16    because no expert is going to say anything that is not

17    included in the expert report, and that means every

18    diagram, every spreadsheet, every projection, every bit

19    of data that the expert is going to put before the Court

20    must be in that report.  And it is an evidentiary

21    objection if the expert gets on the stand and she's

22    testifying and she says something and the other side

23    says "Well that's not in the report," and then I will

24    look at it and we will all look at the report and we'll

25    see if it is, and if it's not, I'm not hearing it.

 1    That's the only fair way.

 2         Also I expect -- though this is a matter that we

 3    will discuss in detail at the final pretrial conference,

 4    that I will not have more than one expert per discipline

 5    here.  I'm not looking to a trial with a battery of

 6    experts telling me the same thing and reinforcing each

 7    other.  It seems to me the rule of one expert per

 8    discipline is a salutary rule.

 9         Beyond that I think you people are very

10    well-prepared to go forward here and I should be quiet

11    and we'll just go through counsel to let you raise any

12    issues or ask any questions that I have not touched on.

13    Again we'll start with the United States and touch on

14    the other plaintiffs and then JetBlue and Spirit.

15         The United States?

16         MR. DUFFY:  Yes, your Honor, two questions

17    relating to expert issues.

18         The first is, typically does the Court receive the

19    expert report into evidence?

20         THE COURT:  No.

21         MR. DUFFY:  Okay.

22         The second question.  I wanted to just follow up

23    on the point you raised about preferring one expert per

24    discipline.  Can you just -- can the Court give a little

25    bit more, um, I suppose explanation as to how you would

1  understand "discipline" to be in the context of this

2  type of case?

3       THE COURT:  That's a great question but the truth

4  is, um, I can't, because I think I would be premature.

5  You people -- I don't want to hear the same thing from

6  more than one purported expert.  And so, you know, it's

7  probably too broad to say, "Well I only want one

8  economist," but, um, I am not clear how -- what the

9  ranges of expertise are and that really -- at least in

10  my practice, is a matter that is thrashed out at the

11  final pretrial conference, um, and honestly I can't give

12  you a better guide than that.  That's an honest answer.

13       Does that explain the Court's position?

14       MR. DUFFY:  I think so, your Honor.  I appreciate

15  it.

16       THE COURT:  All right.

17       JetBlue, questions, um, other issues?

18       MR. SHORES:  No questions and no other issues,

19  your Honor, I appreciate the guidance on the experts and

20  definitely we'll keep that in mind as we go forward and

21  appreciate the Court's time today.

22       THE COURT:  When you say you appreciate the

23  Court's time, I'm reminded of a great judge whom I was

24  privileged to know personally, Henry Friendly, lawyers

25  so frequently say that, and the great Judge Friendly

1    would say, "Well that's what they pay me for," and of

2    course that's true.  And that's what they're paying you

3    for.  I look forward to working with you.

4        All right.  Spirit?

5        MR. FINCH:  Thank you, your Honor, we have nothing

6    further and we look forward to working with you as well.

7        THE COURT:  I too.

8        Well thank you all.  So I'll expect the proposed

9    case management order within 14 days, but sooner if you

10    get it together.  And I thank you all very much.  We'll

11    stand in recess.

12        (Ends, 10:35 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T E

2

3

4          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

5     do hereby certify that the foregoing record is a true

6     and accurate transcription of my stenographic notes

7     before Judge William G. Young, on Tuesday, March 21,

8     2023, to the best of my skill and ability.

9

10

11    /s/ Richard H. Romanow 03-23-23
      _____
12    RICHARD H. ROMANOW   Date

13

14

15

16

17

18

19

20

21

22

23

24

25