IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Civil Action No. 1:23-cv-10511-WGY |

## ANSWER OF DEFENDANT SPIRIT AIRLINES, INC.

Defendant Spirit Airlines, Inc. (hereinafter referred to as "Spirit"), by and through its undersigned counsel, hereby answers the allegations of the Amended Complaint filed on March 31, 2023 by Plaintiffs (Dkt. 69).[1]

### GENERAL RESPONSE TO ALLEGATIONS

Spirit supports the combination of JetBlue and Spirit as a vital competitive challenge to the entrenched positions of the Big Four airlines in the United States—United, American, Delta, and Southwest. The JetBlue-Spirit transaction will create the fifth largest domestic airline in the United States, offering a compelling national low-fare challenger to the dominant Big Four. The combination will thus enhance access to low fares and high-quality travel experiences for the flying public.

---

[1] Capitalized terms used herein are the same as in the Amended Complaint unless otherwise noted.

JetBlue's acquisition will combine JetBlue and Spirit's complementary strengths. Although still dwarfed by even the smallest of the Big Four, the new airline will be a critical disruptor. The combined entity will remain customer-focused, delivering high-quality and innovative customer service to consumers at low prices. The transaction will also increase aircraft utilization, allowing the combined entity to expand into new destinations. And the merged entity will be able to provide its enhanced offering to fliers in hubs long dominated by the Big Four. The transaction and divestiture package will also fuel the growth of ultra-low-cost carriers, creating space and opportunity for new entrants by divesting assets to fast-track entry and expansion.

The JetBlue-Spirit transaction thus presents an opportunity to restore much needed competition in the U.S. airline industry. It will create a formidable challenger, which will exert more pressure on the Big Four to reduce fares and improve service, and on more routes, than either JetBlue or Spirit is capable of doing independently. The merger will enable other airlines to bridge the moat surrounding the Big Four, and bring low fares and improved service to consumers at additional destinations and on more routes throughout the United States.

Spirit responds to the numbered paragraphs as follows:[2]

---

[2] Except as otherwise expressly admitted herein, Spirit denies each and every allegation in the Amended Complaint. Spirit further expressly denies that Plaintiffs are entitled to the requested or any other relief. To the extent that an allegation in the Amended Complaint is admitted herein, that is not necessarily an admission that Spirit knew a particular fact at the time of the events in issue in this action. Spirit expressly reserves the right to amend and/or supplement this Answer.

In responding to Plaintiffs' allegations, Spirit states that it is not required to respond to the headings, subheadings, and footnotes within the Amended Complaint. To the extent that a response to the headings, subheadings, and footnotes is required, Spirit denies the averments therein to the extent that they are directed against Spirit. Spirit also denies knowledge or information sufficient to form a belief as to the truth or falsity of such allegations insofar as they are related to any other entity, including, without limitation, to JetBlue Airways Corporation (hereinafter referred to as "JetBlue").

In responding to Plaintiffs' allegations, Spirit intends to respond only as to allegations directed at Spirit; Spirit should not be deemed to be responding to allegations that are directed solely to any other entity, including, without limitation, to JetBlue.

**RESPONSE TO SPECIFIC ALLEGATIONS**

1. Spirit denies the allegations in Paragraph 1, except Spirit admits that it offers low unbundled fares, including by allowing its customers to choose whether to purchase carry-on baggage, seat assignment, and in-flight snacks, and that based on Department of Transportation Statistics, Spirit had previously estimated in years prior to 2018 that its prices to destinations it serviced were on average 30% lower than other airlines. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegation in the second sentence of Paragraph 1 regarding the statement from an unnamed JetBlue executive.

2. Spirit denies the allegations in Paragraph 2. Spirit further states that Spirit lacks knowledge or information sufficient to admit or deny the allegations relating to other airlines in the second sentence of Paragraph 2 because the Amended Complaint does not identify the sources of those allegations.

3. Spirit denies the allegations in Paragraph 3, except Spirit admits that at the March 5, 2019 Raymond James Institutional Investors Conference, Spirit's CEO, Ted Christie, said the words appearing in the quoted text beginning in the second sentence of Paragraph 3. Spirit further responds that Plaintiffs' selective quotation in this paragraph is taken out of context, denies Plaintiffs' characterizations of Mr. Christie's statements, and refers the Court to the transcript of the event itself.

4. Spirit denies the allegations in Paragraph 4. Spirit further states that Spirit lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 4. In addition, Spirit states that, to the extent that Paragraph 4 contains a conclusion of law, no response is required.

5. Spirit denies the allegations in Paragraph 5.

6. Spirit denies the allegations in Paragraph 6, except Spirit admits that, in December 2012, Spirit's network included 31 domestic routes, and in December 2022, Spirit's network included 65 domestic routes. Spirit further admits that, as of October 11, 2022, it expected daily departures to increase in Fort Lauderdale, Orlando, and Los Angeles. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6 concerning JetBlue.

7. Spirit denies the allegations in Paragraph 7. Spirit further states that Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 concerning JetBlue's plans.

8. Spirit denies the allegations in Paragraph 8, except Spirit admits that, in 2022, Delta, United, American Airlines, and Southwest had a combined share of approximately 79% of the departure seats in the domestic airline industry. Spirit further admits that it is aware that JetBlue entered into an agreement with American Airlines referred to as the "Northeast Alliance" and that the United States Department of Justice has filed a lawsuit to block that alliance. Finally, Spirit admits that materials presented to Spirit investors on May 23, 2022 regarding JetBlue's initial tender offer contain the quoted text in the fourth sentence of Paragraph 8; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit responds that Plaintiffs' selective quotation in this paragraph—which itself was a quotation of Plaintiff United States of America's September 21, 2021 complaint seeking to enjoin the Northeast Alliance—is taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying

materials themselves. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 concerning JetBlue.

9. Spirit denies the allegations in Paragraph 9. Spirit further states that to the extent that the allegations in Paragraph 9 contain conclusions of law, no response is required.

10. Spirit denies the allegations in Paragraph 10, except Spirit admits that American Airlines and United Airlines have competed with, among others, Southwest, AirTran, and JetBlue, and that ultra-low-cost carriers have emerged with lower cost structures. Spirit also admits that, in 2022, Delta, United, American Airlines, and Southwest had a combined share of approximately 79% of the departure seats in the domestic airline industry. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 concerning other airlines.

11. Spirit denies the allegations in Paragraph 11, except Spirit admits that since 2001, Delta and Northwest merged, United and Continental merged, American Airlines merged with U.S. Airways and acquired TWA, Southwest and AirTran merged, and Alaska and Virgin America merged. Spirit further admits that, in 2022, Delta, United, American Airlines, and Southwest had a combined share of approximately 79% of the departure seats in the domestic airline industry.

12. Spirit denies the allegations in Paragraph 12. Spirit further states that Spirit lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 12.

13. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13.

14. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14.

15. Spirit denies the allegations in Paragraph 15, except Spirit admits that materials presented to Spirit investors on May 23, 2023 regarding JetBlue's initial tender offer contain the quoted text in the second sentence of Paragraph 15; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotation in this paragraph—which itself was a quotation of Plaintiff United States of America's September 21, 2021 complaint seeking to enjoin the Northeast Alliance—is taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 concerning JetBlue.

16. Spirit denies the allegations in Paragraph 16, except Spirit admits that it is an ultra-low-cost carrier (ULCC) and that it implemented its current business model in 2006. Spirit further admits that, in 2022, it flew more than 30 million passengers to 92 destinations across 16 countries.

17. Spirit denies the allegations in Paragraph 17, except Spirit admits that at a March 3, 2020 hearing of Congress, Spirit's Chief Commercial Officer, Matt Klein, said the words appearing in the quoted text beginning in the second sentence of Paragraph 17. A transcript of Mr. Klein's testimony in its entirety is available at https://www.congress.gov/116/meeting/house/110600/witnesses/HHRG-116-PW05-Wstate-KleinM-20200303.pdf. Spirit further admits that during a February 6, 2019

earnings call, Spirit's CEO, Ted Christie, said the words appearing in the quoted text beginning in the sixth sentence of Paragraph 17.  Spirit responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Messrs. Klein and Christie's statements, and refers the Court to the transcripts of the events themselves.

18.     Spirit denies the allegations in Paragraph 18, except Spirit admits that it operates on a low-cost business model, offers low fares, and has automated some of its check-in and baggage drop processes and generally seeks to maximize utilization of airplanes and airport gates.

19.     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19, except Spirit admits that, in the past, airlines have sold fares that included an advance seat assignment, boarding group, and carry-on luggage.

20.     Spirit denies the allegations in Paragraph 20, except Spirit admits that it offers low unbundled fares.  Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 concerning other airlines.

21.     Spirit denies the allegations in Paragraph 21, except Spirit admits that it offers service to and from airports in Newark, Houston, Atlanta, Miami, Boston, New York, and the District of Columbia.

22.     Spirit denies the allegations in Paragraph 22, except Spirit admits that its capacity as measured by domestic available seat miles grew from 6,575 in December 2010 to 42,008 in December 2022.  Spirit further states that Spirit lacks knowledge or information sufficient to admit or deny the allegations in the image represented in Paragraph 22.

23. Spirit denies the allegations in Paragraph 23.

24. Spirit denies the allegations in Paragraph 24, except Spirit admits that it did not cancel any planned aircraft deliveries during the COVID-19 pandemic.

25. Spirit denies the allegations in Paragraph 25, except Spirit admits that in February 2022, Spirit announced a merger agreement with Frontier, and that on April 5, 2022, JetBlue made an unsolicited offer to acquire Spirit. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 concerning JetBlue's plans and statements.

26. Spirit denies the allegations in Paragraph 26, except Spirit admits that in February 2022, Spirit announced a merger agreement with Frontier, and that on April 5, 2022, JetBlue made an unsolicited offer to acquire Spirit. Spirit further admits that a May 19, 2022 press release from Spirit regarding JetBlue's initial tender offer contains the quoted text; the press release is available in its entirety at https://ir.spirit.com/news-releases/news-details/2022/Spirit-Airlines-Board-of-Directors-Urges-Stockholders-to-Reject-JetBlue-Tender-Offer/default.aspx. Spirit responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

27. Spirit denies the allegations in Paragraph 27, except Spirit admits that on May 16, 2022, JetBlue announced a tender offer to acquire Spirit for $30 per share. Spirit further admits that a May 19, 2022 press release from Spirit regarding JetBlue's initial tender offer contains the quoted text; the press release is available in its entirety at https://ir.spirit.com/news-releases/news-details/2022/Spirit-Airlines-Board-of-Directors-Urges-Stockholders-to-Reject-JetBlue-Tender-Offer/default.aspx. Finally, Spirit admits

that materials presented to Spirit investors on May 23, 2022 regarding JetBlue's initial tender offer contain the excerpted slide; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm.  Spirit responds that Plaintiffs' selective quotation and excerpt in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

28.     Spirit denies the allegations in Paragraph 28, except Spirit admits that JetBlue increased its tender offer for Spirit from a $3.6 billion offer announced on April 5, 2022 to the equivalent of $3.8 billion announced in July 2022.

29.     Spirit denies the allegations in Paragraph 29, except Spirit admits that JetBlue and Spirit announced a merger agreement with the proposed acquisition price of the equivalent of $3.8 billion in a July 28, 2022 press release.  Spirit further admits that the July 28, 2022 press release from Spirit and JetBlue stated that they would bring the "JetBlue Experience" to Spirit aircraft; the press release is available in its entirety at https://news.jetblue.com/latest-news/press-release-details/2022/JetBlue-and-Spirit-to-Create-a-National-Low-Fare-Challenger-to-the-Dominant-Big-Four-Airlines-07-28-2022/default.aspx.  Spirit responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.  In addition, Spirit states that it lacks knowledge or information sufficient to admit or deny the statements in Paragraph 29 concerning JetBlue's plans.

30.     Spirit denies the allegations in Paragraph 30.

31. To the extent that Paragraph 31 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 31. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 regarding other airlines.

32. To the extent that Paragraph 32 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 32. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 regarding other airlines.

33. To the extent that Paragraph 33 contains conclusions of law, no response is required. To the extent a response is required, Spirit admits that it provides non-stop service between Miami/Fort Lauderdale and Aguadilla, Puerto Rico, and between Boston and Miami/Fort Lauderdale. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 regarding other airlines.

34. Spirit denies the allegations in Paragraph 34, except Spirit admits that upon closing of the proposed merger, Spirit and JetBlue will no longer be separate entities.

35. Spirit denies the allegations in Paragraph 35. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations concerning JetBlue's CEO's statements and JetBlue's business.

36. Spirit denies the allegations in Paragraph 36. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 concerning JetBlue.

37. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37.

38. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38.

39. Spirit denies the allegations in Paragraph 39.

40. Spirit denies the allegations in Paragraph 40, except Spirit admits that Delta, United, and American Airlines offer basic economy fares. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 concerning other airlines.

41. Spirit denies the allegations in Paragraph 41, except Spirit admits that JetBlue offers Blue Basic fares. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41.

42. Spirit denies the allegations in Paragraph 42, except Spirit admits that Spirit offers unbundled fares.

43. Spirit denies the allegations in Paragraph 43, except Spirit admits that it offers the Spirit Saver$ Club membership to passengers.

44. To the extent that Paragraph 44 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 44.

45. Spirit denies the allegations in Paragraph 45, except Spirit admits that, like other airlines, Spirit offers passengers low fares.

46. Spirit denies the allegations in Paragraph 46, except Spirit admits that Spirit publicly files its fares through the Airline Tariff Publishing Company. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46 concerning other airlines.

47. Spirit denies the allegations in paragraph 47. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 concerning other airlines.

48. Spirit denies the allegations in Paragraph 48. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 concerning other airlines.

49. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49.

50. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50.

51. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51.

52. Spirit denies the allegations in Paragraph 52, except Spirit admits that, like other airlines, Spirit offers passengers low fares. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52 concerning other airlines.

53. Spirit denies the allegations in Paragraph 53. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations concerning JetBlue and other airlines.

54. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54.

55. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55, except Spirit admits that JetBlue entered into an agreement with American Airlines referred to as the "Northeast Alliance."

56. Spirit denies the allegations in Paragraph 56, except Spirit admits that it has operations in Fort Lauderdale and that JetBlue entered into an agreement with American Airlines referred to as the "Northeast Alliance." Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 concerning other airlines.

57. Spirit denies the allegations in Paragraph 57.

58. Spirit denies the allegations in Paragraph 58, except Spirit admits that materials presented to Spirit investors on September 16, 2020 contain the quoted text in the first and second sentences of Paragraph 58. Spirit further admits that a February 5, 2020 publicly filed document from Spirit contains the quoted text in the third sentence of Paragraph 58; the full document is available in its entirety at https://www.sec.gov/ix?doc=/Archives/edgar/data/1498710/000149871020000083/save-20191231x10kss.htm. Spirit responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterization of Spirit's statements, and refers the Court to the underlying materials themselves.

59. Spirit denies the allegations in Paragraph 59.

60. Spirit denies the allegations in paragraph 60. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 60 concerning JetBlue's plans and statements.

61.     To the extent that Paragraph 61 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 61.

62.     To the extent that Paragraph 62 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 62, except Spirit admits that travelling by plane between New York and Miami is generally faster than travelling by car or by train.

63.     To the extent that Paragraph 63 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 63.

64.     To the extent that Paragraph 64 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 64, except Spirit admits that fares change as the departure date for a flight approaches.

65.     To the extent that Paragraph 65 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 65.

66.     Spirit denies the allegations in Paragraph 66.

67.     Spirit denies the allegations in Paragraph 67.

68.     To the extent that Paragraph 68 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 68.

69. To the extent that Paragraph 69 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 69.

70. To the extent that Paragraph 70 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 70.

71. To the extent that Paragraph 71 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 71.

72. To the extent that Paragraph 72 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 72.

73. To the extent that Paragraph 73 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 73.

74. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 74.

75. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75.

76. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76.

77. To the extent Paragraph 77 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 77.

78. Spirit denies the allegations in Paragraph 78, except Spirit admits that, on August 12, 2022, JetBlue and Spirit filed the pre-merger notification and report forms required under the Hart-Scott-Rodino Antitrust Improvements Act. Spirit further admits that the transaction notified in the notification and report form is the proposed merger of JetBlue and Spirit.

79. Spirit denies the allegations in Paragraph 79, except Spirit admits that JetBlue has committed to divest Spirit's holdings at Boston Logan, Newark Liberty, LaGuardia, and five gates and related ground facilities at Fort Lauderdale-Hollywood International Airport.

80. To the extent that Paragraph 80 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 80, except Spirit admits that this Court has subject-matter jurisdiction over this action.

81. To the extent that Paragraph 81 contains conclusions of law, no response is required. To the extent a response is required, Spirit admits the allegations in Paragraph 81 as they pertain to Spirit. Spirit further states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81 relating to JetBlue.

82. To the extent that Paragraph 82 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 82, except Spirit admits that it is a Delaware corporation with headquarters and principal place of business in Miramar, Florida, and that it operates scheduled flights throughout the

United States. Spirit further admits that this Court has personal jurisdiction over Spirit because it has consented to personal jurisdiction in this Court for this litigation and that Spirit transacts business within the District of Massachusetts. Spirit denies the other allegations in Paragraph 82.

83. Spirit incorporates by reference its responses to the allegations in Paragraphs 1 through 82 above as if set forth fully herein.

84. To the extent that Paragraph 84 contains conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 84.

85. Spirit denies the allegations in Paragraph 85.

86. The paragraphs that set forth Plaintiffs' prayer for relief state no allegations and a response is not required. Spirit denies any allegations contained in Plaintiffs' prayer for relief and requests that Spirit be awarded the costs incurred in defending this action, as well as any and all other relief the Court may deem just and proper.

## DEFENSES

Spirit asserts the following defenses at law and in equity. Spirit denies that Plaintiffs are entitled to any relief whatsoever. By setting forth the defenses asserted below, Spirit does not concede that it bears the burden of proof on any of the issues raised in these defenses. Furthermore, such defenses are plead in the alternative, and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a relevant product or geographic market.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the proposed acquisition will not lessen competition in any relevant market.

## THIRD DEFENSE

Without prejudice to Spirit's response to Paragraphs 74, 75 and 76, the overwhelming efficiencies that will result from the transaction will benefit consumers such that the transaction is manifestly in the public interest and pro-competitive. The combination of the Defendants' complementary networks will bring new routes online, increase the number and convenience of flights on existing routes, grow capacity, increase competition with the Big Four network airlines and benefit consumers. These consumer benefits greatly outweigh any and all proffered anticompetitive effects.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because granting the relief sought is contrary to the public interest.

## DEFENSES RESERVED

Spirit hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by JetBlue to the extent that Spirit may share in such a defense. The foregoing defenses are raised by Spirit without waiver of any other defenses that may become known during the discovery proceedings in this case or otherwise. Spirit hereby

reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

Dated: May 8, 2023

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Andrew C. Finch*

Andrew C. Finch (*pro hac vice*)
afinch@paulweiss.com
Eyitayo St. Matthew-Daniel (*pro hac vice*)
tstmatthewdaniel@paulweiss.com
Jay Cohen (*pro hac vice*)
jcohen@paulweiss.com
Jared P. Nagley (*pro hac vice*)
jnagley@paulweiss.com
Kate Wald (*pro hac vice*)
kwald@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:     (212) 373-3000
Facsimile:     (212) 757-3990

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Meredith R. Dearborn (*pro hac vice*)
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:     (628) 432-5100
Facsimile:     (628) 232-3101

CHOATE, HALL & STEWART LLP
Samuel N. Rudman (BBO #: 698018)
srudman@choate.com
Two International Place
Boston, MA 02110
Telephone:     (617) 248-4034
Facsimile:     (617) 502-4034

*Attorneys for Defendant*
*Spirit Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 8, 2023.

                                                     /s/ *Andrew C. Finch*
                                                    Andrew C. Finch (*pro hac vice*)