UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Civil Action No. 1:23-cv-10511-WGY |

## PLAINTIFFS' MOTION FOR CLARIFICATION

Plaintiff United States of America and the Plaintiff States (collectively, "Plaintiffs") respectfully seek clarification from the Court regarding expert testimony at trial. At the March 21, 2023 scheduling conference, the Court noted that each side should not have "more than one expert per discipline" who would say "the same thing and reinforc[e] each other," and observed that "it's probably too broad" to limit each side to one economist. Tr. 22:2-8, 23:3-12. The parties disagree about what the Court's statements mean. Given this case's expedited timeline and Plaintiffs' interest in efficiently presenting expert testimony to best assist the Court, Plaintiffs respectfully request clarification that the Court's comments at the hearing are not an order barring non-cumulative testimony from two economists regarding distinct topics. Although the Court can later review the expert reports, deposition testimony, and trial testimony to ensure there is no cumulative evidence, having guidance from the Court now would enable the parties to present expert materials more useful to the Court.

Plaintiffs' plan for economic expert testimony at trial is informed by the three-stage burden shifting framework for merger trials arising under Section 7 of the Clayton Act.

Plaintiffs generally first present a *prima facie* case showing the proposed merger may substantially lessen competition.  Defendants then bear the burden to produce evidence showing that notwithstanding plaintiffs' *prima facie* case, the proposed transaction will not lead to anticompetitive harm.  Defendants typically offer evidence related to, for example, the ability and likelihood of other competitors to replace the competition lost in each market as a result of the merger, and, according to Defendants here, purported efficiencies.  Finally, should defendants have adduced evidence sufficient to rebut Plaintiffs' *prima facie* case, plaintiffs may present a rebuttal case that responds to defendants' evidence.  *See generally United States v. Baker Hughes Inc.*, 908 F.2d 981, 982-83 (D.C. Cir. 1990).

Plaintiffs intend to call two economists with expertise in industrial organization at trial, both of whom have been retained and are preparing their reports.  First, Dr. Gautam Gowrisankaran would testify in Plaintiffs' case-in-chief regarding market definition, unilateral and coordinated effects, and consumer harm.  Second, Dr. Tasneem Chipty would testify in Plaintiffs' rebuttal case regarding Defendants' proposed divestitures, barriers to entry, and Defendants' modeling of alleged synergies and benefits resulting from the proposed transaction.  The issues that Dr. Gowrisankaran and Dr. Chipty would address concerning Plaintiffs' case-in-chief and rebuttal case are distinct from one another, such that having each testify would be more efficient at trial and would not result in a situation where one expert is merely reinforcing the opinions of the other.  This allocation allows Plaintiffs to present their case in the most efficient and effective manner.

Defendants oppose this Motion, contending that further clarification would not be helpful prior to expert discovery and that any such issues should first be taken up at the final pretrial conference.  To be clear, Plaintiffs are not seeking an advance ruling allowing the

testimony of any expert; rather, Plaintiffs merely seek clarification so that both sides may proceed and prepare for trial under an accurate and shared understanding of the Court's instructions. Plaintiffs simply seek clarification that the Court's comments did not preclude non-cumulative testimony from two economists, so long as the Court is satisfied at the pretrial conference that such testimony would not be cumulative. Clarification of the Court's prior guidance before expert discovery begins would not prejudice either side and would enable the Parties to efficiently complete expert discovery in this matter's expedited timeline, minimize disputes regarding this issue at the pretrial conference, and allow the Parties to ensure expert testimony is effectively and efficiently presented to the Court. Plaintiffs are available to address any questions from the Court at a status conference if the Court wishes to address the Parties further on this matter.

WHEREFORE, Plaintiffs respectfully request that the Court allow this motion and clarify that the Court's prior instructions do not prohibit non-cumulative testimony from two economists regarding distinct topics.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that he has conferred with Defendants and has attempted in good faith to resolve or narrow the issues.

/s/ Edward W. Duffy

Dated: May 15, 2023 /s/ Edward W. Duffy
Edward W. Duffy
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

*Attorney for Plaintiff United States of America*

/s/ William T. Matlack
William T. Matlack (MA Bar No. 552109)
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

*Attorney for Plaintiff the Commonwealth of Massachusetts*

/s/ Olga Kogan
Olga Kogan (*admitted pro hac vice*)
New York State Office of the Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov

*Attorney for Plaintiff the State of New York*

/s/ C. William Margrabe
C. William Margrabe (*admitted pro hac vice*)
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, D.C. 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorney for Plaintiff the District of Columbia*

/s/ Schonette J. Walker
Schonette J. Walker (*admitted pro hac vice*)
Gary Honick (*admitted pro hac vice*)
Byron Warren (*admitted pro hac vice*)

4

       Maryland Office of the Attorney General
       200 St. Paul Place, 19th Floor
       Baltimore, MD 21202
       410-576-6470
       swalker@oag.state.md.us
       ghonick@oag.state.md.us
       bwarren@oag.state.md.us

*Attorneys for Plaintiff State Maryland*

/s/ Komal K. Patel
Komal K. Patel (*admitted pro hac vice*)
Deputy Attorney General
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6000
Email: Komal.Patel@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ Bryan S. Sanchez
Bryan S. Sanchez (*admitted pro hac vice*)
Ana Atta-Alla (*admitted pro hac vice*)
State of New Jersey - Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, New Jersey 07102
Telephone: (973) 648-6835
Bryan.Sanchez@law.njoag.gov
Ana.Atta-Alla@law.njoag.gov

*Attorneys for Plaintiff the State of New Jersey*

/s/ Jessica V. Sutton
Jessica V. Sutton (*admitted pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice Post Office Box 629
Raleigh, North Carolina 27602
Tel: 919-716-6000
E-mail: jsutton2@ncdoj.gov

*Attorney for Plaintiff State of North Carolina*

5

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to counsel of record for all parties as identified on the Notice of Electronic Filing.

Dated: May 15, 2023                                    /s/ Edward W. Duffy