## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 1:23-cv-10678-WGY |

## [PROPOSED] STIPULATED JOINT PROTECTIVE ORDER AND ORDER GOVERNING PRODUCTION OF INVESTIGATION MATERIALS

WHEREAS, the Parties to the Private Action have requested to use Investigation Materials and Litigation Materials from the Government Action in the Private Action, with all objections being preserved (ECF No. 76 at 1);

WHEREAS, the Government does not object to disclosure of Investigation Materials and Litigation Materials from the Government Action in the Private Action, as long as non-Party Protected Persons in the Government Action first receive notice and the opportunity to object in the Private Action and the Investigation Materials and Litigation Materials from the Government

Action are afforded the same level of protection in the Private Action as in the Government Action;

WHEREAS the Parties believe that it would promote efficiency and avoid confusion to enter this joint protective order in both Actions;

THEREFORE, subject to approval of the Court, in the interests of (1) ensuring efficient and prompt resolution of these Actions; (2) facilitating discovery by the Parties litigating these Actions; and (3) protecting Confidential or Highly Confidential Information from improper disclosure or use, the Parties stipulate to the provisions set forth below.  Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

A.   **Definitions**

1.       "Actions" mean the Government Action and the Private Action.

2.       "Competitive Decision-Making" means making, reviewing, participating in, or being consulted on decisions regarding a firm's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to litigation, regulatory compliance, and intellectual property licensing issues related to such decisions.

3.       "Confidential Information" means any Investigation Materials or Litigation Materials that contain trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

4.  "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

5.  "Divestiture Buyer" means one of the potential buyers, the identities of which are already known to counsel for the Parties, of any of Defendants' assets in Boston Logan International Airport, LaGuardia Airport, Newark Liberty International Airport, and Fort Lauderdale-Hollywood International Airport.

6.  "Divestiture Buyers Investigation Materials" means Investigation Materials provided to any Plaintiff by a Divestiture Buyer.

7.  "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a) and will be interpreted consistent with any Local Rule.

8.  "Government" means the United States and Plaintiff States.

9.  "Government Action" means *United States, et al. v. JetBlue Airways Corp. and Spirit Airlines, Inc.*, Case No. 1:23-cv-10511-WGY (D. Mass.), including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

10.  "Government Action Protective Order" means the Stipulated Protective Order and Order Governing Production of Investigation Materials in the Government Action (ECF No. 66).

11.  "Highly Confidential Information" means any Investigation Materials or Litigation  Materials, the disclosure of which the Protected Person reasonably believes would cause substantial injury to current commercial or financial interests of the Protected Person, including trade secrets; forward-looking financial, marketing, or strategic business planning information, including forward-looking network plans and budgets, which, if disclosed, could cause competitive harm or reasonably threaten any party's commercial interests; current or future

margin, cost, or pricing information; and current non-public contract terms and sales, marketing, and negotiation strategies.

12.     "Investigation" means the pre-complaint review, assessment, or investigation of the Proposed Transaction, including any defense to any claim that the Proposed Transaction would violate Section 7 of the Clayton Act. "Investigation" does not include any review, assessment, or investigation by an agency of the United States other than the U.S. Department of Justice or any other state entity other than the Offices of the Attorneys General of the Plaintiff States.

13.     "Investigation Materials" means non-privileged documents, data, transcripts of testimony, or other materials created prior to March 7, 2023 that, (a) any non-Party Protected Person provided to any Party prior to the filing of these Actions, either voluntarily or under compulsory process, in connection with the Investigation; (b) any Party provided to any non-Party prior to the filing of these Actions in connection with the Investigation; or (c) any non-Party Protected Person provided to the United States after the filing of the Government Action in response to a civil investigative demand, as defined in Antitrust Civil Process Act, 15 U.S.C. § 1312, that was served prior to the filing of the Government Action.

Notwithstanding the foregoing, the following categories of materials are not Investigation Materials and nothing in this Order[1] requires their disclosure: (I) documents, data, transcripts of testimony, or other materials sent or received by any Party (including its counsel) to or from any potentially or actually retained expert; (II) communications between any Party (including its counsel) and any (i) executive branch agencies of the federal government, or (ii) news and media

---

[1] The definition of "Investigation Materials" is without prejudice to any position the Parties may take regarding responsiveness and privilege in connection with the Parties' requests for document production and any responses and objections thereto.

organizations.  In addition, for the avoidance of doubt, Plaintiffs need not produce to Defendants the Investigation Materials that they received from any Defendant directly or indirectly, and Defendants need not produce to Plaintiffs the Investigation Materials they have previously produced to any Plaintiff.

14.     "Litigation Materials" means non-privileged documents, testimony, or other materials that (a) any non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of these Actions; (b) any Party provides to any non-Party in connection with and during the pendency of these Actions; (c) any Defendant provides to any Plaintiff in connection with and during the pendency of these Actions; or (d) any Plaintiff provides to any Defendant in connection with and during the pendency of these Actions.

15.     "Outside Counsel" means the law firm(s) representing a Defendant or Private Plaintiff in these Actions whose attorneys have filed notices of appearance, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Defendants or Private Plaintiffs that such law firm(s) assign(s) to these Actions.

16.     "Outside Divestiture Counsel" means the attorneys and paralegals at any of Outside Counsel responsible for structuring and/or negotiating the terms of any transaction between any Defendant and a Divestiture Buyer contemplated as a result of or in connection with these Actions.  For the avoidance of doubt, attorneys and paralegals of Outside Counsel not responsible for structuring and/or negotiating the terms of such divestiture transaction(s), and professional personnel (including support and IT staff), agents, or independent contractors retained by such Outside Counsel, are not Outside Divestiture Counsel.

17.     "Party" means any Plaintiff or any Defendant in these Actions. "Parties" means collectively Plaintiffs and Defendants in these Actions.

18.     "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

19.     "Plaintiff States" means the Commonwealth of Massachusetts, District of Columbia, and States of California, Maryland, New Jersey, New York, North Carolina, and any other state or territory that joins the Government Action.

20.     "Private Action" means *Garavanian, et al. v. JetBlue Airways Corp. and Spirit Airlines, Inc.*, Case No. 1:23-cv-10678-WGY (D. Mass.), including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

21.     "Private Plaintiffs" means Plaintiffs in the Private Action.

22.     "Proposed Transaction" means the proposed acquisition of Spirit Airlines, Inc. by JetBlue Airways Corporation.

23.     "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.     <u>Notice to Non-Party Protected Persons of the Terms of This Order</u>**

24.     The Parties hereby agree that, within two business days of the Parties' submission of this proposed Order to the Court, the Government and Defendants must send by email a copy of this proposed Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party or that provided or is expected to provide Litigation Materials to that Party. Following entry of this Order, the Government and Defendants must each confirm to the other Parties that they have complied with this Paragraph.

25.     If a non-Party Protected Person determines that this Order does not adequately protect its Confidential or Highly Confidential Information, it may, within five business days after the notice period provided pursuant to Paragraph 24 (i.e., within seven business days of the Parties' submission of this proposed Order to the Court), seek additional protection from the Court for its Confidential or Highly Confidential Information. If a non-Party Protected Person timely seeks additional protection from the Court, the obligation of a Party to produce to the Private Plaintiffs that non-Party Protected Person's documents that are the subject of the motion is suspended until a decision is rendered by the Court, unless the non-Party who filed the motion and the Defendants reach an agreement allowing disclosure of the Confidential or Highly Confidential Information to the Private Plaintiffs while the motion is pending. If the Court orders the production of the non-Party's documents, the producing Party will have two business days to make the production unless a longer period is ordered by the Court.

C.     **Designation of Confidential and Highly Confidential Information in Investigation Materials**

26.     All Investigation Materials that the Defendants previously provided to the Government during the Investigation that the Defendant designated as Confidential or for which the Defendant requested confidential treatment, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1311-14, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, constitute Highly Confidential Information, as defined in Paragraph 11 of this Order, and each Defendant hereby designates it as such.

27.     All Investigation Materials previously provided by a non-Party Protected Person during the Investigation, including but not limited to testimony, documents, electronic

documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15

U.S.C. § 1311- 14, constitute Highly Confidential Information, as defined in Paragraph 11 of this

Order, regardless of whether or not the non-party Protected Person requested confidential

treatment at the time of production.  In addition, Divestiture Buyers Investigation Materials may

not be disclosed to Outside Divestiture Counsel until two business days after execution of a final

agreement between a Defendant and a Divestiture Buyer who provided Investigation Materials to

any Plaintiff.  The fact that an agreement between any Defendant and a Divestiture Buyer is

conditioned or contingent in whole or in part on the closing of the Proposed Transaction will not

cause such agreement to be considered non-final for purposes of this Paragraph.

> **D.**   **Expedited Production of Certain Investigation and Litigation Materials**

28.     The Government has produced Investigation Materials to Defendants, and

Defendants have produced Investigation Materials to the Government, on dates mutually agreed

by the Parties.

29.     Within two business days after the time for non-Party Protected Person objections

under Paragraph 25 has lapsed, subject to the entry of this Order, Defendants will produce to

Private Plaintiffs (a) Defendants' Investigation Materials, (b) the Government's Investigation

Materials previously produced to Defendants, (c) Litigation Materials previously produced by

Defendants or by any non-Party, and (d) any confidentiality designations of any Protected Person

for the foregoing. If any non-Party Protected Person makes an objection pursuant to Paragraph

25, no Investigation Materials or Litigation Materials provided by the objecting non-Party

Protected Person may be produced to Private Plaintiffs until the objection has been resolved

either through agreement or after further order by the Court. For the avoidance of doubt, an

objection by a non-Party Protected Person will not suspend the time to produce Investigation Materials or Litigation Materials provided by non-objecting Protected Persons.

30.     The Parties may agree to a protocol for production of other Litigation Materials received previously or in the future in the Government Action or the Private Action to be disclosed in the other action; provided, however, that Litigation Materials produced by a non-Party Protected Person in the Government Action may not be produced to Private Plaintiffs until such non-Party Protected Person has received actual notice of the terms of this proposed Order and has had equivalent opportunity to object as set forth in Paragraph 25, and any objection by the non-Party Protected Person has been resolved either through agreement or after further order by the Court, and any confidentiality designations of any Protected Person must be provided along with any reproduction.

**E.      Designation of Confidential and Highly Confidential Information in Litigation Materials**

31.     The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential Information any Litigation Materials, including but not limited to information provided in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), and 45. Any Protected Person may designate Litigation Materials as Confidential or Highly Confidential Information if the Protected Person (and counsel, if any) reasonably believes that the Litigation Materials so designated contain Confidential or Highly Confidential Information.

32.     Whenever discovery is sought from a non-Party in these Actions, a copy of this Order must accompany the discovery request or subpoena. To the extent a Party sent a discovery

request to a non-Party prior to the entry of this Order by the Court, that Party must send a copy

of this Order to the non-Party within two business days of entry of this Order.

     33.     Counsel for the Plaintiffs and Defendants to be notified of confidentiality

designations are as follows:

For Plaintiff United States:

     Ed Duffy
     Brendan Sepulveda
     John Briggs
     Michael Battaglia
     Jean Boury
     U.S. Department of Justice
     450 Fifth Street NW, Suite 8700
     Washington, DC 20530
     Edward.duffy@usdoj.gov
     Brendan.sepulveda@usdoj.gov
     John.Briggs@usdoj.gov
     Michael.Battaglia@usdoj.gov
     Eugenie.boury@usdoj.gov

For Plaintiff Commonwealth of Massachusetts

     William T. Matlack
     Antitrust Division
     Office of the Attorney General
     One Ashburton Place, 18th Floor
     Boston, MA 02108
     William.matlack@state.ma.us

For Plaintiff District of Columbia

     C. William Margrabe
     Office of the Attorney General for the District of Columbia
     400 Sixth Street NW, Suite 10100
     Washington, DC 20001
     will.margrabe@dc.gov

For Plaintiff State of New York

     Olga Kogan
     Antitrust Bureau
     New York State Office of the Attorney General

28 Liberty Street
New York, NY 10005
olga.kogan@ag.ny.gov

For Plaintiff State of California:

Natalie S. Manzo
Winston. H. Chen
Komal K. Patel
Jamie L. Miller
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6000
Natalie.Manzo@doj.ca.gov
Winston.Chen@doj.ca.gov
Komal.Patel@doj.ca.gov
Jamie.Miller@doj.ca.gov

For Plaintiff State of Maryland:

Schonette J. Walker
Gary Honick
Byron Warren
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

For Plaintiff State of New Jersey:

Bryan S. Sanchez
Ana Atta-Alla
State of New Jersey Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, New Jersey 07102
Telephone: (973) 648-6835
Bryan.Sanchez@law.njoag.gov
Ana.Atta-Alla@law.njoag.gov

For Plaintiff State of North Carolina:

Jessica V. Sutton
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Tel: 919-716-6000
E-mail: jsutton2@ncdoj.gov

For Private Plaintiffs:

Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
joseph@aliotolegal.com

Joseph M. Alioto
Tatiana V. Wallace
Hawrris Niazi
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
jmalioto@aliotolaw.com
twallace@aliotolaw.com
hniazi@aliotolaw.com

Stephen G. Larson
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
slarson@larsonllp.com

Robert Ruyak
LARSON LLP
900 17th Street NW, Suite 320
Washington, DC 20006
rruyak@larsonllp.com

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, California 94574
lgpapale@papalelaw.com

Christopher A. Nedeau
NEDEAU LAW FIRM

154 Baker Street
San Francisco, California 94117
cnedeau@nedeaulaw.net

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
388 Market Street, Suite 1300
San Francisco, California 94111
Sawmill2@aol.com

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, California 94102
jalioto@veenfirm.com

Robert J. Bonsignore
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
rbonsignore@classactions.us

For Defendant JetBlue Airways Corporation:

Richard Schwed
Jessica Delbaum
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
rschwed@shearman.com
jessica.delbaum@shearman.com

Ryan Shores
Michael Mitchell
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201

Telephone: (214) 271-5385
rachel.zieminski@shearman.com

Elizabeth M. Wright
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com

For Defendant Spirit Airlines, Inc.:

Andrew C. Finch
Jay Cohen
Eyitayo St. Matthew-Daniel
Kate Wald
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
afinch@paulweiss.com
jaycohen@paulweiss.com
tstmatthewdaniel@paulweiss.com
kwald@paulweiss.com

Meredith Dearborn
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (650) 208-2788
mdearborn@paulweiss.com

34.    <u>Testimony</u>. When a Party questions a deponent about a document or information that has been designated by a non-Party Protected Person as containing Confidential or Highly Confidential Information, the Party asking the questions must designate as Confidential or Highly Confidential Information, as appropriate, the portion(s) of the transcript relating to that designated document or information within 21 days following receipt of the final transcript. All transcripts of depositions taken in these Actions will be treated as Highly Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).

Within five business days of receipt of the final transcript, the Party who noticed the deposition

must provide the final transcript to the deponent (or the deponent's counsel, if applicable).

Within 21 days following receipt of the final transcript, the deponent (or the deponent's counsel,

if applicable) may designate as Confidential or Highly Confidential Information any portion(s) of

the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any

exhibit(s), that were produced by the deponent or the deponent's employer. To be effective,

designations must be provided in writing to Plaintiffs' and Defendants' counsel listed in

Paragraph 33 of this Order. Any portion(s) of the transcript or deposition exhibit(s) not

designated in the manner required by this Paragraph 34 will not be treated as Confidential or

Highly Confidential Information, even if the document(s) that become the deposition exhibit(s)

or information that is the subject of the deposition testimony was subject to a prior designation of

confidentiality.

      35.    <u>Hard-Copy Documents and Electronically Stored Information</u>. A Protected Person

who designates any document that it produces as Litigation Materials in these Actions as

containing Confidential or Highly Information must stamp or otherwise mark each image or page

containing Confidential or Highly Confidential Information with the designation

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner that will not interfere with

legibility.

      36.    <u>Electronic Documents and Information Produced in Native Form</u>. Where a

Protected Person produces as Litigation Materials in these Actions files in native electronic

format, Confidential or Highly Confidential Information contained in those files must be

designated by the Protected Person for protection under this Order by (a) appending to the file

names or designators  associated with the electronic document or information an indication of

whether the file contains Confidential or Highly Confidential Information or (b) any other reasonable method for appropriately designating such information produced in native format, including by making designations in reasonably accessible metadata associated with the files. If Confidential or Highly Confidential Information subject to this paragraph is produced in electronic format on a disk or other medium, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files in native form are printed for use during a deposition, in a court proceeding, or for provision in printed form to any Person described in Paragraph 42, the Party printing the electronic document or information must affix a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label to the printed version and include with the printed version the production number and designation associated with the native file.

37.     All Litigation Materials produced by a Protected Person must be treated as Highly Confidential Information for ten days after production even if not designated as Confidential or Highly Confidential Information at the time of production. Any Litigation Materials not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such documents or information if they are later designated as Confidential or Highly Confidential Information. If at any time prior to the trials of these Actions, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any Litigation Materials previously produced in these Actions, it may designate such Litigation Materials by notifying the Parties in writing. The Parties must thereafter treat the Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.

38.     No prior disclosure of newly designated Confidential or Highly Confidential Information will violate this Order, provided that the prior disclosure occurred more than ten days after the Litigation Materials were produced without having been designated as Confidential or Highly Confidential Information. The disclosure of any Investigation Materials or Litigation Materials for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

F.     **Challenges to Designation of Confidential or Highly Confidential Information**

39.     Any Party who objects to any designation of Confidential or Highly Confidential Information may at any time before the trials of these Actions provide a written notice to the Protected Person who made the designation and to all Parties identifying the document or data containing the challenged designation and stating with particularity the grounds for each objection. All materials objected to must continue to be treated as Confidential or Highly Confidential Information pending resolution of the dispute either by agreement between the Protected Person and the objecting Party or by the Court.

40.     Within five business days of a Party's written notice made pursuant to Paragraph 39, the objecting Party and Protected Person must meet and confer to attempt to resolve in good faith the objection(s).  If the objecting Party and the Protected Person cannot reach agreement on an objection to a designation of Confidential or Highly Confidential Information within ten business days of the Party's written notice, the Protected Person may address the dispute to this Court by following the procedures set forth in this Court's Local Rule 37.1. The Protected Person bears the burden of persuading the Court that the material is Confidential or Highly Confidential Information.  If the Protected Person fails to move the Court in accordance with this

Paragraph 40, or if the Court finds the designation of Confidential or Highly Confidential Information to have been inappropriate, the Court may rescind the designation entirely or change the designation from Highly Confidential Information to Confidential Information.

41. This Order does not preclude or prejudice a Protected Person or an objecting Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden that would otherwise apply in a dispute over discovery or disclosure of information.

**G.    Disclosure of Confidential or Highly Confidential Information**

42. Unless otherwise ordered by the Court or agreed to in writing by the Protected Person producing such information, and except as specifically provided in Paragraph 27 with respect to Divestiture Buyers Investigation Materials, Confidential Information may be disclosed only to the Persons listed in (a)-(k) below, and Highly Confidential Information may be disclosed only to Persons listed in (a)-(j) below:

(a) the Court and all persons assisting the Court in these Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b) counsel for the Government, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by the Government to assist in the Government Action whose functions require access to the information;

(c) Private Plaintiffs' or Defendants' Outside Counsel;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in

Appendix A;

(e)  any mediator or arbitrator that the Parties engage in these Actions or that this Court appoints;

(f)  any author, addressee, or recipient of any document or information containing Confidential or Highly Confidential Information if they previously had lawful access to the document or information;

(g)  during the course of their depositions, to anyone who is either (1) a current employee of the Protected Person that designated the document or information Confidential or Highly Confidential Information; or (2) a former employee of the Protected Person that designated the document or information as Confidential or Highly Confidential Information provided that they were employed by the Protected Person when the document or information was created and have been provided with a copy of this Order and informed of the obligation not to disclose any information from any Confidential or Highly Confidential Information to Persons other than those specifically authorized by this Order;

(h)  any Person whom counsel for any Party believes in good faith previously received or had access to the document or information, unless the person indicates that he or she did not receive or have previous access to the document or information;

(i)  any Person retained by a Party to serve as a testifying or consulting expert in these Actions, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(j)  outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an

Agreement Concerning Confidentiality in the form attached in Appendix A.

(k) one in-house attorney for each Defendant (the "Designated Attorney(s)"), whose name must be disclosed to Plaintiffs at least five business days prior to provision of any Confidential Information to the Designated Attorney and who must be agreed upon by the Parties or (in the absence of agreement) ordered by the Court. The Designated Attorney(s) may not have a non-legal business role and may not be engaged in Competitive Decision-Making. Before receiving access to Confidential Information, a Designated Attorney must (i) file an affidavit or declaration, in the form of Appendix B attached hereto, certifying that the Designated Attorney does not have a non-legal business role and does not participate in Competitive Decision-Making for Designated Attorney's employer, and agreeing that Designated Attorney will not participate in negotiations of commercial agreements between Designated Attorney's employer and any non-Party Protected Person whose Confidential Information is disclosed to the Designated Attorney during the pendency of these Actions (including appeals) and for six months thereafter unless the non-Party Protected Person provides written consent to such participation after having been informed of the Designated Attorney's access to the non-Party Protected Person's Confidential Information, and (ii) have signed the Agreement Concerning Confidentiality in the form of Appendix A of this Order. In the event that a Designated Attorney acquires a non-legal business role, the Designated Attorney may no longer have access to any Confidential Information. To the extent a Defendant seeks to change a Designated Attorney, the Defendant must provide notice to Plaintiffs at least 10 business days before any Confidential Information is provided to the new Designated Attorney, and the new Designated Attorney must file an affidavit or declaration and sign the agreement in Appendix A, consistent with subparts (i) and (ii) in this Paragraph 42(k). For the avoidance of doubt, Highly Confidential Information may not be disclosed to a

Designated Attorney.

43.     Counsel for the Party making a disclosure to a Person identified in Paragraph 42, subparagraphs (d), (i), (j), or (k) of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A for a period of at least one year following the final resolution of these Actions.

44.     Each Person identified in Paragraph 42 of this Order to whom information designated as Confidential or Highly Confidential Information is disclosed may not disclose that Confidential or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

45.     Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

(b) prevents disclosure of Confidential or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c) prevents disclosure of Confidential or Highly Confidential Information by any party or any current employee or corporate representative of the Protected Party that designated the Confidential or Highly Confidential Information;

(d) prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in post-complaint discovery in these Actions; (iii) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant

to a court order; or

      (e)  prevents Plaintiff United States of America or Plaintiff States, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing Litigation Materials designated as Confidential or Highly Confidential (i) in the course of any other legal proceeding in which it is a party, or (ii) for law enforcement purposes, to the extent permitted by law.  Except when used for law enforcement purposes or where prohibited by law, court order or regulation, Plaintiff United States of America or Plaintiff States shall inform the producing party or non-Party Protected Person who designated the material as Confidential or Highly Confidential at least ten (10) business days before disclosure is made if the United States or Plaintiff State intends to make disclosure pursuant to this Paragraph.

      46.    In the event of a disclosure of any Confidential or Highly Confidential Information to any Person not authorized to receive disclosure under this Order, the Party responsible for having made the disclosure must promptly notify the Protected Person whose material has been disclosed and provide to that Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure that no further or greater unauthorized disclosure or use of the material is made. Unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information will not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

**H.**     **<u>Use of Information Designated Confidential or Highly Confidential Information in These Actions</u>**

47.     Except as provided in Paragraph 45 of this Order, all Investigation Materials and Litigation Materials produced by a Party or a non-Party Protected Person as part of these Actions may be used solely for the conduct of these Actions and may not be used for any business, commercial, competitive, personal, or other purpose.

48.     <u>Court Filings</u>. If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must obtain a Court order to file such Confidential or Highly Confidential Information under seal, in accordance with Local Rule 7.2. A request for the Court to allow filing under seal must include the proposed redactions. If this Court grants leave to file a document under seal, the filing Party must file with the Clerk of this Court a redacted version of the filing. Nothing in this Order will restrict the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

49.     <u>Trial.</u> Disclosure at trial of documents and information designated as Confidential or Highly Confidential Information will be governed pursuant to a separate Court order. The Parties will meet and confer and submit a recommended order outlining those procedures.

**I.      Procedures Upon Termination of These Actions**

50.     The obligations imposed by this Order will survive the termination of these Actions unless the Court, which will retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

51.     Except as otherwise provided in this Paragraph and in Paragraph 45 of this Order, within 90 calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating either the Government Action or the Private Action, all Persons having

received information designated as Confidential or Highly Confidential Information in that action must make a reasonable, good-faith effort to either (a) return that material and all copies to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Confidential or Highly Confidential Information, unless such Persons also received such information in the other action and the time period in this Paragraph 51 has not expired in the other action. All Confidential or Highly Confidential Information returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Paragraph 51. Counsel for the Parties will be entitled to retain court papers; deposition, hearing, and trial transcripts; deposition, hearing, and trial exhibits; and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential or Highly Confidential Information except pursuant to Court order or an agreement with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted by this Order.

52.     Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating either the Government Action or the Private Action, all Persons having received information designated as Confidential or Highly Confidential Information in that action must certify compliance with Paragraph 51 of this Order in writing to the Party or Protected Person that produced the Confidential or Highly Confidential Information.

**J.     Right to Seek Modification**

53.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking further or additional protections for any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including,

without limitation, an order that certain materials not be produced at all or are not admissible evidence in these Actions or in any other proceeding.

**K.      The Privacy Act**

54.      Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**L.      Persons Bound by This Order**

55.      This Order is binding on the Parties to these Actions, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have control.

**M.      Inadvertent Production of Privileged Information**

56.      Under Federal Rule of Evidence 502(d), the production of any Investigation Materials or Litigation Materials subject to attorney-client privilege, work-product protection, or other applicable legal or evidentiary privilege ("Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding, provided that (a) the production was inadvertent; (b) the Party producing the Produced Privileged Material used reasonable efforts to prevent the disclosure of Investigation Materials or Litigation Materials protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the Party producing the Produced Privileged Material promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).  For the avoidance of doubt, the fact that Investigation Materials or Litigation Materials were produced using technology-assisted review or were otherwise produced without first being reviewed by an

attorney does not mean that the Protected Person did not use reasonable efforts to prevent the inadvertent disclosure of Produced Privileged Material.

57.     A Protected Person claiming inadvertent production of Produced Privileged Material must first make a good-faith determination that such materials are privileged or otherwise protected from disclosure under applicable law and rules. They must then promptly notify any and all receiving Parties providing sufficient information to the receiving Party regarding the asserted privileges in the form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure. Conversely, if a receiving Party discovers material that it believes to be Produced Privileged Material, the receiving Party will promptly notify the Protected Party of what it believes to be the Produced Privileged Material; however, no receiving Party will be found in violation of this Order for failing to recognize Produced Privileged Material.

58.     After discovering or being notified of a claim that material is Produced Privileged Material, any receiving Party may not use or disclose the claimed inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the receiving Party disclosed it before being notified of or discovering the inadvertent production. The receiving Party may use the claimed inadvertently Produced Privileged Material only as permitted by Rule 26(b)(5) of the Federal Rules of Civil Procedure. In addition, within ten business days of discovering or being notified of Produced Privileged Material, any receiving Party must return, sequester, or destroy the specified material and any copies. The Protected Person must retain a copy of all Produced Privileged Material until the resolution or termination of these Actions. The Protected Person asserting the privilege bears the burden of establishing the claim.

N.      **Prior Protective Orders Superseded**

59.      This Order supersedes the Stipulated Protective Order and Order Governing

Production of Investigation Materials in the Government Action (ECF No. 66).

60.      This Order supersedes the Protective Order in the Private Action (ECF No. 34),

which was previously entered by the Northern District of California as an interim measure "until

the District of Massachusetts enters a protective order governing [the Private Action]."  Private

Action, ECF No. 35, ¶ 4.c.


**AGREED TO:**

Dated:  May 26, 2023

/s/ Edward W. Duffy
Edward W. Duffy
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 812-4723
Fax: (202) 307-5802
Email: edward.duffy@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ William T. Matlack
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

*Attorney for Plaintiff the Commonwealth of Massachusetts*

/s/ Olga Kogan
Olga Kogan (*admitted pro hac vice*)
New York State Office of the Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005

Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov

*Attorney for Plaintiff the State of New York*

/s/ C. William Margrabe
C. William Margrabe (*admitted pro hac vice*)
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, D.C. 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorney for Plaintiff the District of Columbia*

/s/ Schonette J. Walker
Schonette J. Walker (*admitted pro hac vice*)
Gary Honick (*admitted pro hac vice*)
Byron Warren (*admitted pro hac vice*)
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State Maryland*

/s/ Komal K. Patel
Komal K. Patel  (*admitted pro hac vice*)
Deputy Attorney General
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6000
Email: Komal.Patel@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ Bryan S. Sanchez
Bryan S. Sanchez (*admitted pro hac vice*)
Ana Atta-Alla (*admitted pro hac vice*)
State of New Jersey - Office of the Attorney General
Division of Law

124 Halsey Street – 5th Floor
Newark, New Jersey 07102
Telephone: (973) 648-6835
Bryan.Sanchez@law.njoag.gov
Ana.Atta-Alla@law.njoag.gov

*Attorneys for Plaintiff the State of New Jersey*

/s/ Jessica V. Sutton
Jessica V. Sutton (*admitted pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice Post Office Box 629
Raleigh, North Carolina 27602
Tel: 919-716-6000
E-mail: jsutton2@ncdoj.gov

*Attorney for Plaintiff State of North Carolina*

/s/ Joseph M. Alioto Jr.
Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
joseph@aliotolegal.com

/s/ Stephen G. Larson
Stephen G. Larson
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
slarson@larsonllp.com

*Attorneys for Plaintiffs Gabriel Garavanian, et al.*

*/s/* Elizabeth Wright
Elizabeth M. Wright (MA BBO #569387)
Zachary R. Hafer (MA BBO #569389)
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*admitted pro hac vice*)

COOLEY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 842-7800
eglass@cooley.com

Richard Schwed (*admitted pro hac vice*)
Jessica Delbaum (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
rschwed@shearman.com
jessica.delbaum@shearman.com

Ryan Shores (*admitted pro hac vice*)
Michael Mitchell (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5385
rachel.zieminski@shearman.com

*Attorneys for Defendant JetBlue Airways Corporation*

/s/ Andrew C. Finch
Andrew C. Finch (*admitted pro hac vice*)
Jay Cohen (*admitted pro hac vice*)
Eyitayo St. Matthew-Daniel (*admitted pro hac vice*)
Kate Wald (*admitted pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
afinch@paulweiss.com
jaycohen@paulweiss.com
tstmatthewdaniel@paulweiss.com
kwald@paulweiss.com

Meredith Dearborn (*admitted pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (650) 208-2788
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

**SO ORDERED:**

Dated this _____ day of _____, 2023

_____
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

APPENDIX A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and<br>SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and<br>SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 1:23-cv-10678-WGY |

## <u>AGREEMENT CONCERNING CONFIDENTIALITY</u>

I, _____ am employed by _____ as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned actions, and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above-captioned actions. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal

penalties for contempt of Court.

      4.     I submit to the jurisdiction of the United States District Court for the District of Massachusetts solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.


_____      _____
SIGNATURE                                        DATE

APPENDIX B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. <br><br> *Plaintiffs*, <br><br>     v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC. <br><br> *Defendants*. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al. <br><br> *Plaintiffs*, <br><br>     v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC. <br><br> *Defendants*. | Case No. 1:23-cv-10678-WGY |

**<u>DECLARATION OF IN-HOUSE COUNSEL SERVING AS DESIGNATED ATTORNEY</u>**

I, _____, am employed by _____ as _____.

I hereby certify that:

1.      I am in-house counsel for Defendant _____ who qualifies for access to Confidential Information under paragraph 42(k) of the Protective Order.  I represent to the Court that I do not have a non-legal business role and do not participate in Competitive Decision-Making as defined in paragraph 2 of the Protective Order, for my employer, _____.

34

2.      I agree not to participate in negotiations of commercial agreements between my employer, _____, and any non-Party Protected Person whose Confidential Information is disclosed to me during the pendency of these Actions (including appeals) and for six months thereafter, unless the non-Party Protected Person provides written consent to such participation after having been informed of my access to the non-Party Protected Person's Confidential Information.

3.      I make this declaration this _____ day of March, 2023.


_____
SIGNATURE

_____
DATE