**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No. 1:23-cv-10678-WGY |

**MEMORANDUM IN SUPPORT OF**
**<u>SOUTHWEST AIRLINES CO.'S MOTION TO INTERVENE FOR A LIMITED</u>**
**<u>PURPOSE</u>**

Southwest Airlines Co. ("Southwest") hereby submits this Memorandum in Support of its

Motion for Leave to Intervene For a Limited Purpose, filed pursuant to Rule 24(a)(2) and

(b)(1)(B) of the Federal Rules of Civil Procedure and Local Rule 7.1. Pursuant to Rule 24(c)'s

requirement to provide an accompanying pleading that sets out the claims for which intervention

is sought, Southwest hereby files concurrently its Objections of Southwest Airlines Co. to

1

Production of Highly Confidential Information to Private Action Plaintiffs ("Southwest Objections").

## I.     Background

The Southwest Objections provide the factual and legal basis for Southwest's concerns. In summary, Southwest objects to a proposed Order filed by the parties in both the Government Action (23-cv-10511) and the Private Action (23-cv-10678) that would allow defendants to produce Southwest highly confidential documents from the Government Action to the Private Action Parties. *See* [Proposed] Stipulated Joint Protective Order and Order Governing Production of Investigation Materials, Government Action, Dkt #97 & 97-1 ("the Proposed Order").

The Proposed Order provides a limited period of time for non-parties to object to such an outcome and seek additional protection from the Court. *Id.* at ¶ 25. While the appropriate procedural mechanism for stating such objections is not clear, the First Circuit has held that "intervention is '*the* procedurally correct course' for third-party challenges to protective orders." *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988) (*quoting In re Beef Industry Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979) (emphasis in original)). Accordingly, Southwest seeks to intervene for the limited purpose of protecting the confidentiality of its information for the reasons set forth in the Southwest Objections. *See also Scalia v. Tara Constr. Inc.,* 2020 WL 583235, at *1 (19-cv-10369, D. Mass. Oct. 7, 2020) (granting motion to intervene for limited purpose of protecting confidentiality of personal information).

## II.    Argument

Under Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of

the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See also Public Citizen*, 858 F.2d at 783 (explaining that intervention is more orderly process than informal motion for non-parties to address protective order issues).

The First Circuit has set out a four-part test for intervention as of right: (a) the application must be timely; (b) the applicant must have an interest relating to the property or transaction which is the basis of the action; (c) the applicant must be so situated that the disposition of the action may set up a practical impediment to its ability to protect that interest; and (d) the applicant must show that existing parties do not adequately represent its interests. *See Public Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 637 (1st Cir. 1989). Southwest's motion satisfies these requirements:

*Timeliness:* Southwest is filing this motion upon learning of the parties' plan to produce Southwest confidential information to the parties in the Private Action and within the time strictures that the parties *sua sponte* established in ¶ 25 of the Proposed Order. As such, Southwest's motion is timely and there is no prejudice to the existing parties. *See R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009) (setting forth test for determining timeliness of motion to intervene).

*Southwest's Interests:* Southwest undeniably has an interest in the confidentiality of its materials and will be prejudiced if it is not allowed to intervene. As set forth in Southwest's Objections, the wholesale production of its confidential documents to Private Action plaintiffs significantly increases the risks of their disclosure and deprives Southwest of the opportunity to ensure its rights under the Federal Rules of Civil Procedure.

***Potential Impairment of Southwest's Interests:*** Without relief from this Court, defendants are going to produce Southwest confidential information in their possession to the parties in the Private Action. As such, Southwest is unable to protect its interests other than by seeking relief from this Court.

***Existing Parties Do Not Represent Southwest's Interests***: The Private Action Parties do not adequately represent Southwest's interests as they are the ones who caused this issue by requesting "to use Investigation Materials and Litigation Materials from the Government Action in the Private Action," Proposed Order at 1, thereby putting Southwest's interests at risk. And the government plaintiffs in the Government Action, while insisting on the ability of a non-party to object (*see id*. at 1-2), do not necessarily stand in the shoes of Southwest when it comes to protecting Southwest's information. *See generally Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 807 F.3d 472, 475 (1st Cir. 2015) (holding that "burden of establishing inadequate representation should be treated as minimal and can be satisfied by showing that representation of [the] interest may be inadequate") (internal quotation marks and citations omitted).

Accordingly, Southwest requests intervention as of right under Rule 24(a). In the alternative, for largely the same reasons that Southwest qualifies for intervention as of right, it also meets the standard for permissive intervention under Rule 24(b). Under that rule, a putative intervenor must merely show it raises questions of law and fact in common with existing parties to the litigation and that intervention is justified in the exercise of discretion. Southwest meets this standard for the reasons set forth above and in Southwest's Objections. "[P]ermissive intervention is wholly discretionary and courts may consider almost any factor rationally relevant in its analysis." *Strahan v. Sec'y, Massachusetts Exec. Off. of Energy & Env't Affs.*, No. 19-CV-

10639-IT, 2021 WL 621202, at *7 (D. Mass. Feb. 17, 2021) (granting non-party's motion to intervene) (internal quotations omitted). Southwest, thus, seeks to intervene in this action in order to protect its confidential information from disclosure.

## CONCLUSION

For the foregoing reasons, Southwest respectfully requests that the Court enter an order granting it leave to intervene in this action for the limited purpose of protecting its confidential information.

Dated: June 5, 2023

Respectfully submitted,

/s/ *William H. Stallings*
William H. Stallings
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C. 20006
Tel: 202-263-3807
wstallings@mayerbrown.com

*Attorney for Southwest Airlines Co.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

And paper copies will be sent to those indicated as non-registered participants on June 5, 2023.

*<u>/s/ William H. Stallings</u>*
William H. Stallings
