## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES,<br><br>                 Plaintiff,<br><br>        v.<br><br>JETBLUE AIRWAYS CORPORATION and<br>SPIRIT AIRLINES, INC,<br><br>                    Defendants. | Civil Action No. 1:23-cv-10511-WGY |

### MEMORANDUM IN SUPPORT OF NON-PARTY AIRBUS AMERICAS, INC.'S MOTION TO INTERVENE FOR A LIMITED PURPOSE

Non-party Airbus Americas, Inc. ("Airbus") objects to the Stipulated Joint Protective Order filed by the United States, JetBlue Airways Corporation, Spirit Airlines, Inc., and the *Garavanian* Plaintiffs (collectively, the "Parties") insofar as it would require production of Airbus documents to the *Garavanian* Plaintiffs. *See* ECF No. 97-1 at 7. The *Garavanian* Plaintiffs have **served no discovery requests** upon Airbus to date. As such, Airbus respectfully requests that the Court decline to order the delivery of Airbus-produced documents to the *Garavanian* Plaintiffs at this time.

The *Garavanian* Plaintiffs have served no discovery requests upon Airbus, let alone made the requisite showing of relevance and proportionality and not imposing an undue burden upon non-party Airbus, so as to entitle them to such discovery. *See Solamere Capital v. DiManno*, 621 F. Supp. 3d 152, 158 (D. Mass. 2022) (non-party subpoena is subject to relevance and proportionality requirements of Rule 26 and must avoid imposing an undue burden under Rule 45). Airbus is not a party to either *United States v. JetBlue Airways Corporation and Spirit Airlines, Inc.*, 1:23-cv-10511-WGY (D. Mass.) (the "Government Action"), or to *Garavanian et*

*al. v JetBlue Airways Corporation and Spirit Airlines, Inc.*, No. 1:23-cv-10678-WGY (D. Mass.) (the "Private Action").  A blanket order that non-party Airbus documents be produced to the *Garavanian* Plaintiffs is thus inappropriate.

In light of the Parties' Joint Motion, ECF No. 97, Airbus is forced to seek protection of competitively or otherwise sensitive information, including on a prospective basis, while the final contours of discovery requests directed at Airbus remain unsettled.  Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "If a party objects to a discovery request, the requesting party may move to compel and bears the initial burden of showing the relevance of the information sought."  *Culbreth v. Macri*, No. 19-CV-31-JD, 2020 WL 3868790, at *1 (D.N.H. July 9, 2020) (citing Fed. R. Civ. P. 37(a)(3)(B)) (other citations omitted).  Similarly, a "party issuing [a] subpoena has the burden of establishing that the requested information is relevant to its claims or defenses."  *Enargy Power (Shenzhen) Co. v. Xiaolong Wang*, Civil Action No. 13-11348-DJC, 2014 WL 4687784, at *2 (D. Mass. Sept. 17, 2014) (*citing Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc.*, 297 F.R.D. 19, 20 (D.P.R. 2014)).

Not only have the *Garavanian* Plaintiffs served no discovery requests upon Airbus, but the *Garavanian* Plaintiffs have made no outreach to Airbus or its counsel to indicate their interest in Airbus discovery.  Airbus cannot predict the *Garavanian* Plaintiffs' litigation strategy, including whether it implicates a risk of discovery or disclosure of Airbus's sensitive information such as through challenge to eventual designations under the protective order entered by the Court.  The waning discovery window in the cases does not justify an extraordinary departure from typical discovery processes.  *See* Fed. R. Civ. P. 16(b) (requiring good cause and the Court's consent to

modify the schedule); *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 82 (D. Me. 2008) (denying reopening of discovery where litigant knew well in advance of the facts about which it sought untimely discovery).   The *Garavanian* Plaintiffs filed the Private Action in November 2022, **months before** the Government Action.   *See* Compl., *Garavanian et al. v JetBlue Airways Corporation and Spirit Airlines, Inc.*, No. 4:22-cv-06841-JSW, ECF No. 1 (N.D. Cal. Nov. 3, 2022); Compl., *United States v. JetBlue Airways Corporation and Spirit Airlines, Inc.*, 1:23-cv-10511, ECF No. 1 (D. Mass. Mar. 7, 2023).

The United States served a subpoena for documents on non-party Airbus under Federal Rule of Civil Procedure 45 on May 19, 2023.   The United States agreed to extend the time for Airbus to serve objections and responses by one week, to June 9, 2023.   Airbus has been negotiating with the United States its compliance with the subpoena requests and began producing materials in response on June 2, 2023.   Airbus currently anticipates further production, as explained more fully below.

Beyond the absence of *Garavanian* Plaintiff discovery requests, the United States has made no showing, nor have JetBlue or Spirit, that the prosecution of the claims at issue in the Government Action would somehow be advanced by sharing Airbus discovery with the *Garavanian* Plaintiffs in the Private Action, which supports maintaining the existing Government Action protective order.   *See Massachusetts v. Mylan Labs., Inc.*, 246 F.R.D. 87, 90 (D. Mass. 2007).   Clayton Act claims against horizontal mergers encompass numerous potential theories of anticompetitive harm.   *See generally* US DOJ & FTC Horizontal Merger Guidelines (Aug. 19, 2010), https://www.justice.gov/atr/file/810276/download.   It does not follow that every document produced in the Government Action will be needed in the Private Action, which may very well explain the absence of discovery requests from the *Garavanian* Plaintiffs to Airbus to

date.  Indeed, the United States and state Plaintiffs have emphasized that there are "***significant***

***differences*** between the theories and scope of the Government Action and the Private Action."

Case No. 1:23-cv-10678-WGY, ECF No. 78 at 9 (emphasis added).

An order that Airbus discovery produced to the parties in the Government Action be

delivered automatically to the *Garavanian* Plaintiffs also implicates materials of unknown scope.

Airbus cannot predict whether it may receive additional discovery requests (in either case), and

what, if any, materials it may produce in response.  As such, the Parties' proposal to the Court

unfairly compels Airbus, a non-party, to seek the relief sought herein or risk waiving concerns

about sensitive information.

Airbus is continuing to work to address an issue that is delaying portions of its

compliance with the subpoena served upon Airbus by the United States.  Certain of the subpoena

requests seek information that is in the possession, custody, or control of Airbus's parent entity,

Airbus SAS, which has its headquarters in Toulouse, France.  Specifically, French Penal Code

Law No. 68-678 of July 26, 1968, as amended by Law No. 80-538 of July 16, 1980 (the "French

Blocking Statute" or "FBS") limits the export of many types of information maintained within

France.[1]  Airbus's counsel identified this issue to counsel for the United States during a meet-

and-confer teleconference on May 23, 2023 and is working expeditiously to address it.

Airbus respectfully requests that the Court decline to order the automatic delivery of

Airbus-produced discovery to the *Garavanian* Plaintiffs, as sought in ECF No. 97-1.

---

[1] *See Le Service de L'Information Stratégique et de la Sécurité Économiques (SISSE)*,
Directorate General for Enterprises, available at https://www.entreprises.gouv.fr/fr/securite-
economique/service-de-l-information-strategique-et-de-la-securite-economiques-sisse; *La Loi
"De Blocage": Réforme et Publication d'un Guide*, Directorate General for Enterprises,
available at https://www.entreprises.gouv.fr/fr/securite-economique/la-loi-de-blocage-reforme-
et-publication-d-guide.

Respectfully submitted,


/s/ Scott Peachman
Scott Peachman

Nathaniel B. Edmonds (*pro hac vice*)
nathanieledmonds@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
Lindsey W. Dieselman (*pro hac vice*)
lindseydieselman@paulhastings.com

PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC  20036
Tel:   1(202) 551-1700
Fax:   1(202) 551-1705

Scott Peachman
scottpeachman@paulhastings.com
Noah Pinegar (*pro hac vice*)
noahpinegar@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Tel: (212) 318-6000
Fax: (212) 319-4090

Dated: June 7, 2023