UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Civil Action No. 1:23-cv-10678-WGY |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO TAKE THE DEPOSITION OF NON-PARTY DELTA AIR LINES, INC. AND COMPLETE THE DEPOSITION OF NON-PARTY MASSACHUSETTS PORT AUTHORITY ON JULY 7**

Pursuant to Paragraph 27 of the Case Management Orders in both of the above-captioned cases (ECF No. 79 in the DOJ case and ECF No. 96 in the *Garavanian* action), Defendants respectfully move for the Court's leave to take the deposition of non-party Delta Air Lines, Inc. and to complete the deposition of non-party Massachusetts Port Authority on July 7, 2023. Good cause exists because these two depositions could not be completed before the close of fact discovery on June 28, 2023: Delta's witness was not available before July 6 and Massport was only able to prepare its witness on some of the noticed topics. Both non-parties have agreed to a

deposition on July 7. The Plaintiffs will not be prejudiced by this request, as 59 of 62[1] depositions were completed before June 28, and none of the Plaintiffs have indicated that Delta and Massport are important to their cases—in fact, DOJ did not subpoena either non-party for deposition testimony and did not send them Civil Investigative Demands for deposition testimony during its investigation. Defendants met and conferred with the DOJ, and we understand that DOJ opposes this request.

I. ARGUMENT

    A. **Good Cause Justifies Taking the Delta Deposition and Completing the Massport Deposition on July 7.**

The Case Management Order allows "[a]ny Party [to] seek modification of this Order for good cause." ECF No. 79 ¶ 27; ECF No. 96 ¶ 27. It is within the Court's discretion to permit this extremely limited non-party discovery to occur on July 7.

Over the past three months, the Parties have conducted extensive fact discovery into non-parties, serving dozens of subpoenas for documents to which the non-parties produced nearly 100,000 documents. Following significant negotiations regarding the scope of document discovery and fact depositions, the Parties worked diligently to schedule dozens of depositions around the busy schedules of numerous deponents—most of whom are senior executives at their respective organizations—before the close of fact discovery. The Parties coordinated scheduling logistics for nearly 60 witnesses plus counsel—and nearly all of those depositions took place in the month of June. *See Marvin Lumber & Cedar Co. v. Norton Co.*, 113 F.R.D. 588, 594 (D. Minn. 1986) (granting additional fact discovery where the litigant's time had been well-utilized).

---

[1] The parties have mutually agreed to complete the deposition of a party witness on July 7, 2023. That witness began his deposition on June 1; the deposition was continued until June 27 but could not occur that day because the witness was ill.

On May 22, Defendants issued a Rule 30(b)(6) deposition subpoena to Delta. Defendants and Delta met and conferred on numerous occasions to discuss the scope of the Rule 30(b)(6) subpoena. Delta and Defendants initially targeted the third week of June for Delta's deposition. On June 15, Delta identified its witness as Eric Beck, Managing Director in Domestic Network Planning, but stated that Mr. Beck's travel schedule and preexisting commitments would make it impossible for him to sit for a deposition prior to July 6. In spite of Delta's representation, when Defendants and Delta reached out to Government Plaintiffs to schedule Mr. Beck's deposition for July 6 or 7, Government Plaintiffs declined Delta's request, taking the position that his deposition must take place by June 28. Defendants and Government Plaintiffs then met and conferred to try to reach a resolution on the scheduling of the Delta deposition.

Defendants repeatedly insisted upon scheduling the Delta deposition prior to the June 28 close of fact discovery. *Equal Rights Ctr. v. Post Props., Inc.*, No. 06- 1991, 2008 WL 11391642, at *1 (D.D.C. May 27, 2008) ("The primary consideration in the 'good cause' analysis is whether the party seeking the amendment was diligent in obtaining the discovery sought during the discovery period." (citing *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005))). Delta's counsel has been clear that the witness is not available before July 6. Delta is a non-party to these litigations, and "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Indeed, the Case Management Order requires the parties "to use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules." ECF No. 79, ¶ 12(b); ECF No. 96 ¶ 12(b). That is precisely what Defendants are doing.

With respect to the Massport deposition, on June 27—the day before the deposition— counsel for Massport informed the parties that Massport would not be able to produce its

documents responsive to the subpoena that day, and Massport asked to reschedule the deposition until after its production of documents. Despite not having the benefit of Massport's documents, Defendants insisted that the deposition go forward on June 28. Counsel for Massport then informed the parties that the witness would not be prepared to testify regarding two of the topics in the Rule 30(b)(6) notice—including the proposed merger between JetBlue and Spirit. The parties questioned the Massport witness on June 28 regarding the other topics in the notice, and both Defendants and Government Plaintiffs reserved time for additional questioning on a date when the deposition could be continued. Inexplicably, after the deposition—and without having raised any objection in advance of or on the record during the deposition—the Government Plaintiffs informed Defendants for the first time that they objected to completing the Massport deposition on a date when the witness was prepared to testify. Defendants did everything possible to take the Massport deposition in full before the close of fact discovery. Because the witness's inability to testify regarding two of the noticed topics was outside of Defendants' control, good cause exists to complete the deposition on July 7. *See In re Domestic Airline Travel Antitrust Litig.*, No. 15-1404, 2018 WL 4441507, at *7 (D.D.C. Sept. 13, 2018) (finding a party had been diligent when unforeseen matters necessitated an extension).

### B. Plaintiffs Will Not Be Prejudiced by Defendants' Request.

The DOJ has told Defendants it opposes the requested relief because the depositions will happen after the DOJ's deadline for witness lists and expert disclosures, but two depositions—that Plaintiffs have never identified as important to their case—are not a reason to disrupt the entire schedule.

The Case Management Orders require the parties to exchange final trial witness lists by June 30, and Government Plaintiffs' initial expert report(s) are due on July 6. ECF No. 79 ¶ 1;

ECF No. 96 ¶ 1.[2]  The Plaintiffs did not subpoena either Delta or Massport for a deposition.  Yet, the Plaintiffs now claim that this non-party deposition testimony is so critical to its experts' opinions that the Government Plaintiffs should have an additional week to prepare their expert reports.  This limited testimony—from non-parties whose depositions Plaintiffs did not seek during the litigation or investigation—should not provide a basis for moving deadlines.  But, if the Court shares the Plaintiffs' concern over the timing, the Court could order that (1) the parties may supplement their final trial witness lists by July 10 with respect to Delta or Massport and (2) the Government Plaintiffs may supplement their expert report(s) by July 14 to reflect any testimony taken from Delta or Massport on July 7.  While Defendants do not share Plaintiffs' concerns, this simple solution alleviates any potential concern about the schedule.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and order that the Delta and Massport depositions may take place on July 7, 2023.

DATED: June 30, 2023

/s/ *Elizabeth Wright*
Elizabeth M. Wright (MA BBO #569387)
Zachary R. Hafer (MA BBO #569389)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com

---

[2] Private Plaintiffs and Government Plaintiffs have agreed to modify the expert disclosure deadlines in the *Garavanian* action, as permitted by Paragraph 27 of the Case Management Order (ECF No. 96). Private Plaintiffs' expert report(s) are due after July 7, 2023.

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com

Beatriz Mejia (*Pro Hac Vice*)
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: 415-693-2000
Fax: 415-693-2222
bmejia@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

Richard F. Schwed (*Pro Hac Vice*)
Jessica K. Delbaum (*Pro Hac Vice*)
Leila Siddiky (*Pro Hac Vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-6069
Tel: 212-848-4000
Fax: 212-848-7179
rschwed@shearman.com
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Ryan Shores (*Pro Hac Vice*)
Michael Mitchell (*Pro Hac Vice*)
Brian Hauser (*Pro Hac Vice*)
Shearman & Sterling LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: 202-508-8005

Fax: 202-661-7480
ryan.shores@shearman.com
michael.mitchell@shearman.com
brian.hauser@shearman.com

Rachel Mossman Zieminski (*Pro Hac Vice*)
Shearman & Sterling LLP
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel: 214-271-5385
rachel.zieminski@shearman.com

*Attorneys for Defendant JetBlue Airways Corporation*

Andrew C. Finch (*pro hac vice*)
Eyitayo St. Matthew-Daniel (*pro hac vice*)
Jay Cohen (*pro hac vice*)
Jared P. Nagley (*pro hac vice*)
Kate Wald (*pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Elizabeth Wright*
Elizabeth Wright
