# EXHIBIT 3



# U.S. Department of Justice

Antitrust Division

*Sarah V. Riblet*
*Liberty Square Building*
*450 Fifth Street, NW*
*Washington, DC 20530*
*Sarah.Riblet@usdoj.gov*

December 22, 2022

*Via email*

Andrew C. Finch, Esq.
Counsel for Spirit Airlines, Inc.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

> Re:    Apparent Deficiencies in the Privilege Log for Spirit Airlines, Inc.'s
> ("Spirit") Second Request Production Pursuant to the Division's
> Investigation of the Proposed Acquisition of Spirit by JetBlue Airways
> Corp. ("JetBlue")

Dear Andrew:

I write to raise apparent deficiencies that Antitrust Division staff have identified in our initial review of the privilege log submitted by Spirit on December 7, 2022 as part of Spirit's response to the Division's Second Request. Having asserted claims of privilege, Spirit bears the burden of presenting "sufficient facts to establish the privilege." *See, e.g.*, *Bartholdi Cable Co. v. FCC*, 114 F.3d 274, 280 (D.C. Cir. 1997) (quoting *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984)).

Under both the Hart-Scott-Rodino Premerger Notification Rules and Instruction 11 of the Second Request, Spirit is required to provide information necessary to evaluate its privilege claims. The Premerger Notification Rules specifically require:

> Where noncompliance is based on a claim of privilege, a statement of the claim of privilege and all facts relied on in support thereof, including the identity of each document, its author, the author's title/position, addressee, the addressee's title/position, date, subject matter, all recipients of the original and of any copies, the recipients' titles/positions, the document's present location, and who has control of it.

16 CFR § 803.3(d); *accord* Second Request Instruction 11. Our initial review has revealed numerous apparent deficiencies in the log, which must be resolved before we can evaluate these privilege claims in a meaningful way. These deficiencies are summarized in the table below.

**Summary Table: Apparent Deficiencies Identified to Date**

| Issue | Spirit Log Issue Count |
|---|---|
| Third-Party Waiver Issue | 16,485 |
| No Recipient Identified, *e.g.:* | 4,058 |
| *No Recipient – Email* | 1,033 |
| *No Recipient – Report* | 125 |
| *No Recipient – Memorandum* | 21 |
| Inadequate Work-Product Claims | 37 |
| Deficient Attorney Involvement | 302 |
| *Only Group Legal Name Used – "Outside Counsel"* | 296 |
| *Only Group Legal Name Used – Spirit* | 5 |
| *No Attorney in Metadata Fields, Including Privilege Description* | 1 |
| Deficient Subject Description | 47,848 |
| *"Financial Planning and Securities Filings"* | 9,439 |
| *"Labor Relations"* | 9,379 |
| *"Regulatory Compliance"* | 6,970 |
| *"Company Employment Matter"* | 5,532 |
| *"Regulatory Advocacy"* | 4,013 |
| *"Relevant Industry Agreements"* | 3,243 |
| *"Corporate Governance"* | 2,431 |
| *"Legal Analysis of Business Strategy"* | 2,104 |
| *"Customer Service and Arrangements"* | 1,752 |
| *"Internal Company Policies"* | 1,575 |
| *"Legal Analysis of the Airline Industry"* | 708 |
| *"Potential Acquisitions"* | 528 |
| *"Union Disputes"* | 327 |
| *"Development of Joint Ventures"* | 47 |
| *"Ordinary Course Business Operations"* | 15 |
| Redaction/Withhold Errors | |
| Documents 5+ Pages Fully Withheld | 11,042 |
| Fully Withheld Documents with Inadequate Connection to Legal Advice | 11,326 |
| *Documents "Relaying" Legal Advice Withheld Entirely* | 7,830 |
| *Documents "Transmitting" Legal Advice Withheld Entirely* | 2,044 |
| *Documents "Filing" Legal Advice Withheld Entirely* | 1,177 |
| *Documents "Regarding" Legal Advice Withheld Entirely* | 234 |

| | |
|---|---|
| *Documents "Including" Legal Advice Withheld Entirely* | 41 |
| Documents Marked "Not Privileged" | 38 |
| Total Entries with Apparent Deficiencies | 59,561 |
| Percentage of Apparently Deficient Entries | 85% |

As shown in this table, based on our initial review, these apparent deficiencies implicate roughly 85% percent of the claims in Spirit's log. Each of these categories of apparent deficiencies is described in more detail below, and a copy of the log with added columns marking the entries with apparent deficiencies is attached.

*        *        *

**1. Third-Party Waiver Issue**

| Issue | Spirit Log Issue Count |
|---|---|
| Communications with Apparent Third Parties | 16,485 |

There are 16,485 entries on the Spirit log that include documents that were authored by, or sent to, individuals who are neither employees of, nor attorneys for, Spirit. Instead, these individuals are employed by various third parties. Although Spirit attorneys may have been involved in these communications in some manner, the inclusion of third parties likely either: (1) waives the attorney-client privilege because the communication cannot be deemed "confidential," or (2) suggests that the nature of the communication is for business purposes rather than legal advice. If the third-party firms identified on the attached log have a relationship with Spirit that might make the claim of privilege appropriate, please provide evidence that establishes and describes that relationship (e.g., an engagement letter for a firm where Spirit claims there is an agency relationship). Otherwise, unredacted versions of these documents should be produced.

There are also several entries in the privilege log that occur prior to July 2022 that include individuals at JetBlue. Given the public announcement of the JetBlue/Spirit merger at the end of July 2022, please explain the basis for the privilege claim, particularly to the extent that it may be based on a claim of common interest, for each of these entries or produce unredacted versions of these documents.

With respect to third party waiver, as you know, communications between, for example, a client's investment bankers, consultants, accountants, etc., and counsel are not privileged where such third parties acted in a business capacity and were not necessary or indispensable for counsel to provide legal advice. Additionally, while an individual may be indispensable to counsel pertaining to one document, this does not mean all documents in which they were involved are privileged. We ask that you consider documents on a case-by-case basis. We hope you can inform us on the above questions, as well as re-examine the privilege log to see if any previously withheld documents can be produced.

3

Finally, we have attached for your reference a recent, publicly available Division petition related to third party waiver issues. This should illustrate for you the Division's position regarding third party waiver in that matter and how it may apply to our concerns in this matter.

### 2. No Recipient Identified

| Issue | Spirit Log Issue Count |
|---|---|
| No Recipient Identified, *e.g.:* | 4,058 |
| *No Recipient – Email* | 1,033 |
| *No Recipient – Report* | 125 |
| *No Recipient – Memorandum* | 21 |

These entries in Spirit's log fail to clearly identify a recipient for numerous types of documents. As exemplars of particular types of documents which would be expected to have a recipient, we have indicated counts for emails, reports, and memorandums, although you will see that even these three categories do not count for the entirety of the documents missing listed recipients. Because the identity of the recipient is essential to any privilege claim, the Division cannot fully evaluate Spirit's privilege claims without this information. To comply with Instruction 11 of the Second Request, Spirit should produce a corrected log that identifies the recipient for all entries.

### 3. Inadequate Work-Product Claims – No Named Litigation

| Issue | Spirit Log Issue Count |
|---|---|
| Inadequate Work Product Claims | 37 |

The Second Request Instructions require Spirit to identify "the anticipated litigation for any work-product claim." Spirit asserts work-product claims in these entries, but has not identified any anticipated litigation. To comply with Instruction 11 of the Second Request, Spirit should produce a corrected log containing this information.

### 4. Deficient Attorney Involvement

| Issue | Spirit Log Issue Count |
|---|---|
| Only Group Legal Name Used – "Outside Counsel" | 296 |
| Only Group Legal Name Used – Spirit | 5 |
| No Attorney in Metadata Fields, Including Privilege Description | 1 |

Courts narrowly construe the attorney-client privilege, limiting the protection of the privilege to confidential communications between an attorney and a client relating to the legal matter for which the client has sought professional advice. Here, many entries in Spirit's privilege log do not have an attorney identifier.

These entries include both emails and other documents for which no attorney is identified as the sender or recipient; documents for which only a collective legal entity, rather than specific attorneys, are identified as involved in the conversation over which Spirit claims the privilege; and one document where no attorney—group or individual—is identified as a sender, author, recipient, or identified in the narrative privilege description. While non-attorneys may transmit, forward, and/or discuss legal advice, the description should make this explicit, and should contain the name of the attorney providing legal advice. Please revise the descriptions for these entries to supply this information so that the Division may properly assess the claim of privilege.

## 5. Deficient Subject Description

| Issue | Spirit Log Issue Count |
|---|---|
| "Financial Planning and Securities Filings" | 9,439 |
| "Labor Relations" | 9,379 |
| "Regulatory Compliance" | 6,970 |
| "Company Employment Matter" | 5,532 |
| "Regulatory Advocacy" | 4,013 |
| "Relevant Industry Agreements" | 3,243 |
| "Corporate Governance" | 2,431 |
| "Legal Analysis of Business Strategy" | 2,104 |
| "Customer Service and Arrangements" | 1,752 |
| "Internal Company Policies" | 1,575 |
| "Legal Analysis of the Airline Industry" | 708 |
| "Potential Acquisitions" | 528 |
| "Union Disputes" | 327 |
| "Development of Joint Ventures" | 47 |
| "Ordinary Course Business Operations" | 15 |

The descriptions for these entries contain a statement that does not identify with sufficient particularity the subject of the communication. Instruction 11 of the Second Request requires that a description of the document's subject matter be "sufficiently detailed to enable the Department to assess the privilege claim and the facts relied upon to support that claim." While Spirit is not required to reveal the very essence of the privileged communication, it is required to provide enough information to assess the claim. By referring only to these subject matters generally, the entries listed above do not meet the standard laid out in Instruction 11. Please revise the descriptions for these entries so that the Division may properly assess the claim of privilege.

## 6. Redaction/Withhold Errors

| Issue | Spirit Log Issue Count |
|---|---|
| Documents 5+ Pages Fully Withheld | 11,042 |

| | |
|---|---|
| Fully Withheld Documents with Inadequate Connection to Legal Advice | 11,326 |
| *Documents "Relaying" Legal Advice Withheld Entirely* | 7,830 |
| *Documents "Transmitting" Legal Advice Withheld Entirely* | 2,044 |
| *Documents "Filing" Legal Advice Withheld Entirely* | 1,177 |
| *Documents "Regarding" Legal Advice Withheld Entirely* | 234 |
| *Documents "Including" Legal Advice Withheld Entirely* | 41 |
| Documents Marked "Not Privileged" | 38 |

There are documents that appear to be better suited for redaction rather than being withheld entirely. Spirit has fully withheld a total of 11,042 documents that exceed five pages based on a claim of privilege. Please revise the descriptions for these entries to explain why it is necessary to withhold—rather than redact—these documents to protect information over which Spirit asserts a claim of privilege.

Moreover, Spirit has fully withheld—rather than redacted—11,326 documents in the italicized lines of the above-provided table which are described as "relaying," "transmitting," "filing," "regarding," or "including" legal advice. It is unlikely that documents such as these—some of which exceed 100 pages and are authored by businesspeople—are appropriately withheld.

Withholding an entire document because it may contain or incorporate the advice, comments, or suggestions of an attorney at some point in time construes the privilege too broadly, when courts have repeatedly ruled that the privilege should be narrowly construed. Please produce redacted versions of these documents, or explain why they are properly withheld in their entirety despite the description in the privilege log.

Finally, the "Redacted" column of Spirit's log indicates that 38 documents are "Not Privileged." It would be helpful to understand whether, and on what basis, portions or the entirety of these documents are being withheld despite this expressed lack of privilege.

*          *          *

The apparent deficiencies described above represent Division staff's review to date. Our review is ongoing, and the counts may change as we proceed. Even so, it is evident that these apparent privilege log deficiencies will prevent us from proceeding with our evaluation of Spirit's privilege claims. Evaluating these claims is essential to determining whether Spirit has in fact complied with the Division's Second Request. Therefore, pursuant to Section II.F of the Timing Agreement, the Division requests that Spirit cure these apparent deficiencies no later than December 28, 2022, either by correcting the affected log entries or by making a supplemental production of these documents.

Please do not hesitate to contact me at (202) 679-4066 with any questions or to discuss this matter further.

Very truly yours,

*/s/ Sarah V. Riblet*
Sarah V. Riblet
Trial Attorney, Antitrust Division
U.S. Department of Justice

Enclosure