# EXHIBIT 13

DocuSign Envelope ID: 2812B916-71B5-490E-8250-2D3EFEDC3B50



February 16, 2022

Spirit Airlines, Inc.
2800 Executive Way
Miramar, FL 33025
Attention of Thomas C. Canfield, Senior Vice President, General Counsel & Secretary

Re: <u>Letter of Agreement</u>

Dear Thomas:

This Letter of Agreement, including the Appendix attached hereto (collectively, this "Agreement"), sets forth the terms and conditions of the engagement of Okapi Partners LLC ("Okapi") by Spirit Airlines, Inc. ("SAVE" or the "Company") to provide strategic advice and solicit proxies (the "Solicitation") on behalf of the Company in connection with its upcoming 2022 Special Meeting of Stockholders (the "Meeting"). The term of this Agreement shall commence on the date hereof and end on the date that the Solicitation is concluded.

(a)  *Services.*  Okapi shall perform the services described in the Fees & Services Schedule attached hereto as Appendix I (collectively, the "Services").

(b)  *Fees.*  In consideration of Okapi's performance of the Services, the Company shall pay Okapi the amounts, and pursuant to the terms, set forth on the Fees & Services Schedule attached hereto as Appendix I.  The Fees & Services Schedule reflects Okapi's current understanding that the Meeting will be of an uncontested nature and will not involve the solicitation of proxies in connection with any controversial or extraordinary matter (e.g. a "vote no" campaign, or a proxy fight).  The Company acknowledges and agrees that, in the event that the Meeting involves matters deemed by Okapi to be contested, controversial or extraordinary, the Fees & Services Schedule shall be subject to adjustment.

(c)  *Expenses.*  In connection with Okapi's performance of the Services, and in addition to the fees and charges discussed in paragraph (b) hereof, the Company agrees that it shall pay, or advance sufficient funds, to Okapi (promptly after demand therefor by Okapi) for the following costs and expenses:

- Costs and expenses incurred by Okapi incidental to the provision of the Services, including the preparation and mailing of the notice and inquiry required by Rule 14a-13

DocuSign Envelope ID: 2812B916-71B5-490E-8250-2D3EFEDC3B50
Case 1:23-cv-10511-WGY   Document 153-13   Filed 08/18/23   Page 3 of 7

Spirit Airlines, Inc.                               February 16, 2022                                            2

- of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and postage and freight charges incurred in delivering proxy solicitation materials;

- Costs and expenses incurred by Okapi in working with its agents or other parties involved in connection with the provision of the Services, including charges for bank threshold lists, connectivity or processing charges by any transfer agent or Broadridge (or similar agent), data processing, telephone directory assistance, facsimile transmissions or other forms of electronic communication and delivery of proxies to the Company's tabulator;

- Costs and expenses incurred by Okapi at the Company's request or for the Company's convenience, including copying expenses, expenses relating to the printing of additional and/or supplemental material and travel expenses of Okapi's executives; and

- Any other fees and expenses authorized by the Company and resulting from extraordinary contingencies that arise during the course of the provision of the Services, including fees and expenses for advertising (including production and posting), media relations, stock surveillance and analytical services.

(d) *Compliance with Applicable Laws.* The Company and Okapi hereby represent to one another that each shall use its best efforts to comply with all applicable laws relating to the solicitation of proxies for the Meeting, including, without limitation, the Exchange Act and the rules and regulations promulgated thereunder.

(e) *Indemnification.* The Company agrees to indemnify and hold harmless Okapi and its members, officers, directors, employees, agents and affiliates against any and all claims, costs, damages, liabilities, judgments and expenses, including the fees, costs and expenses of counsel retained by Okapi, and compensation to Okapi for time expended by Okapi members and employees at their current hourly rates, which result from claims, actions, suits, subpoenas, demands or other proceedings brought against or involving Okapi which directly relate to or arise out of Okapi's performance of the Services (except for costs, damages, liabilities, judgments or expenses which shall have been determined by a court of competent jurisdiction pursuant to a final and nonappealable judgment to have directly resulted from Okapi's gross negligence or intentional misconduct). In addition, the prevailing party shall be entitled to reasonable attorneys' fees and court costs in any action between the parties to enforce the provisions of this Agreement, including the indemnification rights contained in this paragraph. The indemnity obligations set forth in this paragraph shall survive the termination of this Agreement.

(f) *Governing Law.* This Agreement shall be governed by the substantive laws of the State of New York without regard to its principles of conflicts of laws, and shall not be modified in any way, unless pursuant to a written agreement which has been executed by each of the parties hereto. The parties agree that any and all disputes, controversies or claims arising out of or relating to

SPIRIT CONFIDENTIAL                                                                                   NK-2R-05523038

DocuSign Envelope ID: 2812B916-71B5-490E-8250-2D3EFEDC3B50

this Agreement (including any breach hereof) shall be subject to the exclusive jurisdiction of the federal and state courts in New York County, New York and the parties hereby consent to the jurisdiction of such courts and waive any defenses on the grounds of lack of personal jurisdiction of such courts, improper venue or *forum non conveniens.*

(g) *Exclusivity.* The Company agrees and acknowledges that Okapi shall be the sole proxy solicitor retained by the Company in connection with the Meeting, and that the Company shall refrain from engaging any other proxy solicitor to render any Services, in a consultative capacity or otherwise, in relation to the Meeting.

(h) *Additional Services.* In addition to the Services, the Company may from time-to-time request that Okapi provide it with certain additional consulting or other services. The Company agrees that Okapi's provision of such additional services may be governed by the terms of a separate agreement to be entered into by the parties at such time or times, and that the fees charged in connection therewith shall be at Okapi's then-current rates.

(i) *Confidentiality.* Okapi agrees to preserve the confidentiality of (i) all material nonpublic information provided by the Company or its agents for Okapi's use in fulfilling its obligations hereunder and (ii) any information developed by Okapi based upon such material nonpublic information (collectively, "Confidential Information"). For purposes of this Agreement, Confidential Information shall not be deemed to include any information which (w) is or becomes generally available to the public in accordance with law other than as a result of a disclosure by Okapi or any of its officers, directors, employees, agents or affiliates; (x) was available to Okapi on a nonconfidential basis and in accordance with law prior to its disclosure to Okapi by the Company; (y) becomes available to Okapi on a nonconfidential basis and in accordance with law from a person other than the Company or any of its officers, directors, employees, agents or affiliates who is not otherwise bound by a confidentiality agreement with the Company or is not otherwise prohibited from transmitting such information to a third party; or(z) was independently and lawfully developed by Okapi based on information described in clauses (w), (x) or (y) of this paragraph. The Company agrees that all reports, documents and other work product provided to the Company by Okapi pursuant to the terms of this Agreement are for the exclusive use of the Company and may not be disclosed to any other person or entity without the prior written consent of Okapi. The confidentiality obligation set forth in this paragraph shall survive the termination of this Agreement.

(j) *Severability.* Any provision of this Agreement held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

(k) *Counterparts.* This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which taken together shall constitute but one agreement.

DocuSign Envelope ID: 2812B916-71B5-490E-8250-2D3EFEDC3B50

Delivery of an executed signature page of this Agreement by any electronic means that reproduces an image of the actual executed signature page shall be as effective as delivery of a manually executed counterpart of this Agreement.

(l) *Entire Agreement; Appendix.*  This Agreement constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the parties hereto with respect to the subject matter hereof.  The Appendix to this Agreement shall be deemed incorporated herein by reference as if fully set forth herein.  This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns (by operation of law or otherwise).

(m) *Notices.*  All notices under this Agreement shall be in written form and sent to the addresses set forth in this Agreement.

[Signature Page Follows]

If the above is agreed to by you, please execute and return a copy of this Agreement to the undersigned at Okapi Partners LLC, 1212 Avenue of the Americas, 24th Floor, New York, New York 10036.

Sincerely,

OKAPI PARTNERS LLC

By:

Jason W. Alexander
Senior Managing Director

Agreed to and accepted as of
the date first set forth above:

SPIRIT AIRLINES, INC.

By: _____

Name:
 Title:

SPIRIT CONFIDENTIAL                                                                                                              NK-2R-05523041

DocuSign Envelope ID: 2812B916-71B5-490E-8250-2D3EFEDC3B50
Case 1:23-cv-10511-WGY   Document 153-13   Filed 08/18/23   Page 7 of 7

Spirit Airlines, Inc.                                    February 16, 2022                                                   6



APPENDIX I

## SPIRIT AIRLINES, INC.
## FEES & SERVICES SCHEDULE

**CAMPAIGN MEETING SERVICES**
- Strategic advice and guidance relating to the Solicitation
- Advance review of proxy materials
- Distribution of proxy materials
- Preparation of institutional investor contact lists
- Solicitation of Broadridge, brokers and banks
- Solicitation of institutional investors
- Communication with proxy advisory firms
- Delivery of executed proxies

**ADDITIONAL STOCKHOLDER CAMPAIGN SERVICES**
- Direct telephone solicitation of registered holders/NOBOs
  Set-up of toll-free number and training of Call Center Representatives
  ▇ per call (incoming and outgoing)                                       TBD
  ▇ per telephonic vote received                                           TBD
- Tabulation Services                                                      TBD

---

**NOTE:** The foregoing fees are **exclusive** of reimbursable expenses as described in paragraph (c) of this Agreement.

## FEE PAYMENT INSTRUCTIONS

The Company shall pay Okapi for the Services as follows:
- Upon execution of this Agreement, the Company shall pay Okapi ▇, which amount is in consideration of Okapi's commitment to represent the Company and is non-refundable.
- On a monthly basis, any fees for Stock Surveillance and any significant out-of-pocket expenses that have accrued.
- Upon completion of the Solicitation, the Company shall pay Okapi the sum of (i) ▇ as the remainder of the fee for Campaign Meeting Services (ii) any variable fees for Additional Stockholder Campaign Services (e.g., telephone calls and votes) that have accrued over the course of the Solicitation, (iii) all reimbursable expenses and (iv) all other amounts due and owing pursuant to the terms of this Agreement.

Okapi will send the Company an invoice for each of the foregoing payments, which invoice will include wire transfer instructions and are due upon receipt.