# EXHIBIT 14

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

───────────────

# SCHEDULE 14A

**Proxy Statement Pursuant to Section 14(a) of the
Securities Exchange Act of 1934**

───────────────

Filed by the Registrant  ☒

Filed by a Party other than the Registrant  ☐

Check the appropriate box:

☐    Preliminary Proxy Statement

☐    **Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e)(2))**

☒    Definitive Proxy Statement

☐    Definitive Additional Materials

☐    Soliciting Material Pursuant to §240.14a-12

# SPIRIT AIRLINES, INC.
**(Name of Registrant as Specified In Its Charter)**

**(Name of Person(s) Filing Proxy Statement, if other than the Registrant)**

Payment of Filing Fee (Check the appropriate box):

☐    No fee required.

☒    Fee paid previously with preliminary materials.

☐    Fee computed on table in exhibit required by Item 25(b) per Exchange Act Rules 14a-6(i)(1) and 0-11.

Table of Contents





## MERGER PROPOSED—YOUR VOTE IS VERY IMPORTANT

To the Stockholders of Frontier Group Holdings, Inc. and the Stockholders of Spirit Airlines, Inc.:

On February 5, 2022, Frontier Group Holdings, Inc. (which we refer to as "Frontier") and Spirit Airlines, Inc. (which we refer to as "Spirit") entered into an Agreement and Plan of Merger (which we refer to as the "merger agreement") that provides for the combination of the two companies. Under the merger agreement, Top Gun Acquisition Corp., a wholly owned subsidiary of Frontier, will merge with and into Spirit, with Spirit continuing as the surviving corporation, in a transaction we refer to as the merger.

Pursuant to the terms and subject to the conditions set forth in the merger agreement, at the effective time of the merger, each outstanding share of Spirit common stock, par value $0.0001 per share, (which we refer to as the "Spirit common stock") (except for treasury stock or shares owned by Frontier) will be converted into the right to receive $2.13 in cash, without interest (which we refer to as the "per share cash consideration"), and 1.9126 shares (which we refer to as the "per share stock consideration" and, together with the per share cash consideration, the "merger consideration") of voting common stock, par value $0.001 per share, of Frontier (which we refer to as the "Frontier common stock").

Although the number of shares of Frontier common stock that each Spirit stockholder will receive is fixed, the market value of the merger consideration will fluctuate with the market price of Frontier common stock and will not be known at the time Spirit stockholders vote on the merger. Based on the closing price per share of Frontier common stock on The Nasdaq Global Select Market (which we refer to as the NASDAQ) on February 4, 2022, the last trading day before public announcement of the merger, the per share stock consideration represented approximately $23.70, for a total merger consideration of $25.83 in value for each share of Spirit common stock. Based on the closing price per share of Frontier common stock on May 10, 2022, the latest practicable trading day before the date of the enclosed information statement and proxy statement/prospectus, the per share stock consideration represented approximately $17.18, for a total merger consideration of $19.31 in value for each share of Spirit common stock. **We urge you to obtain current market quotations for shares of Frontier common stock (currently traded on The Nasdaq Global Select Market under the trading symbol "ULCC") and shares of Spirit common stock (currently traded on the New York Stock Exchange under the trading symbol "SAVE").**

Based on the fully diluted number of shares of Frontier common stock and Spirit common stock as of February 4, 2022, the last trading day before public announcement of the merger, it is expected that Frontier stockholders will hold approximately 51.5%, and Spirit stockholders will hold approximately 48.5%, of the fully diluted shares of the combined company immediately after the merger.

Spirit will hold a special meeting of its stockholders (which we refer to as the "Spirit stockholders") virtually, via live webcast on the Internet at www.virtualshareholdermeeting.com/SAVE2022SM on June 10, 2022 at 9:00 a.m., Eastern Time (which we refer to as the "Spirit special meeting"). At the Spirit special meeting, the Spirit stockholders will be asked (i) to consider and vote on a proposal to adopt the merger agreement (which we refer to as the "merger proposal"), (ii) to consider and vote on a non-binding advisory proposal to approve the compensation that may be paid or become payable to the named executive officers of Spirit that is based on or otherwise relates to the merger (which we refer to as the "compensation proposal") and (iii) to consider and vote on a proposal to approve the adjournment of the Spirit special meeting, if necessary or appropriate, including adjournment to permit further solicitation of proxies in favor of the merger proposal (which we refer to as the "adjournment proposal"). The board of directors of Spirit (which we refer to as the "Spirit board of directors") has unanimously (i) determined that the merger agreement and the transactions contemplated thereby, including the merger, are in the best interests of Spirit and its stockholders, (ii) declared that the merger agreement, the merger and the other transactions contemplated thereby are advisable and (iii) approved the execution, delivery and performance by Spirit of the merger agreement and the transactions

Table of Contents

contemplated thereby, including the merger. **The Spirit board of directors unanimously recommends that the Spirit stockholders vote "FOR" the merger proposal, "FOR" the compensation proposal and "FOR" the adjournment proposal, if necessary or appropriate, including to solicit additional votes for approval of the merger proposal.**

The board of directors of Frontier (which we refer to as the "Frontier board of directors") has unanimously (i) determined that the merger agreement and the transactions contemplated thereby, including the merger, are in the best interests of Frontier and its stockholders (which we refer to as the "Frontier stockholders") and declared that the merger agreement is advisable, and (ii) approved the execution, delivery and performance by Frontier of the merger agreement and the transactions contemplated thereby, including the merger. Concurrently with the execution of the merger agreement, Indigo Frontier Holdings Company, LLC, the holder of 178,834,034 shares of Frontier common stock, or approximately 82.4% of the shares of Frontier common stock outstanding and entitled to vote on such matters as of February 4, 2022, executed a written consent in lieu of a meeting (which we refer to as the "Frontier written consent") approving the issuance of shares of Frontier common stock in connection with the merger as contemplated by the merger agreement (which we refer to as the "Frontier stock issuance"). As a result, no further action by any Frontier stockholder is required in connection with the approval by Frontier stockholders of the Frontier stock issuance, which is the only Frontier stockholder approval required in connection with the merger.

The attached information statement and proxy statement/prospectus describes the special meeting of Spirit, the merger, the documents related to the merger, and other related matters. **Please carefully read the entire information statement and proxy statement/prospectus, including the "*Risk Factors*," beginning on page 24**, for a discussion of the risks relating to the proposed merger. You also can obtain information about Frontier and Spirit from documents that each has filed with the Securities and Exchange Commission.

William A. Franke
Chairman
Frontier Group Holdings, Inc.

H. McIntyre Gardner
Chairman
Spirit Airlines, Inc.

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of the securities to be issued in the merger or passed upon the adequacy or accuracy of this information statement and proxy statement/prospectus. Any representation to the contrary is a criminal offense.**

The date of this information statement and proxy statement/prospectus is May 11, 2022, and it is first being mailed or otherwise delivered to the Frontier stockholders and the Spirit stockholders on or about May 11, 2022.

Table of Contents



**NOTICE OF STOCKHOLDER ACTION BY WRITTEN CONSENT TO FRONTIER STOCKHOLDERS—WE ARE NOT ASKING YOU FOR A PROXY AND YOU ARE REQUESTED NOT TO SEND US A PROXY**

To the Stockholders of Frontier Group Holdings, Inc.:

The board of directors (which we refer to as the "Frontier board of directors") of Frontier Group Holdings, Inc. (which we refer to as "Frontier") approved an Agreement and Plan of Merger dated as of February 5, 2022 (which we refer to as the "merger agreement") pursuant to which Top Gun Acquisition Corp., a wholly owned subsidiary of Frontier, will merge with and into Spirit, with Spirit continuing as the surviving corporation, in a transaction we refer to as the merger.

Pursuant to the terms and subject to the conditions set forth in the merger agreement, at the effective time of the merger, each outstanding share of Spirit common stock, par value $0.0001 per share (which we refer to as the "Spirit common stock") (except for treasury stock or shares owned by Frontier), will be converted into the right to receive $2.13 in cash, without interest (which we refer to as the "per share cash consideration"), and 1.9126 shares (which we refer to as the "per share stock consideration" and, together with the per share cash consideration, the "merger consideration") of voting common stock, par value $0.001 per share, of Frontier (which we refer to as the "Frontier common stock").

The Frontier board of directors has unanimously (i) determined that the merger agreement and the transactions contemplated thereby, including the merger, are in the best interests of Frontier and the stockholders of Frontier (which we refer to as the "Frontier stockholders") and declared that the merger agreement is advisable, and (ii) approved the execution, delivery and performance by Frontier of the merger agreement and the transactions contemplated thereby, including the merger. Immediately following the execution of the merger agreement, Indigo Frontier Holdings Company, LLC, the holder of 178,834,034 shares of Frontier common stock, or approximately 82.4% of the shares of Frontier common stock outstanding and entitled to vote on such matters as of February 5, 2022, executed a written consent in lieu of a meeting (which we refer to as the "Frontier written consent") approving the issuance of shares of Frontier common stock in connection with the merger as contemplated by the merger agreement (which we refer to as the "Frontier stock issuance"). As a result, no further action by any Frontier stockholder is required in connection with the approval by Frontier stockholders of the Frontier stock issuance, which is the only Frontier stockholder approval required in connection with the merger.

Frontier has not solicited and will not be soliciting its stockholders' authorization or approval of the merger agreement, the merger and the other transactions contemplated by the merger agreement, including the Frontier stock issuance. Frontier is furnishing this Notice of Stockholder Action by Written Consent and this information statement and proxy statement/prospectus to provide its stockholders with material information concerning the actions taken in connection with the Frontier written consent in accordance with the requirements of the Securities Exchange Act of 1934, as amended, and the regulations promulgated thereunder, including Regulation 14C. **Further, this Notice of Stockholder Action by Written Consent and this information statement and proxy statement/prospectus shall constitute notice, pursuant to Section 228(e) of the General Corporation Law of the State of Delaware to Frontier's stockholders who have not consented in writing to the actions set forth in the Frontier written consent and who, if the actions had been taken at a meeting, would have been entitled to notice of the meeting if the record date for notice of such meeting had been February 5, 2022, the date the Frontier written consent was delivered to Frontier.**

The enclosed information statement and proxy statement/prospectus provides a detailed description of the merger, the documents related to the merger, and other related matters. We urge you to read the information statement and proxy statement/prospectus, including any documents incorporated in the information statement and proxy statement/prospectus by reference, and its annexes carefully and in their entirety.

BY ORDER OF THE BOARD OF DIRECTORS

Howard Diamond
*Secretary*
Frontier Group Holdings, Inc.

Table of Contents



**NOTICE OF SPECIAL MEETING OF STOCKHOLDERS**

To the Stockholders of Spirit Airlines, Inc.:

Spirit Airlines, Inc. (which we refer to as" Spirit") will hold a special meeting of holders of common stock of Spirit (who we refer to as "Spirit stockholders") virtually via live webcast on the Internet at www.virtualshareholdermeeting.com/SAVE2022SM, on June 10, 2022, at 9:00 a.m. Eastern Time (which we refer to as the "Spirit special meeting") to consider and vote upon the following matters:

- a proposal to adopt the Agreement and Plan of Merger, dated as of February 5, 2022, as it may be amended from time to time (which agreement we refer to as the "merger agreement") by and between Spirit, Frontier Group Holdings, Inc. (which we refer to as "Frontier") and Top Gun Acquisition Corp. (which we refer to as "Merger Sub"), a copy of which is attached as Annex A, pursuant to which and subject to the terms and conditions therein, Merger Sub will merge with and into Spirit, with Spirit continuing as the surviving corporation, which we refer to as the merger proposal;

- a proposal to approve, on an advisory (non-binding) basis, the compensation that may be paid or become payable to Spirit's named executive officers that is based on or otherwise relates to the merger (which we refer to as the "compensation proposal"); and

- a proposal to approve one or more adjournments of the Spirit special meeting, if necessary or appropriate, including adjournments to permit further solicitation of proxies in favor of the merger proposal (which we refer to as the "adjournment proposal").

Spirit has fixed the close of business on May 6, 2022 as the record date for the Spirit special meeting. Only Spirit stockholders of record at that time are entitled to notice of, and to vote at, the Spirit special meeting, or any adjournment or postponement of the Spirit special meeting. During the Spirit special meeting, Spirit stockholders will be able to examine the list of the stockholders entitled to vote at the Spirit special meeting by following the instructions on the live webcast. Approval of the merger proposal requires the affirmative vote of holders of a majority in voting power of the outstanding shares of common stock, $0.0001 par value per share, of Spirit (which we refer to as "Spirit common stock"), entitled to vote on thereon. Approval of each of the compensation proposal and the adjournment proposal requires the affirmative vote of the holders of a majority in voting power of the shares of Spirit common stock which are present in person or by proxy at the Spirit special meeting and entitled to vote thereon.

The board of directors of Spirit (which we refer to as the "Spirit board of directors") has unanimously adopted the merger agreement, has determined that the merger, on the terms and conditions set forth in the merger agreement, is advisable and in the best interests of Spirit and its stockholders, and unanimously recommends that Spirit stockholders vote **"FOR"** the merger proposal, **"FOR"** the compensation proposal and **"FOR"** the adjournment proposal.

**Your vote is very important.** Frontier and Spirit cannot complete the merger unless Spirit's stockholders adopt the merger proposal.

**Regardless of whether you plan to attend (via the Internet) the Spirit special meeting, please vote as soon as possible by following the voting procedures described on the proxy card. If you do not vote on the merger proposal, it will have the same effect as a vote by you against the merger proposal.**

The enclosed information statement and proxy statement/prospectus provides a detailed description of the Spirit special meeting, the merger, the documents related to the merger and other related matters. **We urge you to read the information statement and proxy statement/prospectus, including any documents incorporated in the information statement and proxy statement/prospectus by reference, and its annexes carefully and in their entirety.**

BY ORDER OF THE BOARD OF DIRECTORS

Thomas Canfield
Secretary

Table of Contents

### REFERENCES TO ADDITIONAL INFORMATION

This information statement and proxy statement/prospectus incorporates important business and financial information about Frontier Group Holdings, Inc. (which we refer to as "Frontier") and Spirit Airlines, Inc. (which we refer to as "Spirit"), from documents filed with the U.S. Securities and Exchange Commission (which we refer to as the "SEC") that are not included in or delivered with this information statement and proxy statement/prospectus. You can obtain any of the documents filed with or furnished to the SEC by Frontier and/or Spirit at no cost from the SEC's website at http://www.sec.gov. You may also request copies of these documents, including documents incorporated by reference in this information statement and proxy statement/prospectus, at no cost by contacting the appropriate company at the following address:

<table>
<tr><td align="center"><b>Frontier Group Holdings, Inc.</b></td><td align="center"><b>Spirit Airlines, Inc.</b></td></tr>
<tr><td align="center">4545 Airport Way</td><td align="center">2800 Executive Way</td></tr>
<tr><td align="center">Denver, Colorado 80239</td><td align="center">Miramar, Florida 33025</td></tr>
<tr><td align="center">Attention: Investor Relations</td><td align="center">Attention: Investor Relations</td></tr>
<tr><td align="center">Telephone: (720) 374-4550</td><td align="center">Telephone: (954) 447-7920</td></tr>
</table>

**You will not be charged for any of these documents that you request. To obtain timely delivery of these documents, Spirit stockholders must request them no later than five business days before the date of the Spirit special meeting. This means that Spirit stockholders requesting documents must do so by June 3, 2022.**

You should rely only on the information contained in, or incorporated by reference into, this document. No one has been authorized to provide you with information that is different from that contained in, or incorporated by reference into, this document. This document is dated May 11, 2022, and you should assume that the information in this document is accurate only as of such date. You should assume that the information incorporated by reference into this document is accurate as of the date of such document. Neither the mailing of this document to Frontier stockholders or Spirit stockholders, nor the issuance by Frontier of shares of its common stock in connection with the merger, will create any implication to the contrary.

**This document does not constitute an offer to sell, or a solicitation of an offer to buy, any securities, or the solicitation of a proxy, in any jurisdiction to or from any person to whom it is unlawful to make any such offer or solicitation in such jurisdiction. Except where the context otherwise indicates, information contained in this document regarding Frontier has been provided by Frontier and information contained in this document regarding Spirit has been provided by Spirit.**

Please see "*Where You Can Find More Information*" for more details.

Table of Contents

**ABOUT THIS DOCUMENT**

Frontier has supplied all information contained in or incorporated by reference into this information statement and proxy statement/prospectus relating to Frontier. Spirit has supplied all information contained in or incorporated by reference into this information statement and proxy statement/prospectus relating to Spirit. Frontier and Spirit have both contributed information relating to the merger.

This information statement and proxy statement/prospectus forms a part of a registration statement on Form S-4 (Registration No. 333-263467) filed by Frontier with the SEC. It constitutes a prospectus of Frontier under Section 5 of the Securities Act of 1933, as amended (which we refer to as the "Securities Act"), and the rules thereunder, with respect to the shares of Frontier common stock to be issued to Spirit stockholders in the merger. It also constitutes a proxy statement under Section 14(a) of the Exchange Act and a notice of meeting and action to be taken with respect to the Spirit special meeting of stockholders at which Spirit stockholders will consider and vote on the proposal to adopt the merger agreement and to approve the transactions contemplated by the merger agreement and the other proposals described in this information statement and proxy statement/prospectus. In addition, it constitutes an information statement under Section 14(c) of the Exchange Act and Section 228(e) of the General Corporation Law of the State of Delaware (which we refer to as the "DGCL") to provide Frontier stockholders with notice of the Frontier written consent and material information concerning the actions taken in connection with the Frontier written consent.

You should rely only on the information contained in or incorporated by reference into this document. No one has been authorized to provide you with information that is different from that contained in or incorporated by reference into this document. You should not assume that the information contained in any document incorporated by reference herein is accurate as of any date other than the date of such document. Any statement contained in a document incorporated or deemed to be incorporated by reference into this document will be deemed to be modified or superseded to the extent that a statement contained herein or in any other subsequently filed document which also is or is deemed to be incorporated by reference into this document modifies or supersedes that statement. Any statement so modified or superseded will not be deemed, except as so modified or superseded, to constitute a part of this document. Neither the mailing of this document to the stockholders of Spirit, nor the taking of any actions contemplated hereby by Frontier or Spirit at any time will create any implication to the contrary.

This document does not constitute an offer to sell, or a solicitation of an offer to buy, any securities, or the solicitation of a proxy, in any jurisdiction in which or from any person to whom it is unlawful to make any such offer or solicitation in such jurisdiction.

Table of Contents

Any stockholder entitled to vote in person at the Spirit special meeting may vote online regardless of whether a proxy has been previously given, but the mere presence (without notifying Spirit's secretary) of a stockholder at the Spirit special meeting will not by itself constitute revocation of a previously given proxy.

Written notices of revocation and other communications about revoking your proxy card should be addressed to:

Spirit Airlines, Inc.
2800 Executive Way
Miramar, Florida 33025
Attention: Secretary

If your shares of Spirit common stock are held in "street name" by a bank or broker, you should follow the instructions of your bank or broker regarding the revocation of proxies.

**Solicitation of Proxies**

Spirit is soliciting your proxy in conjunction with the merger. Spirit will bear the cost of soliciting proxies from you. In addition to solicitation of proxies by mail, Spirit will request that banks, brokers and other record holders send proxies and proxy material to the beneficial owners of Spirit common stock and secure their voting instructions. Spirit has also made arrangements with Okapi Partners LLC to assist it in soliciting proxies and has agreed to pay Okapi Partners LLC approximately $25,000 plus reasonable expenses for these services.

**Householding of Proxy Materials**

The SEC has adopted rules that permit companies and intermediaries (*e.g.,* brokers) to satisfy the delivery requirements for proxy materials, including annual reports, with respect to two or more stockholders sharing the same address by delivering a single copy of the documents addressed to those stockholders. This process, which is commonly referred to as "householding," potentially means extra convenience for stockholders and cost savings for companies. In accordance with these rules, only one set of documents will be delivered to multiple stockholders sharing an address unless Spirit has received contrary instructions from one or more of the stockholders.

If, at any time, you no longer wish to participate in "householding" and would prefer to receive separate copies of the proxy materials, including annual reports, please notify your broker, direct your written request to Thomas Canfield, Secretary, Spirit Airlines, Inc., 2800 Executive Way, Miramar, Florida 33025 or contact Thomas Canfield at (954) 447-7920. Stockholders who currently receive multiple copies of such documents and would like to request "householding" of their communications should contact their brokers.

**Attending the Spirit Special Meeting (via the Internet)**

All holders of Spirit common stock, including holders of record and stockholders who hold their shares through banks, brokers, nominees or any other holder of record, are invited to attend the Spirit special meeting (via the Internet). Stockholders of record can vote electronically at the special meeting. If you are not a stockholder of record, you must obtain a proxy executed in your favor from the record holder of your shares, such as a broker, bank or other nominee, to be able to vote electronically at the special meeting.

**Assistance**

If you have any questions concerning the merger or this information statement and proxy statement/prospectus, would like additional copies of this information statement and proxy statement/prospectus, or need help voting your shares of Spirit common stock, please direct your inquiry to Secretary, Spirit Airlines, Inc., 2800 Executive Way, Miramar, Florida 33025, (954) 447-7920, or Spirit's proxy solicitor, Okapi Partners LLC, toll-free at (855) 208-8903 or via email at info@okapipartners.com.

55