UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and<br>SPIRIT AIRLINES, INC.,<br><br>　　　　Defendants. | Civil Action No. 1:23-cv-10511-WGY |

### DECLARATION OF ANDREW C. FINCH

I, Andrew C. Finch, declare pursuant to 28 U.S.C. § 1746 as follows:

　　　　1.　　I am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), counsel to Defendant Spirit Airlines, Inc. ("Spirit") in this matter. I make this declaration based upon my own personal knowledge and information obtained during the course of my representation of Spirit in connection with the proposed mergers of Spirit with Frontier Airlines ("Frontier") and with JetBlue Airways Corporation ("JetBlue"), and in this matter.

　　　　2.　　Spirit retained Paul Weiss to serve as Spirit's counsel regarding antitrust and regulatory aspects of a merger transaction with Frontier and, subsequently, with Jet Blue. Spirit also engaged FGS Global ("FGS") and Okapi Partners LLC ("Okapi") to support Spirit's media relations, and its investor communications and proxy solicitation efforts, respectively, with respect to the proposed mergers.

1

3. Spirit executed a merger agreement with Frontier that was publicly announced on February 6, 2022. On March 29, 2022, JetBlue made an unsolicited offer (the "Offer") to acquire Spirit. Paul Weiss collaborated with Debevoise & Plimpton LLP ("Debevoise"), Spirit's corporate counsel, in advising Spirit in connection with its evaluation of the Offer, its obligations under the merger agreement with Frontier, and its efforts to obtain the approval of the Spirit shareholders for the Frontier merger.

4. The Offer attracted substantial media attention and shareholder interest. JetBlue revised the terms of the Offer several times between March 29, 2022 and the end of July 2022, during which period JetBlue commenced an unsolicited public tender offer for Spirit's stock and a proxy solicitation against the Frontier merger proposal. Following the failure of Spirit to obtain the approval of its shareholders for the Frontier merger, Spirit and Frontier negotiated and entered into a merger agreement with JetBlue, which was executed on July 28, 2022.

5. From early 2022 until after Spirit executed the merger agreement with JetBlue, Spirit and its counsel (Paul Weiss and Debevoise) communicated with FGS and Okapi at Spirit's direction regarding Spirit's communications strategy including what could be disclosed to shareholders and other stakeholders, and proposed public statements on behalf of Spirit. These communications involved (i) Spirit's counsel providing legal advice to Spirit (including FGS and Okapi) regarding the Frontier and JetBlue merger proposals, including their potential paths for regulatory approval and litigation risks, as well as advice regarding Spirit's contractual obligations and disclosure requirements; (ii) FGS and Okapi developing a communications strategy on behalf of Spirit, informed by the analysis of counsel, to communicate Spirit's view of those merger proposals to Spirit's investors, employees, stakeholders, and the public; and (iii) counsel reviewing

2

draft communications prepared by FGS and Okapi on behalf of Spirit and providing additional legal advice and comments regarding those communications.

6. Throughout this period, Paul Weiss interacted with representatives of FGS and Okapi as if they were Spirit employees. Paul Weiss believed that its communications at Spirit's direction with FGS and Okapi were highly confidential and protected by privilege.

7. On September 12, 2022, the United States Department of Justice ("DOJ") issued a Request for Additional Information and Documentary Material in connection with its review of the proposed merger between Spirit and JetBlue (the "Second Request"). With the DOJ's consent, Spirit utilized technology-assisted review ("TAR") to accelerate the review and production of records in response to the Second Request. Spirit ultimately produced more than 2 million documents spanning more than 7 million pages to the DOJ in response to the Second Request.

8. Spirit withheld or redacted on the basis of privilege less than 70,000 documents or approximately 3% of the universe of documents identified by the TAR model as responsive to the Second Request. On December 7, 2022, Spirit provided to the DOJ a privilege log for documents over which privilege was asserted in its response to the Second Request ("Investigation Privilege Log" or "Log"). On December 22, 2022, the DOJ sent a letter identifying what it believed to be deficiencies in Spirit's Log. Among other things, the DOJ's letter asserted that Spirit's Log included third-party organizations that should not have been included and inquiring about the roles that the specified third parties played for Spirit.

9. On December 28, 2022, counsel for Spirit responded by letter. Spirit's letter presented legal precedents supporting Spirit's position that the presence of a non-Spirit-employee did not necessarily imply a lack of privilege, and noted that the DOJ was well aware of at least

FGS's role from earlier discussions in connection with a Civil Investigative Demand ("CID") and interrogatory responses thereto. Regarding other entities, Spirit provided a table explaining the roles played by the third parties identified, and offered to meet and confer to address any third parties as to whose roles the DOJ required further clarification.

10. Counsel for Spirit met and conferred with the DOJ on December 30, 2022. During that meet and confer, Spirit explained the role of Okapi Partners LLC ("Okapi") and Spirit's position that privilege had not been waived with respect to certain withheld materials involving Okapi. Spirit also explained that certain records which included third-party organizations had been inadvertently withheld in a small number of instances. Spirit subsequently de-privileged and promptly produced a number of the third-party documents DOJ had identified. Spirit also agreed to undertake a more searching rereview of a subset of documents over which the DOJ had expressed particular concern.

11. On January 10, 2023, Spirit's counsel further responded to the DOJ's December 22 letter. Spirit provided the DOJ with another supplement to its Log inserting a new column of data captioned "Third Party Details," which further specified the circumstances that support Spirit's assertion of privilege as to the document in question, as well as providing a production of additional de-privileged documents. On January 13, 2023, Spirit provided the DOJ, at its request, with a cumulative supplement consolidating the additional information it had provided to the Log into a single document. No further concerns were raised over third parties' participation in communications still listed on the Log at that time.

12. The DOJ commenced this action on March 7, 2023, to enjoin the merger between Spirit and JetBlue. The parties jointly requested an expedited schedule, and the DOJ served Requests for Production of Documents on March 28, 2023 ("Litigation RFPs"). Spirit

produced or logged more than 1 million additional documents in response to the DOJ's Litigation RFPs.

       13.    On May 16, 2023, the DOJ sent a letter to counsel for Spirit which asserted, among other things, that Spirit's Investigation Privilege Log submitted in connection with the Second Request did not sufficiently establish that privilege had not been waived on communications involving FGS and Okapi.

       14.    On May 21, 2023, counsel for Spirit responded to DOJ's letter noting that the privilege issues had apparently been resolved to the DOJ's satisfaction when it first raised questions about the Investigation Privilege Log, FGS, and Okapi in December 2022. The letter further noted the "numerous discussions and conversations" with the DOJ in 2022 related to FGS and Okapi, and the DOJ's issuance of a CID to FGS in 2022, which yielded interrogatory responses concerning the work undertaken by FGS and document productions from FGS.

       15.    Between May 23, 2023 and June 9, 2023, counsel for Spirit and the DOJ met and conferred with respect to the privileged nature of the FGS and Okapi documents.

       16.    Attached hereto as Exhibit 1 is a true and correct copy of a letter dated January 10, 2023 from Andrew Finch of Paul Weiss to Sarah Riblet and Brendan Sepulveda of the United States Department of Justice.

       17.    Attached hereto as Exhibit 2 is a true and correct copy of a letter dated May 21, 2023 from Kate Wald of Paul Weiss to Michael Battaglia of the United States Department of Justice.

       18.    Attached hereto as Exhibit 3 is a true and correct copy of an email dated May 23, 2023 from Michael Battaglia of the United States Department of Justice to Kate Wald of Paul Weiss.

19. Attached hereto as Exhibit 4 is a true and correct copy of an email dated May 31, 2023 from Jared Sunshine of Paul Weiss to Michael Battaglia of the United States Department of Justice.

20. Attached hereto as Exhibit 5 is a true and correct copy of an email dated June 21, 2023 from Jared Sunshine of Paul Weiss to Michael Battaglia of the United States Department of Justice.

21. Attached hereto as Exhibit 6 is a true and correct copy of a letter dated June 28, 2023 from Kate Wald of Paul Weiss to Stephanie Pearl of the United States Department of Justice.

22. Attached hereto as Exhibit 7 is a true and correct copy of a letter dated July 18, 2023 from Michael Battaglia of the United States Department of Justice to Andrew Finch of Paul Weiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 31, 2023, in New York, New York.

*/s/ Andrew C. Finch*
Andrew C. Finch

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 1, 2023.

*/s/ Andrew C. Finch* _____
Andrew C. Finch *(pro hac vice)*