# EXHIBIT 2

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3101

WRITER'S DIRECT FACSIMILE

(212) 492-0101

WRITER'S DIRECT E-MAIL ADDRESS

kwald@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
PAUL D. BRACHMAN
GERALD BRANT
ROBERT A. BRITTON
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
TIHITINA DAGNEW
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN F. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
KATHERINE B. FORREST
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
LUKE JENNINGS
JEH C. JOHNSON
MATTHEW B. JORDAN
CHRISTODOULOS KAOUTZANIS
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER
JEFFREY L. KOCHIAN
ALEXIA D. KORBERG
DANIEL J. KRAMER
ANDREW D. KRAUSE

BRIAN KRAUSE
CAITH KUSHNER
KAISA KUUSK
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
SEAN A. MITCHELL
ERIN J. MORGAN
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
SUNG PAK
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
ANASTASIA V. PETERSON
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
LORIN L. REISNER
JEANNIE S. RHEE*
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY B. SAMUELS
PAUL L. SANDLER
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM
SUHAN SHIM
CULLEN L. SINCLAIR
MAURY SLEVIN
KYLE SMITH
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
AIDAN SYNNOTT
ROBERT D. TANANBAUM
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
ADAM WOLLSTEIN
STACI YABLON
BOSCO YIU*
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

May 21, 2023

SPIRIT CONFIDENTIAL
BY EMAIL

Michael D. Battaglia, Esq.
U.S. Department of Justice
450 5th Street NW
Suite 8000
Washington, DC 20530

      Re:    *United States of America, et al. v. JetBlue Airways Corporation, et al.* (No. 1:23-cv-10511-WGY)

Dear Michael:

      On behalf of Spirit, I write in response to your letter of May 16, 2023 letter ("May 16 Letter") which raised what were characterized as a number of deficiencies in the privilege log ("Investigation Privilege Log") submitted in connection with Spirit's response to the Request for Additional Information and Documentary Material issued by the Department of Justice ("DOJ") on September 12, 2022 (the "Second Request").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael D. Battaglia, Esq. 2

The May 16 Letter states that "Plaintiffs' review of Spirit's logs is ongoing…. Until Spirit provides the corrected entries sought in this letter, Plaintiffs lack the information required to properly assess Spirit's claims over materials disclosed to various third parties."

We are, to put it mildly, puzzled by the timing of the issues raised in the May 16 Letter. Given the many months that have elapsed since the submission of the Investigative Privilege Log, we think it prudent to recap the salient facts and context. As you are aware, Spirit collected and processed for evaluation tens of millions of documents comprising many hundreds of thousands of gigabytes of data from hundreds of individual sources belonging to the custodians identified by the DOJ, and produced well over two million documents spanning seven million pages in response to the Second Request. Moreover, Spirit produced substantially all of these documents on the accelerated scheduled sought by the DOJ, and a full month prior to certifying compliance in December 2022, pursuant to the Timing Agreement entered on October 24, 2022 among the DOJ, Spirit, and JetBlue. Against the backdrop of this massive data haul, Spirit asserted privilege on fewer than 70,000 individual documents in whole or in part, as itemized on the Investigation Privilege Log also submitted in December 2022—on the order of a mere 3% of the total production.

We previously brought the extraordinary circumstances of Spirit's production to the attention of DOJ when it first raised concerns about the very same privilege log that is addressed in your May 16 Letter. The DOJ's concerns were raised in a letter from Sarah V. Riblet to Andrew Finch on December 22, 2022 in the context of what the DOJ then described as ongoing review of the Investigation Privilege Log. Accordingly, the DOJ's review of the Investigation Privilege Log has now been ongoing for almost half a year. On behalf of Spirit, we engaged in good faith throughout December 2022 and January 2023 to address the concerns expressed, volunteering to undertake additional rereviews, producing a handful of inadvertently withheld documents, clarifying numerous entries in which you expressed particular concern, and providing explanations of many of the same or related issues you raise five months later in the May 16 Letter. Except as supplemented by Spirit's good faith efforts to address DOJ's concerns in December 2022 and January 2023, the Investigation Privilege Log has not changed over the five months it has been in DOJ's possession, and it is unreasonable to expect Spirit to now reopen and revisit a matter long since settled, especially in the midst of expedited discovery, including numerous depositions over the next six weeks. This is precisely the unreasonable and disproportionate burden to which Spirit objected in its Responses and Objections to Plaintiffs' Request for Production of Documents filed April 6, 2023 ("Spirit Responses and Objections").

Nor is it germane that DOJ only recently inquired whether Spirit would be relying upon its assertions of privilege in the Investigation Privilege Log, as the May 16 Letter implies in its opening paragraph. As stated in the Spirit Responses and Objections, it would be grossly disproportionate to the needs of the case and pointlessly burdensome for Spirit to rereview and reproduce the exact same documents that have been in DOJ's possession for over half a year. Accordingly, Spirit did not rereview or reproduce any

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael D. Battaglia, Esq.                                                                                     3

such documents, and no new obligation to assert privilege has arisen since no new withholding or redaction of documents on the basis of privilege has occurred with regard to this population.

That said, Spirit takes seriously its duty to reasonably justify the privilege asserted. Spirit did so fully in December 2022, and addressed all concerns raised timely by DOJ in the month of good-faith discussions and supplementation thereafter. We are nonetheless amenable to working cooperatively with Plaintiffs to attend to the concerns belatedly raised in the May 16 Letter, and are available to meet and confer on any questions you may have to Spirit's responses below. In that cooperative spirit, we provide an explanation of each of the issues raised in the May 16 Letter in turn. For the sake of clarity we quote below the subject headings used in the May 16 Letter. In doing so, Spirit does not adopt or concede the validity of the characterizations made in those headings.

### I-A. "Spirit's Investigation Privilege Log Entries for Attachments Are Insufficient"

The May 16 Letter states that "[o]ver 17,000 of the attachments withheld by Spirit have author, addressee, other recipient, and date information that is identical to their parent emails." The May 16 Letter goes on to suggest that this fact somehow undermines the validity of the assertions made.

The information provided in the Investigation Privilege Log is accurate and sufficient to assert the privilege. Documents that are an integral part of an email and sent attached therewith have the same senders, addressees, recipients, and date information as the email it is embedded within, by the nature of email transmissions: they were sent by the same person, to the same people, at the same time. Another similar copy of the attachment might have very different such metadata because it was sent by and to different people on a different day. And yet another version could have no recipients at all to the extent it was a draft saved in a personal file repository that was not shared with a wider distribution list. Each would be logged using the data obtaining to that copy of the file if privilege was asserted over it. Spirit does not contend that the mere fact of attachment automatically renders an attachment privileged standing alone, but neither does the fact that the attachment was sent to certain persons including counsel at a certain time argue *against* privilege. Accordingly, the information in the privilege log is sufficient to assert privilege and there is no deficiency.

### I-B. "Spirit's Investigation Privilege Logs Identify Emails with Multiple Senders"

The May 16 Letter states that the Investigation Privilege Log contains "1,049 entries described as emails with more than one individual identified as the author," and surmises that the assertion must be in error because "an email cannot be sent from multiple accounts."

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael D. Battaglia, Esq. 4

This is incorrect because there are occasions where a single work can have multiple persons who co-author a document. In the specific context of electronic information, an email could be embedded within another "cover" email when sent. In such cases, the cover email is transmitting information with two authors: the author of the earlier-in-time embedded email, who wrote the material contained therein, and the author of the later-in-time cover email, who likewise factually wrote whatever content is contained within the cover. In order to provide the most accurate and comprehensive information available, the log may therefore list multiple persons in situations of known co-authorship, as with an email-embedded-in-cover-email. The factual information provided in the Investigation Privilege Log is accurate, and there is no error or deficiency.

*II. "Spirit's Investigation Privilege Logs Fail to Establish that Its Communications with Various Third Parties Are Privileged."*

The May 16 Letter specifically highlights the presence of three third parties on the Investigation Privilege Log: Campbell Hill Aviation Group ("Campbell-Hill"), FGS Global ("FGS"), and Okapi Partners ("Okapi").

This complaint is particularly objectionable in its tardiness as to Campbell-Hill and FGS because this very issue was raised in the correspondence of December 2022 and January 2023 between us and DOJ and to the best of our knowledge resolved to DOJ's satisfaction via meet-and-confers and supplemental rereviews and submissions. Indeed, we noted in our letter of December 28, 2022 from Andrew Finch to Sarah V. Riblet and Brendan Sepulveda that DOJ's profession of ignorance as to the roles of Campbell Hill and FGS was not credible, given the numerous discussions and conversations over the course of 2022 and DOJ's issuance of Civil Investigative Demands to each of those third parties in 2022, yielding interrogatory responses concerning the work undertaken and extensive productions of documentary material from each. For DOJ to raise this issue yet again at this late date is puzzling. In any event, we refer you to the many submissions already made on this subject.

As for Okapi, it too was a subject addressed in the meet-and-confer process of December 2022 and January 2023 as one of many third parties whose role DOJ questioned, albeit not one to whom a Civil Investigative Demand had been issued previously in the course of investigation. The matter of third parties on the Investigation Privilege Log was discussed and a reasonable resolution negotiated at length between the DOJ and Spirit. In the end, Spirit volunteered to conduct a substantial rereview to allay DOJ's concerns and produced the few documents that had been withheld in error. As far as the implicit question of whether Okapi could avail of the privilege afforded to Spirit, we refer you to the discussion in our letter of December 28, 2022 from Andrew Finch to Sarah V. Riblet and Brendan Sepulveda. Again, this matter was resolved via meet-and-confer and supplemental submissions in January 2023.

It is unduly burdensome and unreasonable to expect Spirit to undertake yet another successive rereview of the same documents on a matter that was already raised, discussed, and resolved at great cost and burden to Spirit.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Michael D. Battaglia, Esq.     5

### III. "The Lack of Log Entries with Charles River Associates ['CRA'] Is Unexpected"

The May 16 Letter states that "Spirit did not produce a single communication with CRA during the investigation and its privilege logs identify only three such communications. Given the apparent scope of CRA's work, it would seem highly unlikely that CRA-produced materials were not transmitted to Spirit." Your conclusion is premised on a misunderstanding of the circumstances of CRA's retention. CRA was not retained by Spirit, but rather was retained by Paul, Weiss, Rifkind, Wharton & Garrison LLP in order to offer expert opinions and assist counsel in its interpretation of complex economic concepts and analysis relevant to the legal assessment of potential transactions with JetBlue and Frontier, as detailed in the letter from Andrew Finch to Arianna Markel of May 16, 2023 concerning the Rule 45 subpoena duces tecum issued to CRA. It is therefore unsurprising that the collection (albeit vast) of documents from custodians at *Spirit* did not yield a significant number of communications with CRA, given that CRA was not retained by Spirit.

\*    \*    \*

Notwithstanding the DOJ's extensive and unjustified delay in raising the foregoing issues, Spirit is willing to meet and confer on any of the above items if it would be fruitful to allaying the DOJ's concerns. We are not willing, however, simply to engage in a do-over of a process that, from our perspective, was concluded in January.

This letter has been labeled SPIRIT CONFIDENTIAL and contains confidential and commercially sensitive information. Accordingly, please afford this letter and all information contained therein confidential treatment to the fullest extent possible under all applicable agreements, laws, and regulations. Additionally, no production of privileged material is intended, and any potential inclusion of such information is inadvertent.

Very truly yours,

*/s/ Kate Wald*
Kate Wald, Esq.

cc:     Andrew C. Finch, Esq.
        Jared S. Sunshine, Esq.

Enclosures