# EXHIBIT 5

| | |
|---|---|
| **From:** | Sunshine, Jared |
| **To:** | Battaglia, Michael (ATR) |
| **Cc:** | Duffy, Edward (ATR); Briggs, John (ATR); Sepulveda, Brendan (ATR); Wald, Kate; Finch, Andrew C; St. Matthew-Daniel, Eyitayo; Cohen, Jay; Kaplan, Jay S; Dearborn, Meredith; Nagley, Jared; Markel, Arianna (ATR); Wald, Kate; Pearl, Stephanie (ATR); Riblet, Sarah (ATR); Boury, Jean (ATR); Torres Paez, Estefania (OAG); william.matlack@mass.gov; Will Margrabe; Kogan, Olga; daniel.leff@mass.gov; Feder, Morgan; Hoffmann, Elinor; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov; jamie.miller@doj.ca.gov |
| **Subject:** | RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit"s Investigation Privilege Logs |
| **Date:** | Wednesday, June 21, 2023 2:38:00 PM |

Michael,

Thank you for the response and laying out of the DOJ's views of the contours of work product privilege in the First Circuit. In response to your question, and for the reasons explained below, Spirit does believe its work product claims are supported under First Circuit law (although we do not believe that First Circuit law should necessarily apply in this context for conduct that occurred outside the First Circuit).

Although we do not agree with you in every particular, it appears our views are not wildly divergent when it comes to the case law, and the divergence is in the application of the case law to the specific facts at issue in this matter. In an attempt to bridge this gap, we outline below our views on the relevant cases you cited and their proper application to these facts using one of the entries on the Investigation Privilege Log to illustrate the fact-specific exercise required by the cases.

We do not disagree that the First Circuit has adopted the view that the applicable test is whether the materials can "be fairly said to have been prepared or obtained *because of* the prospect of litigation." *State of Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 68 (1st Cir. 2002). *Textron*, in turn, "reaffirm[ed]" *State of Maine* in 2009. *United States v. Textron Inc.*, 577 F.3d 21, 26 (1st. Cir. 2009) (en banc). As you observed, the question is thus whether the particular document would have been created "'in essentially similar form irrespective of the litigation,'" *Felisberto v. Dumdey*, 541 F. Supp. 3d 142, 147 (D. Mass. 2021) (quoting *State of Maine*, 298 F.3d at 70), the standard commonly known as but-for causation.

The *Prograf* court found that the press materials at issue in that case did not satisfy this test, inasmuch as the Court distinguished between communications "strategizing about the conduct of litigation itself" and those "strategizing about the effects of the litigation on the client's customers, the media, or on the public generally." *In re Prograf Antitrust Litig.*, 2013 WL 1868227, at *3 (D. Mass. May 3, 2013) (quoting *Calvin Klein Trademark Trust v. Wachner*, 198 F.R.D. 53, 55 (S.D.N.Y. 2000)).

While our takeaway from these cases is the necessity for fact-specific assessment, your takeaway appears to be a more sweeping rule related to third-parties and PR firms. Thus, you have questioned as a categorical matter how work product could apply to documents "created by these third parties to help Spirit's Board and its shareholders assess JetBlue's unsolicited bid, which is clearly a nonlitigation purpose." The assumption underlying your question is that the documents at issue solely served a non-litigation purpose. That assumption is false and does not accurately reflect the assertions Spirit has made.

As we have explained, it is true that the responsibilities for which FGS and Okapi were principally retained to discharge include advising, strategizing with, and speaking for Spirit in regard of public-facing outreach, including to shareholders, in connection with the proposed Frontier merger (later the proposed JetBlue merger).  And we have accordingly produced non-privileged/non work product documents reflecting those activities.  But in the course of fulfilling those duties,  FGS and Okapi were sometimes also called upon to consult on or prepare materials *because of* the prospect of governmental litigation over one or both transactions, and those materials would not have been prepared essentially in that form *but for* the potential litigation—even if that preparation was within the scope of that overarching retention and may have also served some collateral business purpose.  Your email seems to conflate the generalized sphere of a third party's retention with the specifics of the work-product causation requirement  for any particular document or communication.

It warrants emphasizing that the First Circuit in *State of Maine* rejected the primary purpose test, as reaffirmed in *Textron*, and we do not read *Prograf* to suggest otherwise.  *Prograf* does not hold that the presence of an overarching business use or purpose negates work-product protection, but rather the court simply distinguishes between documents that were prepared at least in part because of litigation from those that were not.  Nor do we read *Prograf* as standing for a general proposition that public relations representatives are categorically incapable of preparing a document because of litigation per *State of Maine*.

As we have noted before, the highly factual underpinnings of privilege do not lend themselves to abstract generalizations, so taking one example from the Investigation Privilege Log in particular may help illustrate how Spirit has been approaching assertions of work product protection.

In log entry 43026, Thomas Canfield, Spirit's general counsel, wrote to Spirit employees Bobby Schroeter and Lania Rittenhouse – and to the FGS principals working for Spirit, Robin Weinberg and Columbia Clancy.  Without divulging the substance of the privileged communication, we can represent that the subject line reads "some of our regulatory arguments – Privileged/Atty Work Product" and that the email proceeds to communicate Spirit's legal strategy in navigating the antitrust regulatory process and potential arguments it could raise and/or need to defend against in the anticipated litigation.

To employ *Prograf*'s distinction, this was a communication "strategizing about the conduct of litigation itself," *Prograf*, 2013 WL 1868227, at *3, and the communication would not have occurred at all, let alone in anything remotely resembling this form, but for the anticipated prospect of the very litigation now underway.

The description of the privilege in the Investigational Privilege Log reads: "Email providing information to render legal advice of Thomas Canfield ESQ regarding regulatory approval of the proposed transaction with JetBlue prepared in anticipation of potential litigation regarding the proposed transaction."  This last clause – "prepared in anticipation of potential litigation regarding the proposed transaction" – serves to assert the requirements of work product.

For the avoidance of doubt, that formulation in the Log is intended to denote causation, albeit using

the less wordy phrasing employed by Fed. R. Civ. Pro. 26(b)(3) – i.e. as equivalent to "*because of and prepared in anticipation of potential litigation initiated by antitrust enforcers regarding the proposed transaction.*"

This is just one example; we have not undertaken to rereview every claim of work product in the Investigation Privilege Log at this late date.  However, if the DOJ has some subset of entries asserting work product as to which is harbors particular concerns, we are willing to discuss whether and how to conduct a reasonable reassessment, and potentially provide additional information of a nature tailored to any particularized questions you may have.

Spirit's position is that its assertions of work product in the Log are appropriate under First Circuit precedent, and we hope the clarification above of the intent conveyed by the language used in the Log assists the DOJ in reading the assertions harmoniously with the law.

We are available to meet and confer should Plaintiffs wish to discuss this matter further.

Best regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Friday, June 16, 2023 6:34 PM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Kaplan, Jay S <jkaplan@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov; jamie.miller@doj.ca.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Jared,

Thanks to you and Tee for the letter, which more clearly lays out Spirit's position with respect to its attorney-client privilege claims for materials shared with FGS Global, Okapi, and Campbell-Hill. While we understand Spirit's desire to have this issue analyzed under the framework employed by the Eighth Circuit in *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994), we disagree that this is the proper test for analyzing materials shared with third-party consultants in the First Circuit. Further, even assuming *Bieter* were appropriate, the facts here are decidedly different from the facts considered by the *Bieter* court. *See Lynx Sys. Devs., Inc. v. Zebra Enter. Sols. Corp.*, 2018 WL 1532614, at *4 (D. Mass. Mar. 28, 2018) (noting that *Bieter* "has not been adopted within this Circuit" and, in any event, finding it inapplicable where consultants "were paid hourly, worked from their own locations, [and] were not obligated to work exclusively for [defendant]").

Additionally, Spirit has yet to provide information sufficient to substantiate its work product claims. In your June 14 email, you reference Spirit's work product claims for these third parties, stating "there is no reason why any, as representatives of the client, is not a valid author or contributor of protected work product produced in anticipation of or connection with litigation." This formulation of work product protection is inconsistent with First Circuit precedent. Does Spirit contend that its work product claims are supported under First Circuit law?

In *United States v. Textron, Inc. and Subsidiaries*, 577 F.3d 21 (1st Cir. 2009), the First Circuit explained "that the focus of work product protection has been on materials prepared *for use in litigation*, whether the litigation was underway or merely anticipated." *Id.* at 29 (emphasis added). Under the First Circuit test, "no protection would attach to 'documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation[,]' even if the documents would 'aid in the preparation of litigation.'" *Felisberto v. Dumdey*, 541 F. Supp. 3d 142, 147 (D. Mass. 2021) (*quoting State of Maine v. U.S. Dep't of the Interior*, 298 F.3d 60 (1st Cir. 2002)); *see also Textron*, 577 F.3d at 30 (materials prepared in the "ordinary course of business," or "for other nonlitigation purposes" are not protected.)

As Spirit has made clear in public statements, many of the materials being withheld were created by these third parties to help Spirit's Board and its shareholders assess JetBlue's unsolicited bid, which is clearly a nonlitigation purpose. Further, with respect to public relation firms, the court in *In re Prograf Antitrust Litig.*, 2013 U.S. Dist. LEXIS 63594, *7-8 (D. Mass. May 3, 2013) held that "even if the firms provided public relations advice or documents bearing upon potential litigation . . . such materials fall outside the scope of work-product protection."

To the extent Spirit disagrees with our understanding of the relevant caselaw concerning claims of work product or believes that it is properly withholding materials from these third parties on work product grounds under First Circuit precedent, please provide an explanation by Wednesday.

Regards,
Michael

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>

**Sent:** Thursday, June 15, 2023 4:32 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Kaplan, Jay S <jkaplan@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Michael,

Further to my email yesterday, please see attached correspondence from Tee St. Matthew-Daniel.

Best regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Sunshine, Jared
**Sent:** Wednesday, June 14, 2023 6:08 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Kaplan, Jay S <JKaplan@paulweiss.com>; Dearborn, Meredith <MDearborn@paulweiss.com>; Nagley, Jared <JNagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>;

Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Michael,

We are working to finalize our response and follow-up to our June 9 meet-and-confer and hope to have it to you by tomorrow. However, we disagree with your characterization below of our positions in the meet-and-confer, in particular with your view that we have disclaimed any theories of privilege as to any particular document or in gross, which we have not. Most notably, work product protection was asserted in many entries on the Investigation Privilege Log with reference to communications with FGS, Okapi, or Campbell-Hill, and there is no reason why any, as representatives of the client, is not a valid author or contributor of protected work product produced in anticipation of or connection with litigation. In any case, the particular circumstances of any given assertion of privilege stated on the Investigation Privilege Log dictate what theories of privilege apply to that situation and how, and we do not disclaim privilege on the basis of any given theory in the abstract.

We are available to meet and confer further given these apparent misunderstandings.

Best regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Tuesday, June 13, 2023 6:11 PM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Kaplan, Jay S <jkaplan@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov

**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Jared,

I write to follow up on our meet and confer call on June 9. During that call, Spirit for the first time claimed that it had not waived privilege on documents it shared with third parties Okapi, FGS Global, and Campbell-Hill because the employees of those third parties were the functional equivalent of Spirit employees.

On May 16, Plaintiffs first asked Spirit to provide the information necessary to support its privilege claims with respect to these documents and subsequently reiterated this request on May 23. Spirit did not assert that the functional equivalent doctrine applied until June 9, and to date, Spirit has not provided the facts necessary to support this claim. As I stated in my May 16 letter, "[t]he party invoking a recognized privilege has the burden of establishing, not only the existence of that privilege, but also that the established privilege was not waived." *Cavallaro v. United States*, 153 F. Supp. 2d 52, 56 (D. Mass. 2001), *aff'd* 284 F.3d 236 (1st Cir. 2002). During the June 9 call, Spirit agreed to provide facts to support its new claim that Okapi, FGS Global, and Campbell Hill consultants were the functional equivalent of Spirit employees. Spirit's delay in substantiating its privilege claims is particularly problematic given the expedited discovery period in this case. We ask that Spirit provide this information by close of business tomorrow.

Additionally, I have memorialized our understanding of Spirit's claims following the June 9 call below. If our understanding of any of Spirit's positions is incorrect, please clarify.

1. **FGS Global**

To date, Spirit has not stated that FGS Global was retained to aid Spirit's counsel in the provision of legal advice. As such, it appears that Spirit is relying solely on the functional equivalent doctrine to support its withholding of communications with FGS Global on attorney-client privilege grounds. Similarly, for FGS Global documents withheld on work product grounds, Spirit has not claimed that FGS Global created any materials in anticipation of litigation. Instead, Spirit disclosed work product material to FGS Global with the understanding that they would be kept confidential.

2. **Okapi**

To date, Spirit has not stated that Okapi was retained to aid Spirit's counsel in the provision of legal advice. As such, it appears that Spirit is relying solely on the functional equivalent doctrine to support its withholding of communications with Okapi on attorney-client privilege grounds. Similarly, for Okapi documents withheld on work product grounds, Spirit has not claimed that Okapi created any materials in anticipation of litigation. Instead, Spirit disclosed work product material to Okapi with the understanding that they would be kept confidential.

3. **Campbell-Hill**

During the call, Spirit drew a distinction between Campbell-Hill work done before December 2021 and work starting in December 2021. Spirit claims that prior to December 2021, Campbell-Hill was the functional equivalent of a Spirit employee. Then, beginning in December 2021, Spirit asserts that the work performed by Campbell-Hill was done to support outside counsel and was akin to "expert" work. Based on this distinction, it is our understanding that Spirit is relying on the functional equivalent doctrine to support its withholding of Campbell-Hill materials on attorney-client privilege grounds before December 2021. For materials withheld during and after December 2021 on attorney-client privilege grounds, it appears that Spirit is claiming that Campbell-Hill was engaged to assist Spirit counsel with the provision of legal advice.

Regards,
Michael

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>
**Sent:** Thursday, June 8, 2023 1:39 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Kaplan, Jay S <jkaplan@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Michael,

We can be available before 10:30, from 11 to 1, or after 5 ET. If you can let us know whether any of those work, I can send out an invite.

Best regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Thursday, June 8, 2023 12:57 PM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Jared,

While we appreciate Spirit's decision to withdraw its privilege claims for 546 of the 1,032 attachments we identified, Spirit continues to withhold 2,664 documents involving communications with Campbell-Hill, FGS Global, and Okapi. At this point, we think it would be productive to have a discussion regarding Spirit's claims over these documents. Please let us know if you are available tomorrow for a call.

Regards,
Michael

**From:** Battaglia, Michael (ATR)
**Sent:** Friday, June 2, 2023 4:10 PM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov

**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Thank you, Jared. We will review and let you know if we would like to have a meet and confer.

Have a nice weekend.

Regards,
Michael

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>
**Sent:** Friday, June 2, 2023 4:05 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Michael,

We have uploaded via JEFS a supplemental production volume labelled NK-2R-030 representing an overlay of images, text, and metadata for certain documents recategorized during the rereview requested by the DOJ. In producing documents in connection with this expedited rereview, Spirit does not intend to waive any privilege regarding materials inadvertently included in its production.

In addition to this supplemental production, you will find on JEFS a supplement to the Investigation Privilege Log addressing those assertions on which Spirit continues to stand on its privilege claim.

Per your specific requests, we have supplemented the information previously tendered with additional information regarding authorship and date of the documents identified for rereview where the additional information could be reasonably ascertained from the documents in question. Where we have noted multiple dates, the primary date remains the transmission of the file to the noted addressees and other recipients, while a parenthetical date represents the most recent date associated with the authorship of the content of the file itself, if it was ascertainable and differs from the date of transmission.

The password for the production is
GoQAprOSlfAm+cR_6R7s

Let us know if you have difficulty accessing any of the files uploaded to JEFS. And once you have had a chance to review, please let us know if you would like to meet and confer further.

Please treat this email as confidential to the fullest extent possible under all applicable laws, rules, and regulations.

Best regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Wednesday, May 31, 2023 10:33 AM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Jared,

Thank you for agreeing to provide revised entries for the select log numbers we identified last week. As you know, depositions are already underway, and this is a modest number of documents to re-review. Given that, we request that you let us know today whether Spirit can commit to providing a response for these documents by close of business June 2.

We raised the issue of Spirit's claim of privilege over communications with Campbell-Hill, FGS Global,

and Okapi two weeks ago. In that time, Spirit has offered no additional information to help Plaintiffs evaluate these third-party privilege claims.  Instead, Spirit has simply referred Plaintiffs to pre-complaint correspondence concerning Campbell-Hill and FGS Global, which, as previously explained, do not allow Plaintiffs to assess Spirit's privilege claim or how those claims are consistent with the limited exception to third-party waiver set out in *Dahl v. Bain Capital Partners, LLC*, 714 F. Supp. 2d 225, 227-28 (D. Mass. 2010). Moreover, Spirit has not—at any point—provided an explanation of Okapi's role or of why Spirit's claim of privilege over communications with Okapi is proper. Please also let me know today whether Spirit intends to provide any additional information to support its claims of privilege with these third parties, and if so, when.

Regards,
Michael

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>
**Sent:** Tuesday, May 30, 2023 2:25 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Michael,

We have had an opportunity to review your list, and as a show of good faith, we have undertaken to voluntarily rereview the documents in question.  Given the intercession of the Memorial Day weekend that immediately followed your provision of the list of log numbers on Friday afternoon, we do not expect to have the results for you today, but will provide revised entries, as well as submit any documents on which we have reconsidered a claim of privilege, as soon as the rereview can be completed and any such submission prepared.  We will keep you apprised on our progress.

Thanks,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Tuesday, May 30, 2023 1:40 PM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Jared,

Please let us know by the end of the day if Spirit intends to provide revised entries for the log numbers we provided on Friday. If Spirit has any questions, we can make ourselves available for a call.

Regards,
Michael

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>
**Sent:** Friday, May 26, 2023 1:54 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov;

jsutton2@ncdoj.gov

**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Michael,

Thank you for providing the list of log numbers.  We will review and revert as to any details on which a call may be helpful once we have had a chance to assess your request.

I hope you have a pleasant Memorial Day weekend.

Best regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Friday, May 26, 2023 12:47 PM
**To:** Sunshine, Jared <jsunshine@paulweiss.com>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Dear Jared,

Thank you for your response. Based on our review of the pre-litigation correspondence from both Campbell-Hill and FGS Global, we remain skeptical of Spirit's claims of privilege for communications with these third parties (I note that Spirit has yet to provide an explanation of Okapi's role). To expedite Spirit's review of its own log entries, I attach a list of log numbers identifying attachments to communications with Campbell-Hill, FGS Global, and Okapi. If Spirit is willing to revise these log

entries in short order, then that updated information may help us better understand Spirit's claims. Relatedly, it is our understanding that you are directing these same third parties to withhold documents in response to our subpoenas based on Spirit's claims of privilege. To the extent Spirit has questions regarding the attached list of documents or would like to further clarify its positions with respect Campbell-Hill, FGS Global, and Okapi, we are available for a call today at 3:00 pm ET.

Regards,
Michael

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>
**Sent:** Thursday, May 25, 2023 5:59 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Dear Michael,

Thank you for your email. We appear to be speaking past each other and as such, we'd propose a meet and confer call to discuss the issues raised in your email. In advance of such a call, however, will you provide a list of the 1,032 documents the DOJ proposes that Spirit re-review for privilege? The list would facilitate a more productive conversation.

Further, we refer you to prior submissions to the DOJ by Campbell-Hill and FGS concerning their work for Spirit via letters dated May 24, 2022; October 7, 2022; and October 19, 2022. These letters should more than adequately address your questions regarding Campbell-Hill and FGS.

We are available to speak on Friday from 3pm to 4pm ET, or on Tuesday afternoon after 1:30 pm ET. We are aware that Monday is a federal holiday, but we can make ourselves available between 10:30am and 12:30pm ET on Monday if you would like to speak then.

Regards,
Jared

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

---

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Tuesday, May 23, 2023 12:59 PM
**To:** Wald, Kate <kwald@paulweiss.com>; Sunshine, Jared <jsunshine@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Dear Kate,

I write in response to your May 21 letter regarding Spirit's investigation privilege logs. As a preliminary matter, staff's decision to use limited investigation resources to pursue tasks other than challenging Spirit's investigation logs in court during the investigation does not preclude Plaintiffs from now challenging Spirit's claims of privilege over relevant material in this litigation nor does it constitute undue delay.

Spirit's lack of specificity with respect to purported pre-litigation agreements between itself and the Antitrust Division, as well as the absence of any case law, does little to clarify Spirit's positions with respect to the issues raised by Plaintiffs in my May 16 letter. But, to avoid a protracted back-and-forth, Plaintiffs offer the following: that Spirit submit a revised log reflecting factually accurate details for attachments involving communications with Campbell-Hill, FGS Global, and Okapi. This request significantly narrows the documents identified in my May 16 letter from over 17,000 to 1,032. **Plaintiffs ask that Spirit provide these revised entries by May 30.**

Separately, with respect to Campbell-Hill, FGS Global, and Okapi, Spirit's letter offers no justification for its continued withholding of materials involving these third parties other than vague references to pre-litigation correspondence with the Division. If those letters offer explanations consistent with the test set forth in *Dahl v. Bain Capital Partners*, LLC, 714 F. Supp. 2d 225, 227-28 (D. Mass. 2010), please point us to specific excerpts. If Spirit is relying on other caselaw to support its assertions of

privilege for these third-party materials, please direct us to those cases. Relatedly, your letter makes no attempt to explain the role(s) played by Campbell-Hill prior to it providing services for Spirit in connection with M&A activity in 2022. Plaintiffs ask again that Spirit please provide details regarding Spirit's pre-2022 relationship with Campbell-Hill. **Plaintiffs ask that Spirit provide the information requested in this paragraph by May 26.**

Regards,
Michael Battaglia

**Michael D. Battaglia**
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Phone: 202-706-3393
michael.battaglia@usdoj.gov

---

**From:** Sunshine, Jared <jsunshine@paulweiss.com>
**Sent:** Sunday, May 21, 2023 3:49 PM
**To:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** [EXTERNAL] RE: United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Counsel:

Please see attached correspondence from Kate Wald in reference to the below.

Best,

**Jared S. Sunshine** | Practice Management Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3217 (Direct Phone) | 212 492 0217 (Direct Fax)
jsunshine@paulweiss.com | www.paulweiss.com

**From:** Battaglia, Michael (ATR) <Michael.Battaglia@usdoj.gov>
**Sent:** Tuesday, May 16, 2023 5:57 PM
**To:** Wald, Kate <kwald@paulweiss.com>; Finch, Andrew C <afinch@paulweiss.com>; St. Matthew-Daniel, Eyitayo <TStMatthewDaniel@paulweiss.com>; Cohen, Jay <jaycohen@paulweiss.com>; Dearborn, Meredith <mdearborn@paulweiss.com>; Nagley, Jared <jnagley@paulweiss.com>; Sunshine, Jared <jsunshine@paulweiss.com>
**Cc:** Duffy, Edward (ATR) <Edward.Duffy@usdoj.gov>; Briggs, John (ATR) <John.Briggs@usdoj.gov>; Sepulveda, Brendan (ATR) <Brendan.Sepulveda@usdoj.gov>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Pearl, Stephanie (ATR) <Stephanie.Pearl@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Boury, Jean (ATR) <Eugenie.Boury@usdoj.gov>; Torres Paez, Estefania (OAG) <estefania.torrespaez@dc.gov>; william.matlack@mass.gov; Will Margrabe <Will.Margrabe@dc.gov>; Kogan, Olga <Olga.Kogan@ag.ny.gov>; daniel.leff@mass.gov; Feder, Morgan <Morgan.Feder@ag.ny.gov>; Hoffmann, Elinor <Elinor.Hoffmann@ag.ny.gov>; Komal.Patel@doj.ca.gov; swalker@oag.state.md.us; Bryan.Sanchez@law.njoag.gov; jsutton2@ncdoj.gov
**Subject:** United States et al. v. JetBlue Airways Corp. et al., No. 1:23-cv-10511 - Spirit's Investigation Privilege Logs

Counsel,

Please see the attached letter.

Regards,
Michael Battaglia

**Michael D. Battaglia**
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Phone: 202-706-3393
michael.battaglia@usdoj.gov

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.