# EXHIBIT 7



U.S. Department of Justice

Antitrust Division

*Michael D. Battaglia*
*450 5th St., NW, Suite 8000*
*Washington, DC 20530*
*Michael.Battaglia@usdoj.gov*

July 18, 2023

**BY EMAIL**
Andrew Finch, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Re:   *United States of America, et al. v. JetBlue Airways Corporation, et al.* (No. 1:23-cv-10511-WGY)

Dear Andrew:

I write to respond to your suggestion during our July 14 meet-and-confer discussion that the parties have not sufficiently conferred on Spirit's improper withholding of documents that it shared with third parties FGS and Okapi on privilege grounds. We disagree with the suggestion that further meet and confers are warranted. Plaintiffs discussed this dispute with Spirit via telephone on June 9, July 7, and July 14, and the parties have exchanged numerous emails and letters on this topic. We reiterate that we are at an impasse because we disagree about both the applicable legal standard and Spirit's ability to satisfy the requirements of its proffered legal standard. As I stated in my July 14 letter, Spirit incorrectly asserts that *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994) governs the assessment of third-party privilege waiver in the First Circuit. Further, as I stated in my June 16 email to Jared Sunshine, even if the functional equivalent doctrine laid out in *Bieter* applied in the First Circuit, the facts in this circumstance do not support the conclusion that FGS and Okapi were acting as the functional equivalent of Spirit employees. As such, Spirit has waived attorney-client privilege for the materials it shared with FGS and Okapi.

We do not believe further discussions could help resolve or narrow the dispute because the parties disagree over which test should be used to assess Spirit's claims and how Spirit's proffered test applies to the facts at issue.[1] Spirit's delay in producing improperly

---

[1] To the extent Spirit believes that it has additional facts to support its claims under *Bieter*, it has had over a month to present those facts to Plaintiffs.

2

withheld documents has already prejudiced Plaintiffs, and Plaintiffs cannot agree to further prolong the resolution of this issue.

Sincerely,

/s/ *Michael D. Battaglia*

Michael D. Battaglia
Attorney, Antitrust Division
U.S. Department of Justice