UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JETBLUE AIRWAYS CORPORATION and )<br>SPIRIT AIRLINES, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:23-cv-10511-WGY |

**DECLARATION OF GREGORY V. GOODING**

I, Gregory V. Gooding, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at the law firm of Debevoise & Plimpton LLP ("Debevoise"). I make this declaration based upon my own personal knowledge and information obtained during the course of my representation of Spirit Airlines, Inc. ("Spirit") in connection with the proposed mergers of Spirit with Frontier Airlines ("Frontier") and with JetBlue Airways Corporation ("JetBlue").

2. Spirit retained Debevoise to serve as Spirit's counsel in connection with Spirit's consideration and negotiation of a merger transaction with Frontier and, subsequently, with JetBlue. Spirit also engaged FGS Global ("FGS") and Okapi Partners LLC ("Okapi") to support Spirit's media relations, and its investor communications and proxy solicitation efforts, respectively, relating to the proposed mergers with Frontier and JetBlue.

1

3. Spirit and Frontier executed a merger agreement on February 5, 2022 that was publicly announced the following day. On March 29, 2022, JetBlue made an unsolicited offer (the "Offer") to acquire Spirit. Under the Frontier merger agreement, Spirit was obligated to use its reasonable best efforts to obtain the approval of its shareholders for the Frontier merger, subject to a "fiduciary out" that allowed Spirit to provide information to and negotiate with JetBlue if Spirit determined that its Offer was, or was reasonably likely to lead to a "Superior Proposal," which among other things required the Spirit board of directors to determine whether the Offer was "reasonably capable of being consummated . . . taking into account all financial, regulatory, legal, and other" aspects of the proposal. Debevoise, in collaboration with Spirit's regulatory counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), advised Spirit in connection with its evaluation of the Offer, its obligations under its merger agreement with Frontier, and its efforts to obtain the approval of the Spirit shareholders for the Frontier merger.

4. The Offer attracted substantial media attention and shareholder interest. JetBlue revised the terms of the Offer several between March 29, 2022 and the end of July 2022, during which period JetBlue commenced unsolicited public tender offer for Spirit's stock and a proxy solicitation against the Frontier merger proposal. Following the failure of Spirit to obtain the approval of its shareholders for the Frontier merger, Spirit and Frontier negotiated and entered into a merger agreement with JetBlue, which was executed on July 28, 2022.

5. From early 2022 until after Spirit executed the merger agreement with JetBlue, Debevoise communicated with FGS and Okapi at the direction of Spirit. Spirit directed FGS and Okapi to consult with Debevoise and Paul Weiss regarding Spirit's communications strategy and to submit for our legal review proposed press releases and other communication with Spirit's shareholders and stakeholders. Spirit also directed Debevoise and Paul Weiss to guide

FGS and Okapi on Spirit's legal strategy generally, which included providing legal analysis of both proposed mergers, their regulatory approval and litigation risk prospects, and public communications regarding those matters, and providing legal advice in the form of edits and comments to draft public statements and other materials prepared in connection with seeking the approval of Spirit's shareholders.

6. Throughout this period, Debevoise interacted with representatives of FGS and Okapi as if they were Spirit employees. Debevoise believed that its communications at Spirit's direction with FGS and Okapi were highly confidential and subject to privilege.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on 8/31/23 in New York, New York.

Gregory V. Gooding

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 1, 2023.

                                              */s/ Andrew C. Finch*
                                              Andrew C. Finch *(pro hac vice)*