UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-10511-WGY |
| JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., | ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) | |

## DECLARATION OF ROBIN WEINBERG

I, Robin Weinberg, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Partner at FGS Global ("FGS"), formerly known as Sard Verbinnen & Co. I have worked at Sard Verbinnen & Co. (subsequently FGS) since March 2005. I make this declaration on behalf of FGS based upon my own personal knowledge and information obtained during the course of my official duties. If called to do so, I could testify competently to the facts stated herein under oath.

2. In December 2021, Sard Verbinnen & Co. merged with Finsbury Glover Hering. After the merger, the two entities continued operating under their respective brand names until mid-2022, when the combined firm was rebranded as FGS.

3. FGS is a leading global strategic communications consultancy, offering expertise in corporate reputation, crisis management, government affairs, and financial communications to advise clients navigating complex situations and reputational challenges.

4. On January 7, 2022, Spirit Airlines ("Spirit") retained FGS in connection with a proposed merger with Frontier Airlines ("Frontier"). FGS was engaged to provide advice and expertise in strategic communications, investor relations, and media relations in connection with the merger announcement with Frontier and navigating the period before the closing of that agreement.

5. After the announcement of the proposed merger with Frontier in February 2022, Spirit was under intense scrutiny and fielding a significantly higher volume of sensitive communications and media inquiries. In addition, proactive media outreach was necessary to explain the key benefits of the transaction to various stakeholders, including employees.

6. On March 29, 2022, JetBlue Airways, Inc. ("JetBlue") launched an unsolicited offer to acquire Spirit and, shortly afterwards, initiated a public tender offer for public Spirit shares. JetBlue's bid, and its public tender offer, introduced substantial additional complexity into Spirit's communications and media relations needs. Spirit continued to engage FGS for advice and expertise in collaboration with its legal advisors, financial advisors and proxy solicitors to navigate the intense media scrutiny following JetBlue's bid. As Spirit did not have experience with an unsolicited bid, Spirit called upon FGS' expertise in M&A transactions and unsolicited bid defense.

7. As a communications consultancy firm, FGS typically engages with its clients' in-house communications professionals. In my opinion, based on my experience in the field, Spirit lacked the internal capacity and subject matter expertise to handle the volume and nature of inquiries it was receiving and to craft the communications strategy and create the communications materials it needed to engage with stakeholders. FGS has particular expertise in

contested M&A and unsolicited approach defense and was able to provide a necessary level of expertise and additional resources to meet the increased level of scrutiny on Spirit's business.

8. Spirit requested FGS provide expert input and guidance into strategic communications decisions and take a hands-on role in the day-to-day management of media inquiries. Spirit outsourced this critical function to FGS because of FGS's expertise and experience in the area, and because of Spirit's more limited internal knowledge and capacity.

9. Beginning in January 2022, FGS worked directly with Spirit's CEO, general counsel, and senior corporate officers to assist Spirit in navigating the unprecedented level of communications needs prompted by the proposed Frontier merger and, subsequently, the unsolicited JetBlue offer.

10. Beginning in January 2022, Spirit also outsourced media inquiries concerning the proposed Frontier and JetBlue mergers directly to FGS, listing Erik Hofmeyer (of Spirit) and Andrew Cole, Columbia Clancy, and Robin Weinberg of FGS as the direct points of contact for all media inquiries. Given the public interest in the airline industry and because this transaction was announced during a period of relatively soft M&A activity, the proposed Frontier and JetBlue mergers received an inordinate amount of media attention. The FGS team engaged in frequent off-the-record briefings with media related to the proposed Frontier and JetBlue mergers.

11. Throughout this process, FGS communicated with Spirit's external legal counsel at Spirit's direction. Among other things, FGS was directed to communicate with Spirit's legal counsel to receive counsel's legal analysis concerning the proposed mergers' regulatory approval and litigation risk prospects, and FGS was directed to inform Spirit's legal counsel of Spirit's communications strategy, what had been shared with stakeholders, and to submit proposed

statements to counsel for legal review. It is FGS's standard practice not to issue a statement on behalf of a client without that client's counsel vetting the statement in advance.

12. Under its contract with Spirit, FGS is obligated to strictly maintain any non-public information that Spirit shares with it in confidence. FGS takes that obligation very seriously and is careful to maintain Spirit's non-public information, including any such information obtained from Spirit's counsel, in strict confidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 31, 2023 in New York, New York.

*Robin Weinberg*
Robin Weinberg

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 1, 2023.

*/s/ Andrew C. Finch*
Andrew C. Finch *(pro hac vice)*