UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Civil Action No. 1:23-cv-10511-WGY |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF DR. TASNEEM CHIPTY

Defendants respectfully move *in limine* pursuant to Fed. R. Evid. 702 to preclude opinions of Plaintiffs' expert, Dr. Tasneem Chipty, that are irrelevant, unreliable and cumulative. Dr. Chipty's opinions focus primarily on: (1) entry, expansion, and divestiture; and (2) alleged competitive harm. *See, e.g.*, Amended Expert Report of Tasneem Chipty, Ph.D., Exhibit 1 ¶¶ 37-116, 117-154; Reply Report of Tasneem Chipty, Ph.D., Exhibit 2 ¶ 4.[1] Defendants move to exclude Dr. Chipty's opinions concerning the second issue—her conclusions on the alleged competitive harm—because they are entirely based on her reading and repurposing of JetBlue's "deal modeling" documents. Dr. Chipty did not confirm the assumptions made nor methodologies used in these documents and did not employ any economic expertise to assess the accuracy and reliability of the information on which she was basing her opinions on competitive harm. *See* Exhibit 1 ¶¶ 117-154. Merely taking business documents at face value and drawing conclusions

---

[1] Citations to exhibits refer to the exhibits filed with the Declaration of Elizabeth M. Wright in Support of Defendants' Motion *In Limine* to Exclude Opinions of Dr. Tasneen Chipty.

1

from them does not constitute permissible expert opinion testimony under Rule 702. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand" (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993))). Moreover, Dr. Chipty's conclusions overlap with DOJ's other economic expert, Professor Gautam Gowrisankaran, and therefore her duplicative conclusions should be excluded as cumulative.

     A.     **Dr. Chipty Did Not Use Any Methodology to Assess Alleged Competitive Harm, and Her Testimony Will Not Assist the Trier of Fact**

Experts must do more than just read and characterize documents: experts must use a reliable methodology and independent analysis—beyond basic reading comprehension skills—rather than repackaging evidence to fit the narrative of the proffering party. *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 32 (1st Cir. 2012) (explaining that analysis of expert opinions "entails an examination of his conclusions to determine whether they flow rationally from the methodology employed"); *Anderson News, L.L.C. v. Am. Media, Inc.*, 2015 WL 5003528, at *4 (S.D.N.Y. Aug. 20, 2015), *aff'd*, 899 F.3d 87 (2d Cir. 2018) (excluding an expert's opinions when they "merely recit[ed] what is on the face of . . . document[s] produced during discovery") (internal quotations omitted); Fed. R. Evid. 702(c) (requiring an expert's testimony to be "the product of reliable principles and methods").

Moreover, when an expert relies on studies or analyses by a businessperson of one of the parties, she must verify, rather than simply assume, that data's reliability. As the Third Circuit explained in excluding expert testimony relying solely on corporate projections:

> [T]here is no *per se* rule of inclusion where an expert relies on a business plan; district courts must perform a case-by-case inquiry to determine whether the expert's reliance on the business plan in a given case is reasonable. . . . An expert's lack of familiarity with the methods and the reasons underlying [someone else's] projections virtually preclude[s] any assessment of the validity of the projections

> through cross-examination. . . . Here, [the expert] knew that the [projections were] presented to the Board by experienced management professionals, but he did not know who initially calculated the . . . figures. He did not know whether the SBP projections were calculated by ZF Meritor management, lower level employees at ZF Meritor, or came from some outside source. Nor did [the expert] know the methodology used to create the [projections] or the assumptions on which the [projection's] price and volume estimates were based.

*ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 292-93 (3d Cir. 2012) (internal quotations and citation omitted); *see also AngioDynamics, Inc. v. C.R. Bard, Inc.*, 537 F. Supp. 3d 273, 339 (N.D.N.Y. 2021) (excluding expert opinion based on company's projections where expert offered no explanation for "how the data was created" nor "validat[ed] its reliability").

Here, Dr. Chipty simply read, reviewed, and rehashed JetBlue's "deal modeling" documents and drew conclusions about purported harm from the merger without offering any meaningful independent analysis. Indeed, as Dr. Chipty's report made clear and as she admitted during her deposition, her "methodology" for these conclusions involved only a review of JetBlue's "deal modeling" documents. *See, e.g.*, Deposition Transcript of Tasneem Chipty, Exhibit 3 at 107:4-22. For example, Dr. Chipty reviewed JetBlue's so-called "Original Combined Network Plan and related synergies modeling" and, based entirely on those documents, concluded that consumers "would likely face higher prices due to the reduction in market capacity and the loss of the unique competitive effect that Spirit brings to the market." Exhibit 1 ¶¶ 129-131.

Dr. Chipty similarly concluded that "Spirit Customers Would Face Higher Prices and Have Less Choice," but this again is supported only by her interpretation about the meaning of JetBlue documents, including a demand analysis created using a small set of twelve examples of Spirit exiting routes (without JetBlue entering in its place) that was performed by a non-economist at JetBlue in connection with his effort to identify potential post-merger revenue synergies. *Id.* ¶¶

143-144. Dr. Chipty's cursory review of this "deal modeling" document cannot rise to the level of independent assessment that an economic expert should provide.

When asked about her reliance on this demand analysis, Dr. Chipty testified that she did not "do [her own] independent assessment of [JetBlue's demand] study beyond looking at their backup papers," and could not identify whether the individual preparing the analysis employed verified methodologies. Exhibit 3 at 107:4-11, 251:22-252:9. Dr. Chipty said that she "didn't repull the data," but instead "looked at it [and] understood how they came up with it, and it seemed reasonable for what they were doing." *Id*. at 107:4-22. Dr. Chipty even admitted that she failed to independently consider the twelve Spirit exits that were part of the analysis, nor did she consider the exit events that were ***not*** part of JetBlue's analysis. *Id*. at 247:22-248:9, 249:4-10, 249:23-250:5. Even if Dr. Chipty thought that JetBlue's analyses "seemed reasonable," she performed no economic analysis to reach that conclusion.

Experts do not have "*carte blanche* . . . to substitute their views for matters well within the ken of the [fact finder]." *Maciel v. Thomas J. Hastings Props., Inc.*, 2012 WL 13047595, at *6 (D. Mass. Nov. 30, 2012) (internal quotations and citation omitted). Dr. Chipty's regurgitation and interpretation of the documents will not assist the finder of fact here; the Court is well-equipped to read the documents, hear the fact testimony, and make a determination of the import of this factual information. *See Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 473 (D. Mass. 2017) (excluding expert testimony where it "lack[ed] any methodological explanation"). Because her opinions are not based on independent analysis, not grounded in a sound methodology, and she fails to verify the data on which she relies, Dr. Chipty's opinions regarding alleged competitive harm should be excluded.

> **B.  Dr. Chipty's Opinions Regarding Alleged Harm Are Cumulative to Professor Gowrisankaran's Opinions Regarding Competitive Effects and Should Be Disregarded**

Where the opinions of experts cumulatively overlap (as they do here), the Court may decline to consider those duplicative opinions. *See* Final Pretrial Hr'g Tr. at 16-17, *In re Nexium Antitrust Litig.*, No. 12-md-02409 (D. Mass. Sept. 30, 2014), ECF No. 1030 (Young, J.) (explaining that the court is "rigorous on no duplication" of expert testimony and "intend[ed] to be strict on that," and was "not going to let [one] expert say things that the [other] expert has said"). Indeed, the Court clearly instructed the parties at the status conference in March that it was not "looking to a trial with a battery of experts telling me the same thing and reinforcing each other," and that the one expert per discipline rule was a "salutary" rule that the parties should follow. *See* Dkt. 67 at 22:2-8.

Despite this Court's caution, the two expert reports analyze harm in their assessments of anticompetitive effects. Professor Gowrisankaran's discussion of harm is embedded throughout his entire report; for example, Section 7 addresses competitive effects and harm to consumers arising from the proposed merger. *See* Exhibit 4, Amended Expert Report of Gautam Gowrisankaran, Ph.D. at ¶¶ 161-351. In assessing merger-specific efficiencies, Dr. Chipty's report repeats those opinions in her own words and, in fact, in her deposition, she even admitted that she "looked at harm directly as embedded in the synergy modeling – you can't not look at it when you look at the synergy modeling." Exhibit 3 at 157:17-158:12. Her assessment of post-merger competitive impact—separate and apart from her analysis of entry, expansion, and divestitures offsetting harm—necessarily overlaps with Professor Gowrisankaran's assessment of the likely competitive effects of the merger and thus should be excluded as cumulative.

**CONCLUSION**

Defendants respectfully request that the Court order Dr. Chipty's trial testimony be limited to entry, expansion, and divestitures, and not venture into alleged harm, as her opinions do not satisfy Rule 702 and are duplicative of DOJ's other economic expert. Once the Court rules on this motion, the parties can meet and confer to reach agreement on the precise contours of Dr. Chipty's opinions that should be excluded.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Elizabeth M. Wright*
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

Jessica K. Delbaum
Leila R. Siddiky
Richard F. Schwed
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
jessica.delbaum@shearman.com

leila.siddiky@shearman.com
richard.schwed@shearman.com

Michael Mitchell
Shearman & Sterling LLP
401 9th St. NW
Suite 800
Washington, DC 20004
(202) 508-8000
michael.mitchell@shearman.com

Rachel Mossman Zieminski
Shearman & Sterling LLP
2601 Olive St, 17th Floor
Dallas, TX 75201
(214) 271-5777
Rachel.Zieminski@Shearman.com

Ryan A. Shores
Daniel P. Culley
David I. Gelfand
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1876
Fax: (202) 974-1999
rshores@cgsh.com
dculley@cgsh.com
dgelfand@cgsh.com

*Attorneys for JetBlue Airways Corporation*

*/s/ Samuel N. Rudman*
Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA  02110
Telephone:   +1 617 248 4034
srudman@choate.com

*/s/ Andrew C. Finch*
Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)

7

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system on September 11, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Elizabeth Wright*
Elizabeth Wright