# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No. 1:23-cv-10511 |

**DEFENDANT SPIRIT AIRLINES, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"), and subject to the provisions of the Scheduling and Case Management Order entered by the Court on April 7, 2023, Defendant Spirit Airlines, Inc. ("Spirit") hereby responds to Plaintiffs' First Set of Interrogatories to Defendant Spirit Airlines, Inc. (the "Interrogatories").

Spirit's Responses are based upon information presently known to Spirit, and Spirit reserves the right to amend, modify, and supplement them as new information becomes available. Spirit further reserves any and all objections and arguments that it may have in connection with this Action. Neither the submission of these responses nor anything contained within these responses shall be deemed to waive or prejudice any such objections or arguments.

**RESPONSES**

**INTERROGATORY NO. 1:** Identify all Efficiencies that You contend will be generated by the Transaction, whether and why the Transaction is necessary to achieve each Efficiency, and the anticipated annual amount (in dollars) of additional revenues, costs (both fixed and variable), and savings passed on to customers (or specific consumer segments) that will be generated by each Efficiency, both in total and separately by origin-and-destination pair, Including the method used to calculate those revenues, costs, and savings.

**RESPONSE:** In response to Interrogatory No. 1, Spirit notes that, as the target company in the Transaction, Spirit has neither control over nor visibility into the post-closing plans of the acquirer, JetBlue Airways Corporation ("JetBlue"). Accordingly, while Spirit can convey its beliefs regarding the potential benefits of the Transaction, Spirit cannot comment on the elements of Interrogatory No. 1 in significant detail because Spirit does not have knowledge of those details.

Subject to the foregoing qualification, Spirit responds that it believes that the Transaction will result in the following five benefits. *First*, by combining, Spirit and JetBlue will create a compelling national low-fare challenger to the dominant U.S. carriers in American, United, Delta, and Southwest Airlines (the "Big Four"), which together control approximately 80% of the industry. The combined entity will have a more expansive network, making it better positioned to compete against the Big Four, which will result in a more competitive airline industry overall and lower fares for customers.

*Second*, by expanding JetBlue's network, the Transaction will bring JetBlue's award-winning customer service and robust provision of cabin offerings—including free Wi-Fi during flights, live television, and free brand-name snacks—to more customers.

*Third,* Spirit expects that, as a result of having a larger network, JetBlue will be able to improve utilization of its aircraft. A larger network enables increased utilization because the airline has more options to fly a plane from any given location at any time.

*Fourth*, the combined entity will provide more customers and communities with greater choices when it comes to traveling through the offering of new routes and increased network breadth. Spirit understands that the Transaction will allow JetBlue to offer more than 1,700 daily flights and serve over 125 destinations. Customers will also have greater accessibility to destinations both domestically and internationally through JetBlue's loyalty program, "TrueBlue."

*Fifth*, the Transaction will benefit Spirit's employees by offering them higher pay and benefits.

