## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, et al.,

        *Plaintiffs*,

    v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

        *Defendants*.

Civil Action No. 1:23-cv-10511-WGY

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ANTICIPATED TESTIMONY BY SARA NELSON

Sara Nelson is the International President of the Association of Flight Attendants-CWA, AFL-CIO ("AFA-CWA"), which represents nearly 50,000 flight attendants at 19 airlines, including Spirit, Frontier, Alaska, United, and Avelo.[1] In March 2023, after DOJ sued to block the JetBlue/Spirit merger, AFA-CWA issued a statement in support, calling it "the anti-merger, merger."[2] Ms. Nelson explained throughout her deposition in this litigation why AFA-CWA supports the merger, described the key aspects of the AFA-CWA's recent agreement with Spirit to provide better pay and other benefits to union members, and testified regarding her view of the airline industry and her experience with JetBlue and Spirit management.

DOJ, however, contends that Ms. Nelson's probative testimony should be excluded as irrelevant, partially subject to a claim of privilege, and characterizes Ms. Nelson's testimony as improper expert opinion. But none of these are sufficient grounds to exclude Ms. Nelson's

---

[1] About AFA, https://www.afacwa.org/about_afa.
[2] "This is the anti-merger, merger: AFA-CWA Statement on DOJ Suit in JetBlue-Spirit Merger," https://www.afacwa.org/statement_doj_suit_jetblue_spirit_merger.

testimony, which provides an on-the-ground perspective on why the AFA-CWA supports this merger and the current state of airline competition, all based on Ms. Nelson's long career in the airline industry.  The Court is well-equipped to hear Ms. Nelson's testimony, make a credibility determination, and give the testimony whatever weight it deems appropriate.  DOJ articulates no persuasive reason why the Court should be prevented from making these determinations, and their motion should be denied accordingly.

## I.    Ms. Nelson Will Provide Relevant Testimony

Ms. Nelson began her career as a flight attendant at United in 1996, and has served as President of AFA-CWA since 2014. Over her more than 25-year career as a flight attendant, Ms. Nelson gained first-hand experience directly relevant to this case: how airlines compete, how United responds to its competitors, and how mergers change the industry. Indeed, Ms. Nelson was a United flight attendant at the time of United's merger with Continental Airlines in 2010. As such, Ms. Nelson is well-positioned to testify regarding both JetBlue and Spirit's standing in the market today, and the current competitive landscape. DOJ appears to recognize the need for testimony on the airline industry writ large, as their own witness list includes employees at four other airlines and presumably DOJ plans to elicit testimony from at least some of them regarding the industry. Ms. Nelson's testimony is no different.

DOJ asserts (cross referencing its motion *in limine* to exclude testimony regarding out-of-market benefits, ECF No. 174) that Defendants will use Ms. Nelson's testimony "to justify harm to one market (airline consumers) based on purported benefits to a different market (airline employees)." Mot. at 5. But Defendants have made no such argument. Rather, as set forth in Defendants' Opposition to ECF No. 174, the Court will determine the relevant markets after trial, and the evidence will show that competition in the airline industry occurs at many levels,

including the national level. Nothing in Defendants' Opposition makes claims about the labor market or weighs the harms and benefits between the labor market and airline consumers. DOJ's argument regarding labor market benefits is nothing more than a straw man, which they attempt to support by citing a single, inapposite case. Mot. at 5 (citing *Deslandes v. McDonald's USA, LLC*, -- F.4th --, 2023 WL 5496957, at *2 (7th Cir. Aug. 25, 2023) (reversing dismissal of Section 1 claims in class action lawsuit based on anti-poach clauses in franchise agreements)). This cannot justify the exclusion of Ms. Nelson's testimony.

## II.   There Is No Privilege Assertion at Issue that Would Render It Unfair for Ms. Nelson to Testify

Ms. Nelson has not used the attorney-client privilege as both a sword and a shield. Mot. at 6. In her deposition, DOJ asked Ms. Nelson whether the AFA-CWA had "performed any economic analysis in forming its opinion of the JetBlue-Spirit merger?" Exhibit 1, Deposition Transcript of Sara Nelson, June 20, 2023 ("Nelson Dep. Tr.") 62:21-23[3]. Ms. Nelson responded that they had. *Id.* Counsel for AFA-CWA then cautioned Ms. Nelson not to divulge attorney-client privileged communications. *Id.* at 63:2-10. DOJ asked no further questions regarding the economic analysis during the deposition. DOJ did not challenge AFA-CWA over its privilege assertion. DOJ did not request that AFA-CWA produce the underlying economic analysis. DOJ now, for the first time, claims that it was deprived of discovery on this economic analysis, but it took no affirmative steps to actually obtain that information.

Relying solely on this single exchange, DOJ argues that Ms. Nelson should be entirely precluded from testifying regarding the potential economic benefits of the merger. Contrary to DOJ's argument, Ms. Nelson's opinion of the merger is not "enmeshed in an economic analysis

---

[3] Citations to exhibits refer to the exhibits filed with the Declaration of Elizabeth M. Wright in Support of Defendants' Opposition to Plaintiffs' Motion *in Limine* to Exclude Anticipated Testimony by Sara Nelson.

that AFA-CWA has shrouded in a claim of privilege." Mot. at 5-6. Ms. Nelson testified at length in her deposition about her opinion of the merger—and none of that testimony was limited by or "enmeshed in" the economic analysis conducted by AFA-CWA. For example, Ms. Nelson testified that the merger would allow JetBlue to fly in more places (Nelson Dep. Tr. 28:23-29:19), improve passenger safety and comfort (*id.* 57:4-58:1), increase capacity (*id.*), and better compete against the Big Four airlines (Exhibit 2, Nelson Dep. Tr. Ex. 3 at 2). In none of those instances did Ms. Nelson refer to or rely on any economic analysis performed by AFA-CWA. DOJ had the opportunity to seek discovery on this economic analysis and chose not to do so—it cannot use its discovery failures to preclude Ms. Nelson's otherwise uncontested testimony. *See, e.g.*, *Mayale-Eke v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2013 WL 244698, at *2 (D.R.I. Jan. 22, 2013) (denying motion to compel because motion was "too little and too late").

Unsurprisingly, DOJ's cited case law is not on point. In each of those cases, a party attempted to use the attorney-client privilege affirmatively, either to pursue a claim or defense, but resisted discovery regarding the allegedly privilege information. *See Greater Newburyport Clamshell All. v. Pub. Serv. Co. of N.H.*, 838 F.2d 13, 20 (1st Cir. 1988) (permitting limited privilege communications to be subject to discovery after the privilege was put at issue); *see also Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (finding waiver of advice of counsel defense because defendant asserted attorney-client privilege to resist discovery). There is no "selective disclosure" of privileged information here, nor has AFA-CWA attempted to "kidnap the truth-seeking process." Mot. at 6.

### III.    Ms. Nelson's Testimony Fits Squarely Within Fed. R. Evid. 701

Finally, DOJ argues that Ms. Nelson should not be permitted to provide opinion testimony under Rule 701. This argument is based on a faulty premise: that Ms. Nelson's opinion

of the merger is based on the economic analysis performed by AFA-CWA. As discussed above, that is not accurate; while AFA-CWA conducted an economic analysis, Ms. Nelson never testified that it formed the basis of her opinion on the merger. Under Rule 701, lay witnesses may offer opinions so long as they are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Ms. Nelson's testimony clearly meets each requirement under Rule 701.

The Court "has 'considerable discretion' in deciding whether to admit lay opinion testimony under Rule 701." *United States v. Valbrun*, 877 F.3d 440, 443 (1st Cir. 2017) (citation omitted) (affirming admission of testimony). In the First Circuit, "modern trend favors the admission of opinion testimony provided it is well founded on personal knowledge and susceptible to cross-examination." *United States v. Vega-Figueroa*, 234 F.3d 744, 755 (1st Cir. 2000) (affirming admission of testimony). Both are true here. Ms. Nelson's testimony will be based on her personal knowledge of United, other airlines, and the airline industry—knowledge that she has amassed in her long career as a flight attendant and in her work with AFA-CWA. Indeed, the "Federal Rules are not blind to the fact that expertise is often gained by practical experience." *Millay v. Surry Sch. Dept.*, 2011 WL 1122132, at *7 (D. Me. Mar. 24, 2011). (permitting lay witness opinion testimony).

Nor is there any technical or scientific aspect of Ms. Nelson's testimony that converts it into expert testimony. *See Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, 902 F. Supp. 2d 166, 170 (D. Mass. 2012) (admitting lay witness opinion testimony regarding defendant's income, expenses, and earnout calculations). Other courts have permitted union officials to offer opinions as lay witnesses. *See, e.g., United States v. Clark*, 489 F. App'x 558, 563-64 (3d Cir.

2012) (finding no error when "three union officials testified regarding the meaning of the term 'fiduciary' and whether the witnesses themselves had breached any such duty to the union through their lack of oversight"). And lay witness testimony regarding the "impact" of mergers is appropriate in antitrust cases. *See, e.g.*, *Fjord v. AMR Corp. (In re AMR Corp.)*, 625 B.R. 215, 244 (Bankr. S.D.N.Y. 2021), *aff'd*, 2023 WL 2563897 (2d Cir. Mar. 20, 2023) (permitting lay witness testimony as to "the strategic rationale behind the Merger and internal post-Merger metrics that offer insight concerning the impact of the Merger").

It is undisputed that Ms. Nelson's trial testimony will of course need to comply with the Federal Rules of Evidence, including Rule 602's requirement of personal knowledge. *See* Mot. at 7. Defendants have never suggested otherwise. And "to the extent . . . testimony blurs the lines between what is permissible lay opinion versus expert opinion, the Court will be able to sort this out pragmatically, without trying to draw hard and fast lines on an evidentiary ruling." *Millay*, 2011 WL 1122132, at *7. There is no principled basis to prejudge Ms. Nelson's testimony and preclude her from appearing at trial. Defendants submit that the Court can hear the testimony at trial and, if needed, rule on evidentiary objections asserted by either party during the course of Ms. Nelson's testimony.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to exclude Ms. Nelson's testimony should be denied.

Dated: September 20, 2023                    Respectfully submitted,

*/s/ Elizabeth M. Wright*
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300

ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

Ryan A. Shores (*Pro Hac Vice*)
Daniel P. Culley (*Pro Hac Vice*)
David I Gelfand (*Pro Hac Vice*)
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1876
Fax: (202) 974-1999
rshores@cgsh.com
dculley@cgsh.com
dgelfand@cgsh.com

Michael Mitchell (*Pro Hac Vice*)
Brian Hauser (*Pro Hac Vice*)
Shearman & Sterling LLP
401 9th St. NW
Suite 800
Washington, DC 20004
(202) 508-8000
michael.mitchell@shearman.com

Jessica K. Delbaum (*Pro Hac Vice*)
Leila R. Siddiky (*Pro Hac Vice*)
Richard F. Schwed (*Pro Hac Vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
jessica.delbaum@shearman.com
leila.siddiky@shearman.com
richard.schwed@shearman.com

Rachel Mossman Zieminski (*Pro Hac Vice*)
Shearman & Sterling LLP
2601 Olive St, 17th Floor
Dallas, TX 75201
(214) 271-5777
Rachel.Zieminski@Shearman.com

*Attorneys for JetBlue Airways Corporation*

/s/ Samuel N. Rudman
Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA  02110
Telephone:   +1 617 248 4034
srudman@choate.com

/s/ Andrew C. Finch
Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing Opposition to Plaintiffs' Motion *in Limine* to Exclude Anticipated Testimony by Sara Nelson was sent electronically via e-mail to all attorneys of record on September 20, 2023.

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright