UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, et al.,

    *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

    *Defendants*.

Civil Action No. 1:23-cv-10511-WGY

**JOINT MOTION TO IMPOUND PORTIONS OF THE
PARTIES' EVIDENCE REFERENCED IN OPPOSITIONS TO MOTIONS *IN LIMINE***

    Pursuant to Local Rule 7.2 and the Stipulated Protective Order entered by the Court on March 21, 2023 (ECF No. 66), the Parties hereby move this Court for an Order impounding portions of evidence the parties intend to file in opposing motions *in limine*. In support of this Joint Motion to Impound, the parties state as follows:

    1.    The Parties filed motions *in limine* on September 11, 2023. In advance of those filings, the Parties met and conferred regarding the proposed motions *in limine* and potential confidentiality concerns. The Parties have undertaken a similar process with respect to the opposition briefs.

    2.    The Parties have worked collaboratively to identify confidential business information quoted or cited in the oppositions to the motions *in limine* that may be appropriate for impoundment. The Parties are filing today three oppositions to motions *in limine* that do not require any impoundment. Defendants' oppositions to DOJ's motions regarding Richard Scheff (ECF No. 179) and Sara Nelson (ECF No. 171) do not contain any confidential information. DOJ's

oppositions to Defendants' motion regarding estoppel (ECF No. 167) does not contain any confidential information.

3. **JetBlue Confidential Business Documents:** JetBlue requests the impoundment of the following internal JetBlue documents, which contain highly sensitive and confidential business information. DOJ intends to rely on these documents in its opposition to Defendants' motion *in limine* regarding the opinions Plaintiffs' expert Dr. Tasneem Chipty (ECF No. 177):

   a. JetBlue requests impoundment of JBLU_MERGER_LIT-01112906, which contains highly sensitive, non-public information related to JetBlue's future network growth strategy and detailed, forecast analyses for specific routes.

   b. JetBlue requests impoundment of JBLU-DOJ-01184406, which contains granular, non-public information related to JetBlue's internal transaction-related synergies analyses/modeling, including details regarding the underlying assumptions.

   c. JetBlue requests impoundment of JBLU-DOJ-04194562, JBLU-DOJ-04260597, JBLU-DOJ-06183756, JBLU-DOJ-06323142, JBLU-DOJ-10617739, and JBLU-DOJ-10840850, which contain granular, non-public information related to JetBlue's internal transaction-related synergies analyses/modeling, including details of the underlying assumptions, formula and calculation.

   d. JetBlue requests impoundment of JBLU-DOJ-05815880, which contains highly sensitive, non-public information related to JetBlue's five-year plan, including financial forecasts, future strategic initiatives, planned investments, and future integration plans.

Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

4. **Confidential Materials Related to Expert Tasneem Chipty**: Plaintiffs are filing an opposition to Defendants' motion *in limine* regarding the expert opinions of Plaintiffs' expert Dr. Tasneem Chipty. As part of their opposition, Plaintiffs will be relying on paragraphs 117-154 of Dr. Chipty's initial report and Section 5 of Dr. Chipty's reply report.

    a. JetBlue seeks impoundment of paragraphs 17, 50, 119, 123, 125-150, 152-154 in Dr. Chipty's initial report because they contain granular, non-public business information related to JetBlue's internal analyses/modeling regarding the combined network plan and transaction-related synergies, including details of the underlying assumptions, formula and calculation. Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

    b. JetBlue also seeks impoundment of paragraphs 64, 65, 67, 71, 86-91, and 94 in Section 5 of Dr. Chipty's reply report because they contain confidential, non-public business information related to JetBlue's internal analyses/modeling regarding the transaction-related synergies and the combined network plan, including details of the underlying assumptions and calculations. Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

c. Spirit seeks impoundment of paragraphs 123, 127, 149, 152 and the last sentence of paragraph 135 of Dr. Chipty's initial report because it contains confidential information about Spirit's expansion plans and strategy. Spirit does not make this information public in the ordinary course of business and disclosure of this information would cause Spirit competitive harm by revealing its confidential business plans and strategy to its rivals, giving them an unfair advantage and damaging Spirit's competitive standing.

5. **Confidential Information in Expert Report of Nicholas Hill**: As part of Defendants' opposition to Plaintiffs' motion *in limine* regarding out-of-market benefits (ECF No. 174), Defendants will be relying on the following excerpts from the expert report of Nicholas Hill for which JetBlue seeks impoundment:

a. Hill Report ¶ 12, 26, 31, 230, 233, 244, 256-57; Fig. 82; Sec. 10.1: These paragraphs include confidential information on non-parties, as well as JetBlue confidential information regarding non-public business information and information related to the merger. Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

6. **Confidential JetBlue Deposition Testimony**: Plaintiffs are filing oppositions to Defendants' motions *in limine* regarding Plaintiffs' expert Dr. Tasneem Chipty and regarding "proxy fight evidence" (ECF No. 175). As part of their oppositions, Plaintiffs will be relying on excerpts from various depositions. JetBlue requests the impoundment of the following excerpts:

a. <u>Friedman CID 30(b)(6) Dep. Tr. at 197-198, 211</u>: JetBlue requests impoundment of the portions of Eric Friedman's January 19, 2023 deposition testimony discussing granular, non-public business information related to JetBlue's internal transaction-related synergies analyses/modeling, including details of the underlying assumptions, formula and calculation.

b. <u>Friedman Litigation 30(b)(6) Dep. Tr. at 63-64, 69, 71, 93</u>: JetBlue requests impoundment of the portions of Eric Friedman's June 22, 2023 30(b)(6) deposition testimony discussing granular, non-public information related to JetBlue's internal analyses/modeling related to the future JetBlue/Spirit combined network plan, including details of the underlying assumptions, formula and calculation.

c. <u>Gorelik Dep. Tr. at 173-174</u>: JetBlue requests impoundment of the portions of Alla Gorelik's June 16, 2023 deposition testimony discussing granular, non-public information related to JetBlue's internal transaction-related synergies analyses/modeling, including details of the underlying assumptions, formula and calculation.

d. <u>Hurley Dep. Tr. at 295, 300</u>: JetBlue requests impoundment of the portions of Ursula Hurley's June 21, 2023 deposition testimony discussing granular, non-public information related to JetBlue's internal transaction-related synergies analyses/modeling, including details of the underlying assumptions.

e. <u>Hill Dep. Tr. at 127-128</u>: JetBlue requests impoundment of the portions of Dr. Hill's September 6, 2023 deposition testimony discussing JetBlue's future pricing strategy post-merger.

Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

7. **Other Confidential JetBlue Materials**: Plaintiffs are filing an opposition to Defendants' motion *in limine* regarding Dr. Chipty. As part of their opposition, Plaintiffs will be relying on pages 68 through 87 of the Response of JetBlue Airways to the Antitrust Division DOJ's Request for Additional Information and Documentary Material dated December 12, 2022. JetBlue requests impoundment of pages 68 through 87 of the Response of JetBlue Airways to the Antitrust Division DOJ's Request for Additional Information and Documentary Material, December 12, 2022, which contains granular, non-public information related to JetBlue's future network strategy and internal analyses/modeling regarding the transaction-related synergies. Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

8. Plaintiffs do not agree that most of the material Defendants seek to impound, especially with respect to "information related to transaction related synergies" and "underlying assumptions" thereto, meets the high standard for sealing in this Court. A party seeking to seal materials filed in connection with motions in limine and to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets or business information that might harm a litigant's competitive standing. *See, e.g., Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447-49 (D. Mass. 2015). Material should not be subject to sealing absent "some compendium of chapter and verse—a demonstration that cognizable harm is lurking in the background." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d

404, 412 (1st Cir. 1987).  Furthermore, it appears that some of the material Defendants seek to impound is already publicly available.  For example, On April 6, 2022, Ms. Hurley told investors that: "[I]n regards to the net synergy numbers, the revenue assumptions assume a full conversion of the Spirit's aircraft into JetBlue configuration.  And so those are all net in the $600 million to $700 million number that we provided."  That is non-confidential, public information.  Nevertheless, JetBlue claims pages 295 and 300 of Ms. Hurley's deposition transcript involve "granular, non-public information related to JetBlue's internal transaction-related synergies analyses/modeling, including details of the underlying assumptions."  Comparing Ms. Hurley's public statements with pages 295 and 300 of her deposition demonstrate that Defendants' position on impoundment is unjustified.

9. Notwithstanding Plaintiffs' views on the merits of Defendants' position on impoundment, and without prejudice to Plaintiffs' ability to later seek unsealing of these materials, the Parties request that an Order be issued by the Court and that order remain in effect until such time that it be lifted by further order of the Court and that the papers be kept in the Clerk's non-public information file during any post-impoundment period.

10. The Parties will serve copies of the unredacted documents on opposing counsel and will hand-deliver the papers to the Court.  The Parties will also work together this week to prepare redacted versions of the impounded exhibits containing portions from the expert reports and other confidential materials that are being filed in connection with the motions *in limine*.

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion to Impound until further order of the Court.

Dated: September 20, 2023                                  Respectfully submitted,

                                                          */s/* Edward W. Duffy

Edward W. Duffy
Don P. Amlin
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ William T. Matlack
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ Olga Kogan
Olga Kogan (*admitted pro hac vice*)
New York State Office of the Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov

*Attorney for Plaintiff State of New York*

/s/ C. William Margrabe
C. William Margrabe (*admitted pro hac vice*)
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorney for Plaintiff District of Columbia*

/s/ Schonette J. Walker
Schonette J. Walker (*admitted pro hac vice*)
Gary Honick (*admitted pro hac vice*)
Byron Warren (*admitted pro hac vice*)
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State Maryland*

/s/ Komal K. Patel
Komal K. Patel (*admitted pro hac vice*)
Deputy Attorney General
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6000
Email: Komal.Patel@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ Bryan S. Sanchez
Bryan S. Sanchez (*admitted pro hac vice*)
Ana Atta-Alla (*admitted pro hac vice*)
State of New Jersey - Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, NJ 07102
Telephone: (973) 648-6835
Bryan.Sanchez@law.njoag.gov
Ana.Atta-Alla@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

/s/ Jessica V. Sutton
Jessica V. Sutton (*admitted pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice Post Office Box 629
Raleigh, NC 27602
Tel: 919-716-6000
E-mail: jsutton2@ncdoj.gov

*Attorney for Plaintiff State of North Carolina*

*/s/ Elizabeth M. Wright*
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

Jessica K. Delbaum
Leila R. Siddiky
Richard F. Schwed
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
jessica.delbaum@shearman.com
leila.siddiky@shearman.com
richard.schwed@shearman.com

Michael Mitchell
Shearman & Sterling LLP

401 9th St. NW
Suite 800
Washington, DC 20004
(202) 508-8000
michael.mitchell@shearman.com

Rachel Mossman Zieminski
Shearman & Sterling LLP
2601 Olive St, 17th Floor
Dallas, TX 75201
(214) 271-5777
Rachel.Zieminski@Shearman.com

Ryan A. Shores
David I Gelfand
Daniel P. Culley

Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1876
Fax: (202) 974-1999
rshores@cgsh.com
dgelfand@cgsh.com
dculley@cgsh.com

*Attorneys for JetBlue Airways Corporation*

/s/ Samuel N. Rudman
Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA  02110
Telephone:   +1 617 248 4034
srudman@choate.com

/s/ Andrew C. Finch
Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Tel: 212-373-3000  
Fax: 212-757-3990  
afinch@paulweiss.com  
tstmatthewdaniel@paulweiss.com  
jcohen@paulweiss.com  
jnagley@paulweiss.com  
kwald@paulweiss.com  

Meredith R. Dearborn (*Pro Hac Vice*)  
Paul, Weiss, Rifkind, Wharton & Garrison LLP  
535 Mission Street, 24th Floor  
San Francisco, CA 94105  
Tel: 628-432-5100  
Fax: 628-232-3101  
mdearborn@paulweiss.com  

*Attorneys for Defendant Spirit Airlines, Inc.*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, Elizabeth M. Wright, hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for all Parties conferred in good faith before filing this Motion in an attempt to resolve or narrow this issue. The Parties have agreed to file this Motion jointly.

/s/ Elizabeth M. Wright
Elizabeth M. Wright.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 20th day of September, 2023, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ Elizabeth M. Wright
Elizabeth M. Wright