EXHIBIT N

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION <br><br> and <br><br> SPIRIT AIRLINES, INC., <br><br> *Defendants.* | Civil Action No. 1:23-cv-10511-WGY |

### DEFENDANT JETBLUE AIRWAYS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT JETBLUE AIRWAYS CORPORATION

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, hereby provides the following responses and objections to Plaintiffs' First Set of Interrogatories to Defendant JetBlue (the "Interrogatories") served on April 19, 2023.

The following responses and objections are based on information that JetBlue presently knows and that is available to it after reasonably inquiry.   JetBlue's investigation and analysis may lead to additional facts or information, or lead to additions, variations, or changes to these responses and objections.   JetBlue reserves the right to supplement, amend, or otherwise modify the following responses and objections in any manner, at any time, in light of additional facts or information revealed through subsequent investigation or otherwise learned by JetBlue.

HIGHLY CONFIDENTIAL

B6NK-TX-00000345

JetBlue's responses to these, or any, interrogatories are not intended to be, and shall not be, construed as (i) a waiver of all or part of any objection to any interrogatory, or (ii) a waiver of any objection to the admissibility and use of that information at trial, any other court proceeding, or any alternative dispute resolution in the above-captioned action (the "Action") or any other action.   By providing these responses and objections, JetBlue does not concede that the information sought is relevant or proportional to the needs of the case.

## GENERAL OBJECTIONS

These General Objections shall be, and hereby are, incorporated by reference into each Specific Objection below as though set forth fully therein.

1.      JetBlue objects to the Interrogatories, definitions provided in the Interrogatories (the "Definitions"), and instructions provided in the Interrogatories (the "Instructions"), to the extent they seek to impose on JetBlue obligations that exceed or differ from those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, orders of the Court, or any other applicable law, rule, or orders (collectively, "Applicable Law").   For the avoidance of doubt, JetBlue specifically preserves, and does not waive, any objections it may have based on the Scheduling and Case Management Order (the "Case Management Order") entered by the Court on April 6, 2023 and the Stipulated Protective Order and Order Governing Production of Investigation Materials entered by the Court on March 21, 2023 (the "Protective Order"), including to the extent that the Interrogatories seek to impose obligations that exceed or differ from those required by the Case Management Order and the Protective Order.   JetBlue has no duty to respond except as specifically required by Applicable Law.

2.      JetBlue's responses to the Interrogatories (the "Responses"), in whole or in part,

B6NK-TX-00000346

shall not constitute an admission that the documents or information requested or provided are relevant to the Action, material, admissible in evidence, reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.   Nor does JetBlue waive the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject of the Interrogatories to which JetBlue has responded herein.   JetBlue provides the Responses, and any documents or information produced or referenced in response to the Interrogatories, without waiver of, or prejudice to, its right to object to the use of any of the documents or information it produces, provides, or references, whether in connection with the Action or any other action.   JetBlue does not, by providing the Responses, waive any objection to the use of the Responses, documents, or information provided by JetBlue as evidence for any purpose, in whole or in part, in any subsequent proceeding, or in any trial in this Action or any other action, on the grounds of relevance, propriety, proportionality, competency, accessibility, materiality, confidentiality, or other appropriate ground.

      3.      JetBlue objects to the Interrogatories, Definitions, and Instructions, to the extent they seek information that is unreasonably cumulative or duplicative, not relevant to any claims in the Action, and not proportional to the needs of this Action.   In particular, JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent they are duplicative of information provided by JetBlue in response to the Request for Additional Information and Documentary Materials issued to JetBlue on September 12, 2022, pursuant to which JetBlue produced over 2.5 million documents, or any other requests sent by the Department of Justice relating to JetBlue's proposed acquisition of Spirit Airlines, Inc. ("Spirit"), as set forth in the Agreement and Plan of Merger among JetBlue Airways Corporation, Sundown Acquisition Corp., and Spirit Airlines Inc., dated July 28, 2022 (the "Transaction").

HIGHLY CONFIDENTIAL

B6NK-TX-00000347

4.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest doctrine, and/or any other applicable privilege or immunity.   To the extent that the Interrogatories seek privileged or protected information, JetBlue will not knowingly provide it.   Any inadvertent disclosure of privileged or protected documents or information shall not constitute a waiver of any such privilege, protection, doctrine, or immunity with respect to the information produced or the subject matter thereof.   Moreover, to the extent JetBlue inadvertently provides information protected from disclosure, JetBlue does not waive its right, pursuant to Applicable Law, including Federal Rule of Evidence 502, to assert those privileges, protections, and/or objections to disclosure and to seek the prompt return of any such information.

5.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent they seek the disclosure of information that would violate a confidentiality agreement, court order, non-disclosure agreement, or any other agreement, or would violate the privacy rights of any JetBlue current or former employees, customers, or suppliers.

6.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent they seek information that is already in Plaintiffs' possession, is publicly available, and/or can be obtained from another source that is more convenient, less burdensome, or less expensive.

7.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent they seek information that is not within JetBlue's possession, custody, or control.

8.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent that they assume facts not in evidence and to the extent that they state or assume legal conclusions.   By providing these objections and responses, JetBlue does not admit to the factual

HIGHLY CONFIDENTIAL

B6NK-TX-00000348

or legal premise of the Interrogatories.

9.       JetBlue objects generally to the Interrogatories, Definitions, and Instructions to the extent they purport to require production of "all" information under circumstances in which a subset of documents or information would be sufficient to provide the relevant information requested.   JetBlue's Responses are provided based on a reasonable inquiry into the subject matter of these Interrogatories.   The failure of JetBlue to object on any particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground or grounds.   JetBlue reserves the right at any time to revise, amend, correct, supplement, or clarify the Responses, General Objections, and any other objections propounded herein.

10.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent they seek proprietary, confidential, and/or commercially sensitive information of JetBlue, entities with which JetBlue has a relationship, its employees, or its customers.   JetBlue designates these Responses and all information provided herein as Highly Confidential pursuant to the Protective Order.

11.      JetBlue objects to the Interrogatories, Definitions, and Instructions to the extent they are premature in seeking information related to the anticipated testimony of any of Defendants' potential expert witnesses.   JetBlue will produce such information in accordance with the Case Management Order.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.       JetBlue objects to Instruction No. 2 on the grounds that it is overly broad, unduly burdensome, and seeks information outside of JetBlue's possession, custody, and control, to the extent Plaintiffs seek to impose any obligation that is greater than or inconsistent with Applicable Law or seek information from any entity other than JetBlue.   Instruction No. 2 is further overly

HIGHLY CONFIDENTIAL

B6NK-TX-00000349

broad and unduly burdensome to the extent it seeks to impose an obligation to search the files of all current and former JetBlue employees, including those that are not reasonably likely to have information responsive to these Interrogatories.   JetBlue further objects to Instruction 2 as vague and ambiguous with respect to the undefined and overly broad terms "agents," "representatives," "officers," "consultants," and "lobbyists."   In responding to the Interrogatories, JetBlue will provide information that only JetBlue presently knows and that is available to it after reasonable inquiry, and will not endeavor to answer on behalf of any other person or entity other than JetBlue, including but not limited to its "agents," "representatives," "officers," "consultants," "lobbyists," "other person[s] acting on [JetBlue's] behalf or purporting to act on [JetBlue's] behalf," or "attorneys."

2.      JetBlue objects to Instruction No. 3 to the extent it instructs JetBlue to "explain why [its] answer is incomplete, and state the efforts made by [JetBlue] to obtain the information and the source from which the complete answer may be obtained," as this Instruction seeks to impose on JetBlue an obligation greater than or different from those imposed by Applicable Law and is unduly burdensome.

3.      JetBlue objects to Instruction No. 4 to the extent it instructs JetBlue to "assume a reasonable meaning, state what that assumed meaning is, and respond to the Interrogatory according to the assumed meaning" when the meaning of any term in any Interrogatory is unclear, as this Instruction seeks to impose on JetBlue an obligation greater than or different from those imposed by Applicable Law.

4.      JetBlue objects to Instruction Nos. 5 and 6 to the extent they seek to impose on JetBlue an obligation greater than or different from those imposed by Applicable Law.

5.      JetBlue objects to Definition Nos. 2 ("Communication"), 3 ("Document"), 5

HIGHLY CONFIDENTIAL

B6NK-TX-00000350

("Identify"), and 9 ("Person") to the extent they diverge from the definitions set forth in Local

Rule 26.5(c).  In responding to the Interrogatories that incorporate the terms "Communication,"

"Document," "Identify," and "Person" unless otherwise specified, JetBlue will construe the

terms to have their ordinary meaning as laid out in Local Rule 26.5(c).  JetBlue further objects to

Definition No. 9 to the extent it seeks information that is not in the possession, custody, or

control of JetBlue.

6.       JetBlue objects to Definition No. 4 ("Efficiency") to the extent it reflects or seeks

to call for legal conclusions.  When responding to any Interrogatory that includes the term

"Efficiency," JetBlue will construe the term only to mean a benefit, cost saving, economy, new

product or service, product or service improvement.  By responding to any such Interrogatory,

JetBlue neither concedes or acknowledges any burden on it with respect to any "Efficiency," nor

does it shift to itself any burden placed by law on Plaintiffs.  In addition, for the avoidance of

doubt, JetBlue does not by responding to any such Interrogatory waive any rights, privileges, or

other protections to which it is entitled under Applicable Law.

7.       JetBlue objects to Definition No. 8 ("JetBlue," "You," "Your," "parent,"

"subsidiary," "affiliate," and "joint venture") as overbroad.  Subject to and without waiving any

objection, JetBlue will construe the terms "You" and "JetBlue" to mean JetBlue Airways

Corporation.

8.       JetBlue objects to Definition No. 10 ("Plan") to the extent it includes documents

that are informal, unwritten, and/or unrecorded.  Subject to and without waiving any objections,

JetBlue will construe the term "Plan" to refer only to formal plans maintained by JetBlue in

written form.

9.       JetBlue objects to Definition No. 11 ("Spirit") as overbroad, unduly burdensome,

HIGHLY CONFIDENTIAL

B6NK-TX-00000351

vague, and ambiguous, including specifically the use of "parents," "subsidiaries," "affiliate," "partnerships," "joint ventures," and "all directors, officers, employees, agents, and representatives." Subject to and without waiving any objections, JetBlue will construe "Spirit" to mean Spirit Airlines, Inc., the defendant in this Action.

* * *

The General Objections set forth above apply to the Interrogatories generally and to the Definitions and Instructions set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to the Interrogatories. Any undertaking to search for or provide information or documents in response to the Interrogatories remains subject to the General Objections. JetBlue expressly reserves the right to revise, amend, correct, supplement, or clarify its responses, objections, and any production in response to the Interrogatories, including the right to redact any documents that may be produced or referenced in response to the Interrogatories, when and if it becomes necessary. Any supplemental or amended response shall not function as a waiver of any privilege, immunity, or objection. This reservation, however, is not to be construed as an undertaking by JetBlue of an affirmative duty to alter, supplement, amend, or otherwise modify these responses and objections in any manner, at any time, except as otherwise required by law.

## SPECIFIC OBJECTIONS AND RESPONSES

In accordance with Local Rule 33.1(a)(2), Plaintiffs' Interrogatories are reproduced below followed by JetBlue's specific responses and objections.

## INTERROGATORY NO. 1:

Identify all Efficiencies that You contend will be generated by the Transaction, whether and why the Transaction is necessary to achieve each Efficiency, and the anticipated annual amount (in dollars) of additional revenues, costs (both fixed and variable), and savings passed on to consumers (or specific consumer segments) that will be generated by each Efficiency, both in

8
HIGHLY CONFIDENTIAL

total and separately by origin-and-destination pair, Including the method used to calculate those revenues, costs, and savings.

## RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections and its Objections to the Definitions and Instructions, each of which is incorporated herein by reference, JetBlue objects to this Interrogatory as premature because it seeks expert opinions and discovery prior to the deadline for expert disclosures. JetBlue reserves all rights regarding its expert disclosures and the subjects of expert testimony it may offer at trial, including without limitation the right for its experts to address issues regarding procompetitive efficiencies of the Transaction in their expert report(s) and at trial. JetBlue further objects to this Interrogatory to the extent it seeks to call for legal conclusions. JetBlue will construe the terms "Efficiencies" and "Efficiency" to mean a benefit, cost saving, economy, new product or service, or product or service improvement. By responding to this Interrogatory, JetBlue neither concedes or acknowledges any burden on it with respect to any "Efficiencies" or "Efficiency," nor does it shift to itself any burden placed by law on Plaintiffs. In addition, for the avoidance of doubt, JetBlue does not by responding to this Interrogatory waive any rights, privileges, or other protections to which it is entitled under Applicable Law.

Subject to and without waiving the foregoing objections, and reserving all rights to supplement, amend, or otherwise modify the following response, JetBlue responds as follows based on information that is currently known and available:

JetBlue anticipates that information responsive to this Interrogatory may be addressed as part of the opinions and analysis offered by JetBlue's disclosed expert witnesses, including without limitation as part of JetBlue's experts' analyses regarding the numerous pro-competitive effects of the transaction, which opinions and analysis will be disclosed pursuant to the Case

9

HIGHLY CONFIDENTIAL

Management Order entered by the Court on April 6, 2023 (ECF No. 79).  In addition to

JetBlue's forthcoming expert opinions and analyses that may be responsive to this Interrogatory,

JetBlue further states that information responsive to this Interrogatory can be found in JetBlue's

December 12, 2022 Response to the Antitrust Division of the U.S. Department of Justice's

Request for Additional Information or Documentary Material Issued September 12, 2022

("Second Request Response").  In the Second Request Response, JetBlue described certain

categories of benefits, economies, new products or services and/or product or service

improvements likely to result from the Transaction and, if applicable, estimates of the dollar

value of the synergies JetBlue may realize as a result of the Transaction.  *See, e.g.,* Second

Request Response at 68-70, 74-78, 82-86.

     Among other things, these include:

     ***Enhanced JetBlue Network***:  The Transaction will materially increase the size and

diversity of JetBlue's network.  Consumers tend to value airlines with broad networks and deep

schedules because such airlines can most consistently meet their travel needs.  With the

Transaction, JetBlue will be able to offer improved schedules—more destinations, more

frequencies, more connectivity (including with codeshare partners), more attractively timed

flights—than either JetBlue or Spirit could offer on its own.  *See also* JBLU_MERGER_LIT-

01649853 - JBLU_MERGER_LIT-01649932.  This improved network offering will benefit

consumers and increase JetBlue's ability to broadly and effectively compete with other airlines.

     ***Increased Utilization***:  One function of a larger network is that an airline has more

options to fly a plane from any given location and therefore has the ability to more fully utilize

its planes.  *See* March 7, 2023 Press Release *available at* https://news.jetblue.com/latest-

news/press-release-details/2023/JetBlue-and-Spirit-Will-Continue-to-Advance-Plan-to-Create-

B6NK-TX-00000354

Compelling-National-Low-Fare-Challenger-to-the-Dominant-U.S.-Carriers/default.aspx. Thus, due to the Transaction, the merged entity will be able to meaningfully increase its aircraft utilization and increase capacity.

**_Improved In-Flight Customer Experience_**:  The Transaction will also enable JetBlue to bring its award-winning in-flight customer experience to more consumers.  To achieve this experience across the combined fleet, JetBlue plans to retrofit the current Spirit aircraft and the aircraft to be delivered in the near-term after closing to provide more legroom, free Wifi, seatback television, and other amenities that are the hallmark of the JetBlue experience.  For the remaining aircraft in Spirit's orderbook, JetBlue intends to have them delivered in the JetBlue layout.  Consumers will benefit from improved quality on any route on which these planes are flown.

**_Improved Loyalty Program_**:  The Transaction will increase the value of JetBlue's TrueBlue loyalty program to consumers because they will have more opportunities to earn miles and more options to redeem miles due to JetBlue's larger network.

**_More Consumers Will Benefit from "The JetBlue Effect"_**:  JetBlue's core business philosophy is that passengers do not need to choose between a low fare and high quality.  At JetBlue, they can have both.  This business philosophy manifests itself as the "JetBlue Effect," which is a widely-observed phenomenon—by both academics and DOJ itself—that when JetBlue enters a route, competing airlines significantly lower their prices and more passengers travel those routes.  In addition, other carriers respond to JetBlue by improving their service.  This Transaction will increase JetBlue's ability to bring the JetBlue Effect to more places and more consumers.  Not only will consumers who travel on JetBlue directly experience JetBlue's low fares and high-quality service, but customers of other airlines will also benefit as those

11

HIGHLY CONFIDENTIAL

B6NK-TX-00000355

airlines—particularly the Big Four who dominate the airline industry—lower their fares and improve their service offerings in response to JetBlue's increased competitive reach.

In addition, with respect to the synergies JetBlue may realize as a result of the Transaction, the method used to calculate those synergies is described in detail in the January 12, 2023 corporate deposition of JetBlue. *See generally* Klinka Dep. Tr. (Jan. 12, 2023) at 50-64, 66-71, 72-112, 148-59, 166-215, 275-80, 300-11. The documents supporting this methodology were also discussed in that deposition. *See generally* JBLU-DOJ-11052716; JBLU-DOJ-030936478; JBLU-DOJ-03084527; JBLU-DOJ-10840850. JetBlue has not attempted otherwise to estimate the annual amount of each synergy created by the transaction and, as noted above, reserves the right for its experts to address such issues at the appropriate time.

## INTERROGATORY NO. 2

Identify all routes for which JetBlue has Plans to enter, exit, expand service, or reduce service in the next five years absent the Transaction, Including the planned month and year of entry, exit, expansion, or reduction; the planned frequency of service; the forecasted fare; and the forecasted load factor.

## RESPONSE TO INTERROGATORY NO. 2

In addition to the General Objections and its Objections to the Definitions and Instructions, each of which is incorporated herein by reference, JetBlue further objects to this Interrogatory as overly broad and unduly burdensome. JetBlue further objects to this Interrogatory to the extent it is duplicative of Request No. 15 in Plaintiffs' First Request for Production of Documents from JetBlue dated March 28, 2023.

Subject to and without waiving the foregoing, JetBlue responds to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to the following documents: JBLU-DOJ-07965212, JBLU-DOJ-07295181.

12

HIGHLY CONFIDENTIAL

B6NK-TX-00000356

Dated:   May 17, 2023
         New York, NY

/s/  Michael Mitchell
Richard Schwed (*admitted pro hac vice*)
Jessica Delbaum (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
rschwed@shearman.com
jessica.delbaum@shearman.com

Ryan Shores (*admitted pro hac vice*)
Michael Mitchell (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5385
rachel.zieminski@shearman.com

Elizabeth M. Wright (MA BBO #569387)
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com

*Attorneys for Defendant JetBlue Airways
Corporation*

HIGHLY CONFIDENTIAL

B6NK-TX-00000357

## CERTIFICATE OF SERVICE

I certify that on May 17, 2023, I served the foregoing upon all counsel of record via electronic mail.

Dated:  May 17, 2023

*/s/ Grace Song*
Grace Song
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8000
Facsimile: (202) 661-7480
grace.song@shearman.com

HIGHLY CONFIDENTIAL

B6NK-TX-00000358