IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Civil Action No. 1:23-cv-10511-WGY |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE ANTICIPATED TESTIMONY BY SARA NELSON**

Defendants plan to elicit testimony from Ms. Sara Nelson, the president of the Association of Flight Attendants ("AFA"), about various purported economic benefits of the proposed acquisition. Defendants do not contest that the AFA conducted an economic analysis of some portion of those benefits, over which Ms. Nelson claimed attorney-client privilege, and which has not been provided to Plaintiffs. The Court should preclude any portion of Ms. Nelson's testimony that is informed by this economic analysis, to ensure that Ms. Nelson—and by extension, Defendants—cannot use the claim of privilege as both a "sword and [a] shield." *Rivera v. Kmart Corp.*, 190 F.R.D. 298, 304 (D.P.R. 2000) (quoting *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 (10th Cir. 1998)). The Court should also preclude Ms. Nelson from testifying about those purported benefits because Ms. Nelson does not have the requisite personal knowledge or expertise to offer opinions about the proposed acquisition. Any such opinions would be economic or industry expert testimony impermissibly cloaked as lay opinion. *See* Fed. R. Evid. 701 advisory committee's note to 2000 amendments.

1

As outlined in Plaintiffs' Motion in Limine Regarding Purported Out-of-Market Benefits, ECF Nos. 174, 181, Ms. Nelson's testimony is also irrelevant to the extent that she is asserting benefits from the proposed acquisition to airline labor, which are outside the airline consumer markets where Plaintiffs have alleged harm.

## ARGUMENT

### I. Ms. Nelson Cannot Offer an Opinion About the Economic Benefits of the Proposed Acquisition While Claiming Privilege Over the Underlying Analysis.

"Ordinarily when a party asserts a privilege to preclude its opponent from obtaining information in discovery, it relinquishes the ability to use that information in its favor at trial." *See Manning v. Buchan*, 357 F. Supp. 2d 1036, 1048 (N.D. Ill. 2004). Here, given the size and sophistication of the AFA, it stands to reason that it would only express "strong support" for an airline merger after undertaking a careful analysis to ensure that supporting the proposed transaction was in its members' best interests. *See* Ex. A, Nelson Dep. Tr. 12:10-18 (explaining that the AFA represents flight attendants at 19 airlines); 30:8-10 (agreeing with characterization of AFA's statement as "strong support").[1]

Ms. Nelson acknowledged that the AFA completed such analysis and that the analysis was done "in forming its opinion" of the proposed merger. *Id.* at 62:21-23. But when Ms. Nelson was asked to testify about the substance of that analysis, she responded that "this was also done through my legal department." *Id.* at 62:24-63:01. At that point, Ms. Nelson's counsel instructed her not to answer unless she had had discussions "outside of" those with the AFA's legal department. *Id.* at 63:2-10. Ms. Nelson then confirmed that "[a]ll of these discussions" about the AFA's economic analysis "were with my counsel." *Id.* at 63:11-12. Because the economic

---

[1] All exhibits cited in this memorandum are exhibits to the Declaration of Edward Duffy in Support of Plaintiffs' Reply in Support of Motion in Limine to Exclude Anticipated Testimony by Sara Nelson.

analysis informed AFA's view about the purported economic benefits of the deal, any testimony by Ms. Nelson about those benefits would be infected by the analysis that was shielded from Plaintiffs during discovery. Therefore, Defendants should be precluded from offering such testimony at trial. *See Troublé v. Wet Seal, Inc.,* 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (finding that defendant waived advice of counsel defense by objecting to discovery requests on privilege grounds).

Defendants claim that Ms. Nelson did not explicitly cite this economic analysis as a basis for each of her opinions about the proposed acquisition, Defendants' Opposition to Motion in Limine, ECF No. 197 ("Opp'n") at 4, but Ms. Nelson acknowledged that the analysis informed AFA's opinion about the deal, Ex. A, Nelson Dep. Tr. 62:21-23,[2] and her counsel immediately curtailed questioning about the analysis by claiming privilege over it. *See id.* at 62:24-63:12; *The Topps Co. v. Cadbury Stani S.A.I.C.*, 2006 WL 176995, *4 (S.D.N.Y. Jan. 20, 2006) ("An expert witness cannot opine on a particular issue and then slam the door on cross-examination intended to explore the bases for the opinion."). A logical continuation of the line of questioning about the analysis would have included inquiry about all the specific ways in which the analysis informed the AFA's support for a merger of JetBlue and Spirit, especially given Ms. Nelson's later testimony that the AFA had not performed any analysis of either fares post-merger or the impact of the merger on consumers. Ex. A, Nelson Dep. Tr. 63:14-19.

In this vein, the Court should reject Defendants' suggestion that Plaintiffs were obligated to move to compel the production of the economic analysis. *See* Opp'n at 3. Defendants do not

---

[2] Defendants contend that "Ms. Nelson never testified that [the economic analysis] formed the basis of her opinion on the merger," Opp'n at 5, but her deposition testimony demonstrates that she did just that, Ex. A, Nelson Dep. Tr. 62:21-23 (agreeing that AFA performed economic analysis "in forming its opinion of the JetBlue-Spirit merger"). To the extent that Defendants are attempting to distinguish between Ms. Nelson's personal opinion and the position of the AFA, that would be a distinction without a difference: Ms. Nelson is the president of the AFA and made no suggestion during her deposition testimony that she was testifying solely in her personal capacity.

contest that Ms. Nelson, on behalf of AFA, made a "privilege assertion" as to the economic analysis, but they nevertheless suggest that Plaintiffs needed to take "affirmative steps" beyond inquiring about the economic analysis for that assertion to count. Opp'n at 3. Defendants cite no authority for the proposition that a claim of privilege at a deposition must be challenged through a motion to compel or follow-on discovery request before it becomes effective. Allowing Defendants to avoid the consequences of AFA's privilege assertion here would create perverse incentives for parties to use privileged topics affirmatively until a court orders them to do otherwise.

## II. Ms. Nelson's Anticipated Testimony About the Economic Benefits of the Acquisition Would Violate Rule 701.

Ms. Nelson's opinion testimony about the proposed acquisition is also barred by Rule 701. Defendants assert that Ms. Nelson's testimony "will be based on her personal knowledge of United, other airlines, and the airline industry," accumulated through a "long career as a flight attendant and in her work with AFA-CWA." Opp'n at 5. Defendants' explanation of the basis for Ms. Nelson's testimony illustrates why it would be impermissible for her to offer opinions about the benefits of the proposed acquisition: it is not "rationally based on the witness's perception" and it is impermissibly "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

First, any opinion about the benefits of the proposed acquisition would not be "rationally based on [Ms. Nelson's] perception" because she does not work for Spirit or JetBlue, *see* Ex. A, Nelson Dep. Tr. 10:22-11:4, and the AFA does not represent JetBlue flight attendants, *id.* at 36:2-5. Ms. Nelson therefore has no firsthand knowledge of either airlines' internal operations either pre- or post- acquisition. While some courts have permitted lay opinion testimony about the operation of a particular business, firsthand participation in the operation of that business—

4

and not just the same industry—is necessary. *Compare DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685-86 (5th Cir. 2003) (holding that it was abuse of discretion to permit witness to offer lay opinion about corporation's lost profits because witness was "never employed by or directly involved" in the business's operations and based his opinion on "preliminary income figures and other information" that he received from another individual), *with In re Merritt Logan, Inc.*, 901 F.2d 349, 359-60 (3d Cir.) (holding that lay opinion testimony by company's principal shareholder as to lost profits was permissible based on his "personal knowledge of his business").

Second, economic analysis of a proposed merger of two large corporations necessarily involves complex economic issues calling for "specialized knowledge." *United States v. Frazier*, 387 F.3d 1244, 1261 n.14 (11th Cir. 2004) (observing that "[s]cientific evidence encompasses . . . soft sciences (such as economics, psychology, and sociology), and it may be offered by persons with scientific, technical, or other specialized knowledge" (quoting William W. Schwarzer & Joe S. Cecil, "Management of Expert Evidence," *Reference Manual on Scientific Evidence* 39 (Federal Judicial Center, 2d ed.2000)). It is implausible that a sophisticated entity like AFA would commission an economic analysis of a $3.8 billion merger affecting its members but would then form opinions about the economic benefits of that merger that have nothing to do with that analysis.

But even if Ms. Nelson's testimony about economic benefits were not based on AFA's withheld economic analysis, she would still be testifying about a proposed merger that she played no role in negotiating, between two airlines where she has never been employed. Without firsthand knowledge and involvement in Spirit's or JetBlue's pricing, revenue management, network planning, crew resource management, or day-to-day operations, Ms. Nelson would be

5

attempting to offer industry expert testimony, based on her "specialized knowledge" of the airline industry, *see* Fed. R. Evid. 701(c), without complying with Rule 702. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness, see [Federal Rule of Evidence] 701, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."); *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 256 F. Supp. 3d 50, 52 (D. Mass. 2017) (noting the "latitude given to expert witnesses to express their opinions on matters about which they have no firsthand knowledge").

The cases cited by Defendants further demonstrate why Ms. Nelson cannot offer opinion testimony about the benefits of the proposed acquisition. In *Millay v. Surry School Department.*, 2011 WL 1122132, at *7 (D. Me. March 24, 2011), a child's mother offered her opinion about her *own child's* development, based not just on her own firsthand observations but her "background in special education and considerable experience caring for disabled children." In *Neponset Landing Corp. v. Northwest Mutual Life Insurance Co.*, 902 F. Supp. 2d 166, 170 (D. Mass. 2012), the witness offered opinion testimony about the finances of a residential apartment building where she had "primary responsibility" for managing the building.  Similarly, in *United States v. Clark*, 489 F. App'x 558, 563-64 (3d Cir. 2012), union officials testified about the meaning of the term fiduciary, and offered opinions about whether *their own conduct* breached a duty to the union, as well as other matters within their firsthand knowledge in connection with their employment. In *Fjord v. AMR Corp. (In re AMR Corp.)*, 625 B.R. 215, 244 (Bankr. S.D.N.Y. 2021), *aff'd*, 2023 WL 2563897 (2d Cir. Mar. 20, 2023), the lay witness was permitted to offer testimony "well within the scope of her employment." These witnesses had the firsthand knowledge about the subjects of their opinions that Ms. Nelson lacks, and they did not seek to

offer opinions about whether a complex financial transaction—yet to be consummated—would prove beneficial or not.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude Ms. Nelson from testifying at trial concerning the purported benefits of the proposed acquisition, as well as any associated economic analysis.

---

[3] Even if Ms. Nelson's testimony were otherwise permissible, it would not be "determining a fact in issue," *see* Fed. R. Evid. 702(b), because Ms. Nelson explained that her (and the AFA's) favorable opinion of the proposed merger stems from concessions made by Spirit and JetBlue to secure the AFA's support, and not from an objective analysis of the transaction's costs and benefits. *See* Ex. A, Nelson Dep. Tr. 14:2-17.

Dated: September 26, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Edward W. Duffy
　　　　　　　　　　　　　　　　　　　Edward W. Duffy
　　　　　　　　　　　　　　　　　　　John J. DiMarco
　　　　　　　　　　　　　　　　　　　Arianna Markel
　　　　　　　　　　　　　　　　　　　Sarah V. Riblet
　　　　　　　　　　　　　　　　　　　Aaron M. Teitelbaum
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice, Antitrust Division
　　　　　　　　　　　　　　　　　　　450 Fifth Street, NW, Suite 8000
　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　Phone: 202-812-4723
　　　　　　　　　　　　　　　　　　　Facsimile: 202-307-5802
　　　　　　　　　　　　　　　　　　　E-mail: edward.duffy@usdoj.gov

　　　　　　　　　　　　　　　　　　　/s/ William T. Matlack
　　　　　　　　　　　　　　　　　　　William T. Matlack (MA Bar No. 552109)
　　　　　　　　　　　　　　　　　　　Office of the Attorney General
　　　　　　　　　　　　　　　　　　　One Ashburton Place, 18th Floor
　　　　　　　　　　　　　　　　　　　Boston, MA 02108
　　　　　　　　　　　　　　　　　　　Telephone: (617) 727-2200
　　　　　　　　　　　　　　　　　　　Email: William.Matlack@mass.gov

　　　　　　　　　　　　　　　　　　　/s/ C. William Margrabe
　　　　　　　　　　　　　　　　　　　C. William Margrabe (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　Office of the Attorney General
　　　　　　　　　　　　　　　　　　　400 6th Street NW, Suite 10100
　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　Telephone: (202) 727-6294
　　　　　　　　　　　　　　　　　　　Email: will.margrabe@dc.gov

　　　　　　　　　　　　　　　　　　　*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Edward W. Duffy
Edward W. Duffy
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov