UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.,<br><br>      Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, ET AL.,<br><br>      Defendants. | Civil Action No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, ET AL.,<br><br>      Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, ET AL.,<br><br>      Defendants. | Civil Action No. 1:23-cv-10678-WGY |

**MOTION AND MEMORANDUM OF NON-PARTY**
**SOUTHWEST AIRLINES CO. TO SEAL TRIAL EXHIBITS**

Southwest Airlines Co. ("Southwest") respectfully moves the Court under Local Rule 7.2 to place under seal certain confidential and competitively sensitive Southwest documents and deposition testimony that have been marked as potential trial exhibits in this matter. Southwest is not appearing as a trial witness so placing the materials under seal does not impact open court proceedings. Counsel for the United States and defendants do not object to this motion with the understanding that Southwest will consider in good faith any subsequent potential requests to unseal select and targeted portions of relevant information contained in the materials.

1

**I.     Background**

Southwest is not a party to this case and is not being called to testify at trial. However, one or more parties may seek to introduce Southwest's documents and deposition testimony into the evidentiary record.

During discovery, Southwest produced documents in response to subpoenas issued by the United States and JetBlue Airways Corporation ("JetBlue"). The United States also produced to defendants certain Southwest documents in the possession of the Department of Justice that Southwest had previously produced to the Department under Civil Investigative Demands. In addition, the parties took the deposition of a Southwest executive, Adam Decaire.

On August 21, 2023, the parties filed a Joint Proposed Confidentiality Protocol [Dkt. 154] that addresses the timing for non-parties to assert confidentiality concerns with respect to their materials. Southwest had no part in negotiating that protocol and understands that the Court has not entered it. Nevertheless, out of an abundance of caution given the critical importance to Southwest of protecting its confidential information, Southwest is filing this motion pursuant to the deadlines set forth in that protocol.

**II.    Potential Trial Exhibits Containing Confidential and Competitively Sensitive Southwest Information**

The parties have identified certain Southwest documents as potential trial exhibits.[1] Of those, Southwest has determined that the following documents contain confidential, competitively sensitive information:

---

[1] Counsel for private plaintiffs in the *Garavanian* matter also identified certain deposition exhibits from the deposition of Adam Decaire as potential trial exhibits. Counsel for Southwest attempted to meet and confer with counsel for private plaintiffs given that Southwest has consistently taken the position that private plaintiffs are not entitled to Southwest's confidential documents and therefore are not in possession of the deposition exhibits to use them as trial exhibits.

2

| Document | Party Marking Exh | Confidential Information |
|---|---|---|
| Decaire Dep Exh 7 (SWA-DOJB6NK012296) | DOJ | March 19, 2023 internal email chain discussing underlying internal Southwest Network Planning Weekly Update containing Southwest's executives' confidential reports on competitive activity in the marketplace and corresponding views, assessments and recommendations |
| Decaire Dep Exh 12 (SWA-DOJB6NK001397) | DOJ | May 2019 internal Network Planning Presentation containing recommendations of business strategies to use in connection with potential economic conditions |
| Decaire Dep Exh 13 (SWA-DOJB6NK0034325) | DOJ | 2022 internal summary of competitor's activities |
| Decaire Dep Exh 14 (SWA-DOJB6NK047691) | DOJ | February 28, 2020 internal Regional Meeting minutes containing summaries of regional marketplace activities, competitive assessments, performance data and metrics, and forward-looking performance predictions |
| Decaire Dep Exh 15 (SWA-DOJB6NK034314) | DOJ | May 31, 2016 internal Revenue Management Weekly Update containing extensive (115 pages) reporting on marketplace activities, competitive assessment, and performance data and metrics covering multiple aspects of Southwest's business operations |
| Decaire Dep Exh 16 (SWA-DOJB6NK036125) | DOJ | July 22, 2016 internal Pricing Planning Weekly Update containing Southwest's internal summaries and assessments of competitive pricing, network planning, revenue management and other strategic actions |
| Decaire Dep Exh 17 (SWA-DOJB6NK036254) | DOJ | July 29, 2016 internal Pricing Planning Weekly Update containing Southwest's internal summaries and assessments of competitive pricing, network planning, revenue management and other strategic actions |
| SWA-DOJB6NK000340 | JetBlue | January 25, 2020 internal Southwest Weekly Report containing Southwest's executives' confidential reports on competitive activity in the marketplace and corresponding views, assessments and recommendations |
| Decaire Dep Exh 3 (SWA-DOJB6NK000963) | JetBlue | May 21, 2022 internal Southwest Weekly Report containing Southwest's executives' confidential reports on competitive activity in the marketplace and corresponding views, assessments and recommendations |
| Decaire Dep Exh 4 (SWA-DOJB6NK000969 | JetBlue | May 30, 2022 internal Southwest Weekly Report containing Southwest's executives' confidential reports on competitive activity in the marketplace and corresponding views, assessments and recommendations |

In addition to the above documents, the United States and JetBlue provided Southwest with proposed designations from the deposition of Southwest's Adam Decaire that one or both parties may move into evidence. Southwest has identified to the parties those select portions of the designations that contain highly confidential and competitively sensitive information for which Southwest requests "under seal" treatment.

### III.     Argument

The First Circuit instructs that the "court must carefully balance the competing interests that are at stake in the particular case" when a party requests sealing of judicial records. *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998). Here, there are two "[i]mportant countervailing interests [which] can, in given instances, overwhelm the usual presumption" of the public's right of access to judicial records. *Id.*

First, Southwest is not a party to this action. It nevertheless expended substantial time and effort in order to comply with the document requests. At all times during the course of this litigation, Southwest has maintained that the information Southwest was providing contained confidential, competitively sensitive material. Courts recognize the special protection afforded to non-parties to protect such material from being made public: "Third-party privacy interests, in particular, have been referred to as 'a venerable common law exception to the presumption of access,' *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir.1995), and 'weigh heavily in a court's balancing equation,' *id.* at 1050." *United States v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013). Here, Southwest's privacy interests in its confidential and competitively sensitive information, particularly as a non-party, merit sealing of the requested information.

Second, the limited documents that Southwest seeks to seal contain confidential, competitively sensitive business information, the disclosure of which would likely result in serious competitive injury to Southwest. Courts deny public access to information where "court files might . . . become a vehicle for improper purposes," including "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Courts have recognized a "legitimate and significant interest in protecting . . . sensitive business information" to "avoid the serious competitive injury that dissemination would more than

4

likely entail." *Glass Dimensions, Inc. v. State St. Corp.,* No. CIV.A. 10-10588-FDS, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (citing *Kravetz,* 706 F.3d at 62).

The documents at issue are all internal, confidential communications and presentations. They include strategic analyses, competitive reviews, marketplace assessments and plans. Many of the documents contain confidential pricing and financial information that Southwest uses in connection with its business decisions. Disclosure of these types of information would significantly harm Southwest's competitive standing by providing its competitors insight into its past operations, current condition and future plans, as well as providing a roadmap of Southwest's decision-making processes and deliberations. Courts routinely protect such information. *See, e.g., Abiomed, Inc. v. Maquet Cardiovascular LLC,* No. CV 16-10914-FDS, 2021 WL 5165010, at *3 (D. Mass. Nov. 5, 2021) (finding that "confidential financial information . . . outweigh the presumption of access"); *U.S. v. Int'l Bus. Machines Corp.,* 163 F.3d 737, 739 n.3 (2d Cir. 1998) (noting in an antitrust case that "strategic planning documents [were] filed under seal"); *Bauer Bros. LLC v. Nike, Inc.,* No. 09-CV-500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) ("[P]ublic disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development.").

Redacting the lengthy documents would not be practical given the extensive and inextricably-intertwined nature of the competitively sensitive information throughout the documents at issue. The documents contain detailed and granular information and, even with extensive redactions, would still provide competitors with insight into the types of information that Southwest deems important and Southwest's decision-making processes, all of which would put Southwest at a competitive disadvantage. That would be fundamentally unfair, especially given

that Southwest is not a party to this case, will not be testifying, and has no interest in the case's outcome.

## CONCLUSION

For the foregoing reasons, Southwest respectfully requests that the Court place under seal Southwest's documents identified above and those select portions of the deposition of Adam Decaire that Southwest has identified to the United States and JetBlue as containing confidential information. If asked by either party, Southwest will consider in good faith any subsequent request to unseal select and targeted portions of relevant information contained in the materials.

Dated: September 29, 2023                    Respectfully submitted,

/s/ *William H. Stallings*
William H. Stallings
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C. 20006
Tel: 202-263-3807
wstallings@mayerbrown.com

*Attorney for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 29, 2023.

*/s/ William H. Stallings*
William H. Stallings