UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 1:23-cv-10678-WGY |

### **DECLARATION OF TOM DOXEY**

TOX DOXEY hereby declares as follows:

1. I am over twenty-one years of age, I have personal knowledge of the facts stated herein, and I am in all respects competent to make this Declaration. These facts are based on my personal knowledge.

2. Since June 2022, I have been President of Breeze Aviation Group, Inc. ("Breeze"). In this capacity, I have full, regular access to Breeze's confidential proprietary and competitively sensitive business information.

1

3. I have reviewed the highly confidential information in the deposition designations and documents that Breeze, through its Unopposed Motion to Seal Confidential Materials ("Unopposed Motion"), has moved the Court to seal through targeted redactions. Specifically, I have reviewed the highly confidential information contained in (i) certain deposition designations from the Transcript of the Deposition of David Neeleman (Breeze's Chief Executive Officer), dated July 17, 2023 (the "Neeleman Deposition"), and (ii) documents produced by Breeze (in response to party subpoenas) that are reflected in Neeleman Deposition Exhibits 3, 5-6, and 8, in a document bates numbered BREEZE – 032001-07, and in the "Unified Ticket Data" exhibit on Plaintiffs' trial exhibit list in Case No. 1:23-cv-10511-WGY.

4. Based on my knowledge of and familiarity with the highly confidential information in these materials as President of Breeze, I know that Breeze has taken reasonable efforts to maintain the secrecy of this information, which is sufficiently valuable and secret to afford a potential or actual advantage over others, and that disclosure of this information to existing or potential business competitors, customers, or related parties would cause significant injury to Breeze's business, commercial, competitive, or financial interests.

5. Specifically, the information that Breeze seeks through its Unopposed Motion to redact from the public record is highly confidential for the following reasons.

6. First, certain Neeleman Deposition designations reflect information about Breeze's potential acquisition of certain used aircraft. These designations reflect competitively sensitive information related to Breeze's future plans and strategy, including Breeze's ongoing strategic initiatives that impact Breeze's immediate and future competitive decision-making. The discussion around Breeze's potential acquisition of certain used aircraft is under active negotiation with relevant counterparties, and disclosure of Breeze's interest in acquiring these used aircraft, and on

what terms, would seriously disadvantage Breeze's competitive ability to consummate this transaction on Breeze's desired terms.

7.  Second, certain Neeleman Deposition designations, Neeleman Deposition Exhibit 3, and the document bates numbered BREEZE – 032001-07 reflect information about Breeze's non-public interest in, and evaluation of, potential strategic combinations with other air carriers. This information reflects Breeze's competitively sensitive: (i) future plans and strategy, including network planning, strategic planning regarding potential partnerships or mergers with other airlines or investing in new product lines or ancillary services, and ongoing strategic initiatives that impact Breeze's immediate and future competitive decision-making; (ii) pricing strategy; and (iii) financial data. This information exposes how Breeze analyzes network planning and profitability, as well as projected cost and revenue synergies of the combined entities. Disclosure of this analysis and related projections could impact Breeze's ability to successfully negotiate and consummate a strategic combination in the future. In addition, disclosure of non-public financial data of Breeze that went into the analysis of this transaction would further harm Breeze by providing competitors with insight into Breeze's financial strengths and weaknesses that would otherwise not be available to them. [Doxey Decl. § X.]

8.  Third, certain portions of Neeleman Deposition Exhibit 8 reflect:

    a.  Breeze exploring changes to its current fleet make-up pursuant to agreements with counterparties on terms that have yet to be agreed or finalized. This information reflects Breeze's competitively sensitive (i) future plans and strategy, including network planning, strategic planning regarding potential partnerships or mergers with other airlines or investing in new product lines or ancillary services, and ongoing strategic initiatives that impact Breeze's immediate and future competitive decision-making; (ii) pricing strategy; and (iii) financial data. Disclosure of Breeze's desire to change the make-up of its

current fleet, and the reasons therefor, could negatively impact Breeze's ability to enter into such transactions on favorable terms.

b. Breeze's ongoing settlement negotiations with a major supplier. This information provides insight into Breeze's competitively sensitive future plans and strategy, including strategic planning regarding supplier terms that impacts Breeze's immediate and future competitive decision-making, and reflects customer names and specific pricing or discount information. Disclosure of the information about Breeze's ongoing settlement negotiations with the major supplier would seriously disadvantage Breeze's competitive ability to obtain favorable settlement terms.

c. Competitively sensitive financial data in the form of financial cash balance projections prepared for Breeze's Board of Directors. The projections include the impact of various potential cash raises via various forms of transactions, disclosure of which would be competitively damaging to Breeze as it negotiates the terms of these transactions. In addition, these projections show—in great detail—Breeze's projected cash positions in future quarters, which competitors could use to target Breeze in route selections and other strategic decisions.

d. Competitively sensitive pricing strategy information that lays out Breeze's revenue and expenses relating to Breeze's operations as a charter flight operator. This is a highly competitive segment of the industry, and disclosure of these details would have a significantly injurious impact on Breeze's ability to maintain and grow its charter operations.

e. Competitively sensitive financial data related to a full-year 2023 forecast prepared for Breeze's Board of Directors. The projections include the impact of industry-wide and company-specific pressures on Breeze and Breeze's projected year-end operating income. These projections show—in great detail—Breeze's projected strong and weak financial positions, which competitors could use to target Breeze in route selections and other strategic decisions.

f. Competitively sensitive pricing strategy and revenue data related to various Breeze ancillary revenue initiatives. Ancillary revenue is a highly competitive segment of airline pricing, and disclosure of this data would have a significantly injurious impact on Breeze's competitive edge in this regard.

g. Confidential per-passenger pricing, strategy, and revenue data related to various Breeze ancillary revenue initiatives. Ancillary revenue is a highly competitive segment of airline pricing, and disclosure of this data would have a significantly injurious impact on Breeze's competitive edge in this regard.

h. Breeze's 2023 commercial roadmap and operations roadmap, which reflect ongoing strategic initiatives that impact Breeze's immediate and future

4

competitive decision-making. These roadmaps lay out Breeze's plans for rolling out strategic program additions and adjustments. These program additions and adjustments are commercially sensitive because they identify to competitors Breeze's priorities and timing for roll-outs of new revenue and operational initiatives.

9. Finally, certain Breeze booking data contained in the "Unified Ticket Data" exhibit on Plaintiffs' trial exhibit list in Case No. 1:23-cv-10511-WGY reflects highly confidential and competitively sensitive information regarding Breeze's pricing strategy, financial data, and customer names. Disclosure of Breeze booking data would be extraordinarily damaging to both Breeze and the traveling public. This data shows, on the most granular level, exactly how Breeze prices each reservation, what other services were purchased, when along the booking curve it was purchased, and more. If another carrier took this data and reacted to it, they could precisely allocate a very small amount of their own capacity to effectively price Breeze out of everything that works well for Breeze. While many carriers are abandoning small cities (over 120 airports have lost more than 25% of their service in the last few years), Breeze is growing in those cities and providing destinations like Las Vegas, Orlando, Charleston, and others that people really want to travel to, while doing it with low fares. Disclosure of Breeze's booking data would harm the traveling public by almost certainly increasing fares in these markets—if such markets were sustainable at all after the disruption that would likely result.

10. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this 29th day of September, 2023.

_____
TOM DOXEY

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on September 29, 2023, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as non-registered participants.

                */s/ Andrew T. O'Connor*
                Andrew T. O'Connor