UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Case No. 1:23-cv-10678-WGY |

### DECLARATION OF MICAH D. MOON

MICAH D. MOON, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed as Senior Corporate Counsel – Antitrust & Regulatory at Delta Air Lines, Inc. ("Delta"), and I have served in that role since joining the company in 2021.

2. I submit this declaration in support of Delta's Motion to Seal Confidential Information, for an order to place under seal certain documents produced by Delta in the above-captioned cases, and certain deposition excerpts from the Rule 30(b)(1) and Rule 30(b)(6) depositions of Delta's Managing Director of Domestic Network Planning, Eric Beck, taken by the parties in this case, which the parties have informed Delta that they may introduce at trial, and to the extent any of those materials are offered and admitted into evidence.

3. Delta asks the Court to keep sealed and to prevent from being disclosed to the public at the trial the following trial exhibits, as identified in **Exhibit A** to Delta's Motion to Seal:

Government Proceeding Exhibits: 15; 16; AZ; BA; BB; BC; BD; BE; BF; BG; BH; BI; BJ; BK; BL; BM; BN; BO; BP; BQ; BR; BS; BT; BU; BV; BW; BX; BY; BZ; CA; AQW; BFE; BFF; BFG; BFH; BFI; BFJ; BFK; BFL; BFM; BFN; BFO; BFP; BFQ; BFR; BFS; BFT; BFU; BFV; BNH.

Private Proceeding Exhibits: TX0031; TX0032; TX0033; TX0034; TX0035; TX0036; TX0037; TX0038; TX0039; TX0040; TX0041; TX0042; TX0043; TX0044; TX0045; TX0046; TX0047; TX0048; TX0049; TX0050; TX0051; TX0930; TX0931; TX1367; TX1368; TX1369; TX1370; TX1371; TX1372; TX1373; TX1374; TX1375; TX1376; TX1377; TX1378; TX1379; TX1584.

4. All of these documents are internal-only Delta documents and Delta has taken reasonable steps to maintain their secrecy.

5. These documents consist of internal Delta commercial strategy documents, business plans, and Network Planning and Revenue Management documents that contain confidential proprietary commercial or competitively sensitive information, including on topics related to capacity and route planning, fleet planning, pricing and yield management, corporate strategy, and revenue, cost, and other financial information. Many of these documents also contain commercially sensitive process information, including processes and methodologies for Network Planning and Revenue Management.

6. All but two of these documents are from 2019 to 2023. Exhibit BFE/TX0034 ("Transcon Flatbed Strategy") is from August 2017 and Exhibit BN ("FW: Americas Meeting Summary – May 10th") is from May 2018, but both documents still contain relevant competitive

information that cannot be publicly disclosed.  The documents reveal extensive information about Delta's strategic practices and methods, including how Delta thinks about and responds to competitor actions on pricing and new product offerings.  Many of these Delta strategies are still ongoing today.  The documents also contain specific names of Delta's largest corporate customers, which are themselves highly confidential.  Further, Delta's strategic planning documents from 2017 and 2018 are still relatively recent because the COVID-19 pandemic largely put Delta's competitive strategies on hold.  Thus, none of the documents that Delta moves to seal are "stale."

7.      Delta also asks the Court to keep sealed certain deposition designations identified by the parties from the deposition of Eric Beck, Delta's Managing Director of Domestic Network Planning, as identified in Exhibit B to Delta's Motion to Seal.  These excerpts from Mr. Beck's deposition reveal confidential Network Planning and Revenue Management information, strategy, and/or methodologies, including *inter alia*, Delta's capacity planning methods, Delta's internal categorization system for different markets, and Delta's proprietary tools used by the pricing department.  Further, many of the designated excerpts are instances where counsel asked Mr. Beck to read verbatim the contents of highly confidential Delta documents.

8.      The information in these documents and deposition excerpts is sufficiently valuable and secret to afford a potential or actual advantage over others; and their disclosure to existing or potential business competitors, customers, or related parties would cause a material injury to Delta's business, commercial, competitive, or financial interests.  Thus, the disclosure of these documents would likely result in serious competitive injury to Delta.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 29th day of September, 2023.

                                                      */s/ Micah D. Moon*
                                                     Micah D. Moon