UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America, et al.,<br><br>   Plaintiff,<br><br>   v.<br><br>JetBlue Airways Corporation and Spirit Airlines, Inc.,<br><br>   Defendants. | Civil Action No. 1:23-cv-10511-WGY |

### NON-PARTY OAG AVIATION WORLDWIDE LLC'S UNOPPOSED MOTION TO SEAL CERTAIN POTENTIAL TRIAL EXHIBITS

Pursuant to Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, the Stipulated Joint Protective Order (Dkt. #140), and the Joint Proposed Confidentiality Protocol (Dkt. #154), non-party OAG Aviation Worldwide LLC ("OAG") respectfully moves the Court for an order granting OAG's request to place under seal certain confidential material and potential exhibits identified on the Parties' proposed trial exhibit list in the above-captioned matter (the "Litigation") and restrict access to such exhibits until further order of the Court. Counsel for the United States and defendants do not oppose this motion.

### BACKGROUND

OAG is a global travel data provider headquartered in the United Kingdom. Among other services, OAG maintains a proprietary platform that aggregates and contains large amounts of aviation data and data analytics tools. OAG products and services, including OAG Schedules Analyser and OAG Traffic Analyser, are made available to customers through a variety of arrangements, but access to OAG data sets is restricted and subject to license agreements or other negotiated arrangements that maintain and protect the confidentiality of the data. In many cases,

subsets of data available from OAG is provided by third parties with their own, independent limits on use which OAG then seeks to incorporate into its arrangements with other parties.

In June 2023, in connection with this Litigation, OAG received a subpoena from the Department of Justice ("DOJ") seeking OAG data. OAG understands and believes that Defendants also obtained access to OAG data. In response to the subpoena, OAG designated the data available through its products and services, including OAG Schedules Analyser and OAG Traffic Analyser, as Highly Confidential Information pursuant to the Protective Order entered in the Litigation. At the time, OAG also informed the Parties that disclosure of OAG data outside the protections of the Protective Order could cause substantial injury to the legitimate competitive and commercial interests of OAG.

On September 11, 2023, counsel for the DOJ notified counsel for OAG that it intended to include documents and information designated as Highly Confidential Information under the Protective Order on its exhibit list for the upcoming hearing. OAG later learned that Defendants also included exhibits containing OAG data on the Parties' joint exhibit list.

## REQUESTS TO SEAL AND IMPOUND CERTAIN EXHIBITS

Based on information available to OAG to date, certain exhibits identified on the Parties' joint exhibit list contain "Highly Confidential Information" from OAG as that term is defined in the Protective Order, including certain nonpublic, competitively sensitive information from OAG (e.g., detailed data derived from OAG's Schedule Analyser and OAG's Traffic Analyser products). This includes the following exhibits:

**Parties' Exhibit List (Dkt. # 191-4)**

**AQR:** **[OAG Global Airlines Schedules Data]** Based on information provided by Plaintiffs, this document contains detailed schedules data from OAG and consists of competitively sensitive business information of OAG that was designated Highly Confidential Information.

**AQS:** **[OAG Global Airline Traffic Data]** Based on information provided by Plaintiffs, this document contains detailed passenger traffic data from OAG and consists of competitively sensitive business information of OAG that was designated Highly Confidential Information.

**BBV:** **[OAG Schedule Analyzer ("nonstop_2018_JobID1763797.csv")]** Based on information provided by Defendants, this document contains detailed schedules data from OAG and consists of competitively sensitive business information of OAG that was designated Highly Confidential Information.

**BBW:** **[OAG Schedule Analyzer ("nonstop_2019_JobID1763801.csv")]** Based on information provided by Defendants, this document contains detailed schedules data from OAG and consists of competitively sensitive business information of OAG that was designated Highly Confidential Information.

**BBX:** **[OAG Schedule Analyzer ("nonstop_2022_JobID2190975.csv")]** Based on information provided by Defendants, this document contains detailed schedules data from OAG and consists of competitively sensitive business information of OAG that was designated Highly Confidential Information.

**BBY:** **[OAG Schedule Analyzer ("nonstop_2023.csv")]** Based on information provided by Defendants, this document contains detailed schedules data from OAG and consists of competitively sensitive business information of OAG that was designated Highly Confidential Information.

In consideration of OAG's good faith cooperation with the Parties' requests to access OAG's confidential information for use in this Litigation, and to protect the commercially sensitive, confidential information of OAG, OAG requests that the exhibits listed above be granted confidential, under seal treatment in any trial or other hearing as contemplated by Paragraph 5 of the Joint Proposed Confidentiality Protocol. Dkt. #154.

The documents outlined above and for which OAG seeks to have placed under seal contain competitively sensitive information entitled to protection, the release of which would harm OAG and other third parties. "Third-party privacy interests, in particular, have been referred to as a venerable common law exception to the presumption of access, and weigh heavily in a court's balancing equation." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (internal quotations and citations omitted). Non-party OAG has a significant interest in

maintaining the confidentiality of its competitively sensitive internal documents and information at the level of detail set forth in this limited group of exhibits. *See In re Bank of America Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) ("Good cause" exists for the sealing of documents when competitive harm would befall the disclosing party by virtue of public disclosure of the information). Given that OAG complied in good faith with the DOJ's subpoena requests and in reliance upon the protections accorded under the Protective Order, good cause exists to protect these materials from public disclosure until further order of the Court.[1]

In further support of this Motion, OAG submits the attached Declaration of Seth Bailey, which is incorporated by reference.

WHEREFORE, OAG requests an Order granting its motion to seal and impound the following exhibits until further order of the Court, and for such further and additional relief that the Court deems appropriate:

1. AQR:  [OAG Global Airlines Schedules Data]
2. AQS:  [OAG Global Airline Traffic Data]
3. BBV:  [OAG Schedule Analyzer ("nonstop_2018_JobID1763797.csv")]
4. BBW:  [OAG Schedule Analyzer ("nonstop_2019_JobID1763801.csv")]
5. BBX:  [OAG Schedule Analyzer ("nonstop_2022_JobID2190975.csv")]
6. BBY:  [OAG Schedule Analyzer ("nonstop_2023.csv")]

---

[1] Because OAG has only limited insight into whether and how data may have been utilized by the parties in other exhibits, OAG reserves the right to file additional requests for relief to protect the confidential information of OAG and other third parties. However, based on its discussions with the parties to date it does not currently anticipate that will be necessary.

-5-

## LOCAL RULE 7.1 CERTIFICATION

      Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the parties have conferred on the subject of this Motion. Counsel for Defendants and United States do not oppose this Motion.

September 29, 2023

Respectfully submitted,

By: s/Jeffrey D. Vanacore
    Jeffrey D. Vanacore, Bar No. 710438
    JVanacore@perkinscoie.com
    PERKINS COIE LLP
    1155 Avenue of the Americas, 22nd Floor
    New York, New York 10036-2711
    Telephone: +1.212.262.6900
    Facsimile: +1.212.977.1649

    Jonathan R. Buck, IL Bar No. 06281672
    *(Pro hac vice admission pending)*
    JBuck@perkinscoie.com
    PERKINS COIE LLP
    110 North Wacker Drive, Suite 3400
    Chicago, Illinois 60606-1511
    Telephone: +1.312.324.8400
    Facsimile: +1.312.324.9400

    *Counsel for OAG Aviation Worldwide LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 29, 2023.

s/Jeffrey D. Vanacore
Jeffrey D. Vanacore
