UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No. 1:23-cv-10511-WGY<br><br>**FILED UNDER SEAL PURSUANT TO UNOPPOSED MOTION TO IMPOUND OF NON-PARTY THE BOEING COMPANY, DATED SEPTEMBER 29, 2023** |

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO IMPOUND OF NON-PARTY THE BOEING COMPANY

The Boeing Company ("Boeing") respectfully requests that the Court impound a single document included on the Plaintiffs' exhibit list for trial that contains its competitively sensitive and proprietary business information. The Parties do not oppose this request.

In response to a subpoena issued by U.S. Department of Justice, Boeing produced to the Parties in this litigation documents containing both non-confidential and confidential information related to ███████████████████████████████████████ Plaintiffs have designated two such Boeing documents for use at trial, including a document that Boeing produced as "Highly Confidential" pursuant to the Stipulated Protective Order (ECF No. 66) (the "Boeing Exhibit"). All of the information contained in the Boeing Exhibit is "Highly Confidential" and thus the document cannot be redacted for use at trial. Boeing therefore moves the Court for an order impounding the Boeing Exhibit, and any portions of any documents or testimony that summarize or disclose the "Highly Confidential" information contained in the Boeing Exhibit, including closing the court room during any discussion, if any, of the Boeing

- 1 -

Exhibit or its contents and redacting any court documents discussing the Boeing Exhibit. The Parties, as noted above, do not oppose the relief requested in Boeing's Motion, and the requested impoundment of a single document, as well as the underlying competitively sensitive and proprietary information, would not impede trial. Rather, Boeing's Motion is narrowly tailored to prevent the harm to Boeing that would result from disclosure of the "Highly Confidential" information contained in the Boeing Exhibit.

## DISCUSSION

The Court may issue an order of impoundment requiring that confidential information be protected from public disclosure when a party shows "good cause" for keeping the information confidential. L.R. 7.2(a); *see also* Fed. R. Civ. P. 26(c)(1). Good cause exists where the moving party makes a "a particular factual demonstration of potential harm as to why the document should be sealed." *Radfar v. City of Revere*, 2023 WL 4137295, at *2 (D. Mass. June 22, 2023) (citation and quotations omitted). In civil cases, the public's right to access judicial records may be overcome where the motion is "narrowly tailored" to protect "trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015); *cf. Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (observing that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation").

The Boeing Exhibit meets this standard. The document contains information regarding ███████████████████████████████████████████████████████ ███████████████ (Shencopp Decl. ¶ 9.) ███████████████████ ████████████████████████████████████████ (*Id.*) Boeing regards this information as highly proprietary and maintains its confidentiality in the ordinary course of

business. (*Id.*) Further, Boeing produced the Boeing Exhibit to the Parties only on the basis that it would be afforded "Highly Confidential" treatment consistent with the requirements of the Stipulated Protective Order. (*Id.* ¶ 5.) "Courts have recognized the propriety of issuing protective orders to limit the disclosure of such sensitive commercial information among competitors, particularly that of non-parties." *W.N. Motors, Inc., v. Nissan North America, Inc.*, 2022 WL 1568443 (D. Mass. May 18, 2022); *see also Anaqua, Inc. v. Schroeder*, 2012 WL 12960760, at *3 (D. Mass. Sept. 14, 2012) (stating that courts "generally have protected" sensitive business information); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 615 (S.D.N.Y. 1998) (granting motion to seal with respect to use of companies' confidential internal company information at trial).

Although Boeing is mindful of the need for public access to court records, its request to impound the Boeing Exhibit is necessary to protect Boeing from the commercial and financial harm that would result if the information contained in the Boeing Exhibit were publicly disclosed. ███████████████████████████████████████

███████████████████████████████████████

(Shencopp Decl. ¶ 10.) ███████████████████████████████

███████████████████████ (*Id.*) ███████████████████

███████████████████████████████████████

███████████████████████████████ Courts regularly seal or impound competitively sensitive non-party documents and information that are going to be used at trial in antitrust cases to avoid such harms. *See, e.g.*, *U.S. v. Am. Airlines Grp., Inc.*, 1:21-cv-11558, ECF No. 222 (D. Mass. Sept. 20, 2022) (granting motions to impound documents and testimony containing third parties' competitively sensitive information in antitrust trial); *Epic*

*Games, Inc. v. Apple Inc.*, 4:20-cv-05640-YGR, ECF No. 643 at 2-7 (N.D. Cal. May 12, 2021) (similar).

By contrast, there is little, if any, public interest in disclosing Boeing's competitively sensitive and proprietary business information. Boeing is a non-party whose documents were not sought until May 2023, shortly before fact discovery close, and only two of its documents appear on Plaintiffs' trial exhibit list. Its information therefore is not an important component of the case, nor could any witness other than an expert testify about the Boeing Exhibit given the nature of the document and its "Highly Confidential" designation. Accordingly, Boeing has a legitimate interest in protecting this information from disclosure, which warrants impounding the Boeing Exhibit as well as any portion of any documents or testimony that summarize or disclose the information contained in the Boeing Exhibit.

Finally, Boeing's request to impound the Boeing Exhibit is narrowly tailored, as Boeing is seeking to impound only a single document that is not capable of redaction since all of the data in it constitute "Highly Confidential" information. (*Id.* ¶¶ 9, 11.)[1]

## CONCLUSION

Boeing respectfully requests that the Court grant its unopposed Motion to impound the Boeing Exhibit as well as any portion of any documents or testimony that summarize or disclose the information contained in the Boeing Exhibit, including closing the court room during any discussion, if any, of the Boeing Exhibit or its contents and redacting any court documents discussing the Boeing Exhibit.

---

[1] Should the Court wish to conduct an *in camera* review of the Boeing Exhibit prior to ruling on this Motion, Boeing stands ready to provide the Court with a copy for that purpose.

- 5 -

Dated: September 29, 2023

Respectfully submitted,

/s/ Joseph P. Rockers
Joseph P. Rockers (BBO No. 625020)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 521-1231
JRockers@goodwinlaw.com

*Counsel for non-party The Boeing Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants as known this 29th day of September, 2023.

I further certify that I caused an unredacted copy of the foregoing document to be served by email on counsel for Plaintiffs and Defendants this 29th day of September, 2023.

                                              /s/ Joseph P. Rockers