## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et. al.<br><br>*Plaintiffs,*<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants.* | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants.* | Case No. 1:23-cv-10678-WGY |

## UNOPPOSED MOTION TO IMPOUND CONFIDENTIAL INFORMATION BY NON-PARTY SUN COUNTRY AIRLINES HOLDINGS, INC.

Non-party Sun Country Airlines Holdings, Inc. ("Sun Country") hereby moves the Court pursuant to Local Rule 7.2, the Stipulated Protective Orders in the above-captioned actions, and the Joint Proposed Confidentiality Protocols in the above-captioned actions, to enter an order to impound through limited redactions highly confidential and competitively sensitive information contained in ten (10) documents produced by Sun Country. The Parties have informed Sun Country that these documents are included on their respective trial exhibit lists even though Sun Country was not deposed in either litigation and is not being called to testify at trial.

Sun Country has conferred with the Government Plaintiffs, the Private Plaintiffs, and Defendants (collectively, the "Parties") regarding the relief sought in this motion. The Parties have informed Sun Country that they do not oppose Sun Country's motion. Sun Country is not proposing that its documents be sealed in their entirety, but instead that limited parts of only ten (10) documents be redacted and sealed. Sun Country negotiated its proposed redactions with the Government Plaintiffs and Defendants with the goal of ensuring the redactions are limited to highly confidential competitively sensitive information commonly sealed in similar merger litigation. Sun Country is committed to working with the Parties should any issues arise during trial related to Sun Country's confidential information. The ten (10) documents that Sun Country requests this Court impound in part are described in **Exhibit A**.

## ARGUMENT

The public's right to access trial materials is "not unfettered," and the First Circuit instructs that the "court must carefully balance the competing interests that are at stake in the particular case" when a party requests sealing of judicial records. *Siedle* v. *Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). "Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Siedle*, 147 F.3d at 10. Courts are particularly sensitive to countervailing interests where—as here—there is a clear threat that confidential business information would be exposed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he common-law right of inspection has bowed before the power of the court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.") (internal citations omitted).

Sun Country moves to seal select parts of the documents identified in Exhibit A because they contain the type of competitively sensitive information that is "traditionally considered

private rather than public." *U.S.* v. *Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013).  As explained in the

Declaration of Rose Neale (General Counsel and Senior Vice President at Sun Country) ("Neal

Decl.") submitted herewith, Sun Country would suffer irreparable harm if the information in

these documents was publicly disclosed and thus made available both to its competitors,

potential competitors, and other third parties.  Neale Decl. ¶¶ 7–9.  The documents in Exhibit A

contain information that Sun Country protects as confidential proprietary commercial or

competitively sensitive information, the disclosure of which would likely result in serious

competitive injury to Sun Country.  As described in Exhibit A, the information Sun Country

seeks to seal includes the following: (1) Sun Country's current and future business plans; (2) Sun

Country's recent analysis of corporate strategy; (3) forward-looking financial and operational

plans; and (4) analysis of potential new markets for entry.  This information is contained in some

of Sun Country's most closely held documents, including its presentations to Sun Country's

Board of Directors and emails between Sun Country's executives discussing potential expansion.

Moreover, all of the information Sun Country seeks to seal is recent, dated between October

2021 and April 2023, and thus not outdated nor "stale."  Neale Decl. ¶ 8.

   This select information should be sealed because competitors to Sun Country—including

Defendants and other commercial airlines that would not have otherwise had access to this

highly confidential information—could use these plans to preempt Sun Country's efforts by

targeting expansion at the same place or pursue similar strategies more aggressively with the

benefit of knowing Sun Country's methods and practices.  *Williams v. Apple, Inc.*, No. 19-CV-

04700, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (information that "would provide

competitors with insight that they could use to unfairly compete" qualifies as "business

information that might harm a litigant's competitive standing").  Similarly, other third parties,

including vendors and entities with which Sun Country negotiates could also use such information to their benefit and to the detriment of Sun Country. *In re Qualcomm Litig.*, No. 3:17-cv-0108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (holding that documents "should . . . be sealed" where they provide "insight into the parties' business model and strategy" because disclosure "could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business"). As a result, courts frequently accept sealing of plans or strategy documents. *See, e.g.*, *U.S. v. IBM*, 163 F.3d 737, 739 n.3 (2d Cir. 1998) (noting in an antitrust case that "strategic planning documents [were] filed under seal"). In cases addressing sealing requests, courts in this District have recognized there is a "a legitimate and significant interest in protecting . . . sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail." *Glass Dimensions, Inc. v. State St. Corp.*, No. CV 10-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (citing *Kravetz*, 706 F.3d at 62). And there is a clear interest in limiting the "disclosure of such sensitive commercial information among competitors, particularly that of non-parties" such as Sun Country. *W.N. Motors, Inc., v. Nissan N. Am., Inc.*, 2022 WL 1568443 (D. Mass. May 18, 2022). "Third-party privacy interests . . . have been referred to as a venerable common law exception to the presumption of access and weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (internal citations and quotations omitted).

In addition to revealing proprietary aspects of Sun Country's corporate strategy, the materials include Sun Country's non-public financial plans and forecasts. Courts have routinely sealed similar types of competitively and commercially sensitive business strategy and financial information. *See, e.g., Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914, 2021 WL 5165010, at *3 (D. Mass. Nov. 5, 2021) (finding that "confidential financial information . . .

outweigh the presumption of access"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *6 (D. Ariz. 2011) (granting motion to seal business strategy information where TriQuint argued that "disclosure of this information could harm its competitive standing because competitors could then use those strategies to target certain areas of TriQuint's operations, and thus, could compete against TriQuint more effectively and significantly harm TriQuint's business").

Sun Country has taken reasonable efforts to maintain the secrecy of these documents as the information in them is sufficiently valuable and secret to afford a potential or actual advantage over others. Neale Decl. ¶ 9. Moreover, Sun Country has taken appropriate steps to protect the Sun Country Documents from disclosure during discovery by designating those materials as confidential.[1]

Further, the public has limited interest in the disclosure of the redacted portions of the Sun Country documents because such information from a non-party like Sun Country, which was not deposed in this litigation and is not expected to testify at trial, is unlikely to play a dispositive or significant role in the outcome of the litigation. The harm to Sun Country that could result if the redacted portions of the Sun Country documents were publicly disclosed thus strongly outweighs any countervailing public interest in disclosure. *See United Air Lines v. Allen*, 645 F. Supp.2d 34, 36 (D. Mass. 2009) ("Surely the public's right of access to court papers does not outweigh United's right to protect itself against negative financial repercussions").

---

[1] Each document in Exhibit A that was produced during the Department of Justice investigation was contemporaneously designated by Sun Country as "SUN COUNTRY CONFIDENTIAL" and noted to contain "highly confidential material." When producing materials under the Stipulated Protective Order and Order Governing Production of Investigation Materials (ECF 66) in Case No. 1:23-cv-10511-WGY, Sun Country designated the remaining materials in Exhibit A as "HIGHLY CONFIDENTIAL."

## **CONCLUSION**

Sun Country respectfully requests that the Court grant its Unopposed Motion to Impound.


Dated: September 29, 2023                              Respectfully submitted,

RULE GARZA HOWLEY LLP                              FOLEY HOAG LLP

                                                  */s/ Marissa F. Mugan*
Daniel J. Howley                                  Lisa C. Wood (BBO #543811)
(*Pro Hac Vice* Motion Pending)                   Marissa F. Mugan (BBO# 710141)
Taylor C. Williams                                155 Seaport Boulevard
(*Pro Hac Vice* Motion Pending)                   Boston, MA  02110
1701 Pennsylvania Ave. NW, Suite 200              Telephone: (617) 832-1000
Washington, D.C. 20006                            lwood@foleyhoag.com
Telephone: (202) 843-9280                         mmugan@foleyhoag.com
howley@rulegarza.com
williams@rulegarza.com

*Counsel for Non-Party Sun Country Airlines Holdings, Inc.*

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for non-party Sun Country conferred in good faith with all Parties before filing this motion in an attempt to resolve or narrow this issue. The Parties do not oppose Sun Country's motion.

*/s/ Marissa F. Mugan*
Marissa F. Mugan


## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 29, 2023.

*/s/ Marissa F. Mugan*
Marissa F. Mugan

.