UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JETBLUE AIRWAYS CORPORATION and ) <br> SPIRIT AIRLINES, INC., ) <br> ) <br> Defendants. ) <br> ) | No. 1:23-cv-10511-WGY |

**NON-PARTY AVELO AIRLINES, INC.'S**
**UNOPPOSED MOTION TO SEAL CONFIDENTIAL INFORMATION**

Pursuant to Local Rule 7.2 and the Joint Proposed Confidentiality Protocol (ECF No. 154), non-party Avelo Airlines, Inc. ("Avelo") respectfully moves the Court to seal confidential information contained in (i) certain documents produced by Avelo, as identified in **Exhibit A**, and (ii) certain deposition designations from the deposition of Avelo's Head of Planning and Strategy, Trevor Yealy, as identified in **Exhibits B and C**, which have been designated by Plaintiffs and Defendants (collectively, the "Parties") for potential use at trial. Avelo further requests that the materials remain impounded until further Order of the Court.

Pursuant to Local Rule 7.1 and the Joint Proposed Confidentiality Protocol (ECF No. 154), Avelo has met and conferred with the Parties regarding the relief sought in this motion. The Parties have informed Avelo that they do not oppose Avelo's motion to seal.[1]

**BACKGROUND**

---

[1] Avelo and the Parties have only met and conferred with respect to trial exhibits. The Parties have not yet responded to Avelo's proposed redactions of deposition testimony. Avelo understands that the Parties may be negotiating a separate proposed procedure for deposition designations, and Avelo reserves all rights to request relief under any such procedure that may be ordered. As a precaution, Avelo is including in this motion its request to seal portions of Avelo's deposition testimony that have been designated by the Parties for potential use at trial (*see* Exhibits B and C).

1

During discovery, non-party Avelo produced documents in response to Rule 45 subpoenas, including documents produced in response to a pre-litigation Civil Investigative Demand. In addition, the Parties deposed Avelo's Head of Strategy and Planning. Avelo's documents and deposition testimony contain competitively sensitive business information. Disclosure of that information to business competitors or customers would cause a material injury to Avelo's interests. Avelo respectfully requests that the Court protect its confidential information from public disclosure at trial.

As detailed in Exhibits A, B, and C, Avelo seeks to seal or redact only limited information containing confidential and competitively sensitive information that, if revealed, would harm Avelo's competitive standing. Where possible, Avelo has requested only redactions of portions of sensitive documents rather than the entire document. Avelo respectfully requests that its motion be granted before trial.[2]

## ARGUMENT

Recognizing that the public's right to access trial materials is "not unfettered," the First Circuit instructs that the "court must carefully balance the competing interests that are at stake in the particular case" when a party requests the sealing of judicial records. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). To overcome the presumption of public access, this Court requires a demonstration of "significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*,

---

[2] Avelo understands that the only case proceeding to trial in October is the above-captioned matter, and that the related case, *Gabriel Garavanian, et al., v. JetBlue Airways Corp. et al.*, No. 1:23-cv-10678 (the "Private Case"), does not yet have a trial date. Avelo's confidentiality designations and sealing requests apply with equal force if the same evidence is also offered in any trial of the Private Case. Should the Private Case be set for trial, Avelo reserves all rights to file a further motion to seal or request other appropriate relief.

No. 10-11571-RWZ, 2015 U.S. Dist. LEXIS 86935, at *4-5 (D. Mass. Feb. 18, 2015); *see also Siedle*, 147 F.3d at 10 (stating "countervailing interests can overwhelm the usual presumption [of public access]"). A court considering a motion to seal examines the extent to which the subject matter is "traditionally considered private rather than public." *U.S. v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013).

As a third party, Avelo's privacy interests "are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records. Third party privacy interests, in particular, have been referred to as a venerable common law exception to the presumption of access, and weigh heavily in a court's balancing equation." *Kravetz*, 706 F.3d at 62 (internal citations and quotations omitted); *see also In re Bos. Herald, Inc.*, 321 F.3d 174, 191 (1st Cir. 2003) (recognizing that the privacy interests of third parties should be afforded increased weight).

Courts deny public access to information where "court files might . . . become a vehicle for improper purposes," including "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). This Court has recognized "a legitimate and significant interest in protecting . . . sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail." *Glass Dimensions, Inc. v. State St. Corp.*, No. 10-10588-FDS, 2013 U.S. Dist. LEXIS 170190, at *4-5 (D. Mass. Dec. 3, 2013) (citing *Kravetz*, 706 F.3d at 62); *see also W.N. Motors, Inc. v. Nissan N. Am., Inc.*, No. 21-cv-11266-ADB, 2022 U.S. Dist. LEXIS 89218, at *5 (D. Mass. May 18, 2022) ("Courts have recognized the propriety of issuing protective orders to limit the disclosure of such sensitive commercial information among competitors, *particularly that of non-parties*.") (emphasis added).

Avelo moves to seal the materials identified in Exhibits A, B, and C because they contain

information that Avelo protects as confidential, proprietary, and competitively sensitive, the disclosure of which would likely result in serious competitive injury to Avelo. The categories of information that Avelo seeks to seal are described below.

**First**, Avelo moves to seal or redact confidential information related to Avelo's current and future business plans and strategy. Specifically, the parties seek to offer evidence related to key business decisions and analyses at the core of Avelo's operations, such as decisions and analyses regarding exit, entry, and/or expansion to certain airports or routes, changes to frequencies or capacity of Avelo's flights, and plans for future capital investment. For example, Avelo generates network plans that specify where, when, and how it will fly its aircraft in the future. Avelo also generates other strategic analysis documents discussing ongoing strategic initiatives, pricing, competitive reviews, marketplace assessments, capacity plans, and other long-range plans. These documents and related testimony contain detailed information about the specific strategic considerations and alternatives that Avelo examines in making business decisions. Disclosure would significantly harm Avelo's competitive standing. It would give Avelo's competitors, suppliers, customers, and/or potential partners unfair insight into Avelo's strategy. It could empower them to unfairly predict, influence, or even interfere with Avelo's business strategy and decision-making. Competitors could, for example, use the information to preempt Avelo's growth plans by targeting growth at the same place or pursuing a certain business decision more aggressively armed with the knowledge that Avelo is also pursuing it.

Courts have recognized the need to protect such competitively sensitive information from public view. *See e.g., U.S. v. IBM*, 163 F.3d 737, 739 n.3 (2d Cir. 1998) (noting in an antitrust case that "strategic planning documents [were] filed under seal"); *Glass Dimensions*, 2013 U.S. Dist. LEXIS 170190, at *4 (holding that the parties' "have a legitimate and significant interest in

protecting [their] sensitive business information"); *Skyhook Wireless*, 2015 U.S. Dist. LEXIS 86935 at *5 (stating that significant countervailing interests include protection of "trade secrets in documents or confidential business information"); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 U.S. Dist. LEXIS 114028, at *13 (N.D. Cal. June 17, 2021) (information that "would provide competitors with insight that they could use to unfairly compete" qualifies as "business information that might harm a litigant's competitive standing" and granting request to seal business plans and trade secrets); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 U.S. Dist. LEXIS 185481, at *10 (S.D. Cal. Nov. 8, 2017) (holding that documents "should . . . be sealed" where they provide "insight into the parties' business model and strategy" because disclosure "could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business").

Avelo's plans and strategy documents also reflect investment of substantial time and resources to identify strategies and plans for growth. Thus, the information is proprietary, and disclosure would unfairly advantage competitors against Avelo. *See, e.g.*, *Bauer Bros. LLC v. Nike, Inc.*, No. 09-cv-00500-WQH-BGS, 2012 U.S. Dist. LEXIS 72862, at *6 (S.D. Cal. May 24, 2012) ("[P]ublic disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development."); *Morawski v. Lightstorm Ent., Inc.*, No. 11-cv-10294 MMM (JCGx), 2013 U.S. Dist. LEXIS 208103, at *4-5 (C.D. Cal. Jan. 14, 2013) (sealing "proprietary business information and prospective business plans" because public disclosure "could harm the defendants' competitive standing").

**Second**, Avelo also seeks protection of its confidential financial and booking data. Exhibit A specifies documents that contain detailed confidential booking, pricing, and other financial data that Avelo uses in connection with its business decisions. Disclosure would significantly harm Avelo's competitive standing by providing its competitors insight into its past operations, current condition, and future plans. Access to this information would offer competitors a roadmap of Avelo's decision-making processes and deliberations, and would grant competitors the ability to assess Avelo's performance at airports and then adjust their own strategies with respect to certain airports or routes.

Courts routinely protect this type of sensitive financial information, finding it sufficient to overcome the usual presumption of public access. *See, e.g.*, *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2021 WL 5165010, at *3 (D. Mass. Nov. 5, 2021) (finding that "confidential financial information . . . outweighs the presumption of access"); *Maine v. Zealandia Holding Co., Inc*., No. 1:13-CV-00471-JAW, 2014 WL 12726291, at *1 (D. Me. Jan. 31, 2014) (holding that "the public's right [of access to records] is not absolute. Here, the privacy interest in non-disclosure is a party's financial records, the disclosure of which could cause the party to suffer a competitive disadvantage."); *Trapp v. SunTrust Bank*, No. 1:15-CV-937, 2016 U.S. Dist. LEXIS 159862, at *5 (M.D.N.C. Nov. 18, 2016) ("The court may seal . . . confidential and proprietary commercial information such as highly sensitive financial and business information.") (internal quotations and citations omitted).

As reflected in Exhibit A, Avelo has proposed sealing or redacting only non-public financial information such as booking data, profit margins, revenues from specific sources, fare projections, and projections of future budgets, which are the most competitively sensitive. Avelo's limited requests for sealing and redactions have been carefully calibrated to preserve the public's

interest in disclosure while reducing the risk of competitive and commercial harm to non-party Avelo.

## **CONCLUSION**

For the reasons stated above, non-party Avelo respectfully requests that this Court grant its motion to seal.

Dated: September 29, 2023                  Respectfully submitted,

*/s/ Kaitlin Thompson*
Kaitlin Thompson (BBO #706745)
**Baker McKenzie LLP**
452 Fifth Avenue
New York, New York 10018
kaitlin.thompson@bakermckenzie.com
Tel: (212) 626-4100
Fax: (212) 310-1600

Mark H. Hamer (admitted *pro hac vice*)
Kristen E. Lloyd (admitted *pro hac vice*)
**Baker McKenzie LLP**
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
mark.hamer@bakermckenzie.com
kristen.lloyd@bakermckenzie.com
Tel: (202) 835-6289
Fax: (202) 416-7297

*Counsel for Non-Party Avelo Airlines, Inc.*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Avelo discussed with counsel for both Plaintiffs and Defendants Avelo's concerns about its confidential information being made public, and that no Party objects to this motion.

*/s/ Kristen Lloyd*
Kristen Lloyd

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, a true and correct copy of the foregoing document was served by CM/ECF on all counsel of record using the Court's electronic filing system.

*/s/ Kaitlin Thompson*
Kaitlin Thompson