UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, *et al.*, | |
|---|---|
| *Plaintiffs*, | Civil Action No. 1:23-CV-10511-WGY |
| v. | |
| JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., | |
| *Defendants*. | |

MOTION TO IMPOUND CONFIDENTIAL
MATERIALS OF THE U.S. GENERAL SERVICES ADMINISTRATION AT TRIAL

The United States General Services Administration respectfully moves the Court pursuant to Local Rule 7.2 and the Stipulated Protective Order (ECF No. 97) to impound highly confidential information in the materials produced by the U.S. General Services Administration ("GSA"), which is contained in the following exhibits that the parties may introduce at trial:

| Exhibit number | Bates number | Description |
|---|---|---|
| DX0055 | GSA-AAB6-00002845 | GSA spreadsheet – airlines' bidding data FY2021 (sealed) |
| DX0056 | GSA-AAB6-00005040 | GSA spreadsheet – airlines' bidding data FY2022 (sealed) |
| DX0057 | GSA-AAB6-00005057 | GSA spreadsheet – airlines' bidding data FY2020 (sealed) |
| DX0779 | GSA-B6NK-00000216-254 | GSA presentation – City Pair Program FY22 Contract Pre-Award Briefing |
| DX0780 | GSA-B6NK-00000255-284 | GSA presentation – City Pair Program FY23 Contract Pre-Award Briefing |

As explained further in the accompanying Declaration of Mary Gartland, Director of the GSA City Pair Program ("CPP"), these documents contain and discuss highly confidential bid information submitted to GSA as part of the CPP, which GSA and participating airlines protect as highly confidential, commercially sensitive information, and which is protected from disclosure by federal law. Pursuant to Local Rule 7.1, counsel for GSA has met and conferred with Defendants regarding the relief sought in this motion. Defendants do not oppose this motion.

## ARGUMENT

A party moving to seal or impound court records must overcome the presumption that the public has a right to see and copy "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). "That presumption, so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know, cannot be easily overcome." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412–13 (1st Cir. 1987). In deciding such a motion, courts weigh the public's right of access against the parties' competing interests in confidentiality. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 13 (1st Cir. 2002). "To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*, Case No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015); *see also United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (stating that a court considering a motion to seal examines the extent to which the subject matter is "traditionally considered private rather than public").

The CPP is a program GSA administers to provide discounted scheduled commercial air passenger transportation services to federal government travelers. Gartland Decl. ¶ 2. CPP contracts are awarded to airlines that participate in the program on a route-by-route basis, through a competitive bidding process. *Id*. GSA treats the airlines' bidding submissions as highly confidential, pursuant to federal law. *Id*. at ¶ 4. The Federal Acquisition Regulation ("FAR"), 48 C.F.R. 1.000 *et seq.*, which is the primary regulation governing executive agencies' acquisition of supplies and services with appropriated funds, requires GSA to protect airlines' bidding information from disclosure. *See* 41 U.S.C. § 3505(b) (stating the FAR shall include "[a] statement that any information received relating to commercial products or commercial services that is exempt from disclosure under [the Freedom of Information Act ("FOIA")] shall not be disclosed by the Federal Government"); 48 C.F.R. §§ 5.401, 24.202 (FAR provisions forbidding agencies from disclosing information "requiring protection under [FOIA]"); 5 U.S.C. § 552(b)(4) (FOIA Exemption 4) (exempting from FOIA disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential"); *see also 9 to 5 Org. for Women Office Workers v. Board of Governors of the Fed. Reserve Sys.*, 721 F.2d 1, 11 (1st Cir. 1983) ("[I]t would do violence to the statutory purpose of [FOIA] exemption 4 were the Government to be disadvantaged by disclosing information which serves a valuable purpose and is useful for the effective execution of its statutory responsibilities.").

The General Services Acquisition Manual ("GSAM"), in which GSA implements and supplements the provisions of FAR, expressly limits the categories of persons who may access contractor bid or proposal information and source selection information to individuals who must access it in order to accomplish their responsibilities in a procurement action, including client agency representatives, contracting personnel, and personnel serving on source selection

evaluation boards. *See* GSAM § 503.104-4, *available at* https://www.acquisition.gov/gsam/503.104-4. GSA is obligated to, and does, provide physical security for bidding information, and maintains strict control over oral communications about bids in the CPP. *See* GSAM § 503.104-4(b). Violations of this confidentiality obligation may be reported to the Inspector General of the GSA for appropriate action. *Id.* § 503.104-7(b).

The first three exhibits in the chart above, DX0055-57, are spreadsheets reflecting the dollar amounts of bids from airlines participating in the CPP for fiscal years 2020 through 2022. This information is "contractor bid or proposal information" that is highly confidential under applicable law and guidance, which GSA protects from disclosure in the ordinary course of business. Gartland Decl. ¶ 4. GSA requests these spreadsheets be sealed in their entirety. The final two exhibits, DX0779 and DX0780, are powerpoint presentations reflecting GSA's confidential process for analyzing fares in the CPP and analyzing potential savings GSA could achieve. Release of this information would undermine GSA's process for evaluating bids, and undermine GSA's ability to achieve cost savings for taxpayers. *Id.* ¶ 5. GSA has proposed DX0779 and DX0780 be partially redacted. Defendants have not objected to GSA's confidentiality designations of these documents.

## CONCLUSION

For the foregoing reasons, GSA respectfully requests that the Court issue an order of impoundment protecting the highly confidential information described herein from public disclosure at trial. GSA further requests that the sealed documents remain impounded until further order of the Court.

\*   \*   \*   \*   \*

Dated: September 29, 2023                    Respectfully submitted,

/s/ Craig L. Briskin

Craig L. Briskin
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: (202) 704-4741
Fax: (202) 307-5802
Email: craig.briskin@usdoj.gov

*Attorney for the General Services Administration*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants on September 28, 2023. Defendants do not oppose this motion.

> */s/ Craig L. Briskin*
> Craig L. Briskin
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street NW
> Washington, DC 20530
> Phone: (202) 704-4741
> Email: craig.briskin@usdoj.gov
>
> *Attorney for the General Services Administration*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> */s/ Craig L. Briskin*
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street NW
> Washington, DC 20530
>
> Phone: (202) 704-4741
> Email: craig.briskin@usdoj.gov
>
> *Attorney for the General Services Administration*