UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No. 1:23-CV-10511-WGY |

**DECLARATION OF MARY GARTLAND IN SUPPORT OF MOTION TO IMPOUND DOCUMENTS PRODUCED BY THE U.S. GENERAL SERVICES ADMINISTRATION**

I, Mary Gartland, make the following declaration under 28 U.S.C. § 1746.

1.     My name is Mary Gartland. I am over 18 years of age. I am currently employed as the Director of the City Pair Program of the U.S. General Services Administration ("GSA"). I am familiar with the manner in which GSA administers the GSA City Pair Program ("CPP"). I am competent to testify. The facts stated below are true and correct and are within my personal knowledge. I understand that this declaration will be submitted in support of a motion to impound the following documents that GSA produced in this litigation (see table below), and the parties may seek to introduce as exhibits at trial in the above-captioned matter.

2.     GSA is authorized to administer the CPP pursuant to the Federal Property and Administrative Services Act of 1949, as amended, 40 U.S.C. § 501 *et seq.* GSA developed CPP to provide discounted scheduled commercial air passenger transportation services to federal government travelers. It has expanded since its creation in 1980 to offer fares in over 13,391 markets in fiscal year 2024. Contracts are awarded on a line item-by-line item (informally

1

referred to as route-by-route) basis to certificated U.S. flag air carriers that participate in the program through a competitive bidding process. As a result of this process, CPP fares are around 53% lower than comparable consumer fully refundable fares. CPP anticipates saving taxpayers an estimated $2.42 billion in fiscal year 2024 alone.

3.      If airlines' bidding information were made publicly available, it would undermine the CPP's ability to administer a fair, competitive bidding process on behalf of government travelers. Allowing airlines, including Defendants, to learn what other airlines have bid would hinder GSA's ability to receive the best possible bids in the future. Airlines could use the data to reduce the discounts offered under future bidding cycles, without losing the award to the next-most competitive bid. This would harm GSA's ability to secure the best savings for the City Pair Program.

## GSA Documents

| Exhibit number | Bates # | Description |
|---|---|---|
| **Documents Redacted in Entirety** | | |
| DX0055 | GSA-AAB6-00002845 | GSA spreadsheet – airlines' bidding data FY2021 |
| DX0056 | GSA-AAB6-00005040 | GSA spreadsheet – airlines' bidding data FY2022 |
| DX0057 | GSA-AAB6-00005057 | GSA spreadsheet – airlines' bidding data FY2020 |
| **Documents Redacted in Part** | | |
| DX0779 | GSA-B6NK-00000216-254 | GSA presentation – City Pair Program FY22 Contract Pre-Award Briefing |

| DX0780 | GSA-B6NK-00000255-284 | GSA presentation – City Pair Program FY23 Contract Pre-Award Briefing |
|--------|------------------------|------------------------------------------------------------------------|

4.      The first three exhibits on this list, DX0055-57, are spreadsheets reflecting the

airlines' bids in the City Pair Program. As I explained above, all of this information is highly

confidential under applicable law and guidance, and which GSA protects from public disclosure

in the ordinary course of business as its release would be damaging to the competitive bidding

process and the future of the program. *See* 41 U.S.C. § 3505(b) (stating that the Federal

Acquisition Regulation ("FAR") shall include "[a] statement that any information received

relating to commercial products or commercial services that is exempt from disclosure under

[FOIA] shall not be disclosed by the Federal Government"); 48 C.F.R. §§ 5.401, 24.202 (FAR

provisions forbidding agencies from disclosing information "requiring protection under Freedom

of Information Act" from disclosure); 5 U.S.C. § 552(b)(4) (FOIA Exemption 4) (FOIA

disclosure requirement "does not apply to matters that are . . . trade secrets and commercial or

financial information obtained from a person and privileged or confidential[.]").

5.      The final two exhibits on this list, DX0779 and DX0780, are internal

presentations and analysis of CPP data. We have proposed redactions to the presentation, which

reflects GSA's confidential process for analyzing fares in the CPP. GSA would be severely

harmed by the release of this information for the same reasons that it would be harmed if the

competitive bids themselves were released. The proposed redactions reflect confidential bid and

source selection information, which GSA protects from disclosure in the ordinary course of

business.

6.      GSA has always taken great care to ensure that participants' competitive bidding information, as well as GSA's internal source selection process that leads to savings within the City Pair Program, remain strictly confidential.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 27, 2023.

MARY GARTLAND

Digitally signed by MARY GARTLAND
Date: 2023.09.27 16:46:55 -04'00'