IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> Defendants. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> Defendants. | Case No. 1:23-cv-10678-WGY |

**NON-PARTY MASSACHUSETTS PORT AUTHORITY'S MOTION TO SEAL CONFIDENTIAL MATERIALS**

Pursuant to Local Rule 7.2, the Stipulated Joint Protective Order in the above-captioned actions, and the Joint Proposed Confidentiality Protocols in the above-captioned actions, non-party Massachusetts Port Authority ("Massport") hereby moves that the Court enter an order placing under seal certain documents produced by Massport in response to Fed. R. Civ. P. 45 subpoenas—MP_2656, MP_2797-2850, MP_2981-2990, and MP_8850. Each of these documents has been identified as a potential trial exhibit by at least one party. The information that Massport seeks to redact from the public view from these four documents is highly confidential information provided by airlines to Massport representatives that, if disclosed, could

harm competition in the industry at large and threaten the open dialogue between airlines and airports about future plans.  In support of this motion, Massport states as follows:

1.       The information that Massport seeks to redact from the public view from these four documents is information that reflects "competitively sensitive current or forward-looking information that could harm a party's competitive standing (and for which the interest in protection outweighs the public right of access)."  Joint Proposed Confidentiality Protocol (ECF 154), ¶ 2.

2.       The document Bates-stamped MP_2797-2850 is an email from Matthew Hatfield, a Massport employee, and various attachments to that email.  The information that Massport seeks to seal in that email and attachments consists of information provided by several airlines at the Routes America Conference in February 2022.  During that conference, airport representatives have the opportunity to meet with representatives of airlines and other airports to candidly discuss their outlook and tentative plans and goals for the future.  Mr. Hatfield met with 29 airlines individually as well as airports, and took notes regarding those meetings.

3.       The document Bates-stamped MP_2981-2990 is an internal Massport slide deck.  Massport seeks to seal information on the third page of that slide deck, concerning airlines' future plans at Logan Airport, that was taken from the notes described in Paragraph 2, above.

4.       The document Bates-stamped MP_2656 is an email from Mr. Hatfield to other Massport employees concerning a telephone call with Frontier Airlines about its future plans at Logan Airport.

5.       The PowerPoint document Bates-stamped MP_8850 is an internal Massport slide deck containing projections for terminal recovery.  Massport seeks to seal information in the

slide deck taken from conversations with airlines about their future plans, many of which extend into 2023 and beyond.

6. Massport seeks to have information containing airlines' future-looking plans sealed from public disclosure because this is highly sensitive information that goes directly to competition between airlines. Mr. Hatfield's discussions at Routes America included information about what airlines plan to do in particular markets, their thoughts on future marketplaces, the frequency of certain routes, and other information that is not shared with other airlines. This information is provided to airports in a confidential setting, is not final and is subject to change, and in some instances must be approved by the Department of Transportation before being implemented. It is also hearsay. If this information is provided publicly, airlines would have direct knowledge about the confidential, perhaps proprietary and tentative business plans of other airlines, which could have a direct (and negative) impact on competition. *See In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) ("In *Nixon*, the U.S. Supreme Court established that 'the right to inspect and copy judicial records is not absolute,' and, in particular, 'the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Submitting this information under seal "will avoid the serious competitive injury that dissemination would more than likely entail." *Glass Dimensions, Inc. v. State Street Corp.*, 2013 WL 6280085, at *1 (Dec. 3, 2013).[1]

---

[1] In addition, if this information is provided publicly, it may chill airlines' desire to share information with airports, which would negatively impact airport sponsors' abilities to implement capital programming and other logistical plans at the airport to accommodate future growth.

7.  With respect to the referenced documents, if Massport received a request for this information under the Massachusetts Public Records Law, M.G.L. c. 66, § 10, it would withhold such documents from disclosure.

WHEREFORE, Massport respectfully requests that this Court grant its motion to seal confidential materials.

Respectfully submitted,

MASSACHUSETTS PORT AUTHORITY,

By its attorney,

/s/ Christina S. Marshall
Christina S. Marshall (BBO # 688348)
ANDERSON & KREIGER, LLP
50 Milk Street, 21st Floor
Boston, Massachusetts 02109
(617) 621-6500
cmarshall@andersonkreiger.com

September 29, 2023

## LOCAL RULE 7.1 CERTIFICATION

I, Christina S. Marshall, hereby certify that counsel for the Massachusetts Port Authority met and conferred with counsel for the Private Plaintiffs and the United States of America, and that neither the Private Plaintiffs nor the United States of America oppose this motion. I attempted to confer with counsel for JetBlue but have not received a response.

/s/ Christina S. Marshall
Christina S. Marshall

## CERTIFICATION OF SERVICE

I, Christina S. Marshall, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 29, 2023.

/s/ Christina S. Marshall
Christina S. Marshall