**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>Defendants. | Civil Action No.: 23-cv-10511-WGY |

**TRANSPORT WORKERS UNION, LOCAL 570, AFL-CIO'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' POSITION**

The Transport Workers Union, Local 570, AFL-CIO ("TWU Local 570"), by and through undersigned counsel, respectfully request leave of this Court to submit the attached brief *amicus curiae* in support of Plaintiffs' Position to block the proposed merger of Defendants JetBlue Airways Corporation ("JetBlue") and Spirit Airlines, Inc. ("Spirit.").

TWU Local 570 is a the legally certified bargaining agent for aviation workers at airports throughout the country, including several hundred Guest Service Agents who work as gate agents for Spirit at Fort Lauderdale-Hollywood International Airport. This case will have critical and potentially severe impacts on these workers and their families within what will be a more concentrated airline industry if the merger is allowed to proceed. The employees are among the most vulnerable, and just like airline consumers, they stand to lose from this merger. With this interest in mind, TWU Local 570 seeks to file the attached brief to provide insight regarding the the labor market that cannot be forgotten in this Court's analysis of the anti-competitive effects

of the merger.

Although the local rules do not address the issue of amicus curiae briefs, federal district "courts have inherent authority and discretion to appoint amici." B*oston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). *See, e.g.*, *Boston Gas Co. v. Century Indem. Co.*, No. 02–12062–RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) ("[Federal district] courts have inherent authority and discretion to appoint amici."); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved. . . ."); *see also Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . ."); *Portland Pipe Line Corp. v. City of S. Portland*, No. 2:15-cv-00054-JAW, 2017 WL 79948, at *6 (D. Me. Jan. 9, 2017) (granting motions for leave to file amicus briefs and giving plaintiff and defendant opportunity to respond "within two weeks of the date of this order"); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) ("The role of an *amicus curiae*, meaning friend of the court, is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.") (citation and internal quotation marks omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015).[1] *Amicus Curiae* respectfully requests that this Court exercise its broad discretion to accept the attached brief, which provides

[1] In accordance with Local Rule 7.1(a)(2), the amicus has sought consent from all parties regarding the filing of the brief, but has not yet obtained a position on consent.

an analysis of labor considerations under the antitrust law, as well as economic theories and evidence.

No party's counsel authored the attached *amicus curiae* brief in whole or in part. No party or party's counsel, and no person other than *Amicus Curiae*, its members, or its counsel, contributed money intended to fund preparing or submitting the brief.

WHEREFORE, the proposed *Amicus Curiae* respectfully request that this Court grant leave to file the attached brief *amicus curiae*.

Respectfully submitted,

*Amicus Curiae*

By their attorneys,

By: */s/ Kathleen M. Phillips*
Kathleen M. Phillips, Esquire
Florida Bar No. 28773
Holly E. Oliva-Van Horsten, Esq.
Florida Bar No. 57791
PHILLIPS, RICHARD & RIND, P.A.
9360 SW 72 Street, Suite 283
Miami, Florida 33173
Telephone: (305) 412-8322
Facsimile: (305) 412-8299
Email: kphillips@phillipsrichard.com
Email: holly@phillipsrichard.com
Attorneys for Transport Workers Union Local 570

By: */s/ Peter J. Perroni*
Peter J. Perroni, Esquire
(BBO No. 634716)
Nolan/Perroni, PC
73 Princeton Street
North Chelmsford, MA 01863
Telephone: 978-454-3800
Email: peter@nolanperroni.com

Dated: October 5, 2023

**CERTIFICATE OF SERVICE**

I, Peter J. Perroni, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on October 5, 2023.

*/s/ Peter J. Perroni*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, Kathleen M. Phillips, hereby certify that I have attempted in good faith to confer to resolve or narrow the issue with counsel for Plaintiff and counsel for Defendants, but I have not obtained a position on consent.

*/s/ Kathleen M. Phillips*