UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.,* ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> JETBLUE AIRWAYS CORPORATION and ) <br> SPIRIT AIRLINES, INC., ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 1:23-cv-10511-WGY |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION TO SEAL CERTAIN TRIAL EXHIBITS AND FOR LIMITED CLOSING OF COURTROOM TO PUBLIC DURING TRIAL**

Defendants JetBlue Airways Corporation ("JetBlue") and Spirit Airlines, Inc. ("Spirit") (collectively, "Defendants") respectfully move the Court under Local Rule 7.2 and the Joint Confidentiality Protocol for Party Documents (Dkt. No. 166) (the "Joint Confidentiality Protocol")[1] to seal in their entirety certain highly sensitive trial exhibits relating to Defendants' future, post-merger network plans, as listed in Appendix D (collectively, the "Combined Network Plan Documents").[2] In addition, due to the highly sensitive nature of these documents and the future plans contained therein, Defendants respectfully request that the Court order that any

---

[1] Approved by the Court via electronic order on September 12, 2023 (Dkt. No. 187).

[2] The documents identified in Appendix D have been extensively discussed by the parties pursuant to the Joint Confidentiality Protocol. In addition to those documents, there are additional documents and versions of documents on the parties' exhibit lists that are part of the "Combined Network Plan" that have not yet been discussed by the parties (because they were not subject to review under the Joint Confidentiality Protocol). To the extent the parties determine that any additional document that is part of the Combined Network Plan is likely to be used at trial, Defendants will seek additional relief from the Court.

1

witness examination likely to elicit the contents of the Combined Network Plan Documents be held in a closed session.  Finally, Defendants also request that counsel be prohibited from publicly disclosing the contents of the Combined Network Plan Documents at trial, including during opening or closing arguments, except with respect to the limited, high-level information that was already made public in the parties' pre-trial briefs.

Defendants do not make these requests lightly.  Defendants are constrained to seek sealing of the Combined Network Plan Documents in their entirety and to prevent public testimony or attorney argument disclosing the contents of those documents in order to prevent significant competitive harm that would occur if JetBlue's future, post-merger network plans were made known to its competitors.

Plaintiffs have indicated that they will file an opposition to this motion.

## DISCUSSION

**I.      The Combined Network Plan Is Competitively Sensitive and Sealing Is Warranted**

The Combined Network Plan Documents contain the forward-looking blueprints for the post-merger combined airline.  As articulated in Defendants' initial Motion to Seal (Dkt. No. 293), the Combined Network Plan is among ***the most competitively sensitive*** information at JetBlue. While Defendants recognize the strong public interest in making trial exhibits and testimony available to the public, the presumption of public access is outweighed by the irreparable harm that would occur if the Combined Network Plan Documents were disclosed publicly.

The public right of access to judicial records is favored but is "not absolute."  *FTC v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 407 (1st Cir. 1987).  In appropriate cases, "important countervailing interests can . . . overwhelm the usual presumption."  *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998).  Here, as in all merger challenges under the Clayton Act, the evidence will necessarily include competitively sensitive party and non-party evidence concerning

future business plans and the future competitive environment.  Declaration of Laura E. Rodgers, Director, Regulatory & Litigation Counsel, JetBlue Airways Corporation; *see United States v. Baker Hughes Inc.*, 908 F.2d 981, 991 (D.C. Cir. 1990) (an analysis under Section 7 of the Clayton Act requires "predicting future competitive conditions in a given market").  Courts presiding over merger challenges and other antitrust matters involving future business plans have routinely sealed documents in cases where disclosure would likely cause competitive harm.  *See, e.g.*, *United States v. Sabre Corp.*, 452 F. Supp. 3d 97, 149 (D. Del. 2020), *vacated on other grounds*, No. 20-1767, 2020 WL 4915824 (3d Cir. July 20, 2020) ("The issue often emerges in trials of government challenges to a proposed merger based on antitrust concerns, during which witnesses almost inevitably discuss sensitive business information such as prices, forward-looking strategy, and analyses of competitive conditions"); *F.T.C. v. OSF Healthcare Sys.*, No. 11-cv-50344, 2012 WL 1144620, at *10-11 (N.D. Ill. Apr. 5, 2012) (sealing documents discussing "future opportunities," "budgeting and forecasting information," "confidential discussions regarding … market assessments," "post-affiliation strategic plans," and "discussions of future goals and strategies"); *United States v. Bertelsmann SE & Co. KGaA, et al.*, No. 1:21-cv-2886 (D.D.C.) (minute order granting motion to permanently seal certain trial exhibits containing "forward-looking business strategies. . . and business projections").

   The Combined Network Plan Documents contain the post-merger airline's future growth plans, including the new non-stop routes that would be offered and the specific cities and regions where the combined entity plans to expand service.  *See* Rodgers Decl. at ¶ 4.  It is thus exactly the type of forward-looking information that is appropriate for sealing in its entirety.[3]  *See*

---

[3] Defendants anticipate that Plaintiffs will argue in their opposition that the Combined Network Plan Documents, while competitively sensitive, can be redacted and need not be sealed in their entirety.  Defendants respectfully disagree.  JetBlue has carefully considered the possibility of

*Morawski v. Lightstorm Ent., Inc.*, No. 11-CV-10294, 2013 WL12122289, at *2 (C.D. Cal. Jan. 14, 2013) (sealing documents containing proprietary information regarding "methodology and prospective projects" where "public disclosure of the contents could harm defendants' competitive standing"). Public disclosure of the Combined Network Plan Documents would enable JetBlue's competitors to obtain highly competitively sensitive information about where, when, and how the combined entity will fly in the future. Disclosure of this information would undermine the benefits of the transaction, as JetBlue's competitors would be equipped with key information they can leverage to unfairly compete, such as targeting growth or impeding entry in the very places JetBlue seeks to grow. The need to prevent this type of competitive harm outweighs the public's right to access the contents of the Combined Network Plan Documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("access has been denied where court files might have become a vehicle for improper purposes," including to harm a litigant's competitive standing); *see also Glass Dimensions, Inc. v. State St. Corp.*, No. CV 10-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (recognizing a "legitimate and significant interest in protecting . . . sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail").

Defendants respectfully request that the Court seal in their entirety the Combined Network Plan Documents.

---

creating a redacted document for public display, but the extent of redactions required would be so significant as to render the public document completely uninformative. In addition, for the small amount of information that would not require redaction (*e.g.*, a very high-level description of the purpose of the transaction), such information can be located in other documents that are or will be part of the public record, including for example Defendants' pre-trial brief. *See, e.g.,* Defendants' Pretrial Brief at 19-21, Dkt. No. 290.

## II. Examinations Disclosing the Content of the Combined Network Plan Should Be Conducted in Closed Session to Safeguard JetBlue's Future Plans

To prevent the disclosure of JetBlue's future network plans during trial, Defendants request that any examination likely to elicit the contents of the Combined Network Plan Documents be conducted in a closed courtroom, accessible only to the Court, its staff, and the parties.

Defendants understand that closing the courtroom is an extraordinary procedure, but limited closures are not uncommon in antitrust matters and are typical in merger challenge litigation. *See, e.g., Sabre*., 452 F. Supp. 3d at 149 (DOJ merger challenge) (closing courtroom "to protect competitively sensitive information, such as forward-looking business analyses, commercial agreements and strategic plans" and citing numerous antitrust cases brought by the Federal Trade Commission where courts held closed sessions); Pretrial Conf. Tr. 83:1-85:17, ECF No. 123, *United States v. Assa Abloy AB, Spectrum Brands Holdings, Inc*., 1:22-cv-2791 (D.D.C.) (DOJ merger challenge) (court permitting the closure of the courtroom for limited sessions of confidential questioning); Administrative Law Judge's Order on Complaint Counsel's Motion for In Camera Treatment, *In the Matter of Illumina, Inc., and GRAIL, Inc.*, FTC Docket No. 9401 (Aug. 19, 2021) (FTC merger challenge) (granting the government's motion to keep several trial exhibits sealed from public disclosure); *United States v. Bertelsmann SE & Co. KGaA, et al.*, 1:21-cv-2886 (D.D.C.) (DOJ merger challenge) (court allowed parties to bifurcate witness examination into public and confidential portions"); Pretrial Conf. Tr. 12:3-16:8, ECF No. 175, *United States v. United States Sugar Corp., United Sugars Corp.*, 1:21-cv-01644 (D. Del.) (DOJ merger challenge) (court permitting closure of courtroom for a "minimal amount of time"); *United States v. AT&T Inc.,* 310 F. Supp. 3d 161, 188 n.15 (D.D.C. 2018), *aff'd sub nom. United States v. AT&T, Inc.,* 916 F.3d 1029 (D.C. Cir. 2019) (DOJ merger challenge)

(holding closed sessions when parties made a "factual proffer necessary to close the courtroom"); Pretrial Conf. Tr. at 10:17-15:4, ECF No. 352, *State of New York, et al. v. Deutsche Telekom AG, et al.*, No. 1:19-cv-05434 (S.D.N.Y.) (states Attorney General merger challenge under Clayton Act) (parties described "limited circumstances" where closing the courtroom may be necessary in order to "protect . . . sensitive information"); Final Pretrial Order at p. 5-6, ECF No. 256, *FTC, et al. v. Staples, Inc., et al.*, 1:15-cv-02115 (D.D.C.) (FTC merger challenge) (permitting closure of courtroom for confidential testimony); Pretrial Conf. Tr. at 60:21-61:6, ECF No. 332, *United States, et al. v. Anthem, Inc., et al.*, No 1:16-cv-01493 (D.D.C.) (DOJ merger challenge) (noting that any confidential direct and cross examination, which would require closing the courtroom, should conducted consecutively); Final Pretrial Order at p. 4, ECF No. 263, *United States v. AB Electrolux, et al.*, 1:15-cv-1039 (D.D.C.) (DOJ merger challenge) (permitting closure of courtroom for confidential testimony).

      Defendants understand from the parties' meet-and-confers that Plaintiffs will argue in their opposition that closing the courtroom should not be allowed here because it was not requested by the parties or ordered by Judge Sorokin in a different case involving JetBlue. *United States v. Am. Airlines Grp. Inc.*, No. CV 21-11558-LTS (D. Mass.) (the "Northeast Alliance Litigation").  Simply put, the Northeast Alliance Litigation was not a merger challenge under the Clayton Act, and the business venture at issue in that case had already been implemented at the time of trial and was already public.  That is not the case here.  The Combined Network Plan Documents are among the most competitively sensitive documents at JetBlue and their public disclosure would cause serious and irreparable competitive harm.  *See* Rodgers Decl. ¶ 5.

As has been done in other merger challenge litigations, Defendants expect that—once the Court grants this motion—the parties will work together cooperatively to identify which witnesses are most likely to require a closed session and will be able to structure examinations of such witnesses to minimize the time that any witness is required to be in closed session.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court (a) seal the exhibits in Appendix D in their entirety, (b) order that any examination likely to elicit the contents of the Combined Network Plan Documents be held in a closed session, and (c) prohibit counsel from publicly disclosing the contents of the Combined Network Plan Documents at trial, including during opening or closing arguments, except with respect to the limited, high-level information that was already made public in the parties' pre-trial briefs.

Dated: October 25, 2023

Respectfully submitted,

*/s/ Michael P. Mitchell*
Michael P. Mitchell (admitted *pro hac vice*)
Brian Hauser
Shearman & Sterling LLP
401 9th St. NW
Suite 800
Washington, DC 20004
(202) 508-8000
michael.mitchell@shearman.com
brian.hauser@shearman.com

Jessica K. Delbaum
Leila R. Siddiky
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Rachel Mossman Zieminski
Shearman & Sterling LLP

2601 Olive St, 17th Floor
Dallas, TX 75201
(214) 271-5777
Rachel.Zieminski@Shearman.com

Ryan A. Shores
Daniel P. Culley
David I Gelfand
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1876
Fax: (202) 974-1999
rshores@cgsh.com
dculley@cgsh.com
dgelfand@cgsh.com

Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Zachary Sisko (MA BBO #705883)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

*Attorneys for Defendant JetBlue Airways Corporation*

/s/ Samuel N. Rudman
Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place

8

Boston, MA  02110
Telephone:   +1 617 248 4034
srudman@choate.com

/s/ Andrew C. Finch
Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on multiple occasions, Defendants met and conferred in good faith with counsel for Plaintiffs to resolve issues related to the confidentiality of the parties' trial exhibits contemplated under the Joint Confidentiality Protocol.

*/s/ Leila R. Siddiky*
Leila R. Siddiky

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on October 25, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Leila R. Siddiky*
Leila R. Siddiky