IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Case No. 1:23-cv-10511-WGY |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO SEAL CERTAIN TRIAL EXHIBITS AND FOR
LIMITED CLOSING OF COURTOOM TO PUBLIC DURING TRIAL**

The two exhibits (DX and DY) listed in Appendix D to Defendants' Motion to Seal (the "Motion"), ECF No. 310 through 312, which are PowerPoint presentations created by JetBlue for the purposes of this litigation, should not be sealed in their entirety. Nor should the Courtroom be closed during discussion of those exhibits. Defendants cannot overcome the strong presumption of public access. *First*, many portions of these exhibits are sufficiently general that no competitor could plausibly use them to JetBlue's detriment; accordingly, they simply do not qualify as competitively sensitive. *Second*, even if those portions were considered competitively sensitive, that claim is outweighed by the public's right to access. As the Court has noted, the trial of this case implicates a matter of great public concern and impact; as a result, the need to ensure the public's access to this trial is strong.

Instead of complete sealing, the exhibits at issue should be narrowly redacted. Defendants rejected Plaintiffs' repeated good-faith offers to redact both documents at issue to protect any competitively sensitive, forward-looking information. They have also rejected

1

Plaintiffs' offers to conduct the pertinent trial examinations in public view while not revealing any information that could harm Defendants' competitive standing.[1]

The Court should deny Defendants' unwarranted attempt to shield from public view highly probative evidence that is at the core of the issues to be tried—*i.e.*, JetBlue documents that purportedly describe its plans for the combined firm's network, and also the ways this plan would earn JetBlue additional revenues.

## LEGAL STANDARDS

There is a "common law presumption that the public ought to have access to judicial records," meaning materials that "properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408, 412-13 (1st Cir. 1987). This presumption is "strong and sturdy," *id*. at 410, and "cannot be easily overcome," *id*. at 413. It imposes a "heavy burden" on a party seeking to overcome it because public access to judicial records is "basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know." *Id*. at 413; *see also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 178 n.4 (D. Mass. 2013) (Court's "moral authority arises in significant measure from the fact that judicial choice, at its best, is reasoned choice candidly explained") (Young, J.).

In this case, the burden of overcoming the presumption of public access is especially high for two reasons. First, the presumption of public access is at its zenith, and "the burden to overcome it the highest," for "documents introduced at trial." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass 2015) (citing *Poliquin*, 989 F.2d at 533).

---

[1] For a second time Defendants sought an order to seal critical evidence in this case by filing a motion that did not disclose to the court Plaintiffs' express opposition, resulting in two orders to seal before Plaintiffs had a chance to respond. *See* ECF Nos. 291, 293, 294, 310, 315.

Second, the movant's burden is further "elevated" when, as here, a case "involves a government agency" and conduct allegedly "culminating . . . in widespread consumer losses." *Standard Fin. Mgmt.*, 830 F.2d at 412. In such circumstances, the Defendants can only "carry the devoir of persuasion" by showing that private interests outweigh the public's "presumptively paramount right . . . to know." *Id*. at 410-11. This requires, at a minimum, "a demonstration that [movants] will likely suffer specific, severe harm as a result of disclosure." *Id*. at 412; *see United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (sealing must be based on "particularized findings," not "general references"); *Bradford & Bigelow*, 109 F. Supp. 3d at 449 (moving party "must establish an overriding interest in sealing and must ensure that any sealing is narrowly tailored to shield as little as little from public view as possible").

## ARGUMENT

### I. Defendants Have Not Overcome the Strong Presumption of Public Access

Defendants' motion is a strawman. Plaintiffs are willing to agree to the redactions necessary to prevent public disclosure of specific forward-looking business plans that meet the legal basis for sealing; thus those portions of these exhibits are *not in dispute*. Defendants fail to acknowledge these concessions nor address the portions of the exhibits based on public information, or that are so general that no competitor could use the information to JetBlue's disadvantage.

Even if there were a chance that Defendants could suffer specific harm from disclosure of the unredacted portions of the exhibits (and even assuming that harm could be classified as "severe"), these documents contain information that is at the core of this case, *i.e.* what JetBlue plans to do after it eliminates Spirit as a competitor. Even if such information may be sensitive, the Court must be able to consider it in deciding this case and must also be able to discuss such information in explaining that decision to the public.

3

### A.    Exhibits DX and DY Can Be Redacted to Protect Defendants' Confidentiality Interests

At the outset, and contrary to Defendants' implication, Plaintiffs do not oppose redacting the limited portions of the two documents at issue that reflect "the post-merger airline's future growth plans concerning the new non-stop routes that would be offered and the specific cities" where the combined entity plans to expand service" *cf.* ECF No. 311 at 3.  The remaining portions of these exhibits, however, should not be redacted because they are not competitively sensitive.  For example, some slides describe the methodology for identifying routes for inclusion in the plan, without naming specific routes.  Such information was already disclosed in the parties' pretrial briefs. ECF 289 at 31. Other information concerns JetBlue's methodology for calculating the revenues it believes it will earn from the new network.  But JetBlue does not explain how competitors could use such information to cause JetBlue "specific, severe harm." *Standard Fin. Mgmt.*, 830 F.2d at 412.  Still other portions of the documents contain market-share information calculated using publicly available data.  For those aspects of the exhibits at issue, there simply is not competitively sensitive confidential information that would require balancing with the public's strong presumptive right of access. And JetBlue's motion—which only addresses the portions of the exhibits to which Plaintiffs will agree to redact—is silent on those portions of the exhibits.  Accordingly, JetBlue has failed to carry its burden as to those disputed portions.

Other aspects of the exhibits identify specific routes for which the new, larger JetBlue will either enter, expand, or contract.  For these routes, Plaintiffs have informed Defendants on at least three recent occasions that Plaintiffs would be willing to redact these routes and not mention the specific routes during any trial examination.  Defendants relegate to a footnote Plaintiffs' good-faith efforts to redact the document and talk around any sensitive information

during related testimony, summarily noting that "JetBlue has carefully considered [that] possibility" but that, in their view, it would be "completely uninformative." ECF 311 at 3-4, n.3. Notably, Defendants appear to concede that the documents contain at least some non-sensitive information, but still contend that Plaintiffs cannot discuss that information in the context of this document and must instead use other documents not of Plaintiffs choosing. *See id.* (noting that "such information can be located in other documents that are or will be part of the public record").

Plaintiffs' willingness to redact all competitively sensitive information from the two documents at issue, including information concerning the specific routes at issue, is sufficient reason to deny Defendants' motion. Defendants have identified no disputed portion of these documents that could plausibly cause them harm, and thus there is no cognizable private interest that must be balanced against the strong public interest in access to information relevant to this trial.

  **B.**  **Defendants' Motion Seeks to Seal Information Critical to the Court's Decision-Making and the Public's Understanding of This Case**

If the Court does proceed to balance the public interest, that balance clearly favors the public's fundamental right to know the factual basis of the Court's decision in this case. Because this case involves Section 7 of the Clayton Act, 15 U.S.C. § 18, it requires the Court to make a "predictive judgment" about how the proposed acquisition may endanger competition in the future. *Hosp. Corp. of Am. v. FTC*, 807 F.2d 1381, 1389 (7th Cir. 1986) (Posner, J.). Therefore, in deciding whether the proposed acquisition violates Section 7, the Court will necessarily consider what JetBlue's plans are for Spirit's business, including its plans to reduce capacity, increase fares, enter or exit routes, and the like. The Court will also need to publicly explain its consideration and assessment of that evidence to vindicate the "right of the citizenry to appraise

5

the judicial branch." *Standard Fin. Mgmt.*, 830 F.2d at 410.  For these reasons, Defendants' request to seal its "future plans and strategy" must be viewed "in light of the relevant facts and circumstances of th[is] particular case." *Id.* at 410, 412.

Even if Defendants were able to demonstrate that some information in Exhibits DX and DY (after reasonable redactions) is competitively sensitive, that sensitivity would still have to be balanced against the importance of the information to the ultimate issues in this case and the public's right to understand how that key information informs the Court's decision-making. *See, e.g.*, *Bradford & Bigelow*, 109 F. Supp. 3d at 447 ("The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it."); *FTC v. Match Group, Inc.*, 2023 WL 3181351, at *16 (D.D.C. May 1, 2023) ("The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes").  Only if the sensitivity outweighs the public's right to understand the basis for the Court's decision can the presumption of public access be overcome.  The required balancing of Defendants' confidentiality interests against the public's strong presumptive right of access must also take into account any reasonable redactions Plaintiffs will agree to apply, rather than ignoring them, as Defendants' motion does.

## II. The Courtroom Should Not Be Closed During Testimony Concerning the Combined Network Plans

The Court's order denying Defendants' request to seal the courtroom should stand.  As with their arguments concerning sealing Exhibits DX and DY, Defendants do not meaningfully address their "heavy burden" to overcome the "strong and sturdy" presumption of public access. *Standard Fin. Mgmt.*, 830 F.2d at 410, 412-13.  Here, Defendants want to literally bar the public from the proceedings, even if Plaintiffs are willing to not reveal the sensitive details contained in

6

those documents. More broadly, should there be future motions from Defendants to close the courtroom, Plaintiffs would, as we always do, consider the specific facts and circumstances of such requests. Even so, given the compelling public interests implicated by this trial, Plaintiffs would be generally inclined to oppose such requests unless they were to present truly "exceptional circumstances." *Id*. at 412.

## CONCLUSION

For the foregoing reasons, the Court should decline Defendants' requests to seal the documents identified in Appendix D (Exhibits DX and DY), as well as Defendants request to seal the courtroom during discussion of the exhibits at issue and other related exhibits.

Dated: October 26, 2023	Respectfully submitted,

/s/ Edward W. Duffy
Edward W. Duffy
Don P. Amlin
Garrett Windle
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

/s/ William T. Matlack
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

/s/ C. William Margrabe
C. William Margrabe (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Case No. 1:23-cv-10511-WGY |

**[PROPOSED] ORDER DENYING
DEFENDANTS' MOTION TO SEAL CERTAIN TRIAL EXHIBITS AND FOR
LIMITED CLOSING OF COURTOOM TO PUBLIC DURING TRIAL**

This Court's Order at ECF No. 315 (Oct. 26, 2023) is hereby VACATED in part. Defendants' Motion at ECF No. 310 is hereby DENIED as to documents identified in Appendix D (ECF No. 312), and DENIED as to the request for limited closing of the courtroom during trial.

SO ORDERED:

_____
Hon. William G. Young
Judge of the United States

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                                                   */s/* Edward W. Duffy
                                                   Edward W. Duffy
                                                   U.S. Department of Justice, Antitrust Division
                                                   450 Fifth Street, NW, Suite 8000
                                                   Washington, DC 20530
                                                   Phone: 202-812-4723
                                                   Facsimile: 202-307-5802
                                                   E-mail: edward.duffy@usdoj.gov