UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>       *Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>       *Defendants*. | Civil Action No. 1:23-cv-10511-WGY |

**JOINT MOTION TO PERMIT THE PARTIES
<u>SECURE REMOTE ACCESS TO TRIAL PROCEEDINGS</u>**

The Parties respectfully request that the Court permit counsel and experts for the Parties to access a secure, closed-circuit video feed of the trial proceedings for the benefit of their offsite trial teams. ***The Parties are <u>not</u> requesting remote public access to the trial***. The Parties are seeking a secure, closed-circuit feed that will only be accessed ***by the Parties' counsel, paralegals, and experts***, under strict security measures, for purposes of preparing for this trial.

Trial is currently set to take place across five weeks. This case involves counsel and expert witnesses who are based in cities across the country, including San Francisco, Washington, DC, New York, and Dallas. Providing secure video access to the Parties' counsel and experts will conserve the Parties' resources significantly and minimize the need to have all of their lawyers and experts in the courtroom for over a month.

1

Other federal courts have permitted parties this type of secure access to trial proceedings from a reputable technology vendor, Courtroom Connect.[1] Courtroom Connect uses a secure connection and restricts access to only those individuals authorized to monitor the proceedings, i.e. the Parties' lawyers and their experts. Courtroom Connect was previously allowed to provide their closed-circuit services by Judge Polster for a six-week trial in the Opioid MDL. *See In re Natl. Prescription Opiate Litig.*, 589 F. Supp. 3d 790 (N.D. Ohio 2022).

Allowing Courtroom Connect to provide its closed-circuit service to the Parties will not burden the Court nor impose any additional costs on the Court, and Courtroom Connect will maintain strict security measures. Lou Freitas, the CEO of Courtroom Connect has testified that his company's "presence in the courtroom will be unobtrusive and does not require a camera operator to be in the courtroom" and that they "had a technician on standby (outside the courtroom) to answer any questions." See Ex. A, Declaration of Lou Freitas.

Courtroom Connect will restrict access to the closed-circuit feed and protect confidentiality as follows:

*First*, only authorized users who have submitted an official consent form, which the Parties propose to model on the form used in the Opioids MDL trial, will have access to the secure closed-circuit feed. Courtroom Connect will issue unique passwords to each authorized user. Thus, the Court and the Parties can rest assured that only those who are properly authorized to access the feed will be able to do so.

*Second*, the consent form makes clear that there will be consequences for any unauthorized conduct, just as there would be for a breach of a protective order.

---

[1] Courtroom Connect provides internet access in this Court.

*Third*, should it wish to do so, the Court will be able to monitor who is watching the secure livestream, and when, to see if there is any unauthorized access.

*Fourth*, if evidence emerges that the secure closed-circuit feed is being misused or accessed by some unauthorized person, the Court can always revoke access, either individually or collectively.

In the alternative, Courtroom Connect is also able to (a) provide an audio feed of the proceedings to the Parties and (b) coordinate with the court reporter to provide the Parties with access to the real-time transcript of the proceedings. While these alternatives are not as helpful to the Parties' trial teams as a closed-circuit video feed, they would still allow counsel to be better prepared during trial, resulting in greater efficiencies in the trial presentation.

To be clear, the Parties do not seek to present any testimony or argument remotely, or to provide any remote public access. Rather, the Parties seek a secure, closed-circuit feed (or, in the alternative, an audio feed and real-time transcription) for the Parties' attorneys and expert witnesses so that they may be informed of the trial's development without needing to be in the courtroom in Boston for the duration of trial.

The Parties are aware of the policy change enacted by the Judicial Conference of the United States, effective September 22, 2023, regarding live audio access *for the public* in non-trial proceedings.[2] However, that policy does not appear to prohibit a closed-circuit video feed to facilitate access to trial proceedings by the Parties' own lawyers and experts. The Parties appreciate the potential concern regarding sequestered witnesses hearing other witnesses' testimony, but the

---

[2] https://www.uscourts.gov/news/2023/09/12/judicial-conference-revises-policy-expand-remote-audio-access-over-its-pre-covid.

3

strict security measures and access controls offered by Courtroom Connect mitigate those concerns.

## **CONCLUSION**

For the reasons set forth above, the Parties respectfully request that the Court permit the Parties to access the proceedings via a secure, closed-circuit video feed offered by Courtroom Connect. In the alternative, the Parties request that the Court permit the Parties remote access to the real-time transcription and an audio feed of the proceedings.

Dated: October 27, 2023                                      Respectfully submitted,

Counsel for Plaintiffs:
                                                  */s/ Edward W. Duffy*
Edward W. Duffy
Brendan Sepulveda
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

*/s/ William T. Matlack*
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

*/s/ C. William Margrabe*
C. William Margrabe (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Plaintiffs*

Counsel for Defendants:

/s/ Ryan A. Shores
Ryan A. Shores (*Pro Hac Vice*)
David I. Gelfand (*Pro Hac Vice*)
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1500
Fax: (202) 974-1999
rshores@cgsh.com
dgelfand@cgsh.com

Daniel P. Culley (*Pro Hac Vice*)
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
dculley@cgsh.com

/s/ Rachel Mossman Zieminski
Rachel Mossman Zieminski (*Pro Hac Vice*)
Shearman & Sterling LLP
2601 Olive Street, 17th Floor
Dallas, TX 75201
(214) 271-5385
rachel.zieminski@shearman.com

Jessica K. Delbaum (*Pro Hac Vice*)
Leila Siddiky (*Pro Hac Vice*)
Richard F. Schwed (*Pro Hac Vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
jessica.delbaum@shearman.com
leila.siddiky@shearman.com
richard.schwed@shearman.com

Michael Mitchell (*Pro Hac Vice*)
Shearman & Sterling LLP
401 9th Street, N.W.
Suite 800
Washington, DC 20004
(202) 508-8005

michael.mitchell@shearman.com

*/s/ Elizabeth M. Wright*
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Zachary Sisko (MA BBO #705883)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
zhafer@cooley.com
ewright@cooley.com
zsisko@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

*Counsel for Defendant JetBlue Airways Corp.*

*/s/ Samuel N. Rudman*
Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Telephone: +1 617 248 4034
srudman@choate.com

*/s/ Andrew C. Finch*
Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)

6

>Kate Wald (*Pro Hac Vice*)
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>1285 Avenue of the Americas
>New York, NY 10019
>Tel: 212-373-3000
>Fax: 212-757-3990
>afinch@paulweiss.com
>tstmatthewdaniel@paulweiss.com
>jcohen@paulweiss.com
>jnagley@paulweiss.com
>kwald@paulweiss.com
>
>Meredith R. Dearborn (*Pro Hac Vice*)
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>535 Mission Street, 24th Floor
>San Francisco, CA 94105
>Tel: 628-432-5100
>Fax: 628-232-3101
>mdearborn@paulweiss.com
>
>*Counsel for Defendant Spirit Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on October 27, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright
