UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Case No. 1:23-cv-10511-WGY |

## PLAINTIFFS' MOTION TO ADMIT EXHIBITS AW, AX, AND AY

Plaintiffs respectfully move for admission of three exhibits used during the deposition of Spirit's consulting firm, Campbell-Hill Aviation Group, LLC, relating to designated testimony that the parties have jointly submitted to the Court. Those exhibits are Campbell-Hill's analyses of Spirit's potential merger with Frontier (Exhibits AW and AX) and of Spirit's impact on fares (Exhibit AY). These exhibits will facilitate the Court's understanding of the designated deposition testimony and evidence that the parties have presented during trial about Spirit's alternatives to its proposed acquisition by JetBlue and about Spirit's effect on prices.[1]

First Circuit law is clear: "[E]xhibits to a deposition may be admitted at trial if admissible under the rules of evidence. In effect, the trial court applies the rules of evidence as if the witness were testifying at trial." *Amarin Plastics, Inc. v. Md. Cup Corp.*, 946 F. 2d 147, 153 (1st Cir. 1991). Here, Campbell-Hill's President and CEO, Kevin Healy, testified extensively about the documents:

---

[1] Plaintiffs will submit a courtesy binder of the exhibits and related deposition testimony—which were submitted to the Court at the start of trial—on November 21, 2023.

| Trial Exhibit | Deposition Exhibit | Relevant Testimony |
|---|---|---|
| AW | Healy (Campbell-Hill) Dep. Ex. 7 | Healy Dep. 115:11-119:14 |
| AX | Healy (Campbell-Hill) Dep. Ex. 4 | Healy Dep. 56:2-77:5; 121:21-123:10 |
| AY | Healy (Campbell-Hill) Dep. Ex. 8 | Healy Dep. 127:20-144:17 |

Accordingly, Defendants' foundation objection to these exhibits lacks merit.

Defendants also objected to these exhibits as hearsay, but that objection lacks merit. The exhibits are statements of Spirit's agent, Campbell-Hill. *See* Fed. R. Evid. 802(d)(2)(D) (statements "offered against an opposing party and . . . made by the party's agent . . . on a matter within the scope of that relationship and while it existed" are not hearsay). As Spirit's CEO, Ted Christie, testified at this trial, Spirit retained Campbell-Hill to analyze Spirit's potential merger with Frontier. *See* 11/1/23 Tr. Vol. 1, 52:15-53:1 (Christie). Mr. Healy of Campbell-Hill confirmed that Spirit retained Campbell-Hill for consulting services, including evaluation of potential merger opportunities. Healy Dep. 33:6-10, 37:14-38:4, 39:15-40:6. Campbell-Hill's analyses for Spirit are admissible when offered by Plaintiffs because they are "related to a matter within the scope of the agency" relationship between Spirit and Campbell-Hill. *Larch v. Mansfield Mun. Elec. Dept.*, 272 F. 3d 63, 72 (1st Cir. 2001) (internal quotations omitted); *see also Integrated Commc'ns & Techs., Inc. v. Hewlett-Packard Fin. Servs. Co.*, 478 F. Supp. 3d 126, 137 (D. Mass. 2020) ("the admissibility threshold for statements made by party opponents pursuant to an agency relationship have relaxed over time").

Defendants remaining objections lack merit. Although Defendants asserted that the documents were impermissible opinions, Federal Rule of Evidence 701 does not render otherwise admissible statements of a party-opponent or its agent inadmissible because such

statements enjoy "freedom . . . from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge."  Fed. R. Evid. 801(d)(2), advisory comm. notes (1972); *see Brookover v. Mary Hitchcock Mem. Hosp.*, 893 F.2d 411, 415-18 (1st Cir. 1990) (opinions of party's employee were admissible, despite lack of personal knowledge regarding facts that informed opinion); *Integrated Commc'ns*, 478 F. Supp. 3d at 136 (party-opponent statement was admissible, noting advisory committee notes); *Russell v. United Parcel Serv., Inc.*, 666 F.2d 1188, 1190 (8th Cir. 1981) (lay opinions of party opponent that "went to the very heart of the issue before the jury" were admissible).  Defendants' final relevance objection should also be rejected as to exhibits about the highly relevant topics of potential Spirit mergers and Spirit's effect on prices.

Accordingly, Plaintiffs respectfully request that the Court grant this motion and admit Exhibits AW, AX, and AY.

Dated: November 20, 2023            Respectfully submitted,

/s/ Edward W. Duffy
Edward W. Duffy
John M. Briggs
Sarah V. Riblet
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ William T. Matlack
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108

>Telephone: (617) 727-2200
>Email: William.Matlack@mass.gov
>
>*/s/* C. William Margrabe                              .
>C. William Margrabe (*pro hac vice*)
>Assistant Attorney General
>Office of the Attorney General
>400 6th Street NW, Suite 10100
>Washington, DC 20001
>Telephone: (202) 727-6294
>Email: will.margrabe@dc.gov
>
>*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I hereby certify that Plaintiffs conferred with counsel for Defendants in a good-faith effort to resolve or narrow the issues presented in this motion prior to filing. The parties reached impasse as to the exhibits at issue in this motion.

>*/s/* John M. Briggs

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                                                    */s/* Edward W. Duffy
                                                    Edward W. Duffy
                                                    U.S. Department of Justice, Antitrust Division
                                                    450 Fifth Street, NW, Suite 8000
                                                    Washington, DC 20530
                                                    Phone: 202-812-4723
                                                    Facsimile: 202-307-5802
                                                    E-mail: edward.duffy@usdoj.gov