UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> JETBLUE AIRWAYS CORPORATION and ) <br> SPIRIT AIRLINES, INC., ) <br> ) <br> *Defendants*, ) <br> ) | Civil Action No. 1:23-cv-10511-WGY |

### DEFENDANTS JETBLUE AIRWAYS CORPORATION'S AND SPIRIT AIRLINES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ADMIT EXHIBITS AW, AX AND AY

Defendants respectfully submit this opposition to Plaintiffs' last-minute motion to admit three documents produced by Campbell-Hill Aviation Group, a third party consulting firm hired from time to time by Spirit to analyze the airline industry marketplace, including the potential benefits of a merger with Frontier Airlines. These documents, Exhibits AW, AX, and AY, created in 2019 and 2021 and produced from the files of Campbell Hill, not Spirit—before any discussions ensued between Spirit and JetBlue—are indisputably hearsay and, contrary to Plaintiffs' assertion, are not admissible as party admissions under Rule 801(d)(2)(D).[1]

Plaintiffs concede the hearsay nature of the documents but argue that they are party admissions. There is no basis in this record for concluding that Campbell Hill was anything

---

[1] Plaintiffs also did not even attempt to lay a business-record foundation for AY (s*ee* Healy 6/29/2023 Dep. at 127:20–129:15), and the record is clear that AW "is very much a working document." *Id.* at 116:2–8.

1

other than an independent contractor retained by Spirit to perform consulting services. The deposition testimony cited by Plaintiffs—at 33:6–10, 37:14–38:4, and 39:15–40:16—provides no grounds for concluding that Campbell Hill acted as an agent rather than a third party providing services for a fee to Spirit. Indeed, the deposition record shows that Campbell Hill provided various types of consulting services that third party firms provide to clients in a contractual rather than agency relationship. A conclusion that Campbell Hill acted as Spirit's agent—rather than as a contracted service provider—requires more. See, e.g., *Ruggiero* v. *Am. United Life Ins. Co.*, 137 F. Supp. 3d 104, 113 (D. Mass. 2015) (finding lack of agency relationship where insurance agent worked largely independently and was customarily engaged in independent business, because "the crux of the inquiry is in the actual relationship between the parties, and whether the plaintiff performs his work in fact 'with minimal instruction.'") (citation omitted). Those are exactly the facts here: Campbell Hill, which serves many different clients (*see* Healy 6/29/2023 Dep. at 21:16–22:14), worked with "minimal instruction" after being given discrete consulting assignments by Spirit as an independent company.

Plaintiffs have made no showing that Campbell Hill comes within the scope of Rule 801(d)(2)(D). To qualify as a party admission, the statement sought to be admitted must be made by a party's agent or employee. Absent a factual predicate for showing that Campbell Hill was acting as Spirit's agent, rather than a third party contracted to provide services, there is no basis for expanding the scope of the rule to sweep in documents such as Exhibits AW, AX and AY. Indeed, federal district courts routinely distinguish between independent contractors and agents for hearsay purposes. See, e.g., *Merrick* v. *Farmers Ins. Grp.*, 892 F.2d 1434, 1440 (9th Cir. 1990); *Lippay* v. *Christos*, 996 F.2d 1490, 1499 (3d Cir. 1993) (informant was not narcotics officer's agent for party-admission purposes even where officer directly supervised

certain aspects of informant's work); *Horton* v. *Rockwell Int'l Corp.*, 93 F. Supp. 2d 1048, 1055 (N.D. Iowa 2000) (finding independent contractor as opposed to agency relationship despite "longstanding relationship" where contractors served many different companies); *United States* v. *Bonds*, 608 F.3d 495, 505 (9th Cir. 2010) (holding that evidence of an independent contractor relationship is not enough in itself to establish an agency relationship for party-admission purposes); *G.C. by Cosco* v. *The Sch. Bd. of Seminole Cnty., Fla.*, No. 6:07-cv-808-Orl-28GJK, 2009 WL 10706043, at *2 (M.D. Fla. June 3, 2009); *see* also Fed. R. Evid. 801 Advisory Comm. Notes at (2)(D) (explaining that "[t]he tradition has been to test the admissibility of statements by agents, as admissions, by applying the usual test of agency").

The cases cited by Plaintiffs do not compel this Court to find otherwise. The only case that even comes close to this one—the district court's decision in *Integrated Communications*—was decided on summary judgement with all reasonable inferences drawn in favor of the proponent and involved the statement of a wholly owned subsidiary, where there was admissible evidence that the subsidiary was expressly acting "on behalf of" the parent entity. *Integrated Commc'ns & Techs., Inc.* v. *Hewlett-Packard Fin. Servs. Co.*, 478 F. Supp. 3d 126, 137 (D. Mass. 2020). That is nowhere near the case here, where Campbell Hill, far from being a subsidiary, was a consulting firm performing discrete projects at Spirit's request while also serving many other businesses besides Spirit.

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: November 21, 2023                    Respectfully submitted,

/s Ryan A. Shores
Ryan A. Shores (*Pro Hac Vice*)
David I. Gelfand (*Pro Hac Vice*)
Daniel P. Culley (*Pro Hac Vice*)
Cleary Gottlieb Steen & Hamilton, LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: 202-974-1500
rshores@cgsh.com
dgelfand@cgsh.com
dculley@cgsh.com

Elizabeth M. Wright (MA BBO #569387)
Zachary R. Hafer (MA BBO #569389)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com

Beatriz Mejia (*Pro Hac Vice*)
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: 415-693-2000
Fax: 415-693-2222
bmejia@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157

Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

Michael Mitchell (*Pro Hac Vice*)
Brian Hauser (*Pro Hac Vice*)
Shearman & Sterling LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: 202-508-8005
Fax: 202-661-7480
ryan.shores@shearman.com
michael.mitchell@shearman.com
brian.hauser@shearman.com

Richard F. Schwed (*Pro Hac Vice*)
Jessica K. Delbaum (*Pro Hac Vice*)
Leila Siddiky (*Pro Hac Vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
Tel: 212-848-4000
Fax: 212-848-7179
rschwed@shearman.com
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Rachel Mossman Zieminski (*Pro Hac Vice*)
Shearman & Sterling LLP
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel: 214-271-5385
rachel.zieminski@shearman.com

*Attorneys for Defendant JetBlue Airways Corporation*

Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel: 617-248-4034
srudman@choate.com

Andrew C. Finch (*Pro Hac Vice*)

5

Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Jackson Yates (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant*
*Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

I, Samuel N. Rudman, hereby certify that on November 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 21st day of November, 2023.

*/s/ Samuel N. Rudman*
Samuel N. Rudman
