```
 1                UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS (Boston)

 3                         No. 1:23-cv-10511-WGY

 4

 5

 6   UNITED STATES OF AMERICA, et al,
              Plaintiffs
 7

 8   vs.

 9

10   JETBLUE AIRWAYS CORPORATION, et al,
              Defendants
11

12
                          *********
13

14               For Hearing Before:
                Judge William G. Young
15

16              Status Conference

17
                 United States District Court
18               District of Massachusetts (Boston)
                 One Courthouse Way
19               Boston, Massachusetts 02210
                 Monday, October 30, 2023
20

21                        *******

22
             REPORTER: RICHARD H. ROMANOW, RPR
23                Official Court Reporter
                United States District Court
24   One Courthouse Way, Room 5510, Boston, MA 02210
                   rhrbulldog@aol.com
25
```

```
 1                    A P P E A R A N C E S

 2


 3    EDWARD WILLIAM DUFFY, ESQ.
      ARIANNA MARKEL, ESQ.
 4    AARON TEITELBAUM, ESQ.
         DOJ-Atr
 5       450 Fifth Street NW, Suite 8000
         Washington, DC 20530
 6       (202) 812-4723
         Email: Edward.duffy@usdoj.gov
 7    and
      WILLIAM T. MATLACK, ESQ.
 8       Attorney General's Office
         One Ashburton Place, 18th Floor
 9       Boston, MA 02108
         (617) 727-2200
10       Email: William.matlack@mass.gov
         For Plaintiffs United States of America and
11       The Commonwealth of Massachusetts

12


13    RYAN SHORES, ESQ.
         Cleary Gottlieb Steen & Hamilton LLP
14       2112 Pennsylvania Avenue, NW
         Washington, DC 20037
15       (202) 974-1876
         Email: Rshores@cgsh.com
16    and
      ELIZABETH M. WRIGHT, ESQ.
17       Cooley LLP
         500 Boylston Street
18       Boston, MA 02116-3736
         (617) 937-2349
19       Email: Ewright@cooley.com
      and
20    RACHEL MOSSMAN ZIEMINSKI, ESQ.
      MICHAEL MITCHELL, ESQ.
21       Shearman & Sterling LLP
         2601 Olive Street, 17th Floor
22       Dallas, TX 75201
         Email: Rachel.zieminski@shearman.com
23       For Defendant JetBlue Airways Corporation

24


25       (Continued.)
```

```
 1      (Continued.)

 2

 3   JAY COHEN, ESQ.
     ANDREW C. FINCH, ESQ.
 4      Paul, Weiss, Rifkind, Wharton & Garrison
        1285 Avenue of the Americas
 5      New York, NY 10019-6064
        (212) 373-3000
 6      Email: Jaycohen@paulweiss.com
        For Defendant Spirit Airlines, Inc.
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              P R O C E E D I N G S
 2          (Begins, 2:00 p.m.)
 3          THE CLERK:  Now hearing Civil Matter 23-10511, the
 4   United States of America versus JetBlue, et al.
 5          THE COURT:  I think for purpose of this -- yes,
 6   come up.  And as you're coming up, why don't you
 7   introduce yourself and who you represent, starting with
 8   the plaintiffs.
 9          MR. DUFFY:  Yes, your Honor.  Edward Duffy for the
10   United States on behalf of plaintiffs.
11          MS. MARKEL:  Arianna Markel, on behalf of the
12   plaintiffs, for the United States.
13          MR. TEITELBAUM:  Aaron Teitelbaum for the
14   plaintiffs as well.
15          THE COURT:  Good afternoon.
16          MR. SHORES:  Good afternoon, your Honor, Ryan
17   Shores, with Cleary Gottlieb, on behalf of Defendant
18   JetBlue.
19          MR. COHEN:  Good afternoon, your Honor, Jay Cohen
20   for the defendant Spirit.
21          THE COURT:  Good afternoon.
22          MS. WRIGHT:  Elizabeth Wright, from Cooley LLC, on
23   behalf of JetBlue.
24          MS. ZIEMINSKI:  Good morning, your Honor, Rachel
25   Mossman Zieminski, from Shearman & Sterling, on behalf
```

```
 1    of JetBlue.
 2           MS. BANSAL:  Good morning.  Dee Bansal from Cooley
 3    LLC, on behalf of JetBlue.
 4           MR. FINCH:  Good afternoon, your Honor, Andrew
 5    Finch for Spirit Airlines.
 6           MR. MITCHELL:  Good afternoon, your Honor, Michael
 7    Mitchell, Shearman & Sterling, for JetBlue.
 8           THE COURT:  And please be seated.  Thank you for
 9    attending on this session of the court.
10           I have a half an hour and I'll raise those things,
11    they're just trial management points, but that I would
12    find helpful.  I don't think this is the time for
13    argument, but I think we'll have some time for
14    questions.  Recognizing that I'm going to stop at 2:30.
15           First, because a number of state Attorneys General
16    who are connected with the case have made calls asking
17    can they participate by zoom and the like, it makes me
18    think that I should order, and now I do --
19           Mr. Duffy, this case was commenced, on the part of
20    the United States government, by the Department of
21    Justice, so I look at you as lead counsel here, and your
22    colleagues.  And since we have time limits on this case,
23    which I'm going to enforce, um, I'd like to know who's
24    going to open, if anyone is going to speak in addition
25    to you.  As I do in every multi-party case, I take the
```

```
 1   objection of one as the objection of all, and I take it
 2   that as between JetBlue and Spirit, you are joined in
 3   the position argued by one, um, without the necessity of
 4   two people arguing the position.
 5         I also would be helped -- and I don't think it's a
 6   burden on you, any of the parties, that when we get to
 7   examining witnesses, it would be helpful to me if you --
 8   and Mr. Duffy I look to you, if you give me a list of
 9   the attorneys who are going to examine a witness and the
10   same thing for the defense.  Whether it's cross-
11   examination or direct examination, I like to call people
12   by name, and I will get to know your names, and it will
13   go more smoothly.  So if you could indulge me in that
14   fashion.
15         Second, I most recently got this, um, motion
16   jointly for -- to allow, with Court Connect, the, um,
17   transmission of these proceedings back to your law
18   offices.
19         I will tell you, that motion is denied, and it's
20   denied solely on this basis.  It happens that I agree
21   completely with the parties' request in this matter and
22   I simply think it is beyond our court's rules, which do
23   have the force of law, um, it's beyond what I can allow
24   under the court's rules even with the most recent
25   iteration through the Court Administration and Case
```

```
 1    Management Committee of the Judicial Conference of the
 2    United States.  I just can't authorize this.
 3         I'm going to make a suggestion.  First of all, I
 4    would not authorize it in the breadth that you all seem
 5    to want, but I am perfectly amenable, in fact I think it
 6    makes good sense, that to authorize this motion, which
 7    would add no expense to the court administration of this
 8    case and would save the money of the litigants,
 9    certainly a desirable outcome, but I would have these
10    limitations.  It would only go to the law offices of
11    those who are actually parties, and then only to the law
12    offices, if you're in different law offices, where
13    lawyers who have filed an appearance in this case for
14    the parties in this case, um, actually reside, not
15    experts, not other interested lawyers and the like.
16         And my suggestion is, if I got any sort of
17    authorization from the Judicial Conference, from the
18    Court Administration or the Case Management Committee,
19    from their staffs, or the staff of the Administrative
20    Office, that I could interpret the prohibition on
21    broadcasting to cover the limited Court Connect
22    proposal, I would allow it.
23         Other matters?  Let's see.  I have again perused
24    the motions pending list and I can rule on a few more.
25         The motions in limine to exclude the anticipated
```

1   testimony by Sarah Nelson, 171, that's allowed.

2           The motion in limine to exclude testimony from

3   Richard Scheff, that's denied, but I'm very skeptical of

4   Mr. Scheff's, the foundation for his testimony, and

5   we'll see when he goes to testify.

6           All the unopposed motions to seal are allowed and

7   they are Motions 236, 243, 246, 248, 254, 256, 260, 261,

8   279 -- or that's a different motion, I'll speak to it.

9   And 294.

10          279 is a motion for leave to file a brief, amicus

11  curiae, by the Transport Workers, and that motion is

12  allowed and the brief is, um, accepted.

13          One other thing that would be helpful, and I'll

14  stop, because I think we're all ready to go at 9:00

15  tomorrow morning.  You have given me the packet of

16  deposition excerpts.  It is in every respect

17  satisfactory and I appreciate your putting it together

18  and I have begun to work with it.  It would be helpful,

19  and I recognize this is advocacy, but I don't shrink

20  from the advocacy, if I had a list of the order in which

21  you think, from your several positions, I ought be

22  reading these depositions.  I've just launched in with

23  Mr. Beck -- I mean Mr. Beck because he is the top of the

24  alphabet.  (Laughter.)  I mean him no disrespect, but I

25  recognize that starting with him is starting in medias

```
 1   res and, um, that would be helpful.
 2          Now really that's everything -- oh, one other
 3   thing, and I should be on top of this, and this is a
 4   question addressed to JetBlue.
 5          You have a motion here to, um, as to the testimony
 6   of one of the government's two experts on the ground --
 7   don't strike him entirely, but you say there's overlap
 8   there.  If you would remind me of the -- of what motion
 9   that is, I would be helped.
10          MR. SHORES:  Yes, your Honor.  That is a motion to
11   exclude in part the testimony of Dr. Chipty, who is one
12   of the government's experts, and if the Court would like
13   us to address that, we're happy to do so.
14          THE COURT:  I'm sure you are.
15          (Laughter.)
16          THE COURT:  I thought that was it.  And, um, that
17   motion is allowed with this proviso, or without
18   prejudice.  If having allowed that motion the government
19   thinks that something's -- allowed it the way they
20   framed it, any part of the substance of the government's
21   expert presentation is -- now drops between the bar
22   stools, I invite you to point that out to me how it is
23   absent from the, um, testimony of the other expert.  But
24   not now.
25          MR. DUFFY:  Okay.
```

1       (Laughter.)
2       MR. DUFFY: And just so I understand the Court's
3  order, as I understand it, the Court is allowing that
4  motion to the extent the testimony is in fact
5  overlapping between Dr. Chipty and --
6       THE COURT: That was my intention. I have to rule
7  on the particular proposal. I'm adopting theirs without
8  prejudice to your pointing out particular experts --
9  particular excerpts, because I want the full testimony.
10      MR. DUFFY: All right, so at the time she
11 testifies. Okay. Understood.
12      THE COURT: Yes, thank you.
13      Well that's really everything I had, and I'm
14 prepared to recess unless there are questions that I can
15 answer.
16      Questions on the part of the United States or --
17 yes, Mr. Duffy.
18      MR. DUFFY: Yes, I would just respond to the
19 Court's question about, um, with respect to openings,
20 that Mr. Matlack from the Massachusetts Office of the
21 Attorney General will be giving a portion of the opening
22 tomorrow, um, and in fact it will be Ms. Markel on
23 behalf of the United States giving the primary portion
24 of it.
25      THE COURT: And, Ms. Markel, you'll go first?

```
 1         MS. MARKEL:  Yes, your Honor.
 2         THE COURT:  All right, openings by Ms. Markel and
 3   Mr. Matlack.  Fine.
 4         MR. SHORES:  Yes, your Honor, Ryan Shores.  I will
 5   be giving part of the opening tomorrow and my colleague
 6   from Spirit, Jay Cohen, will be giving part of the
 7   opening tomorrow.
 8         THE COURT:  And I appreciate it.  Thank you both.
 9         MR. DUFFY:  And we understand the Court's position
10   on the objection for one is an objection for all, that's
11   certainly understood and appreciated by us.
12         THE COURT:  All right.
13         MR. SHORES:  Yes, and of course us as well, your
14   Honor.
15         One thing I would note is, for example, if a
16   third-party is being examined, you know it may be done
17   by a JetBlue counsel, but if Spirit's counsel has a
18   unique issue, um, I would hope they would be able to
19   object on that particular issue.
20         THE COURT:  Your refinement is something I should
21   have said.  Of course they can.  I just want a record
22   that separates that out.
23         MR. SHORES:  Of course, your Honor.
24         THE COURT:  Otherwise -- of course I want to
25   preserve everyone's rights.  Unless -- I think the way
```

to say it is, unless you say "Just on behalf of Spirit" or "Just on behalf of JetBlue," we'll assume, for the purpose of my analysis and also review, that both JetBlue and Spirit have objected or made the argument that's made.

MR. SHORES: Yes, your Honor.

THE COURT: All right.

Anything else?

MR. DUFFY: I do have one final question I think, your Honor.

With respect to the expert testimony, um, you know frequently in merger cases the plaintiffs will put on their rebuttal case in --

THE COURT: Yes, I can see that in this case. I'm not inviting it. But I can see it.

MR. DUFFY: Okay, understood.

MR. SHORES: May I address that, your Honor?

THE COURT: Yes.

MR. SHORES: I mean from the defendants' perspective, your Honor's questionnaire says it's rare. There have been multiple depositions in this case. You've already ruled nobody can speak to anything outside the report. So from our perspective there's nothing new under the sun here and there's no reason to have the experts come back on rebuttal in this

1   particular case.
2           THE COURT:  Let me -- hearing that I may be
3   opening a can of worms here, um, there's much to what
4   you say and I want this case tried tight and
5   persuasively.  The government has a -- and I've read at
6   least the trial briefs and various other things, but the
7   government's got its theory both of market, which you
8   disagree with, but also of violations of the, um,
9   violations of the appropriate statutes.  You rebut that
10  and your rebuttal depends on various things to take
11  place in the future.
12          I'm still troubled -- I'm not troubled, because I
13  can understand it, but you'll recall what I've said
14  about sealed matters -- and I've sealed everything that
15  no one really objects to being sealed, and I can
16  understand that, but if they put on a case which would,
17  um, warrant, though not compel relief, you're going to
18  have to go forward and say, "But our plans will obviate
19  these concerns."  I recognize I'm talking in a very high
20  degree of generality.
21          I don't see myself deciding anything on the basis
22  of a secret plan.  I mean you're going to have to
23  explain to me what the plans are that make it better if
24  I were to allow this to go forward.  And I can see them
25  trying to rip up that.  That's where my mind is.

14

1  MR. SHORES: Your Honor, if I may?
2  THE COURT: Yes.
3  MR. SHORES: There's no secrets here at all, um,
4  and they completely disclosed for the government -- our
5  experts have disclosed that, you know they responded to
6  that already, so --
7  THE COURT: So you understand, I'm not clear how
8  this is going to play out.  I know that I desire that it
9  play out in open court, if I can comply with the
10  appropriate law on the subject.
11  All right, I've told you what my concerns are.
12  Now I'm not trying to run away, I've got till
13  2:30.
14  Other matters?
15  (Silence.)
16  THE COURT: Very well.  Good to see you all.
17  9:00 tomorrow morning, opening statements, and
18  we'll go right on.
19  We'll recess.
20  THE CLERK: All rise.
21  (Ends, 2:15 p.m.)
22
23
24
25

```
 1            C E R T I F I C A T E
 2
 3
 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5   do hereby certify that the foregoing record is a true
 6   and accurate transcription of my stenographic notes
 7   before Judge William G. Young, on Monday, October 30,
 8   2023, to the best of my skill and ability.
 9
10
11   /s/ Richard H. Romanow 10-30-23
     _____
12   RICHARD H. ROMANOW    Date
13
14
15
16
17
18
19
20
21
22
23
24
25
```