UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:23-cv-10511-WGY |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants JetBlue Airways Corporation and Spirit Airlines, Inc. ("Defendants") respectfully submit this Notice of Supplemental Authority to inform the Court of the recent decision by the U.S. Court of Appeals for the Fifth Circuit in *Illumina, Inc. v. FTC*, --- F.4th ----, 2023 WL 8664628 (5th Cir. Dec. 15, 2023), attached herewith as **Exhibit A** for the Court's reference. Although *Illumina* involves a different kind of Section 7 merger case – a vertical merger reviewed by the Federal Trade Commission under its administrative rules – the Court of Appeals' opinion discusses two points relevant here:

*First*, the *Illumina* Court rejected an argument, similar to one advanced by the Government here, that Defendants have the burden on rebuttal to "restore the pre-[merger] level of competition" or "negate the anticompetitive effects of the merger entirely." *Id.* at *13-14. The *Illumina* Court concluded that:

> The Commission held Illumina to a rebuttal standard that was incompatible with the plain language of Section 7 of the Clayton Act, which only prohibits transactions that will "substantially" lessen competition. 15 U.S.C. § 18. And this error pervaded the Commission's analysis of the Open Offer, as the

> Commission invoked the wrong standard in five separate instances. Specifically, the Commission held that Illumina was required to "show that the Open Offer would restore the pre-[merger] level of competition," *i.e.*, "*eliminate* Illumina's ability to favor Grail and harm Grail's rivals."  In effect, Illumina could only rebut Complaint Counsel's showing of a likelihood of a *substantial* reduction in competition with a showing that, due to the Open Offer, the merger would not lessen competition *at all*.  This was legal error.

*Id.* at *13 (emphasis in original); *see also id.* (explaining "the Government's proposed standard would effectively erase the word 'substantially' from Section 7" (quoting *United States v. UnitedHealth Grp. Inc.*, 630 F. Supp. 3d 118, 133 (D.D.C. 2022)); Dkt. No. 450 at 22-23 (Defendants' Post-Trial Brief).

*Second*, consistent with Defendants' position in this case, the Fifth Circuit held that the Government's burden is to prove that the merger is "likely" to substantially lessen competition. *Illumina*, 2023 WL 8664628, at *4, *7, *10, *14 ("It is not enough that a merger might lessen competition – the FTC must show that the merger will probably *substantially* lessen competition." (quoting *FTC v. Microsoft Corp.*, --- F. Supp. 3d ----, 2023 WL 4443412, at *13 (N.D. Cal. July 10, 2023))); *see also* Dkt. No. 450 at 1.  In contrast, the Government has argued that it need only show that the merger "create[s] an appreciable danger of such consequences in the future."  Gov't Closing Slides at 3.  The Fifth Circuit's decision is the latest in a long line of cases rejecting the standard advanced by the Government.

| | |
|---|---|
| Dated: December 18, 2023 | Respectfully submitted, |

/s/ Elizabeth M. Wright
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Zachary Sisko (MA BBO #705883)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
zhafer@cooley.com
ewright@cooley.com
zsisko@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

Ryan A. Shores (*Pro Hac Vice*)
David I. Gelfand (*Pro Hac Vice*)
Daniel P. Culley (*Pro Hac Vice*)
Cleary Gottlieb Steen & Hamilton, LLP 2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: 202-974-1500
rshores@cgsh.com
dgelfand@cgsh.com
dculley@cgsh.com

Michael Mitchell (*Pro Hac Vice*)
Brian Hauser (*Pro Hac Vice*)
Shearman & Sterling LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: 202-508-8005
Fax: 202-661-7480
michael.mitchell@shearman.com
brian.hauser@shearman.com

3

>Jessica K. Delbaum (*Pro Hac Vice*)
>Leila Siddiky (*Pro Hac Vice*)
>Elizabeth Robinson (*Pro Hac Vice*)
>Shearman & Sterling LLP
>599 Lexington Avenue
>New York, NY 10022-6069
>Tel: 212-848-4000
>Fax: 212-848-7179
>jessica.delbaum@shearman.com
>leila.siddiky@shearman.com
>liz.robinson@shearman.com
>
>Rachel Mossman Zieminski (*Pro Hac Vice*)
>Shearman & Sterling LLP
>2601 Olive Street, 17th Floor
>Dallas, TX 75201
>Tel: 214-271-5385
>rachel.zieminski@shearman.com
>
>*Attorneys for Defendant JetBlue Airways Corporation*
>
>Jay Cohen (*Pro Hac Vice*)
>Andrew C. Finch (*Pro Hac Vice*)
>Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
>Jared P. Nagley (*Pro Hac Vice*)
>Kate Wald (*Pro Hac Vice*)
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>1285 Avenue of the Americas
>New York, NY 10019
>Tel: 212-373-3000
>Fax: 212-757-3990
>jcohen@paulweiss.com
>afinch@paulweiss.com
>tstmatthewdaniel@paulweiss.com
>jnagley@paulweiss.com
>kwald@paulweiss.com
>
>Meredith R. Dearborn (*Pro Hac Vice*)
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>535 Mission Street, 24th Floor
>San Francisco, CA 94105
>Tel: 628-432-5100
>Fax: 628-232-3101
>mdearborn@paulweiss.com
>
>*Attorneys for Defendant Spirit Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Supplemental Authority, which was filed with the Court through the ECF system on December 18, 2023, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                      */s/ Elizabeth M. Wright*
                                                      Elizabeth M. Wright