IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Case No. 1:23-cv-10511-WGY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully file this Response to Defendants' Notice of Supplemental Authority, Dkt. 453, to address the arguments raised in the Notice.

Defendants argue that their burden in rebuttal is low, pointing to language in the recent *Illumina* opinion concerning the proof that Defendants must offer in their rebuttal case. As an initial matter, *Illumina* reaffirms the holding of *Chicago Bridge & Iron Co. N.V. v. FTC*, 534 F.3d 410, 426 (5th Cir. 2008), that a defendant's burden is "heightened" when a plaintiff "preemptively addresse[s]" rebuttal evidence in its case-in-chief, as Plaintiffs did here. *Illumina, Inc. v. FTC*, No. 23-60167, 2023 WL 8664628, at *13 (5th Cir. Dec. 15, 2023); *see* Dkt. 448 at ¶¶ 14-17. The *Illumina* court further elaborated on Defendants' "heightened" burden, explaining:

> [T]o satisfy its burden of production, Illumina was required to do more than simply put forward the terms of the Open Offer; it needed to "*affirmatively show*[]" why the Open Offer undermined Complaint Counsel's prima facie showing to such an extent that there was no longer a probability that the Illumina-Grail merger would "substantially lessen competition."

*Id*. (quoting *United States v. Baker Hughes Inc.*, 908 F.2d 981, 991 (D.C. Cir. 1990)). Thus, each piece of Defendants' rebuttal evidence must be evaluated in light of this heightened standard.

1

The *Illumina* court also addressed Defendants' burden with respect to remedial-type evidence. Under *Illumina*, remedies proffered by the merging parties to restore competition that have already taken effect and are *not* conditioned on the deal closing, are addressed in a defendant's rebuttal case, rather than treated as a remedy. *Id.* at *11-12. The *Illumina* court distinguished this type of remedy from actions that are conditioned on the determination of liability or are the subject of court-ordered divestitures. *Id.* at *13 (citing *United States v. Ford Motor Co.*, 405 US 562, 573 (1972) ("[T]he relief in an antitrust case must be effective to redress the violations and to restore competition.")). Unlike the Open Offer remedy at issue in *Illumina*, Defendants' divestitures in this case have not become effective and they are conditioned on the court allowing this acquisition to proceed and, thus, as Plaintiffs have maintained, should be considered as part of the remedy stage. Dkt. 448 at ¶¶ 126-131. In any case, even assuming that Defendants' proposed divestitures here should be evaluated as rebuttal evidence, the result does not change. Defendants did not attempt to show how the proposed divestitures (or any other possible remedy short of a full-stop injunction) "undermined [Plaintiffs'] prima facie showing to such an extent that there [is] no longer a probability that the [JetBlue-Spirit] merger would 'substantially lessen competition.'" *Illumina*, 2023 WL 8664628, at *13; Dkt. 448 at ¶¶ 13-15.

Additionally, the *Illumina* court addressed efficiency defenses, explaining that they are "very difficult to establish." *Id.* at *16.[1] In so holding, the Fifth Circuit recognized that "[t]o be cognizable as rebuttal evidence, an efficiency must be (1) merger specific, (2) verifiable in its existence and magnitude, and (3) likely to be passed through, at least in part, to consumers," and that the merging parties had the burden to "demonstrate that the intended acquisition would result in significant economies." *Id.* at *14–16 (affirming findings that the defendants had failed

---

[1] The *Illumina* court also acknowledged that an efficiencies defense may not even exist. *Id.* at *14 n.17.

2

to produce evidence supporting efficiencies). The *Illumina* court's holdings set out the same standards described in Plaintiffs' proposed conclusions of law. Dkt. 448 at ¶¶ 92-95.

Further, Defendants' suggestion that the liability standard articulated by the Fifth Circuit diverges from the standard advanced by Plaintiffs here is wrong. The *Illumina* court, as quoted above, required that the defendants' evidence "affirmatively show" that there is "no longer a probability" of substantial lessening of competition. The court then pointed to Judge Posner's discussion of the liability standard in *FTC v. Elders Grain*, 868 F.2d 901, 906 (7th Cir. 1989). *Illumina*, 2023 WL 864628, at *6. Judge Posner's articulation of the reasonable probability standard in *Elders Grain* is no different from his prior holding that "[a]ll that is necessary is that the merger create an appreciable danger of [harm] in the future." *Hosp. Corp. of America v. FTC*, 807 F.2d 1381, 1389 (7th Cir. 1986). Thus, Judge Posner's opinions in both *Elders Grain* and *Hospital Corp.*, which follow the substantive standard for Section 7 set out by the Supreme Court in *Philadelphia National Bank* and *Brown Shoe*, as well as *Illumina*, all require only that the government show by a preponderance of the evidence that there is a reasonable probability of a substantial harm to competition. Nothing in *Illumina* requires a different result because the court held only that the probable harm at issue must be "substantial" and did not address how probable that harm had to be to find liability. *See Illumina,* 2023 WL 8664628, at *14 (discussing the need to show substantiality under section 7).

Finally, even if Plaintiffs were required to prove that a substantial lessening of competition is more likely than not, the evidence is overwhelming that such a substantial lessening is likely to occur. None of Defendants' rebuttal arguments alter the practical conclusion that those anticompetitive effects not only "may occur"—but are likely to occur, and under either standard would be substantial.

3

Dated: December 20, 2023                    Respectfully submitted,

/s/ Edward W. Duffy
Edward W. Duffy
John R. Doidge
Arianna Markel
James L. Moore III
John R. Thornburgh II
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

/s/ William T. Matlack
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

/s/ C. William Margrabe
C. William Margrabe (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                                                          /s/ Edward W. Duffy
Edward W. Duffy
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov