UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No. 1:23-cv-10511-WGY |

### RESPONSE REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants JetBlue and Spirit respectfully submit this response to Plaintiffs' Response to Defendants' Notice of Supplemental Authority (Dkt. 454). The Government mischaracterizes the Fifth Circuit's *Illumina* decision and applicable law. *Illumina, Inc. v. FTC*, --- F.4th ----, 2023 WL 8664628 (5th Cir. Dec. 15, 2023).

First, the Government suggests the divestitures at issue here, which are subject to agreements with Allegiant and Frontier, "should be considered as part of the remedy stage." Gov't Br. at 2. That is incorrect and unsupported by the law.

Cases that have considered contractually agreed divestitures have done so as part of the liability phase, not as part of a separate remedy phase. The *Illumina* court itself observed that *Sysco* and *Aetna* analyzed the divestitures at issue there in their "liability-stage analysis," albeit under an erroneous "total-negation standard." *Illumina*, 2023 WL 8664628, at *13 (discussing *United States v. Aetna Inc.*, 240 F. Supp. 3d 1, 60 (D.D.C. 2017), and *FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 72 (D.D.C. 2015)). And in *United States v. UnitedHealth Group Inc.*, 630 F. Supp.

3d 118, 132-33 (D.D.C. 2022), the court both analyzed the divestiture at issue at the liability stage and rejected the total-negation standard because it "contradicts the text of Section 7." The court did so even though the divestiture was conditioned on the completion of the merger between the defendants.

The Government's suggestion that contractually agreed divestitures must be ignored at the liability phase, simply because they are contingent on closing, would be both novel and unworkable—effectively requiring the Court to turn a blind eye to key evidence (the divestitures) relevant to whether the merger is likely to lessen competition substantially under Section 7. Tellingly, the Government's brief ignores the *UnitedHealth* decision even though it was embraced by the *Illumina* court.

The Government's arguments also do not address the linchpin of Defendants' rebuttal case, namely, the large body of evidence showing that entry and repositioning are easy and extremely common across all the routes at issue in this case. With respect to that entry and repositioning evidence, the Government has no basis to argue that Defendants' rebuttal must be considered in a remedy phase or meet a "total-negation standard." But the significance of the divestitures in this case is that they lower entry barriers even further in several airports by providing Frontier and Allegiant the same access to slots, gates and airport facilities that Spirit uses today to compete on some of the routes at issue in this case. It would be nonsensical to consider entry at the rebuttal stage while ignoring evidence that is relevant to entry.

Second, the Government points to language in *Illumina* and prior court decisions about the Government's burden to show a "reasonable probability" that the merger will result in a substantial lessening of competition. Gov't Response, Dkt. 454, at 3. As in its prior briefs, the Government does not attempt to explain what this means, but appears to suggest it is something

less than showing a likelihood of the required effect. The *Illumina* court plainly adopted a view, however, that "reasonable probability" means the Government must show that a substantial lessening of competition is "likely." *See Illumina*, 2023 WL 8664628, at *4 (initial burden is to "establish a prima facie case that the merger is likely to substantially lessen competition," quoting *AT&T*, 916 F.3d 1029, 1032 (D.D.C. 2019)); *see also id.* at *6 (same); *see also UnitedHealth*, 630 F. Supp. 3d at 129 (same).

Third, the Government relies on language in *Illumina* about the need on rebuttal to "affirmatively show" that the Government's evidence does not establish a probability of a substantial lessening of competition. Gov't Response, Dkt. 454, at 1, 3. To the extent the Government is suggesting that this imposes a burden of proof on the defense, it is plainly wrong. As explained by the *Illumina* court, "[t]o be sure, Illumina's burden was only one of production, not persuasion; the burden of persuasion remained with Complaint Counsel at all times." *Illumina*, 2023 WL 8664628, at *13. Moreover, in the context of a horizontal merger where a plaintiff relies on market shares to establish it prima facie case, as the Government did here, defendants can rebut the presumption by coming forward with evidence that the Government's market shares do not reliably predict future competition. Defendants here have easily satisfied their rebuttal burden by coming forward with evidence that entry barriers are low and are lowered further in certain airports through divestitures. *See United States v. Baker Hughes Inc.*, 908 F.2d 981, 983, 988-89 (D.C. Cir. 1990); *United States v. Syufy Enters.*, 903 F.2d 659, 664-65 (9th Cir. 1990); *United States v. Waste Mgmt., Inc.*, 743 F.2d 976, 979, 983 (2d Cir. 1984); *see also* Defendants' Proposed Conclusions of Law, Dkt. 446, at 22-32; Defendants' Proposed Findings of Fact, Dkt. 444, at 116-46.

Dated: December 21, 2023                    Respectfully submitted,

*/s/ Elizabeth M. Wright*
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Zachary Sisko (MA BBO #705883)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
zhafer@cooley.com
ewright@cooley.com
zsisko@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com

Ryan A. Shores (*Pro Hac Vice*)
David I. Gelfand (*Pro Hac Vice*)
Daniel P. Culley (*Pro Hac Vice*)
Cleary Gottlieb Steen & Hamilton, LLP 2112
Pennsylvania Avenue, NW
Washington, DC 20037
Tel: 202-974-1500
rshores@cgsh.com
dgelfand@cgsh.com
dculley@cgsh.com

Michael Mitchell (*Pro Hac Vice*)
Brian Hauser (*Pro Hac Vice*)
Shearman & Sterling LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: 202-508-8005
Fax: 202-661-7480
michael.mitchell@shearman.com
brian.hauser@shearman.com

        Jessica K. Delbaum (*Pro Hac Vice*)
        Leila Siddiky (*Pro Hac Vice*)
        Shearman & Sterling LLP
        599 Lexington Avenue
        New York, NY 10022-6069 Tel: 212-848-4000
        Fax: 212-848-7179
        jessica.delbaum@shearman.com
        leila.siddiky@shearman.com

        Rachel Mossman Zieminski (*Pro Hac Vice*)
        Shearman & Sterling LLP
        2601 Olive Street, 17th Floor
        Dallas, TX 75201
        Tel: 214-271-5385
        rachel.zieminski@shearman.com

        *Attorneys for Defendant JetBlue Airways Corporation*

        Jay Cohen (*Pro Hac Vice*)
        Andrew C. Finch (*Pro Hac Vice*)
        Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
        Jared P. Nagley (*Pro Hac Vice*)
        Kate Wald (*Pro Hac Vice*)
        Paul, Weiss, Rifkind, Wharton & Garrison LLP
        1285 Avenue of the Americas
        New York, NY 10019
        Tel: 212-373-3000
        Fax: 212-757-3990
        afinch@paulweiss.com
        tstmatthewdaniel@paulweiss.com
        jcohen@paulweiss.com
        jnagley@paulweiss.com
        kwald@paulweiss.com

        Meredith R. Dearborn (*Pro Hac Vice*)
        Paul, Weiss, Rifkind, Wharton & Garrison LLP 535
        Mission Street, 24th Floor
        San Francisco, CA 94105
        Tel: 628-432-5100
        Fax: 628-232-3101
        mdearborn@paulweiss.com

        *Attorneys for Defendant Spirit Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Response Regarding Notice of Supplemental Authority, which was filed with the Court through the ECF system on December 21, 2023, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright

295802208