IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and<br>SPIRIT AIRLINES, INC.,<br><br>   *Defendants*. | Case No. 1:23-cv-10511-WGY |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

  Plaintiffs respectfully file this Notice of Supplemental Authority to inform the Court of the recent decision by the U.S. District Court for the Southern District of New York in *Federal Trade Commission v. IQVIA Holdings Inc. and Propel Media, Inc.*, No. 23 Civ. 06188, 2024 WL 81232 (S.D.N.Y. Jan. 8, 2024), attached hereto as Exhibit A.  The court granted the FTC's request for a preliminary injunction against the proposed merger, holding the FTC was likely to succeed on the merits of its challenge.  *Id.* at *51, 53.

  Of particular salience to this case are pages 43-53 of the *IQVIA* opinion, which set forth and apply the legal standards applicable to merging parties' rebuttal after the plaintiff has met its *prima facie* burden.  *Id.* at *43-53.  In particular, although the court agreed that the industry at issue is "dynamic and fast-moving," the court rejected the defendants' argument that "a static snapshot of market shares" and concentrations was not a reliable indicator of the merger's probable effect on competition.  *Id.* at 43-44.  In so holding, the court credited the argument that "more recent revenues are going to be more informative about what is going to happen in the future" and that "[w]hile there may be new entrants into the market going forward, that does not necessarily compel the conclusion that current market shares are unreliable."  *Id.* at *44; *see also*

1

*id*. at \*46 ("But even if Defendants are operating in a dynamic industry, they have nonetheless failed to 'present evidence that the evolving nature of the market itself precludes the merger's likely anticompetitive effects,' or a court's ability to analyze the same." (citation omitted)).

The court similarly rejected the defendants' "weakened competitor" defense, noting it "is among the weakest grounds for rebuttal," *id.* at \*45, and dismissed the defendants' arguments that entry by other companies would be timely, likely, and sufficient to offset anticompetitive effects, *id.* at \*46-48. The court also rejected the defendants' purported efficiencies defense, which included an argument that "the merger would help IQVIA 'compete with larger firms'" because the defendants did not "overcome the high bar" of offsetting "the anticompetitive concerns in highly concentrated markets." *Id.* at \*49-51.

Dated: January 11, 2023											Respectfully submitted,

*/s/* Edward W. Duffy
Edward W. Duffy
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: 202-812-4723
Facsimile: 202-307-5802
E-mail: edward.duffy@usdoj.gov

*/s/* William T. Matlack
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: William.Matlack@mass.gov

*/s/* C. William Margrabe
C. William Margrabe (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 727-6294
Email: will.margrabe@dc.gov

*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                                     */s/* Edward W. Duffy
                                     Edward W. Duffy
                                     U.S. Department of Justice, Antitrust Division
                                     450 Fifth Street, NW, Suite 8000
                                     Washington, DC 20530
                                     Phone: 202-812-4723
                                     Facsimile: 202-307-5802
                                     E-mail: edward.duffy@usdoj.gov